Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DIXON, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE HONEST COMPANY, INC., NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS, INC., WILLIAM BLAIR & COMPANY, L.L.C., GUGGENHEIM SECURITIES, LLC, TELSEY ADVISORY GROUP LLC, C.L. KING & ASSOCIATES, INC., LOOP CAPITAL MARKETS LLC, | No. 2:21-cv-07405-MCS-PLA <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Mark C. Scarsi <br> Hearing Date: December 13, 2021 <br> Time: 9:00 a.m. <br> CTRM:  7C, 7th Floor |

1

| | |
|---|---|
| PENSERRA SECURITIES LLC, and SAMUEL A. RAMIREZ & COMPANY, INC., <br><br> Defendants. | |
| STEPHEN J. GAMBINO, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE HONEST COMPANY, INC., NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, ERIC LIAW, JEREMY LIEW, and AVIK PRAMANIK, <br><br> Defendants. | No. 2:21-cv-08033-MCS-PLA <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Mark C. Scarsi |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Movant Mike Wang ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff for all persons and entities who purchased or acquired shares of The Honest Company, Inc. ("Honest" or the "Company") pursuant and/or traceable to the Company's registration statement

2

and prospectus (collectively, the "Registration Statement") issued in connection with the Company's May 2021 initial public offering (the "IPO" or the "Offering") to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I. PERTINENT BACKGROUND

On September 15, 2021, this action was commenced against the Company, certain of its officers and directors (the "Individual Defendants"), and underwriters (the "Underwriter Defendants"). That same day, a PSLRA early notice was issued advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). The above-captioned related action, styled as *Gambino v. The Honest Company, Inc., et al.*, Case No. 2:21-cv-08033-MCS-PLA, was subsequently filed with this Court against the Company and the Individual Defendants,[1] asserting substantially similar facts and claims as the instant action.

Defendant Honest purports to be a "digitally-driven, mission-driven brand focused on leading the clean lifestyle movement, creating a community for conscious consumers and seeking to disrupt multiple consumer product categories." Honest's three product categories are: (1) Diapers and Wipes, (2) Skin and Personal Care, and (3) Household and Wellness. According to Honest, these three categories represented 63%, 26%, and 11% of Honest's 2020 revenue, respectively.

---

[1] The *Gambino* Action does not bring claims against the Underwriter Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
No. 2:21-cv-07405-MCS-PLA

The complaints allege that the Company's Registration Statement was materially false and misleading and omitted that: (1) prior to the IPO, the Company's results had been significantly impacted by a multimillion-dollar COVID-19 stock-up for products in the Diapers and Wipes category and the Household and Wellness category; (2) at the time of the IPO, Honest was experiencing decelerating demand for such products; (3) as a result, the Company's financial results would likely be adversely impacted; and (4) as a result of the foregoing, defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Approximately two months after the IPO, on August 13, 2021, before the market opened, Honest issued a press release titled "The Honest Company Reports Second Quarter 2021 Financial Results." Therein, Honest reported a net loss of $20 million for the second quarter of 2021, as compared to a net loss of only $0.4 million for the second quarter of 2020. Honest disclosed that its revenue grew only 3% as compared to the second quarter of 2020, because it was negatively impacted by "an estimated $3.7 million COVID-19 stock-up impact primarily in Diapers and Wipes in the prior year period." Honest also disclosed that its Diapers and Wipes category revenue declined 2% compared to the second quarter of 2020. Honest further disclosed that "Household and Wellness revenue declined 6% from the second quarter of 2020 as consumer and customer demand for sanitization products decreased as consumers became vaccinated and customers managed heavy levels of inventory."

On this news, the Company's stock price fell $3.98 per share, or 28%, to close at $10.07 per share on August 13, 2021, on unusually heavy trading volume. On August 19, 2021, the Company's stock price closed at an all-time low of $9.16, representing a nearly 43% decline from the $16.00 per share IPO price.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
No. 2:21-cv-07405-MCS-PLA

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 77z-1(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Securities Act by the defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
No. 2:21-cv-07405-MCS-PLA

later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B. Movant has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). While the PSLRA does not specify precisely how to calculate the "largest financial interest," a movant's approximate losses in the subject securities is the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
No. 2:21-cv-07405-MCS-PLA

best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $14,704 on his purchases of Honest securities in connection with the alleged fraud at issue. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d 726, 730 (9th

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
No. 2:21-cv-07405-MCS-PLA

Cir. 2002). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movant fulfills all the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Securities Act by issuing the Registration Statement used to effectuate the Company's IPO, which was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made therein not misleading. Movant, as did all the members of the class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.     Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
No. 2:21-cv-07405-MCS-PLA

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Movant has over 12 years of investing experience. He lives in Maryland and works as a Sales Manager.

Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the class' and Movant's claims—reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and have obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
No. 2:21-cv-07405-MCS-PLA

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   November 15, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
No. 2:21-cv-07405-MCS-PLA

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On November 15, 2021, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on November 15, 2021.

/s/ Laurence Rosen
Laurence M. Rosen

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MIKE WANG TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
No. 2:21-cv-07405-MCS-PLA