Francis P. McConville (*pro hac vice* forthcoming)
David J. Schwartz (*pro hac vice* forthcoming)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff Kathie*
*Ng and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CODY DIXON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE HONEST COMPANY, INC., NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS, INC., WILLIAM BLAIR & COMPANY, L.L.C., GUGGENHEIM SECURITIES, LLC, TELSEY ADVISORY GROUP LLC, C.L. KING & ASSOCIATES, INC., LOOP CAPITAL MARKETS LLC, PENSERRA SECURITIES LLC, and SAMUEL A. RAMIREZ & COMPANY, INC., <br><br> Defendants. | No. 2:21-cv-07405-MCS-PLA <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KATHIE NG'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Date:  December 13, 2021 <br> Time: 9:00 a.m. <br> Courtroom:  7C <br> Judge:  Hon. Mark C. Scarsi |

*Captions continue on next page…*

STEPHEN J. GAMBINO, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

THE HONEST COMPANY, INC., NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, ERIC LIAW, JEREMY LIEW, and AVIK PRAMANIK,

Defendants.

No. 2:21-cv-08033-MCS-PLA

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ..................................................................................................... 1

II.    ARGUMENT ........................................................................................................... 2

    A.    The Actions Should be Consolidated ........................................................... 2

    B.    Ng Should be Appointed as Lead Plaintiff ................................................... 3

        1.    The PSLRA Standard for Appointing the Lead Plaintiff .......... 3

        2.    Ng Is the "Most Adequate Plaintiff" ........................................ 4

            a.    Ng's Motion Is Timely ..................................................... 4

            b.    Ng Has a Substantial Financial Interest .......................... 5

            c.    Ng Satisfies the Typicality and Adequacy Requirements of Rule 23 ............................................... 5

    C.    The Court Should Approve Ng's Choice of Counsel ......................... 7

III.    CONCLUSION ........................................................................................................ 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002) ........................................................................3, 4, 5, 7

*GGCC, LLC v. Dynamic Ledger Sols., Inc.,*
No. 17-cv-06779-RS, 2018 WL 1388488 (N.D. Cal. Mar. 16, 2018) ..............................................................................................................2

*Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.,*
877 F.2d 777 (9th Cir. 1989) ..........................................................................2

*Shreves v. Xunlei Ltd.,*
No. CV-15-04288-MWF, 2015 WL 5446935 (C.D. Cal. Sept. 15, 2015) ...............................................................................................................5

*Tanne v. Autobytel, Inc.,*
226 F.R.D. 659 (C.D. Cal. 2005) .....................................................................4

**Rules & Statutes**

Fed. R. Civ. P. 23 .................................................................................*passim*

Fed. R. Civ. P. 42(a) ............................................................................... 1, 2, 3

15 U.S.C. § 78u-4 *et seq.* .......................................................................*passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.,*
No. 04-cv-8141 (S.D.N.Y.) ..............................................................................7

*In re Broadcom Corp. Class Action Litig.,*
No. 06-cv-5036 (C.D. Cal.) ..............................................................................7

*In re Countrywide Fin. Corp. Sec. Litig.,*
No. 07-cv-5295 (C.D. Cal.) ..............................................................................7

*In re Mercury Interactive Corp. Sec. Litig.,*
No. 05-cv-3395 (N.D. Cal.) ..............................................................................7

ii

## I. **INTRODUCTION**

Presently pending before the Court are two related securities class actions (the "Actions"). The Actions allege that The Honest Company, Inc. ("Honest" or the "Company") and certain of its executive officers, directors, and underwriters (together "Defendants"), violated Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"), and have been brought on behalf of those who purchased or otherwise acquired Honest common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's May 2021 initial public offering ("IPO" or the "Offering"), and who were damaged thereby (the "Class").

In securities class actions, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires district courts to resolve consolidation prior to the appointment of a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).[1] Here, the Actions should be consolidated because they each involve identical legal and factual questions. *See* Fed. R. Civ. P. 42(a). As soon as practicable after its decision on consolidation, the PSLRA then instructs this Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which member of the Class has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Kathie Ng ("Ng") respectfully submits that she should be appointed Lead Plaintiff because she has the largest financial interest in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the

---

[1] For ease of reference, Kathie Ng only cites to the relevant sections in the Securities Exchange Act of 1934 (the "Exchange Act"), which are identical in substance to those of the Securities Act under the PSLRA.

1

PSLRA.  As discussed herein, Ng has a financial interest of *$ $109,000* in the outcome of the Actions—an interest believed to be greater than that of any competing movant.[2] Ng meets the typicality and adequacy requirements of Rule 23 because her claims are typical of those of absent Class members, and because she will fairly and adequately represent the interests of the Class.  Ng has further demonstrated her adequacy through her selection of Labaton Sucharow as proposed Lead Counsel for the Class.  Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Ng is the "most adequate plaintiff," and respectfully requests that the Court appoint her Lead Plaintiff and approve her selection of counsel.

**II.    ARGUMENT**

**A.    The Actions Should be Consolidated**

The PSLRA requires the Court to consolidate all related actions prior to the appointment of a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).  "In applying this standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'"  *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, No. 17-cv-06779-RS, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted).  Furthermore, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989).

---

[2]    A Copy of Ng's PSLRA Certification ("Certification") is attached as Exhibit A to the accompanying Declaration of Francis P. McConville ("McConville Decl."), which sets forth all transactions for Ng in Honest securities.  In addition, a chart reflecting the calculation of Ng's losses as a result of her transactions in Honest securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

2

Consolidation is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. Each of the Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act arising from the public dissemination of false and misleading information to investors. Accordingly, the Actions should be consolidated pursuant to Rule 42(a) for all purposes.

