Robert V. Prongay (SBN 270796)
 *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
 *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
 *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Cody Dixon and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DIXON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HONEST COMPANY, INC., NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS, INC., WILLIAM BLAIR & COMPANY, L.L.C., GUGGENHEIM SECURITIES, LLC, TELSEY ADVISORY GROUP LLC, C.L. KING & ASSOCIATES, INC., LOOP CAPITAL MARKETS LLC, PENSERRA SECURITIES LLC, and SAMUEL A. RAMIREZ & COMPANY, INC.,<br><br>Defendants. | Case No. 2:21-cv-07405-MCS-PLA<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CODY DIXON FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** |

[Caption continues on following page.]

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CODY DIXON

STEPHEN J. GAMBINO, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

THE HONEST COMPANY, INC., NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, ERIC LIAW, JEREMY LIEW, and AVIK PRAMANIK,

        Defendants

Case No. 2:21-cv-08033-MCS-PLA

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CODY DIXON

Lead Plaintiff Movant Cody Dixon ("Dixon") respectfully submits this memorandum of law in support of his motion to consolidate the above-captioned actions, appoint Dixon as Lead Plaintiff, and approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class of all persons other than the defendants who purchased or otherwise acquired The Honest Company, Inc. ("Honest" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's May 2021 initial public offering ("IPO" or the "Offering").

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that Dixon is the "most adequate plaintiff" as defined by the PSLRA.

Dixon has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Dixon satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Dixon respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class. Additionally, Dixon's selection of GPM as Lead Counsel for the class should be approved because the firm has substantial expertise

in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Honest claims it is a "digitally-native, mission-driven brand focused on leading the clean lifestyle movement, creating a community for conscious consumers and seeking to disrupt multiple consumer product categories." Honest's three product categories are (1) Diapers and Wipes, (2) Skin and Personal Care, and (3) Household and Wellness.

On May 6, 2021, the Company filed its prospectus in connection with the IPO In the IPO, Honest sold 6,451,613 shares of common stock, plus an additional 3,871,050 shares of common stock pursuant to the underwriter's option to purchase additional shares at a price of $16.00 per share. Certain existing stockholders also sold an aggregate of 19,355,387 shares of common stock in the IPO for $16.00 per share, including 15,229,543 by the executive officers and directors of Honest as a group (excluding the underwriters' over-allotment option). Honest received proceeds of approximately $91.1 million from the Offering, net of underwriting discounts and commissions.

The complaints filed in the above-captioned actions allege that the Registration Statement were materially false and misleading because they failed to disclose: (1) that the Company's refinance originations had already declined substantially at the time of the IPO due to industry over-capacity and increased competition; (2) that the Company's gain-on-sale margins had already declined substantially at the time of the IPO; (3) that, as a result, the Company's revenue and growth would be negatively impacted; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Approximately two months after the IPO, on August 13, 2021, before the market opened, Honest reported a net loss of $20 million for the second quarter of

2021, as compared to a net loss of only $0.4 million for the second quarter of 2020. Honest disclosed that its revenue grew only 3% as compared to the second quarter of 2020, because it was negatively impacted by "an estimated $3.7 million COVID-19 stock-up impact primarily in Diapers and Wipes in the prior year period." Honest also disclosed that its Diapers and Wipes category revenue declined 2% compared to the second quarter of 2020. Honest further disclosed that "Household and Wellness revenue declined 6% from the second quarter of 2020 as consumer and customer demand for sanitization products decreased as consumers became vaccinated and customers managed heavy levels of inventory."

On this news, the Company's stock price fell $3.98 per share, or 28%, to close at $10.07 per share on August 13, 2021, on unusually heavy trading volume. On October 28, 2021, Honest's share price closed at an all-time low of $8.89 per share.

As a result of the defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and members of the class have suffered significant losses and damages.

## III.    PROCEDURAL HISTORY

On September 15, 2021, Plaintiff Cody Dixon commenced a securities class action against Honest and certain of its officers and underwriters of the IPO, captioned *Dixon v. The Honest Company, Inc., et al.*, Case No. 2:21-cv-07405-MCS-PLA (the "*Dixon* Action"). It was brought under the Securities Act on behalf of investors who purchased or otherwise acquired Honest common stock pursuant and/or traceable to the Registration Statement in connection with the IPO.

On October 8, 2021, Plaintiff Stephen J. Gambino filed an action substantially similar to the *Dixon* Action, captioned *Gambino v. The Honest Company, Inc., et al.*, Case No. 2:21-cv-08033-MCS-PLA (the "*Gambino* Action," and collectively with the *Dixon* Action, the "Related Actions"). The *Gambino* Action is also brought pursuant to the Securities Act on behalf of persons who purchased or otherwise

acquired Honest common stock pursuant and/or traceable to the Registration Statement.

## IV.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Securities Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Weisz v. Calpine Corp.*, No. 4:02-cv-1200, 2002 WL 32818827, at *2-3 (N.D. Cal. Aug. 19, 2002) (consolidating cases).

### B.   Dixon Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(b)(iii)(II).

As set forth below, Dixon has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Dixon, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the class. Accordingly, Dixon respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.     Dixon Filed The First Complaint And His Motion Is Timely

On September 15, 2021, pursuant to the PSLRA, notice was published in connection with this action, which Dixon filed. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Dixon had sixty days (*i.e.*, until November 15, 2021) to file a motion to be appointed as Lead Plaintiff. Dixon has both filed a complaint and timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Dixon attests that he is willing to serve as a representative of the class. Linehan Decl., Ex. B. Accordingly, Dixon satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2. Dixon Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Dixon believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Dixon purchased Honest common stock traceable to the Registration Statement at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linehan Decl., Ex. C. To the best of his knowledge, Dixon is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Dixon believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Dixon Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)      Dixon's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Dixon's claims are typical of the claims asserted by the proposed class. Like all members of the class, Dixon purchased Honest common stock traceable to

the Registration Statement and suffered losses as a result of his transactions. Like all members of the class, Dixon alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Honest's operations and financial prospects. Accordingly, Dixon's interests and claims are typical of the interests and claims of the class.

### b)    Dixon Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.,* No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Dixon easily satisfies the adequacy requirements. Dixon's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Dixon is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.,* 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Dixon has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (the firm's résumé). Dixon is an America Petroleum Institute Inspector with years of experience managing his own investment portfolio. Dixon is not aware of any conflict between his claims and

those asserted on behalf of the class. As such, Dixon is adequate to represent the class.

### C.    The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4. Here, Dixon has retained GPM to pursue this litigation on their behalf and will retain the firm as Lead Counsel in the event Dixon is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Dixon's motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Dixon's selection of counsel.

## V.    CONCLUSION

For the foregoing reasons, Dixon respectfully asks the Court to grant his motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Dixon as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  November 15, 2021             **GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Cody Dixon and Proposed Lead Counsel for the Class*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On November 15, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 15, 2021, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan