David Bricker (Cal. State Bar No. 158896)
**THORNTON LAW FIRM LLP**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
dbricker@tenlaw.com

*Local Counsel for Proposed Lead Plaintiff*
*Kathie Ng*

Francis P. McConville (*pro hac vice* forthcoming)
David J. Schwartz (*pro hac vice* forthcoming)
Alfred L. Fatale III (*pro hac vice* forthcoming)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
dschwartz@labaton.com
afatale@labaton.com

*Counsel for Proposed Lead Plaintiff Kathie*
*Ng and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature block]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DIXON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE HONEST COMPANY, INC., NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS, INC., WILLIAM BLAIR & COMPANY, L.L.C., GUGGENHEIM SECURITIES, LLC, TELSEY ADVISORY GROUP LLC, C.L. KING & ASSOCIATES, INC., LOOP CAPITAL MARKETS LLC, PENSERRA SECURITIES LLC, and SAMUEL A. RAMIREZ & COMPANY, INC., <br><br> Defendants. | No. 2:21-cv-07405-MCS-PLA <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF KATHIE NG'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Date: December 13, 2021 <br> Time: 9:00 a.m. <br> Courtroom: 7C <br> Judge: Hon. Mark C. Scarsi |

STEPHEN J. GAMBINO, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

THE HONEST COMPANY, INC., NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, ERIC LIAW, JEREMY LIEW, and AVIK PRAMANIK,

Defendants.

No. 2:21-cv-08033-MCS-PLA

Proposed Lead Plaintiff Ng[1] respectfully submits this memorandum of law in further support of her motion for consolidation of the Actions, appointment as Lead Plaintiff, and approval of her selection of Labaton Sucharow as Lead Counsel for the Class (ECF No. 22); and in opposition to all competing movants.[2]

## I.    INTRODUCTION

Ng, as the movant claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, is the presumed "most adequate plaintiff" under the PSLRA.  15 U.S.C. § 77z-1(a)(3)(B)(iii).  Ng sustained **$109,000** in losses on her purchases of Honest common stock pursuant and/or traceable to the Registration Statement issued in connection with the Company's May 2021 IPO.  Therefore, because this amount is multiples larger than any other movant—both individually and combined—Ng has easily satisfied the largest financial interest requirement:



*See* Loss Chart, ECF No. 22-3.

[1]    Unless otherwise noted, all internal citations and quotation marks have been omitted and all defined terms and abbreviations remain unchanged from Ng's initial motion and supporting papers.  *See* ECF No. 22 *et seq.*

[2]    In addition to Ng, the following individuals filed motions for appointment as Lead Plaintiff: (i) Cody Dixon ("Dixon") (ECF No. 24), and (ii) Mike Wang ("Wang") (ECF No. 18). Following the expiration of the Lead Plaintiff deadline, Dixon filed a notice of non-opposition to Ng's motion.  *See* ECF No. 27.

Ng also meets the typicality and adequacy requirements of Rule 23 because her claims are typical of those of absent Class members, and because she will fairly and adequately represent the interests of the Class.  Specifically, Ng is typical because her claims rely on the same facts and legal theories as the Class as a whole. Ng is likewise adequate because she is highly incentivized to maximize any potential recovery in the Action on behalf of the Class, and in this regard will diligently oversee and direct her qualified choice of counsel.

As the presumed "most adequate plaintiff," the PSLRA and Ninth Circuit authority requires that Ng be appointed as Lead Plaintiff absent the exacting standard of "proof" that she is atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  As no movant has, or will be able to, meet the requisite standard of "proof" to rebut the statutory presumption in Ng's favor, she is entitled to appointment as Lead Plaintiff.  Accordingly, Ng, as the presumed "most adequate plaintiff," respectfully requests that the Court consolidate the above-captioned actions, and following consolidation, appoint her as Lead Plaintiff and approve the selection of Labaton Sucharow as Lead Counsel for the Class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(ii) (requiring the lead plaintiff be appointed "[a]s soon as practicable" after the decision on consolidation).

