UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY DIXON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HONEST COMPANY, INC., NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, ERIC LIAW, JEREMY LIAW, AVIK PRAMANIK, MORGAN STANLEY AND CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFRIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS, INC., WILLIAM BLAIR AND COMPANY, L.L.C., GUGGENHEIM SECURITIES, LLC, TELSEY ADVISORY GROUP LLC, C.L. KING AND ASSOCIATES, INC., LOOP CAPITAL MARKETS LLC, PENSERRA SECURITIES LLC, and SAMUEL A. RAMIREZ & COMPANY, INC.,<br><br>Defendants. | Case Nos. 2:21-cv-07405-MCS-PLA, 2:21-cv-08033-MCS-PLA<br><br>**ORDER GRANTING CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF KATHIE NG AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL (*Dixon*, ECF NOS. 22, 24)** |

1

On September 15, 2021, Plaintiff Cody Dixon filed this securities class action individually and on behalf of others who "purchased or otherwise acquired [Defendant The Honest Company, Inc.'s] common stock pursuant and/or traceable to the Registration Statement issued in connection with the Company's May 2021 IPO." Dixon Compl. ¶ 37, ECF No. 1.[1] On October 8, 2021, Plaintiff Stephen J. Gambino also filed a securities class action individually and on behalf of others who "purchased or otherwise acquired Honest common stock pursuant and/or traceable to the Registration Statement issued in connection with the Company's May 2021 IPO." Gambino Compl. ¶ 25, *Stephen J. Gambino v. The Honest Company, Inc.*, No. 2:21-cv-08033-MCS-PLA, ECF No. 1. Notice of the first-filed lawsuit was published on September 15, 2021 in *Business Wire*. McConville Decl. Ex. D, ECF No. 22-6. Both complaints assert claims under Sections 11 and 15 of the Securities and Exchange Act of 1934 ("Exchange Act"). Dixon Compl. ¶¶ 55, 64; Gambino Compl. ¶¶ 43, 52.

Currently before the Court are three motions for appointments as lead plaintiff and approval of lead counsel: (1) a motion filed by Mike Wang to be appointed as lead plaintiff and The Rosen Law Firm, P.A. as lead counsel, ECF No. 18; (2) a motion filed by Kathie Ng to be appointed as lead plaintiff and Labaton Sucharow LLP as lead counsel, ECF No. 22; and (3) a motion to appoint Cody Dixon as lead counsel and Glancy Prongay & Murray LLP as lead counsel, ECF No. 24. Additionally, each movant has filed motions for consolidation. ECF Nos. 18, 22, 24. After Wang withdrew his motion, ECF No. 32, and Dixon noted his non-opposition to Ng's appointment as lead plaintiff should the Court find Ng adequate, ECF No. 27, Ng filed a notice of non-opposition to the motion. ECF No. 39. The moving parties all support consolidation. ECF Nos. 18, 22, 24. Defendants have not opposed consolidation.

For the following reasons, the Court **GRANTS** Ng's motion and **DENIES**

[1] Unless otherwise noted, docket citations refer to documents filed in *Cody Dixon v. The Honest Company, Inc.*, No. 2:21-cv-07405-MCS-PLA.

motions filed by other movants.

## I.   BACKGROUND

The following are allegations as set forth in the Dixon complaint. The Honest Company ("the Company") is a "digitally-native, mission-driven brand focused on leading the clean lifestyle movement." Dixon Compl. ¶ 2. It sells products in three categories: (1) diapers and wipes, (2) skin and personal care, and (3) household goods, which respectively represent 63%, 26%, and 11% of its overall sales. *Id.* In its initial public offering ("IPO"), the Company filed its registration statement with the Securities and Exchange Commission and received proceeds of approximately $91.1 million. *Id.* ¶ 3. Approximately two months after the IPO, on August 13, 2021, the Company disclosed it had a net loss of $20 million for the second quarter of 2021 as a result of COVID-19 related stock ups that primarily impacted its diaper and wipes category of sales. *Id.* ¶ 4. On this news its stock price fell 28% per share, *id.* ¶ 5, eventually closing at a 43% decline from its initial price at the May IPO, *id.* ¶ 6. Dixon alleges the registration misleadingly omitted: (1) that prior to the IPO the Company's stock had been impacted by a multibillion-dollar COVID-19 stock up; (2) that at the time of the IPO the Company was experiencing decelerating demand for its products; (3) that the Company's financial results would likely be impacted from the decelerating demand; and (4) that Defendants' positive statements about the Company were materially misleading and lacked a reasonable basis. *Id.* ¶ 7.

