**LABATON SUCHAROW LLP**
Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff
and the Proposed Class*

**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
Email: dbricker@tenlaw.com

*Liaison Counsel for Lead Plaintiff and
the Proposed Class*

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | **2:21-CV-07405-MCS-PLA**<br><br>ECF CASE<br><br>**LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT**<br><br>Date:  April 18, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. Mark C. Scarsi<br>Courtroom:  7C |

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

i

Lead Plaintiff Kathie Ng ("Lead Plaintiff") respectfully submits this memorandum in opposition to the Honest Defendants' Request for Judicial Notice in Support of the Motion to Dismiss the Consolidated and Amended Complaint ("RJN") (ECF No. 61), which was filed in connection with the Honest Defendants' Motion to Dismiss the Consolidated and Amended Complaint and Memorandum of Points and Authorities in support thereof ("MTD") (ECF No. 60).[1]

## I.    PRELIMINARY STATEMENT

On March 14, 2022, the Honest Defendants filed the MTD. In support of the MTD, the Honest Defendants also filed the RJN, which requests that the Court judicially notice four documents: (i) excerpts from Honest's Form S-1/A amendment to the registration statement, filed with the U.S. Securities and Exchange Commission ("SEC") on April 26, 2021 (the "S-1/A"); (ii) excerpts from Honest's Form 424B4 prospectus, dated May 4, 2021 and filed with the SEC on May 6, 2021 (the "Prospectus"); (iii) excerpts from Honest's Form 10-Q, filed with the SEC on August 13, 2021 (the "2Q2021 10-Q"); and (iv) SEC Division of Corporate Finance's CF Disclosure Guidance: Topic No. 9, published March 25, 2020 ("CF #9," and together with the S-1/A, Prospectus, and 2Q2021 10-Q, the "RJN Documents").

For the reasons stated herein, Lead Plaintiff does not oppose the Honest Defendants' assertion that the Court may judicially notice the RJN Documents. However, under the limited doctrine of judicial notice, the contents of these documents may *only* be considered for their existence—not for the truth of the matters asserted therein or for matters that are disputed. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Accordingly, Lead Plaintiff opposes the RJN to the

---

[1] The Honest Defendants are: The Honest Company, Inc. ("Honest" or the "Company"), Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren. Capitalized terms not defined herein have the meaning ascribed in the Complaint. Unless otherwise noted, emphasis is added, and internal citations and quotation marks are omitted throughout.

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

extent the Honest Defendants seek to have the Court notice matters other than the existence of the RJN Documents.

## II.   APPLICABLE LEGAL STANDARDS

On a motion to dismiss, the Court must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 612 (9th Cir. 2017). In so doing, "courts may not consider material outside the pleadings when assessing the sufficiency of a complaint." *Orexigen*, 899 F.3d at 998 ("When matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion converts into a motion for summary judgment under Rule 56."). One limited exception to this rule is judicial notice under Federal Rule of Evidence 201.

"Judicial notice under Rule 201 permits a court to notice a fact that is not subject to reasonable dispute …." *Amara v. Nationstar Mortg. LLC*, 2020 WL 11648205, at *3 (C.D. Cal. Aug. 14, 2020). "A fact is not subject to reasonable dispute if it is generally known, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Orexigen*, 899 F.3d at 999. Therefore, while a court may judicially notice "undisputed matters of public record," *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012), it "cannot take judicial notice of disputed facts contained in such public records." *Orexigen*, 899 F.3d at 999.

Indeed, "simply because a document is subject to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Sanders v. Realreal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021). Instead, judicial notice may only be used to show the existence and availability of those facts. *See, e.g.*, *id.* ("While not taken for the truth of the matter, the statements may be used to show that certain information was available to investors in the market."); *Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d 755, 762 (C.D. Cal. 2015) (noting the court

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

2

"may take judicial notice of the fact that an internet article is available to the public, but it may not take judicial notice of the truth of the matters asserted in the article").

Finally, assuming all the preceding requirements are satisfied, courts reserve judicial notice for specific and identified facts within a document which are relevant to the case—not the entire contents of the document submitted. *Orexigen*, 899 F.3d at 999 ("A court must also consider—and identify—which fact or facts it is noticing …."); *see also Lake v. Zogenix, Inc.*, 2020 WL 3820424 at *5 (N.D. Cal. Jan. 27, 2020) ("It is not clear the precise facts defendants want judicially noticed from these documents, and this confusion merely reinforces why this doctrine is inappropriate in this instance").

