MICHAEL C. TU (State Bar No. 186793)
*mctu@cooley.com*
BENJAMIN B. SWEENEY (State Bar No. 313650)
*bsweeney@cooley.com*
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

KOJI F. FUKUMURA (State Bar No. 189719)
*kfukumura@cooley.com*
COOLEY LLP
4401 Eastgate Mall
San Diego, California 92121
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendants
THE HONEST COMPANY, INC., KATIE
BAYNE, SCOTT DAHNKE, KELLY KENNEDY,
ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK,
NIKOLAOS VLAHOS and JESSICA WARREN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

IN RE THE HONEST COMPANY,
INC. SECURITIES LITIGATION.

Case No. 2:21-cv-7405-MCS-PLA

**REPLY MEMORANDUM IN SUPPORT OF THE HONEST DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Courtroom:   7C
Judge:       Hon. Mark C. Scarsi
Date:        April 18, 2022
Time:        9:00am

COOLEY LLP
ATTORNEYS AT LAW

## **REPLY MEMORANDUM**

Defendants The Honest Company, Inc. ("Honest" or the "Company"), Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren (collectively, the "Honest Defendants") respectfully submit this reply memorandum regarding the Honest Defendants' Request for Judicial Notice (the "RJN") in Support of the Honest Defendants' Motion to Dismiss (the "Motion to Dismiss" or "Mot.") the Amended and Consolidated Complaint (the "Complaint" or "CAC").

* * *

Despite filing a document entitled *Lead Plaintiff's Opposition to the Honest Defendants' Request for Judicial Notice in Support of the Motion to Dismiss the Consolidated and Amended Complaint* ("RJN Opposition" or "RJN Opp."), plaintiffs make clear that they do not actually oppose the Court taking judicial notice of the four documents that are attached to the RJN.  RJN Opp. at 1 ("Lead Plaintiff does not oppose the Honest Defendants' assertion that the Court may judicially notice the RJN Documents."), 3 ("Here, Lead Plaintiff does not oppose the Honest Defendants' assertion that the RJN Documents are among those that courts typically deem appropriate to judicially notice.").  Accordingly, the RJN is ***unopposed*** and should be granted.

Plaintiffs should have stopped there, but they then devote five pages to advocacy addressing ***how*** they believe the documents should be substantively considered by the Court in connection with the Honest Defendants' Motion to Dismiss.  Their argument regarding how the Court should interpret and apply the facts -- that plaintiffs themselves do not dispute are appropriate for judicial notice -- is offered in opposition to the Honest Defendants' Motion to Dismiss, and clearly should have been made in their opposition to that Motion.  Plaintiffs did not do so for the obvious reason that they have already reached the page limitation they are entitled to in opposing the Motion.  The RJN Opposition is essentially an unsanctioned extension

of five pages to plaintiffs' opposition to the Honest Defendants' Motion to Dismiss. This attempt to circumvent the Court's clearly stated rules requiring leave of the Court in order to file an overlength brief should be rejected and the extraneous material disregarded or stricken. *See* Initial Standing Order (ECF No. 9) at 8 ("Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations."); *Eruchalu v. U.S. Bank, Nat'l Ass'n*, 2013 WL 6667702, at *3 (D. Nev. Dec. 17, 2013) (disregarding arguments made over page limit); *Jimena v. UBS AG Bank, Inc.*, 2011 WL 2551413, at *1 n.2 (E.D. Cal. June 27, 2011) (same).

In any event, the arguments that plaintiffs put forward in the RJN Opposition are without merit. Notwithstanding plaintiffs' inappropriate and unsupported imputations of supposed "improper[]" motives, Opp. at 4, the Honest Defendants do *not* ask the Court to take judicial notice of the documents for the purpose of disputing any well-pled facts in the Complaint. Nor do the Honest Defendants ask the Court to "take judicial notice of disputed facts contained in [any] public records." RJN Opp. at 2 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018)). Rather, the RJN merely puts the alleged misstatements and omissions that are alleged in the Complaint itself in their appropriate context.

Plaintiffs take issue, for instance, with Exhibit C to the RJN, Honest's Form 10-Q filing for Q2 2021, suggesting that "the Honest Defendants improperly seek . . . to have the Court accept as fact that "[t]he introduction of the Clean Conscious Diapers line helped to drive increased in diaper consumption during the first half of 2021," and accept as true the purported claim that revenue decreases in the Diapers and Wipes category were driven completely by wipes, and that diaper growth was all positive." RJN Opp. at 4. This claim is misleading and wrong. It is *the Complaint itself* that points to public statements by Honest in order to suggest that a decrease in revenue for Honest's Diapers and Wipes segment "was attributable to COVID-19 pantry loading back in 2020 *and the Company's transition to Clean Conscious Diapers*." CAC ¶ 112 (emphasis added). Indeed, this is the only allegation anywhere

in the Complaint that even comes close to suggesting such a connection.[1]  It is therefore entirely appropriate, considering plaintiffs' own reliance on Honest's public statements, to draw the Court's attention to what *else* was said publicly on the same topic and in the same public filings, particularly when those other statements reinforce that plaintiffs' allegations rest on a mischaracterization of those documents.[2]  *See* Mot. at 11–12 (explaining that the full text of the quote relied on by plaintiffs actually refutes their allegations regarding a supposed diaper-driven drop in revenue).  And, as plaintiffs concede, the Form 10-Q is in any event "among [the types of document] that courts typically deem appropriate to judicially notice."  RJN Opp. at 3.

Plaintiffs' handwringing is equally puzzling as relates to the Form S-1/A and Prospectus, documents that plaintiffs concede "form part of the Offering Documents" that are at "the core of [their] claims."  RJN Opp. at 4.  It is of course critical that the Court have access to, and consider, portions of these documents that are not reproduced in the Complaint in order to assess both the falsity and materiality of the misstatements and omissions alleged by plaintiffs.  *See In re Restoration Robotics, Inc.*, 417 F. Supp. 3d 1242, 1257 (N.D. Cal. Oct. 18, 2019) ("Materiality is fact-specific; it turns on context. Statements in a Prospectus, thus, *must be read in the context of the whole document* and judged based on the facts as they existed when the applicable registration statement became effective." (emphasis added) (internal quotation marks and citation omitted)); *Forrester v. Microtest, Inc.*, 1993 WL 616688, at *4 (D. Ariz. Nov. 15, 1993) (alleged misstatements "must be taken in context with the entire registration statement").

---

[1] As explained at length in the Honest Defendants' other submissions, Mot. at 11-12; Reply Mem. at 4, this allegation actually misreads (or, alternatively, misrepresents) the statement by Honest CFO Kelly Kennedy that it purports to rely on.

[2] Nowhere in their RJN Opposition or their Opposition to the Motion to Dismiss do plaintiffs dispute the accuracy of the Form 10-Q or the information contained within.

For these and the reasons set forth in the RJN, the Honest Defendants respectfully request that the Court take judicial notice of the documents attached as Exhibits A–D to the RJN.

Dated:  April 4, 2022

Respectfully submitted,

COOLEY LLP

By: _____*/s/ Michael C. Tu*_____
            Michael C. Tu

Attorney for Defendants
THE HONEST COMPANY, INC., KATIE BAYNE, SCOTT DAHNKE, KELLY KENNEDY, ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK, NIKOLAOS VLAHOS and JESSICA WARREN