**LABATON SUCHAROW LLP**
Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff
and the Proposed Class*

**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
Email: dbricker@tenlaw.com

*Liaison Counsel for Lead Plaintiff and
the Proposed Class*

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | **2:21-CV-07405-MCS-PLA**<br><br>ECF CASE<br><br>**LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT**<br><br>Date:  April 18, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. Mark C. Scarsi<br>Courtroom:  7C |

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

i

Lead Plaintiff, Kathie Ng, respectfully submits this memorandum in opposition to the Honest Defendants' Supplemental Request for Judicial Notice in Support of the Motion to Dismiss the Consolidated and Amended Complaint (the "Supplemental RJN" or "Supp. RJN") (ECF No. 67), which was filed in connection with the Honest Defendants' Motion to Dismiss the Consolidated and Amended Complaint and Memorandum of Points and Authorities in support thereof ("MTD") (ECF No. 60) and reply in support thereof ("MTD Reply") (ECF No. 65).[1]

## I.     PRELIMINARY STATEMENT

On March 14, 2022, the Honest Defendants filed the MTD. In support of the MTD, the Honest Defendants also filed a Request for Judicial Notice ("RJN"), which requests that the Court judicially notice four documents: (i) excerpts from Honest's Form S-1/A amendment to the registration statement, filed with the U.S. Securities and Exchange Commission ("SEC") on April 26, 2021 (the "S-1/A"); (ii) excerpts from Honest's Form 424B4 prospectus, dated May 4, 2021 and filed with the SEC on May 6, 2021 (the "Prospectus"); (iii) excerpts from Honest's Form 10-Q, filed with the SEC on August 13, 2021 (the "2Q2021 10-Q"); and (iv) SEC Division of Corporate Finance's CF Disclosure Guidance: Topic No. 9, published March 25, 2020 ("CF #9"). *See* ECF No. 61.

On April 4, 2021, concurrently with their MTD Reply, Defendants filed yet another request for judicial notice seeking to introduce new documents not included in their initial RJN and in support of propositions not raised in their MTD: (i) additional excerpts from Honest's Prospectus; (ii) excerpts from Honest's Form 10-Q, filed with

---

[1] The Honest Defendants are: The Honest Company, Inc. ("Honest" or the "Company"), Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren. Capitalized terms not defined herein have the meaning ascribed in the Consolidated and Amended Complaint (the "Complaint" or "CAC"). *See* ECF No. 59. Unless otherwise noted, emphasis is added and internal citations and quotation marks are omitted throughout.

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

the SEC on June 17, 2021 (the "1Q2021 10-Q"); and (iii) excerpts from Honest's Form 10-K, filed with the SEC on March 28, 2022 (the "FY2021 10-K").

Defendants' request is a wholly improper abuse of the judicial notice doctrine. Not only is the Supplemental RJN itself a violation of this Court's rules, but the documents Defendants seek to have judicially noticed were either available to Defendants at the time their initial RJN was filed and not submitted to the Court or—more egregiously—were not even in existence at the time of the IPO, the filing of the Complaint, or the filing of the MTD and therefore are not relevant to Lead Plaintiff's claims regarding what information *did exist* at the time of the IPO. Accordingly, Lead Plaintiff opposes the Supplemental RJN in its entirety.

## II.    APPLICABLE LEGAL STANDARDS

When evaluating a motion to dismiss, "courts may not consider material outside the pleadings when assessing the sufficiency of a complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("When matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion converts into a motion for summary judgment under Rule 56."). One limited exception to this rule is judicial notice under Federal Rule of Evidence 201.

"Judicial notice under Rule 201 permits a court to notice a fact that is not subject to reasonable dispute." *Amara v. Nationstar Mortg. LLC*, 2020 WL 11648205, at *3 (C.D. Cal. Aug. 14, 2020). "A fact is not subject to reasonable dispute if it is generally known, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Orexigen*, 899 F.3d at 999. Therefore, while a court may judicially notice "undisputed matters of public record," *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012), it "cannot take judicial notice of disputed facts contained in such public records." *Orexigen*, 899 F.3d at 999.

Importantly, judicial notice may only be used to show the existence and availability of the facts therein—not the truth of those facts. *See Sanders v. Realreal,*

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

2

*Inc.*, 2021 WL 1222625, at \*4 (N.D. Cal. Mar. 31, 2021) ("While not taken for the truth of the matter, the statements may be used to show that certain information was available to investors in the market."). Thus, while courts do take judicial notice of "documents filed with the SEC" (Supp. RJN at 1-2), "[i]t is only appropriate[,] however[,] for the court to take judicial notice of the content of the SEC Forms … and the fact that they were filed with the agency. ***The truth of the content, and the inference properly drawn from them, however, is not a proper subject of judicial notice under Rule 201.***" *Corona v. PNC Fin. Servs. Grp., Inc.*, 2021 WL 1218258, at \*2 (C.D. Cal. Mar. 16, 2021) (emphasis in original). Here, it is the truth of the content and inferences drawn from it which Defendants request the Court consider.

