**LABATON SUCHAROW LLP**
Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff
and the Proposed Class*

**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
Email: dbricker@tenlaw.com

*Liaison Counsel for Lead Plaintiff and
the Proposed Class*

[*Additional counsel on signature page*]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | **2:21-CV-07405-MCS-PLA**<br><br>ECF CASE<br><br>**LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S JULY 18, 2022 ORDER**<br><br>Date:  August 29, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. Mark C. Scarsi<br>Courtroom:  7C |

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ......................................................................1

II.   APPLICABLE LEGAL STANDARDS............................................................3

III.  ARGUMENT....................................................................................................4

    A.    Defendants Fail to Establish Reconsideration Under Local Rule
7-18(a) is Proper.........................................................................................4

    B.    Defendants Fail to Establish Reconsideration Under Local Rule
7-18(c) is Proper........................................................................................6

    C.    Defendants Not Only Disagree with this Court's July 18, 2022
Order but also with the Use of its Inherent Power to Manage its
Own Docket................................................................................................8

IV.   CONCLUSION .................................................................................................9

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S JULY 18, 2022 ORDER

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.A. v. Cnty. of Riverside*,
2018 WL 5816165 (C.D. Cal. Feb. 16, 2018) .................................................6, 8

*Aventis Pharms. S A v. Amphastar Pharms*,
2005 WL 5957795 (C.D. Cal. Mar. 25, 2005) .............................................4, 6, 8

*C. W. v. Asuncion*,
2020 WL 4873565 (C.D. Cal. June 29, 2020),
*aff'd*, 2021 WL 4936946 (9th Cir. Oct. 22, 2021) ...............................................7

*Dairy Emps. Union Loc. No. 17 Christian Lab. Ass'n of the U.S. Pension
Tr. v. Ferreira Dairy*,
2015 WL 1952308 (C.D. Cal. Apr. 28, 2015) .................................................2, 3

*Henderson v. J.M. Smucker Co.*,
2013 WL 12113446 (C.D. Cal. Nov. 20, 2013) ..............................................4, 8

*InfoSpan, Inc. v. Emirates NBD Bank PJSC*,
2015 WL 13404114 (C.D. Cal. Aug. 10, 2015) ..............................................3, 5

*Karol W. Corp. v. Smith News Co. Inc.*,
2014 WL 12586417 (C.D. Cal. Feb. 28, 2014) .......................................4, 5, 8, 9

*Kolay Flooring Int'l, LLC v. Milliken & Co.*,
2019 WL 3059299 (C.D. Cal. May 10, 2019)......................................................7

*Lorenzo Vargas v. City of Los Angeles*,
2018 WL 10231166 (C.D. Cal. Nov. 14, 2018) ..............................................1, 8

*Macomb Cnty. Employees' Ret. System v. Align Tech., Inc.*,
39 F. 4th 1092 (9th Cir. 2022)..............................................................1, 2, 4, 5

*In re Mattel Inc. Sec. Litig.*,
2022 WL 2826455 (C.D. Cal. June 13, 2022).....................................................3

*MGA Ent., Inc v. Dynacraft BSC, Inc.*,
2019 WL 6726087 (C.D. Cal. Dec. 11, 2019)................................................4, 8

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S JULY 18, 2022 ORDER

ii

*Munchkin, Inc. v. Playtex Prod., LLC*,
2012 WL 12886212 (C.D. Cal. Nov. 16, 2012) ....................................................7

*Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian
Nation*,
331 F.3d 1041 (9th Cir. 2003) ............................................................................3

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,
318 F.Supp.2d 968 (C.D. Cal. May 11, 2004).....................................................8

*Reese v. Verizon California, Inc.*,
2011 WL 13193419 (C.D. Cal. Sept. 21, 2011), *aff'd*, 498 F. App'x
980 (Fed. Cir. 2012)..........................................................................................8

*Rockefeller v. Perkins Coie LLP*,
2019 WL 1034316 (C.D. Cal. Jan. 31, 2019).......................................................8

*Ross v. Morgan Stanley Smith Barney LLC*,
2013 WL 12372144 (C.D. Cal. Oct. 7, 2013) ......................................................8

*Santoro v. Ocwen Loan Servicing, LLC*,
2020 WL 97784 (D. Or. Jan. 8, 2020)................................................................3

*State Comp. Ins. Fund v. Drobot*,
192 F. Supp. 3d 1080 (C.D. Cal. 2016) ..........................................................3, 6

**Other Authorities**

L.R. 7-18 ...........................................................................................................*passim*

