MICHAEL C. TU (State Bar No. 186793)
*mctu@cooley.com*
BENJAMIN B. SWEENEY (State Bar No. 313650)
*bsweeney@cooley.com*
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

KOJI F. FUKUMURA (State Bar No. 189719)
*kfukumura@cooley.com*
COOLEY LLP
4401 Eastgate Mall
San Diego, California 92121
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendants
THE HONEST COMPANY, INC., KATIE
BAYNE, SCOTT DAHNKE, KELLY KENNEDY,
ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK,
NIKOLAOS VLAHOS and JESSICA WARREN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

IN RE THE HONEST COMPANY,
INC. SECURITIES LITIGATION.

Case No. 2:21-cv-7405-MCS-PLA

**REPLY MEMORANDUM IN
SUPPORT OF THE HONEST
DEFENDANTS' MOTION FOR
PARTIAL RECONSIDERATION
OF THE COURT'S JULY 18, 2022
ORDER**

Courtroom:   7C
Judge:           Hon. Mark C. Scarsi
Date:             August 29, 2022
Time:            9:00 a.m.

COOLEY LLP
ATTORNEYS AT LAW

**REPLY MEMORANDUM**

Defendants The Honest Company, Inc. ("Honest" or the "Company"), Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Praminik, Nikolaos Vlahos, and Jessica Warren (collectively, the "Honest Defendants") respectfully submit this reply memorandum in support of their motion for partial reconsideration (the "Motion" or "Mot.") of the Court's July 18, 2022 order granting in part and denying in part the Honest Defendants' Motion to Dismiss plaintiffs' Consolidated and Amended Complaint (the "Complaint" or "CAC").

## I.   INTRODUCTION

Plaintiffs' opposition relies on a variety of procedural protests to the Honest Defendants' Motion for Reconsideration.  However, reconsideration *is* appropriate under C.D. Cal. L.R. 7-18, the "clear error" standard endorsed by the Ninth Circuit, and as an exercise of this Court's inherent discretion.  *Rosenblum v. Blackstone*, 2020 WL 4258582, at *2 (C.D. Cal. Apr. 10, 2020) (in addition to grounds enumerated in L.R. 7-18, reconsideration "also appropriate if the court committed clear error or the decision was manifestly unjust"); *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (reconsideration "committed to the sound discretion of the court").

The Honest Defendants have provided ample reason for the Court to revisit the two implicated portions of its July 18, 2022 order (the "Order").  ***First***, the portion of the Order sustaining plaintiffs' allegation that the Offering Documents were false or misleading in that they failed to disclose that "[a]s a result of the Clean Conscious Diaper's new technology and defective design, Honest would—and did—lose customers and revenue," Order at 4, relies on an erroneous understanding of the allegations and judicially noticeable SEC filings that reflect Honest's diaper revenue. These materials objectively confirm that, rather than "losing customers and revenue," as plaintiffs allege, Honest actually saw an extended and sustained *increase* in its diaper revenue following the introduction of the new Clean Conscious Diaper.

*Second*, the Honest Defendants respectfully ask the Court to revisit its puffery analysis in light of the Ninth Circuit's recent decision in *Macomb County Employees' Retirement System v. Align Technology, Inc.*, 39 F.4th 1092 (9th Cir. 2022). In particular, applying the test for puffery articulated by the Ninth Circuit in *Align Technology*—whether a given statement is "capable of objective verification," *id.* at 1098 (internal quotation marks omitted)—confirms that statements in the Offering Documents regarding Honest's "costovation" strategy and the positioning of its diapers as a "strategic customer acquisition tool" are definitionally nonactionable.