**B.      Ng Should be Appointed as Lead Plaintiff**

Ng respectfully submits that she is the presumptively the "most adequate plaintiff" because she has timely filed this motion, has claimed a substantial financial interest, and is both typical and adequate under Rule 23. As the "most adequate plaintiff," Ng should be appointed as Lead Plaintiff and her choice of counsel approved.

**1.      The PSLRA Standard for Appointing the Lead Plaintiff**

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in class actions brought under the Securities Act and the Exchange Act. 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i); *Cavanaugh*, 306 F.3d at 729.

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court must appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff. The "presumptively most adequate plaintiff" is the person or group of persons who: (1) has either filed the complaint or made a motion to serve as lead plaintiff within 60 days after publication of the required

3

notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730.

As the Ninth Circuit stated in *Cavanaugh*:

> In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

306 F.3d at 730 (footnote omitted).

Third, the court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730. Only proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class" can rebut the presumption in favor of appointing the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 668-69 (C.D. Cal. 2005).

### 2. Ng Is the "Most Adequate Plaintiff"

#### a. Ng's Motion Is Timely

Ng filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on September 15, 2021, counsel for the Plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on a widely circulated, national, business-oriented news reporting service. *See* Notice, McConville Decl. Ex. D. Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within 60 days after publication of the notice, *i.e.,* on or before November 15, 2021. Ng filed

4

her motion within the required period and has thus satisfied the procedural requirements of the PSLRA.

### b.    Ng Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. Ng has a financial interest of **$109,000** in the outcome of this litigation. *See* Loss Analysis, McConville Decl. Ex. B. Ng is presently unaware of any other movant with a larger financial interest in the outcome of the Actions. Consequently, and because she also satisfies Rule 23's typicality and adequacy requirements, as discussed below, Ng is entitled to the legal presumption that she is the "most adequate plaintiff."

### c.    Ng Satisfies the Typicality and Adequacy Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"To make a *prima facie* showing of typicality, a moving plaintiff should establish that its claims are similar to all class members." *Shreves v. Xunlei Ltd.*, No. CV-15-04288-MWF (ASx), 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015). Here, the claims that Ng asserts are typical of the claims of the other members of the putative Class because, like all other Class members, Ng purchased Honest common stock pursuant and/or traceable to the Registration Statement

5

issued in connection with the Company's May 2021 IPO. Because the claims that Ng asserts are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other Class members, typicality is satisfied.

In determining whether the adequacy requirement is met, "[a] court should inquire about the movant's interests in the outcome of the case and their willingness to vigorously represent the class's claims to determine if [there] is a preliminary showing of adequacy." *Id.* "Additionally, a court should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified." *Id.*

Ng, a resident of San Francisco, California, is a sophisticated investor with decades of investing experience. *See* Declaration of Kathie Ng, McConville Decl. Ex. C. ¶¶ 3, 4. As detailed in her Declaration, Ng determined to seek the role of Lead Plaintiff because she believes in the importance of this matter in that it alleges serious misconduct that caused substantial losses to investors and raises significant corporate governance concerns. *See id.* ¶¶ 2, 4. Ng is therefore strongly motivated to recover investment losses in Honest securities and believes it is necessary this litigation be entrusted to highly qualified counsel as Lead Counsel. *Id.* ¶¶ 4, 6, 7. On this point, Ng has demonstrated her adequacy through the selection of Labaton Sucharow as proposed Lead Counsel and The Schall Law Firm as proposed Liaison Counsel. As discussed *infra* Section II.C, Labaton Sucharow is highly experienced in prosecuting securities class actions vigorously and efficiently. Finally, Ng is not aware of any conflicts between her claims and those asserted on behalf of the Class and is not subject to any unique defenses. Accordingly, the adequacy requirement is satisfied.

6

### C.     The Court Should Approve Ng's Choice of Counsel

Ng has selected and retained Labaton Sucharow as her proposed Lead Counsel for the Class and The Schall Law Firm as her proposed Liaison Counsel for the Class.  The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734.  The Court should not disturb the lead plaintiff's selection of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors, including cases in this District.  Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-5036 (C.D. Cal.).  Labaton Sucharow presently

serves as lead and co-lead counsel in several significant investor class actions. *See* McConville Decl. Ex. E.

Thus, the Court can be assured that, by approving Ng's choice of counsel, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Ng's selection of Labaton Sucharow as Lead Counsel for the Class and The Schall Law Firm as Liaison Counsel for the Class.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Ng respectfully requests that this Court enter an Order: (1) consolidating the Actions; (2) appointing Ng as Lead Plaintiff; (3) approving Ng's selection of Labaton Sucharow as Lead Counsel for the Class and The Schall Law Firm as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED: November 15, 2021          Respectfully submitted,


By:  /s/ Francis P. McConville
        Francis P. McConville

Francis P. McConville (*pro hac vice* forthcoming)
David J. Schwartz (*pro hac vice* forthcoming)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff Kathie Ng and Proposed Lead Counsel for the Class*

Brian Schall
Rina Restaino
**THE SCHALL LAW FIRM**
1880 Century Park East, Suite 404

8

Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

_/s/ Francis P. McConville_
Francis P. McConville

Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com

CM/ECF - California Central District-
Case 2:21-cv-07405-MCS-AS   Document 22-1   Filed 11/15/21   Page 15 of 15   Page
ID #:186

Page 1 of 1

# Mailing Information for a Case 2:21-cv-07405-MCS-PLA Cody Dixon v. The Honest Company, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Daniel H R Laguardia**
  daniel.laguardia@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,info@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Michael C Tu**
  mctu@cooley.com,ktjones@cooley.com,efilingnotice@cooley.com,efiling-notice@ecf.pacerpro.com,mhuston@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`