## II.    ARGUMENT

### A.    Ng Is the "Most Adequate Plaintiff"

As set forth by the Ninth Circuit, "[t]he 'most capable' plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729.  Ng, having suffered ***$109,000*** in losses based on her purchases of Honest common stock pursuant and/or traceable to the Registration Statement issued in connection with the Company's May 2021 IPO, undisputedly possesses the largest financial interest of any competing movant.  In addition to possessing the largest

2

financial interest, Ng has also satisfied the required preliminary showing under Rule 23 that she is both typical and adequate. *See Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017) ("'Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor.'").

Ng is typical to the Class as a whole. "The named plaintiff's representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 969–70 (9th Cir. 2019); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) ("The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"). Ng, like other Class members, purchased Honest common stock pursuant and/or traceable to the IPO. Further, Ng's claims are identical to the Class in that she alleges the Registration Statement contained materially false and misleading statements and omissions in violation of the Securities Act. Therefore, because Ng is similarly situated with all members of the Class and will rely on the same facts and legal theories to prove her claims, the typicality requirement is satisfied.

Ng has also satisfied the adequacy requirement. "To determine whether the representation meets [the adequacy] standard, [courts in the Ninth Circuit] ask two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Ng's interests are squarely aligned

with those of the Class and not antagonistic in any way. Indeed, based on her substantial financial stake in the outcome of this case, she is highly incentivized to vigorously prosecute this action in seeking to maximize any potential recovery on behalf of the Class. To fulfil these fiduciary duties she will assume if appointed as Lead Plaintiff, Ng intends to diligently oversee and direct her highly qualified choice of counsel throughout the course of the litigation. *See* Declaration, ECF No. 22-5; Labaton Sucharow Firm Resume, ECF No. 22-7. Accordingly, Ng satisfies the adequacy requirement.

In sum, having claimed a financial interest magnitudes larger than any competing movant while also satisfying the typicality and adequacy requirements of Rule 23, Ng is undisputedly the "most adequate plaintiff" under the PSLRA. As no movant has, or will be able to, rebut this presumption in Ng's favor, she is entitled to appointment as Lead Plaintiff.

### B. Ng's Choice of Counsel Should be Approved

Ng has selected the law firm of Labaton Sucharow as her proposed Lead Counsel. "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734. "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009). As discussed in Ng's opening memorandum, Labaton Sucharow is a nationally recognized securities class action firm and thus highly qualified to litigate this case under Ng's oversight and direction. *See* Memorandum at 7-8, ECF No. 22; Labaton Sucharow Firm Resume, ECF No. 22-7.

### C. All Competing Motions Should be Denied

The lead plaintiff review process mandated by the PSLRA is a sequential one, meaning the first movant to satisfy the statutory criteria of unrebutted "most adequate plaintiff" is entitled to appointment. *Cavanaugh*, 306 F.3d at 732 ("So

4

long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .”). Indeed, “[t]he Ninth Circuit has been clear that the PSLRA does not permit ‘the district court [to] engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class.” *Malriat v. QuantumScape Corporation,* No. 3:21-cv-00058-WHO, 2021 WL 1550454, at *2 (N.D. Cal. Apr. 20, 2021). As applied, Ng is the unrebutted “most adequate plaintiff” in this case. The Court’s inquiry should thus begin and end with Ng; all competing motions should be denied.

## III. CONCLUSION

For the foregoing reasons, Ng respectfully requests that this Court enter an Order: (i) consolidating the Actions; (ii) appointing Ng as Lead Plaintiff; (iii) approving Ng’s selection of Labaton Sucharow as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED: November 22, 2021    Respectfully submitted,

By:   */s/ David Bricker*
      David Bricker

David Bricker (Cal. State Bar No. 158896)
**THORNTON LAW FIRM LLP**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
dbricker@tenlaw.com

*Local Counsel for Proposed Lead Plaintiff Kathie Ng*

Francis P. McConville (*pro hac vice* forthcoming)
David J. Schwartz (*pro hac vice* forthcoming)
Alfred L. Fatale III (*pro hac vice*

5

forthcoming)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
dschwartz@labaton.com
afatale@labaton.com

*Counsel for Proposed Lead Plaintiff Kathie Ng and Proposed Lead Counsel for the Class*

Brian Schall
Rina Restaino
**THE SCHALL LAW FIRM**
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Kathie Ng*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

*/s/ David Bricker*
David Bricker

David Bricker (Cal. State Bar No. 158896)
**THORNTON LAW FIRM LLP**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
dbricker@tenlaw.com