## II.   CONSOLIDATION

If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Knox*

3

*v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (internal quotation marks omitted). The Private Securities Litigation Reform Act ("PSLRA") contemplates that the Court may consolidate "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter" and requires that the Court determine whether to consolidate the cases before appointing a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation of *Dixon* and *Gambino* is appropriate. Both complaints name The Honest Company and the same individual defendants. Dixon Compl. ¶¶ 14–23; Gambino Compl. ¶¶ 14–23. The only additional defendants the Dixon Complaint names are the underwriters of the IPO. Dixon Compl. ¶¶ 24–36. Both complaints rely on the same May 6 prospectus and the subsequent August 13 disclosure to support their allegations that Defendants published misleading statements in the documents filed with the IPO. Dixon Compl. ¶¶ 43–53; Gambino Compl. ¶¶ 31–41. Both complaints allege Defendants violated Section 11 and 15 of the Exchange Act. Dixon Compl. ¶¶ 55–67; Gambino Compl. ¶¶ 43–55. All movants agree the cases should be consolidated, ECF Nos. 18, 22, 24, and Defendants do not oppose consolidation.

The Court therefore consolidates the cases. *See Garcia v. Banc of Cal., Inc.*, Nos. SACV 17-00118 AG (DFMx), SACV 17-00138 AG (DFMx), 2017 WL 5641123, at *1 (C.D. Cal. May 1, 2017) (consolidating two putative securities class actions that had "the same or similar defendants," the same allegations, and parties that agreed the cases should be consolidated).

## III.   APPOINTMENT OF LEAD PLAINTIFF

The PSLRA applies "in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). It states that "the court shall consider" motions made by purported class members and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* § 78u-4(a)(3)(B)(i). The PSLRA "provides a simple

three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

The first plaintiff to file an action must post a notice "publicizing the pendency of the action, the claims made and the purported class period." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(A)). The notice must be published "in a widely circulated national business-oriented publication or wire service," 15 U.S.C. § 78u-4(a)(3)(A)(i); advise members of the pendency of the action, the claims, and the class period, *id.* § 78u-4(a)(3)(A)(i)(I); and state that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class," *id.* § 78u-4(a)(3)(A)(i)(II). The Court must select the "most adequate plaintiff," who is presumptively the movant who "has the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In this inquiry, courts analyze the typicality and adequacy requirements of Rule 23(a). *In re Cavanaugh*, 306 F.3d at 730. Third, the Court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

The PSLRA further provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

### A.    Publication

Notice is adequate. Dixon filed the complaint on September 15, 2021, and his counsel had a notice published in *Business Wire* on the same day. Dixon Compl.; McConville Decl. Ex. D. The notice explains the statements giving rise to the claims of federal securities law violations, the class period, and that potential lead plaintiffs "must

5

move the Court no later than **60 days from this notice.**" *Id.* (emphasis in original). The notice is proper under the PLSRA. *See Fragala v. 500.com Ltd.*, No. CV 15-01463 MMM (Ex), 2015 U.S. Dist. LEXIS 188276, at *17–19 (C.D. Cal. July 7, 2015) (collecting cases determining that publication in *Business Wire* provided satisfactory notice).

### B. Presumptively Most Adequate Plaintiff

Ng filed a timely motion on November 15, 2021.[2] *See* Ng Mot., ECF No. 22. Ng also submitted a shareholder certification and a loss chart showing Ng sustained $109,000 in losses. McConville Decl. Exs. A–B, ECF Nos 22-3 to -4. Wang submitted evidence showing only $14,704 in losses, Rosen Decl. Ex. 3, ECF No. 20-3, and Dixon submitted evidence showing only $40,934.25 in losses, Linehan Decl. Ex. 3, ECF No. 26-3. Ng suffered the greatest financial loss of the movants and has the largest financial interest in the relief sought. *See Knox*, 136 F. Supp. 3d at 1163 (observing that "the approximate losses suffered" is the factor "most determinative in identifying the plaintiff with the largest financial loss").

The Court next analyzes whether Ng meets the "typicality and adequacy" requirements of Rule 23(a). *In re Cavanaugh*, 306 F.3d at 730 (internal quotations omitted). At the appointment stage, "[a] movant need only make a preliminary showing that the adequacy and typicality requirements are met." *Pino v. Cardone Cap., LLC*, No. 2:20-cv-08499-JFW (KSx), 2020 U.S. Dist. LEXIS 240317, at *8 (C.D. Cal. Dec. 18, 2020) (internal quotation marks omitted) (collecting cases). Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is satisfied when the

---

[2] November 15, 2021 is 61 days after the date of the notice. Because the sixtieth day after the notice was November 14, 2021, a Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Thus, potential lead plaintiffs had to file a motion for appointment no later than November 15, 2021.