## III.    ARGUMENT

Here, Lead Plaintiff does not oppose the Honest Defendants' assertion that the RJN Documents are among those that courts typically deem appropriate to judicially notice. The S-1/A (Ex. A), Prospectus (Ex. B), and 2Q2021 10-Q (Ex. C) are all publicly available filings by Defendant Honest with the SEC. However, to the extent these SEC filings are found subject to judicial notice, they "should be considered ***only*** for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); *see also, e.g.*, *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (granting request for judicial notice of SEC filings only to the extent the filings "contained certain disclosures" and denying request all other respects); *Shapiro v. Hasbro, Inc.*, 2016 WL 9176559, at *4, n.10 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of SEC filings to show that a statement was made, but not for the truth of the statement).

To this last point, the RJN asks this Court to judicially notice the contents of Honest's 2Q2021 10-Q (Ex. 3) to "dispute facts stated in a well-pleaded complaint." *Orexigen*, 899 F.3d at 1003; *see In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009,

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

3

1023 (C.D. Cal. 2008) (taking judicial notice of analyst report "to establish whether and when certain information was provided to the market, not the truth of the matters asserted in the reports"); *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at \*2 (N.D. Cal. Aug. 27, 2018) (taking judicial notice of documents "in evaluating the motion to dismiss for the sole purpose of determining what representations [defendant company] made to the market … not taking notice of the <u>truth</u> of any of the facts asserted") (emphasis in original). For example, the Honest Defendants improperly seek to use this document to have the Court accept as fact that "[t]he introduction of the Clean Conscious Diapers line helped to drive increased in diaper consumption during the first half of 2021," (MTD 4) and accept as true the purported claim that revenue decreases in the Diapers and Wipes category were driven completely by wipes, and that diaper growth was all positive (MTD 12). Likewise, the Honest Defendants use the document to detract from their admission that Honest was experiencing lowers sales numbers at the time of the IPO due to pre-IPO stock-up of their products and seek to improperly assert as fact that sales were down due to "other unrelated factors" (MTD 17 n.15), which remain unquantified even in Honest's 2Q2021 10-Q. Ninth Circuit law is clear: "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Orexigen*, 899 F.3d at 999. Thus, Honest's 2Q2021 10-Q cannot be judicially noticed for the purposes for which it is cited in the MTD.

The same is true for the Prospectus and S-1/A. Both the Prospectus and S-1/A form part of the Offering Documents issued in connection with the IPO. Because the core of Lead Plaintiff's claims is that the Offering Documents contained material misstatements and omissions, it is highly questionable whether the Honest Defendants seek judicial notice of the S-1/A and Prospectus for any reason other than to disprove facts set forth in the Complaint. *See id.* at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a

well-pleaded complaint."); *see also In re Ocera Therapeutics, Inc. Sec. Litig.,* 2018 WL 7019481, at \*4 (N.D. Cal. Oct. 16, 2018)*, aff'd,* 806 F. App'x 603 (9th Cir. 2020) ("[I]f defendants are permitted to present their own version of the facts at the pleading stage, and district courts accept such facts as true, it would be 'near impossible' for even the most aggrieved plaintiff to demonstrate a plausible claim for relief") (quoting *Orexigen*, 899 F.3d at 999). Therefore, Lead Plaintiff respectfully submits that should the S-1/A, Prospectus, and Honest's 2Q2021 10-Q be judicially noticed, that any such notice should be conservatively and cautiously given, as where the substance of a document is "subject to varying interpretations, and there is reasonable dispute as to what [it] establishes," judicial notice is improper. *Orexigen*, 899 F.3d at 1000.

As to the final RJN Document, CF #9 (Ex. 4) consists of a statement issued by the SEC's Division of Corporate Finance which is publicly available on the internet. Again, the Honest Defendants may only request judicial notice of CF #9 as to the existence and availability of its contents—not for the truth of any matter asserted therein. In other words, the Honest Defendants may not use this to document to assert as fact that there was difficulty in Honest disclosing the effect COVID-19 was having on the Company at the time of the IPO. MTD 15-16. Indeed, caution is particularly warranted since by its own terms, CF #9 is "is not a rule, regulation or statement of the Securities and Exchange Commission," and the SEC "has neither approved nor disapproved its content." Likewise, CF #9 "has no legal force or effect."

In sum, Lead Plaintiff does not oppose the RJN only to the extent it asserts that the Court may notice the existence of the RJN Documents. Lead Plaintiff opposes the RJN in all other respects.

## IV.    CONCLUSION

For the forgoing reasons, Lead Plaintiff respectfully requests that the Court deny the RJN except for the limited purpose set forth herein.

Dated: March 28, 2022                    Respectfully Submitted,

**LABATON SUCHAROW LLP**

By: */s/ Alfred L. Fatale III*

Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, NY 10005
Telephone: 212 907 0700
Fax: 212 818 0477
jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff Kathie Ng and the Proposed Class*

**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Fax: (310) 388-5316
dbricker@tenlaw.com

*Liaison Counsel for Lead Plaintiff Kathie Ng and the Proposed Class*

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

6

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Lead Plaintiff Kathie Ng*

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

7