## III.  ARGUMENT

As with the Honest Defendants' initial RJN, Lead Plaintiff opposes the Honest Defendants' inappropriate Supplemental RJN. As an initial matter, the Honest Defendants' "supplemental" brief, filed without requesting leave of the Court, violates this Court's Initial Standing Order. *See* ECF No. 9 at 8. This Court's rules state in no uncertain terms that "No supplemental brief shall be filed without prior leave of Court." *See id*. Defendants sought no such leave.

Nevertheless, with respect to the specific documents Defendants ask this Court to judicially notice, each are put forth to "dispute facts stated in a well-pleaded complaint." *Orexigen*, 899 F.3d at 1003. In particular, Defendants seek to disprove that the transition to the new formulation of Clean Conscious Diapers did not negatively impact revenue and revenue growth based on the purported "truth" of the statements contained in the documents. *See* MTD Reply at 5, 7 n.11. It is well-settled that such a use is not permissible. *See Gallagher v. Philipps*, 2021 WL 4428996, at \*7 (S.D. Cal. Sept. 27, 2021) ("[T]he Court, of course, only takes judicial notice of the fact ... and

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

3

not the truth of the allegations contained therein.").[2]

Not only are the contents of Honest's 1Q2021 10-Q and FY2021 10-K submitted for the improper purpose of establishing "facts" and inferences in Defendants' favor, neither document was in existence at the time of the May 2021 IPO, and therefore have no relevance to the veracity of Lead Plaintiff's claims. *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *8 (N.D. Cal. Aug. 7, 2020) (evaluating plausibility of plaintiff's claims "given the facts ***at the time of the IPO***."). Moreover, the FY2021 10-K was crafted by Honest after this litigation commenced which raises even greater questions as to it veracity and renders it "unsuitable for judicial notice." *Durgin v. Sharer*, 2017 WL 2214618, at *3 (C.D. Cal. Jan. 10, 2017) (finding document which "post-date the filing of Plaintiff's Complaint … unsuitable for judicial notice"). If such materials could be judicially noticed for the purposes Defendants request, then in any litigation defendants could create, with the knowledge of having been sued, documents containing purported facts that they may attempt to use to attack a well-plead complaint.

Finally, Defendants already had an opportunity—and did—attach excerpts of the Prospectus to its initial RJN. *See* RJN at Ex. B; Supp. RJN at n.4. Likewise, Defendants could have, but did not, seek judicial notice of Honest's 1Q2021 10-Q in their first RJN. Defendants cannot turn its early-stage motion practice into an endless volleying of attempted resolution of factual issues. Indeed, such a request demonstrates the

---

[2] The fact that the Complaint does not allege that the statements Defendants point to in these documents were themselves false and misleading does not mean that the facts are "not subject to reasonable dispute." *Orexigen*, 899 F.3d at 999. As noted in Lead Plaintiff's opposition to the Honest Defendants' initial RJN, "it is improper to assume the truth of an incorporated document," such as the Prospectus, "if such assumptions only serve to dispute facts." ECF No. 64 at 4. As for the statements in the other documents Defendants have put before the Court, the Securities Act of 1933 is concerned only with the falsity of the registration statement, thus Lead Plaintiff need not allege the truth or falsity of statements made by the Company in other filings, such as 10-Qs and 10-Ks. *See* 15 U.S.C. §77k. This does not mean they are not in dispute. Only discovery will show whether or not the Company's post-IPO statements are true and support the counterfactual arguments they raise against the Complaint.

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

4

inappropriateness of dismissal at this early stage. *See Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1120 (S.D. Cal. 2021) ("[I]n examining the exhibits, the Court remains mindful of the risk of overextending the judicial notice doctrine to avoid a 'premature dismissal[] of a plausible claim[ ].'" (citing *Orexigen*, 899 F.3d at 998)).[3] Again, if the Court is inclined to consider Defendants' request and to the extent these SEC filings are found subject to judicial notice, they "should be considered **only** for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005).

## IV. CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that, as with the RJN, the Court deny the Supplemental RJN in its entirety.

Dated: April 6, 2022         Respectfully Submitted,

**LABATON SUCHAROW LLP**

By: */s/ Alfred L. Fatale III*

Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, NY 10005
Telephone: 212 907 0700
Fax: 212 818 0477
jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

---

[3] In addition, the Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see also Loftus v. Primero Mining Corp.*, 230 F. Supp. 3d 1209, 1221 (C.D. Cal. 2017) (declining to consider documents submitted to the Court for the first time in reply); *SEB Inv. Mgmt. AB v. Align Tech., Inc.*, 485 F. Supp. 3d 1113, 1135 (N.D. Cal. 2020) ("The Court need not address arguments raised for the first time in a reply brief because arguments raised for the first time in reply briefs are waived.").

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff Kathie Ng and the Proposed Class*

**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Fax: (310) 388-5316
dbricker@tenlaw.com

*Liaison Counsel for Lead Plaintiff Kathie Ng and the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Lead Plaintiff Kathie Ng*

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AND AMENDED COMPLAINT

6