L.R. 7-18(a)........................................................................................................*passim*

L.R. 7-18(c).......................................................................................................3, 6

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S JULY 18, 2022 ORDER

iii

Lead Plaintiff, Kathie Ng, respectfully submits this memorandum in opposition to the Honest Defendants' Motion for Partial Reconsideration of the Court's July 18, 2022 Order ("Motion" or "Mot.") (ECF No. 75-1) and the Underwriter Defendants' Joinder therein (ECF No. 76).[1]

## I.    PRELIMINARY STATEMENT

Defendants' quixotic quest to avoid discovery of the Complaint's well-plead allegations through reconsideration of the Court's July 18 Order is premised upon circumvention of this Court's procedure and blatantly ignores the recognized merits of this action. Most importantly, Defendants have failed to show that reconsideration is proper under ***either*** provision of the Local Rules under which its Motion is made. *See* L.R. 7-18(a) & (c).[2] This fact alone is basis for denying their Motion.

Even if this Court were inclined to consider Defendants' contentions, they amount to nothing more than sheer dissatisfaction with the Court's ruling and an attempt to revisit this Court's rulings which are completely consistent with existing Ninth Circuit law. Neither dissatisfaction nor the desire for the proverbial second bite at the apple is a proper basis for reconsideration under the Local Rules of this Court.

Defendants' primary purported basis for reconsideration is the Ninth Circuit's decision in *Macomb Cnty. Employees' Ret. System v. Align Tech., Inc.*, 39 F. 4th 1092 (9th Cir. 2022), published eleven days prior to this Court's July 18, 2022 ruling but not

---

[1] Capitalized terms not defined herein have the meaning ascribed in the Consolidated and Amended Complaint (the "Complaint" or "CAC"). *See* ECF No. 59. The Honest Defendants are: The Honest Company, Inc. ("Honest" or the "Company"), Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren. The Underwriter Defendants are: Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc.

[2] It is unclear from Defendants' Motion whether they also seek reconsideration under the Ninth Circuit's "clear error" test (*see* Mot. at 7), but this Court's jurisprudence is clear that "L.R. 7-18 provides the 'only' grounds on which a motion for reconsideration may be brought in the Central District of California." *See Lorenzo Vargas v. City of Los Angeles*, 2018 WL 10231166, at *1 (C.D. Cal. Nov. 14, 2018).

submitted to the Court until the present motion. The only scenario under which a timely submitted subsequent authority renders reconsideration proper is if a "material difference in fact or law … that … could not have been known to the party moving for reconsideration *at the time of such decision*." L.R. 7-18(a).[3] Defendants have not demonstrated *either* that there is a material difference in law *or* that its existence was not known to Defendants prior to this Court's Order.

Indeed, Defendants' Motion *admits* that in *Align*, the Ninth Circuit applied the *same* controlling law already present in this Circuit. As if that admission were not enough to deny Defendants' motion (it is), Defendants made precisely the same argument for which they rely on *Align*—relying on existing Ninth Circuit authority— in their motion to dismiss. Such a regurgitation of arguments is expressly prohibited by this Court's Local Rules, and also serves as a basis for denying reconsideration.

The inappropriateness of Defendants' Motion is only amplified by their contention that the Court failed to consider material facts from outside the Complaint. Fatally, the Court's Order makes explicitly clear that it *did* consider the precise facts Defendants say were overlooked—dedicating an entire page of its Order to those very facts. *See* Order at 6. The law of this Court is crystal clear that Defendants' disagreement with the Court's conclusion is not a basis for reconsideration under the Local Rules. Defendants' motion should also be denied on this basis.

Defendants' last-ditch attempt to delay the inevitable culminates in a request that this Court continue to stay Defendants' obligations to answer (after rejecting much of their requested extension on the same day this motion was filed). This request, not properly before the Court, is simply another example of their dislike for the trajectory of this litigation, fear of discovery, and an attempt to further delay the action.

---

[3] Unless otherwise noted, emphasis is added and internal citations and quotation marks are omitted throughout.

## II. APPLICABLE LEGAL STANDARDS

"A motion for reconsideration 'should not be granted, absent highly unusual circumstances.'" *Dairy Emps. Union Loc. No. 17 Christian Lab. Ass'n of the U.S. Pension Tr. v. Ferreira Dairy*, 2015 WL 1952308, at *1 (C.D. Cal. Apr. 28, 2015). "Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Santoro v. Ocwen Loan Servicing, LLC*, 2020 WL 97784, at *1 (D. Or. Jan. 8, 2020) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Importantly, failure to comply with the Court's rules governing motion practice will result in a denial of a motion for consideration. *In re Mattel Inc. Sec. Litig.*, 2022 WL 2826455, at *1 (C.D. Cal. June 13, 2022) (Scarsi, J.).

A motion for reconsideration under Local Rule 7-18(a) may be made only on the grounds of a "material difference in fact or law from that presented to the Court." L.R. 7-18(a). To obtain such relief, the movant "must show that the [facts or law] (1) could not have been discovered by 'reasonable diligence' prior to the Court's [motion to dismiss] order, and (2) are 'material[ly] differen[t] from the evidence [the movant] previously submitted. L.R. 7-18(a).'" *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, 2015 WL 13404114, at *3 (C.D. Cal. Aug. 10, 2015).

Similarly, a motion for reconsideration brought under Local Rule 7-18(c) must show that the court failed to consider material facts presented to the court before it made its initial decision. *State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1117 (C.D. Cal. 2016). "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *See* L.R. 7-18(c). Importantly, the Court has discretion in determining whether to grant a motion for reconsideration. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Because Defendants fail to establish that any of these elements are present, their Motion should be denied.

## III.   ARGUMENT

### A.   Defendants Fail to Establish Reconsideration Under Local Rule 7-18(a) is Proper

Defendants' argument for reconsideration under Local Rule 7-18(a) is fatal, as Defendants have not demonstrated a material difference in fact or law. Mot. at 10-14.

Courts in this District have consistently denied motions for reconsideration where the movant repeats legal arguments already made in their original motion. *See Henderson v. J.M. Smucker Co.*, 2013 WL 12113446, at *3 (C.D. Cal. Nov. 20, 2013) ("Defendant does not set forth one material fact that we failed to consider. Defendant's attempt to surreptitiously reframe these legal arguments as a failure to consider material facts does not transform them into a proper basis for reconsideration."). A "disagree[ment] with the [C]ourt's application of the facts to the law[] [ ] is not 'a manifest showing of a failure to consider material facts.'" *Aventis Pharms. S A v. Amphastar Pharms*, 2005 WL 5957795, at *6 (C.D. Cal. Mar. 25, 2005).

Although Defendants are prohibited by the Local Rules of this Court from regurgitating legal arguments, Defendants concede that *Align* "builds on a long line of Ninth Circuit authority" with similar holdings. Mot. at 11; *see also* Mot. at 6 (asking this Court to apply *Align* "and the authorities it builds on"). Thus, even if the Court were willing to consider arguments beyond the temporal limitations of L.R. 7-18, there is no "material difference in fact or law from that presented to the Court … that … could not have been known" to Defendants.[4] L.R. 7-18(a); *see Karol W. Corp. v. Smith News Co. Inc.*, 2014 WL 12586417, at *3 (C.D. Cal. Feb. 28, 2014) (denying reconsideration where defendant has not shown how new authority "alters the scope of analysis for the Court").

---

[4] The *Align* decision was published eleven days prior to this Court's Order denying Defendants' motion to dismiss. Defendants could have—but did not—submit this authority to the Court in a supplemental authority letter. It was only ***after*** their motion was mostly denied that Defendants sought reconsideration. But "Local Rule 7-18 is not meant to serve as a 'do-over.'" *See MGA Ent., Inc v. Dynacraft BSC, Inc.*, 2019 WL 6726087, at *2 (C.D. Cal. Dec. 11, 2019).

A motion for reconsideration—premised on fact or law—must be denied where "despite the admonition against doing so in Local Rule 7-18, [the movant's] motion repeats arguments that the Court previously rejected." *See InfoSpan*, 2015 WL 13404114, at \*3. For example, in *InfoSpan*, the court determined that, "without more, [movant's] assertion that the Court previously failed to, and now should, make its requested inference falls far short of a manifest showing of a failure to consider material facts." *See id*. There, although the court's order "did not specifically respond to each of [the movant's] arguments, the Court essentially rejected them when it … held that [movant's] evidence was insufficient to create a genuine dispute of material fact." *Id*.

To the extent Defendants argue that under *Align*, statements were inactionable because they were not capable of objective verification, Defendants made precisely that argument in their original motion. *See* ECF No. 60-1 at 16 (citing *Retail Wholesale & Dep't Store Local 337 Ret. Fund v. Hewlett Packard Co*., 845 F.3d 1268, 1275–76 (9th Cir. 2017) for proposition that puffing is not "capable of objective verification"); ECF No. 60-1 at 17 (arguing that seeking to "objective[ly] verif[y]" whether the Clean Conscious Diaper had achieved the pillars of Honest's 'costovation strategy' is futile); *id*. (suggesting the hypothetical nature of "somehow … objectively verif[y]ing" Honest's adherence to its pillars of costovation). In fact, Lead Plaintiff **responded** to this argument in her opposition, noting the disingenuity of the Company suggesting that whether Honest's diapers are a "strategic customer acquisition tool" is not objectively verifiable because, as alleged in the Complaint, Honest itself commissioned a third-party study to examine these precise facts. *See* ECF No. 63 at 27; CAC ¶¶6, 48, 53.

Further, as the Court noted in the Order, using invented terms, such as "costovation," or other descriptive language does not change an otherwise actionable statement or omission into one that it is so vague and generalized that any reasonable investor would know it is merely puffery. Order at 5. If that were the case, then a savvy company could induce investors into contributing capital without fear of retribution

just by adding a few vague and descriptive words to false facts or misleading statements.

In sum, not only is this argument without merit, but it is precisely the type of argument prohibited by L.R. 7-18. *See A.A. v. Cnty. of Riverside*, 2018 WL 5816165, at *5 (C.D. Cal. Feb. 16, 2018) (denying motion for reconsideration where movant "flatly ignores the Rule's directive that '[n]o motion for reconsideration shall *in any manner* repeat any oral or written argument made in support of or in opposition to the original motion.'"); *Drobot*, 192 F. Supp. 3d at 1117-18 (denying motion for reconsideration where the moving party "ma[d]e the exact same legal arguments that it already made, the Court already considered, and the Court already rejected."); *Aventis Pharms*, 2005 WL 5957795, at *2 (denying motion for reconsideration where movant "does exactly what Local Rule 7-18 prohibits repeating arguments made in its original [briefing]."). Accordingly, Defendants have not made the requisite showing under L.R. 7-18(a) and their Motion should be denied.

### B. Defendants Fail to Establish Reconsideration Under Local Rule 7-18(c) is Proper

Equally erroneous is Defendants' claim for reconsideration under L.R. 7-18(c). It is clear from the Order that the Court did, in fact, consider the very facts Defendants say were overlooked. Order at 6, n.1. Indeed, the Court dedicated an *entire page* of its Order to this exact point—analyzing the Complaint's allegations about Honest's revenue *and* Defendants' arguments regarding Honest's financial results from the first quarter of 2021. *See* Order at 6 ("But Movants take a myopic view of the theory by pointing exclusively to net revenue growth in the general product category in a single financial quarter—different in scope from Lead Plaintiff's general allegation of 'los[t] customers and revenue' over an unconstrained period of time due to a specific product."). In so doing, the Court recognized that "Lead Plaintiff provides facts from which one can infer that customer dissatisfaction with the Clean Conscious Diaper led to a decline in customers and revenue beyond the limited financial snapshot Movants

highlight" and that this theory would be "more appropriately challenged upon a more developed record." Order at 6.

Defendants' insistence that the Court failed to consider its judicially noticeable documents is unavailing. Mot. at 5. Importantly, a court that considers material facts and simply finds that they "did not warrant a different result" does not amount to a failure to consider those facts. *C. W. v. Asuncion*, 2020 WL 4873565, at *2 (C.D. Cal. June 29, 2020), *aff'd*, 2021 WL 4936946 (9th Cir. Oct. 22, 2021). For example, in *Milliken*, the Court found a motion for reconsideration was not properly brought pursuant to L.R.7-18 because the movant had not made a manifest showing that the Court failed to consider declarations submitted in connection with the original motion. *Kolay Flooring Int'l, LLC v. Milliken & Co.*, 2019 WL 3059299, at *1 (C.D. Cal. May 10, 2019). There, the court "considered this fact but found it not material" and this argument violated the prohibition in L.R. 7-18 against repeating arguments made in the original motion. *Id*; *see also Munchkin, Inc. v. Playtex Prod., LLC*, 2012 WL 12886212, at *1 (C.D. Cal. Nov. 16, 2012) (rejecting legal argument based on a claimed error by the court and an alleged failure to consider legal precedent, not "material facts").

Moreover, Defendants ignore the facts the Complaint pleads in addition to Ms. Kennedy's June 16, 20221 statement that provide a basis for the allegation that Honest "would—and did—lose customers and revenue" "[a]s a result of the Clean Conscious Diaper's new technology and defective design." Order at 6 (quoting CAC ¶¶89(d), 91(d)). These facts include the online reviews stating that "customers canceled subscriptions and stopped purchasing Honest products after the first quarter of 2021," Order at 6, as well as statements by former Honest employees that Honest's new diapers "crashed and burned" as they did not work as well as previous versions and it was apparent internally that there was a slow-down in business. CAC ¶¶59, 75.

At best, Defendants' Motion seeks reconsideration based on a mere disagreement with the Court's Order. Motions made under such pretenses must be

denied. *See Lorenzo Vargas*, 2018 WL 10231166, at *2 ("A disagreement with a judgment is not a proper ground for seeking reconsideration pursuant to Local Rule 7-18(a)."); *Rockefeller v. Perkins Coie LLP*, 2019 WL 1034316, at *1 (C.D. Cal. Jan. 31, 2019) (same); *Reese v. Verizon California, Inc.*, 2011 WL 13193419, at *2 (C.D. Cal. Sept. 21, 2011), *aff'd*, 498 F. App'x 980 (Fed. Cir. 2012) (same); *see also Henderson*, 2013 WL 12113446, at *5 (rejecting movant's argument that the court failed to consider evidence simply because the court reached an unfavorable conclusion); *Dynacraft*, 2019 WL 6726087, at *2 (same); *Aventis*, 2005 WL 5957795, at *2 (denying reconsideration because "while [movant] may disagree with the court's application of the facts to the law, there is not 'a manifest showing of a failure to consider material facts' by the court"); *Pegasus Satellite Television, Inc. v. DirecTV, Inc.,* 318 F.Supp.2d 968, 981 (C.D. Cal. May 11, 2004) ("Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent"); *see also A.A.*, 2018 WL 5816165, at *4 ("Plaintiff's dissatisfaction and disagreement with the Court's order do not entitle her to the Court's reconsideration of this order."); *Ross v. Morgan Stanley Smith Barney LLC*, 2013 WL 12372144, at *3 (C.D. Cal. Oct. 7, 2013) ("[D]isagreements with the Court's findings … do nothing to substantiate a motion for reconsideration under L.R. 7-18."); *Karol*, 2014 WL 12586417, at *2-5 (applying the "restrictions of Local Rule 7-18 in deciding Defendant's Motion for Reconsideration" and denying the motion on the ground that the defendant "failed to satisfy the requirements of Local Rule 7-18").

Because the Court clearly considered the material facts at issue and Defendants' simple dissatisfaction with this Court's outcome is not a basis for reconsideration, the Motion should be denied.

### C. Defendants Not Only Disagree with this Court's July 18, 2022 Order but also with the Use of its Inherent Power to Manage its Own Docket

Defendants also improperly seek additional, previously rejected relief from this Court by asking the Court to resuscitate a request for an extension of their time to

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S JULY 18, 2022 ORDER

8

answer. Mot. at 14 n.6. On August 1, 2022, the Court issued a minute order (ECF No. 74) providing Defendants with an extension of their time to answer until August 17, 2022. ECF No. 73. Defendants seek to extend this deadline yet again by asking this Court to indefinitely stay their obligations to answer the Complaint until the Court rules on this Motion given "the possibility that the Court might grant the Honest Defendants' Motion and dismiss the implicated theories of liability after defendants have already answered." Mot. at 14 n.6 (emphasis removed). This request—however inappropriate—is nonetheless groundless provided the many reasons stated above that Defendants' Motion for Reconsideration was improperly made and therefore, should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court deny Defendants' Motion for Reconsideration in its entirety.


Dated: August 8, 2022                    Respectfully Submitted,


                    **LABATON SUCHAROW LLP**

                    By: */s/ Alfred L. Fatale III*

                        Jonathan Gardner*
                        David J. Schwartz*
                        Alfred L. Fatale III*
                        Lisa Strejlau*
                        140 Broadway
                        New York, NY 10005
                        Telephone: 212 907 0700
                        Fax: 212 818 0477
                        jgardner@labaton.com
                        dschwartz@labaton.com
                        afatale@labaton.com
                        lstrejlau@labaton.com

                        *admitted *pro hac vice*

                        *Lead Counsel for Lead Plaintiff Kathie Ng
                        and the Proposed Class*

**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Fax: (310) 388-5316
dbricker@tenlaw.com

*Liaison Counsel for Lead Plaintiff Kathie Ng and the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Lead Plaintiff Kathie Ng*

LEAD PLAINTIFF'S OPPOSITION TO THE HONEST DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S JULY 18, 2022 ORDER

10