## II.   ARGUMENT

### A.   The Court's Order Failed to Consider Material Facts Regarding Honest's Diaper Revenue.

The Court sustained plaintiffs' allegation that the Offering Documents were false or misleading in that they failed to disclose that "[a]s a result of the Clean Conscious Diaper's new technology and defective design, Honest would—and did—lose customers and revenue." Order at 4, 6. However, that portion of the Court's decision rests on two separate but related misreadings of the record as relates to Honest's financial results and the revenue attributable to the company's diaper line. *First*, the Order states that a June 16, 2021 statement by Honest CFO Kelly Kennedy created "some ambiguity in the allegations concerning the financial results," and "le[ft] uncertain . . . whether revenue from the Clean Conscious Diaper as opposed to all Honest products in the diaper category, went up or down." Order at 6 n.1. However, this statement, far from creating ambiguity, makes clear when read in its entirety that Honest's Q1 2021 diaper revenue growth "*was positive* behind [Honest's] new diaper launch," but was "offset" by the *wipes* portion of the category that had experienced a decrease in revenue. CAC ¶ 112 (emphasis added).[1] *Second*, rather

---

[1] As explained in the Honest Defendants' opening brief, Mem. ISO Mot. at 4 n.2, plaintiffs do not allege a decrease in revenue specific to the Clean Conscious Diaper and, in any event, such a theory would be nonsensical. (Obviously, the introduction of the Clean Conscious Diaper could not have caused a decrease in revenue *attributable to the Clean Conscious Diaper*.)

than focusing on "a single financial quarter," Order at 6, the Honest Defendants in fact directed the Court to various allegations and judicially noticeable SEC filings that establish positive growth in diaper revenue across four different periods:  (1) the three-month period from January 1 to March 31, 2021; (2) the twelve-week period from February 21 to May 16, 2021; (3) the six-month period from January 1 to June 30, 2021; and (4) the yearlong period from January 1 to December 31, 2021.[2]  Taken together, these two sets of material facts, which were not referenced or acknowledged in the Court's Order, wholly rebut the unsubstantiated and conclusory allegation that Honest's Clean Conscious Diaper "would—and did—[cause the company to] lose customers and revenue."  Indeed, these materials establish that Honest's diaper revenue remained on an upward trajectory from the Clean Conscious Diaper's introduction in early 2021 all the way through (and beyond) September 2021, when plaintiffs filed their initial complaint.

Plaintiffs in their opposition resort to a "kitchen sink" approach, offering nearly a full page of legal citations that are equal parts inapposite and unhelpful.  To be clear, while the Honest Defendants do respectfully differ with the Order, they do not seek reconsideration "based on a mere disagreement with the Court's Order" or because the Court "reached an unfavorable conclusion."  Pls' Opp. to Mot. ("Opp.") at 7–8.  Nor is this an instance in which the error was a "failure to consider legal precedent."  *Id.* at 7.  As explained above and in the Honest Defendants' Motion, it appears that the July 18, 2022 Order failed to consider both the import of Ms. Kennedy's June 16, 2021 statement and the judicially noticeable materials reflecting diaper revenue growth across periods *other than* Q1 2021.  Reconsideration is therefore appropriate, and it

---

[2] CAC ¶ 112 (reporting that "diaper growth was positive in Q1 [2021]"); *id.* (reporting that "for the last 12 weeks ending May 16[, 2021], our diaper business was up 13%"); Request for Judicial Notice ("RJN") (Dkt. No. 61), Ex. C [Form 10-Q for period ended June 30, 2021] at 25 (six-month "decrease in wipes was offset by an increase in sales volume of our diaper business with our new Clean Conscious Diaper innovation"); Supplemental Request for Judicial Notice ("Supp. RJN") (Dkt. No. 67), Ex. G [2021 Form 10-K] at 59 (reporting year-over-year "increase in sales volume of . . . diaper business . . . driven by . . . new Clean Conscious Diaper").

would be remiss of the Honest Defendants not to raise these important issues to the Court. *See* C.D. Cal. L.R. 7-18(c) (authorizing reconsideration based on "manifest showing of a failure to consider material facts presented to the Court before the Order was entered"); *MJC America, Ltd. v. Gree Electric Appliances, Inc.*, 2015 WL 13917932, at *2 (C.D. Cal. Sept. 14, 2015) (granting partial reconsideration on ground that court failed to take account of facts previously presented); *Smith v. T-Mobile USA, Inc.*, 2007 WL 2385131, at *2, 5–8 (C.D. Cal. Aug. 15, 2007) (granting reconsideration motion on basis of previously overlooked declarations submitted by movant).

Plaintiffs' meager substantive response—just nine lines—is similarly off-base. They argue that, even if Ms. Kennedy's statement and the judicially noticeable SEC filings establish *positive* diaper revenue growth, their theory can somehow be salvaged either by the smattering of cut-and-pasted unaccountable online reviews that appear in the Complaint or by vague, anonymous comments attributed to CW-1. *See* Opp. at 7. But the Court was right to limit the Order's reliance on these highly suspect sources. As explained in the Motion to Dismiss and associated briefing, Mem. ISO MTD at 8, the CAC is careful to stop short of alleging any *increase* in negative diaper reviews following introduction of the Clean Conscious Diaper. Absent a broader trend, the fact that individual customers were dissatisfied with the new offering says little about the product's overall reception and *nothing whatsoever* regarding its impact on overall diaper revenue. Likewise, no weight should be accorded CW-1's vague and conclusory assertion[3] that the new diapers supposedly "crashed and burned." *See In re Coty Inc. Sec. Litig.*, 2016 WL 1271065, at *6 (S.D.N.Y. March 29, 2016) (holding insufficient "conclusory, nonspecific [confidential witness] statements" to the effect that sales were "'struggling,' 'underperform[ing],' 'forecasted to be down,' and 'smaller than expected'"). Not only are these alternative bases for plaintiffs' revenue-

---

[3] It is hard to imagine how someone alleged to be "a Manager of Social Marketing," CAC ¶ 58, would be in a position to provide better or more reliable revenue information than Honest's judicially noticeable SEC filings.

decrease theory inherently unreliable and inadequate, they are *entirely rebutted* by Honest's actual SEC filings and accompanying statements, the veracity of which are not in dispute. *Cf. Oklahoma Firefighters Pension & Ret. System v. Ixia*, 2015 WL 1775221, at \*22 (C.D. Cal. Apr. 14, 2015) (absent some other supporting evidence, plaintiff's theory "render[ed] implausible" by contradictory SEC filings); *Frankfurt-Trust Investment Luxemburg AG v. United Technologies Corp.*, 336 F. Supp. 3d 196, 223–24 (S.D.N.Y. 2018) (no plausible inference of scienter where "limited allegations" of anonymous former employees were "inconsistent with" financial results reported in defendant company's SEC filings). Plaintiffs' theory regarding a supposed decline in diaper revenue should be dismissed.

### B.  The Ninth Circuit's Recent Decision in *Align Technology* Requires that Plaintiffs' Diaper-Related Allegations Be Dismissed as Puffery.

Rather than engage with the substance of the Honest Defendants' puffery argument, plaintiffs instead protest that the issue is not properly before the Court. *See* Opp. at 5 (suggesting that reconsideration is unavailable either because *Align Technology* was decided days before the July 18, 2022 Order or because portions of the Motion raise issues previously discussed in the Honest Defendants' Motion to Dismiss). But the fact that *Align Technology* was published slightly before the July 18, 2022 order does not automatically take the situation outside L.R. 7-18(a). And even if it did, courts in this district have consistently recognized, consistent with Ninth Circuit precedent, that a motion for reconsideration also lies where the court has "'committed clear error.'" *Hull v. Jong*, 2021 WL 3205428, at \*1 (C.D. Cal. May 10, 2021) (quoting *Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)); *accord GCIU-Employer Ret. Fund v. Quad Graphics, Inc.*, 2018 WL 6727992, at \*1–2 (C.D. Cal. Dec. 21, 2018) (considering motion for reconsideration under "clear error" standard); *Rosenblum*, 2020 WL 4258582, at \*2 (observing that, in addition to grounds enumerated in L.R. 7-18, "[r]econsideration is also appropriate if the court committed clear error or the decision was 'manifestly

unjust'" (quoting *Sch. Dist. No. 1J, Multnomah Cty. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993))).  And, in any event, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation*, 331 F.3d at 1046.

On the legal merits, plaintiffs make no attempt to grapple with or distinguish the Ninth Circuit's analysis in *Align Technology* or to defend the Order's use of the different standard articulated in *Mulligan v. Impax Labs., Inc.*, 36 F. Supp. 3d 942, 967 (N.D. Cal. 2014).  *See generally* Opp. at 4–6.  Instead, plaintiffs suggest that Honest's commissioning of a third-party survey to examine the effect of diaper purchasing somehow converts its characterization of its diaper line as a "strategic customer acquisition tool" into something other than nonactionable puffery.  But this suggestion makes little sense considering that the Complaint alleges no inaccuracy or misrepresentation in Honest's discussion of the 2020 survey.  At bottom, plaintiffs' theory is that, due to the supposed negative reception of the Clean Conscious Diaper, Honest's diapers, while perhaps still helping to acquire new customers, were no longer doing so *strategically*.  But, as the Ninth Circuit made clear in *Align Technology*, this is simply not the kind of statement upon which investors rely.  *Align Tech.*, 39 F.4th at 1099 ("These vague statements of optimism like 'good,' 'well-regarded,' or other feel good monikers, are not actionable because professional investors, and most amateur investors as well, know how to devalue the optimism of corporate executives." (citation omitted)).  The same is true of Honest's statements regarding "costovation" and the Company's ethos of "striv[ing] for continuous improvement."  Because none of these supposed misrepresentations are "capable of objective verification," *id*. at 1098, plaintiffs' corresponding theories of liability must be dismissed.

## C.    The Court Has Discretion to Manage Its Schedule.

In connection with their Motion, the Honest Defendants "suggest[ed] that defendants' deadline to answer be extended until the Court has ruled on the Motion for Reconsideration," noting that, absent such an extension, the parties might be confronted with a situation in which the Court dismisses the implicated theories of

liability *after* defendants have already answered.  Mot. at 10 n.1.  In response, plaintiffs accuse the Honest Defendants of "disagree[ing] with this Court's . . . use of its inherent power to manage its own docket."  Opp. at 8.  Of course, quite the opposite is true—the Honest Defendants have raised this timing issue precisely so that the Court *can* effectively manage this case and its schedule.  *See Franco v. Yale University*, 2002 WL 63803, at *4 (D. Conn. Jan. 9, 2002) ("logic[al]" for answer deadline to be extended beyond ruling on motion for reconsideration).

## III.    CONCLUSION

For the foregoing reasons, as well as those set forth in their moving papers, the Honest Defendants respectfully request that the Court revisit its July 18, 2022 Order and dismiss plaintiffs' Section 11 and 15 claims to the extent premised on the following theories:  (1) that Honest failed to disclose in its Offering Documents that "[a]s a result of the Clean Conscious Diaper's new technology and defective design, Honest would—and did—lose customers and revenue"; (2) that Honest failed to disclose in its Offering Documents that "Honest's Clean Conscious Diaper was not achieving the pillars of Honest's 'costovation' strategy, which emphasizes safety, sustainability, efficacy and design profile"; and (3) that Honest failed to disclose in its Offering Documents that "Honest was not capturing the benefits of its Diapers as a 'strategic customer acquisition tool.'"  Order at 5.

Dated:  August 15, 2022

Respectfully submitted,

COOLEY LLP

By:    _/s/ Michael C. Tu_
       Michael C. Tu

Attorney for Defendants
THE HONEST COMPANY, INC., KATIE BAYNE, SCOTT DAHNKE, KELLY KENNEDY, ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK, NIKOLAOS VLAHOS and JESSICA WARREN

COOLEY LLP
ATTORNEYS AT LAW

8

REPLY MEM. ISO MOTION FOR RECONSIDERATION
CASE NO. 2:21-CV-7405-MCS (PLA)