6

putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Mullen v. Wells Fargo & Co.*, Nos. C 20-07674 WHA, C 20-07997 WHA, 2021 U.S. Dist. LEXIS 48402, at *10 (N.D. Cal. Mar. 15, 2021) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, Ng "purchased Honest common stock pursuant and/or traceable to the Registration Statement in Connection with the Company's May 2021 IPO" and asserts claims that "are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other Class members . . . ." Ng. Mem. of P. & A. 5–6, ECF No. 22-1. Ng meets the typicality requirement.

Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The two key inquiries are (1) whether the representative and counsel have conflicts of interest with other class members and (2) whether the representative and counsel will prosecute the action vigorously on behalf of the class. *Mullen*, 2021 U.S. Dist. LEXIS 48402, at *11 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). Here, there are no apparent conflicts between Ng and unnamed class members and no reason to think that Ng's interests are antagonistic to the interests of other class members based on the record before the Court. Ng declares under penalty of perjury that she is willing to serve as a representative of the proposed class and desires to achieve the best possible result in prosecuting the case. Ng. Decl. ¶¶ 4–7, ECF No. 22-5. Her losses provide a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Fragala*, 2015 U.S. Dist. LEXIS 188276, at *30 ("[T]he court's finding that Liu suffered the largest single loss of any plaintiff indicates that he will be an adequate class representative."). As discussed below, Ng's counsel is apparently qualified and competent given the firm's experience as lead counsel in other securities fraud class actions. *See, e.g.*, McConville Decl. Ex. E, ECF No. 22-7. Ng meets the adequacy requirement.

The Court concludes that Ng is presumptively the most adequate plaintiff.

///

**C.** **Whether Other Potential Lead Plaintiffs Rebut the Presumption that Ng Is the Most Adequate Plaintiff**

No other movant contests that Ng satisfies Rule 23's typicality and adequacy requirements. The Court deems the other movants' non-opposition to Ng's motion as their concession that Ng is the most adequate plaintiff. *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 WL 4860188, at *1 n.2 (N.D. Cal. May 23, 2018) (finding that a plaintiff abandoned his motion because he did not file any opposition to other parties' motions and did not "suffer[] greater losses" than the other parties).

Based on the above, Ng is appointed as lead plaintiff.

## IV. APPROVAL OF LEAD COUNSEL

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Ng selected Labaton Sucharow LLP to be lead counsel. Ng Mem. of P. & A. 7–8. Labaton Sucharow LLP has significant experience in securities class actions generating large recoveries. *Id.*; McConville Decl. Ex. E. Ng made a "reasonable choice of counsel," and this Court will "defer to that choice." *Cohen*, 586 F.3d at 712.

Labaton Sucharow LLP is approved as lead counsel.

## V. CONCLUSION

Ng's motion is **GRANTED**. All other motions are **DENIED.** The Court orders the following:

(1) Pursuant to Fed. R. Civ. P. 42(a), *Cody Dixon v. The Honest Company, Inc. et al..*, No. 2:21-cv-07405-MCS-PLA, and *Stephen J. Gambino v. The Honest Company, Inc., et al.*, No. 2:21-cv-08033-MCS-PLA, are consolidated and should be captioned as:

///

| | |
|---|---|
| In re THE HONEST COMPANY, INC. SECURITIES LITIGATION | Master File No. 2:21-cv-07405-MCS-PLA |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS | |

(2) The file in Case No. 2:21-cv-07405-MCS-PLA shall constitute the master file for every action in the consolidated action. The Clerk shall administratively close the other action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To." When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To," the docket number for each individual action to which the document applies and the last name of the first-listed plaintiff in said action.

(3) All securities class actions on behalf of purchasers of The Honest Company Inc. securities arising out of the events detailed in this Order that are subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the action is consolidated into this action. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

(4) Kathie Ng is appointed as the lead plaintiff, and Labaton Sucharow LLP is approved as lead counsel.

(5) Defendants and Ng are ordered to meet and confer and, within seven days of entry of this order, submit by joint stipulation a proposed schedule for the pre-answer phase of this litigation. Defendants' deadline to respond to the current complaint is suspended, and a deadline for response shall be specified in the joint stipulation.

**IT IS SO ORDERED.**

Dated: January 26, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE