MICHAEL C. TU (State Bar No. 186793)
*mctu@cooley.com*
BENJAMIN B. SWEENEY (State Bar No. 313650)
*bsweeney@cooley.com*
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

KOJI F. FUKUMURA (State Bar No. 189719)
*kfukumura@cooley.com*
COOLEY LLP
4401 Eastgate Mall
San Diego, California 92121
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendants
THE HONEST COMPANY, INC., KATIE
BAYNE, SCOTT DAHNKE, KELLY KENNEDY,
ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK,
NIKOLAOS VLAHOS and JESSICA WARREN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION. | Case No. 2:21-cv-7405-MCS-PLA<br><br>**THE HONEST DEFENDANTS' ANSWER TO THE CONSOLIDATED AND AMENDED COMPLAINT**<br><br>Courtroom:   7C<br>Judge:          Hon. Mark C. Scarsi |

COOLEY LLP
ATTORNEYS AT LAW

Defendants The Honest Company, Inc., Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos and Jessica Warren (the "Honest Defendants") hereby answer Lead Plaintiff's Consolidated and Amended Complaint (the "Complaint" or "CAC").  To the extent not specifically admitted, the Honest Defendants deny each and every allegation of the Complaint.

## GENERAL RESPONSES

The numbered paragraphs of this answer correspond to the paragraphs as numbered in the Complaint.  To the extent paragraphs in the Complaint are grouped under headings, the Honest Defendants respond generally that such headings and groupings are conclusions of law or fact and deny each and every such allegation made or implied by such headings or groupings.

The Complaint contains numerous allegations concerning all or some defendants as a group.  Unless otherwise specifically indicated, the Honest Defendants lack knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning the knowledge of others.

This Answer is submitted only on behalf of the Honest Defendants.  The Honest Defendants occasionally respond to allegations relating to the status, conduct, or other affairs of other defendants, persons, or entities not answering herein.  Such responses are not binding on, and are not intended to impact the rights of, any other defendants, persons, or entities.  Similarly, to the extent other defendants answer the allegations in the Complaint, such answers are not binding on the Honest Defendants.

In response to many allegations in the Complaint, the Honest Defendants answer that they lack knowledge or information sufficient to form a belief as to the truth of such allegations.  In each and every instance where the Honest Defendants so answer, the Honest Defendants on that basis deny each and every such allegation, and incorporate by reference this response into each paragraph below as if fully set forth therein.

Cooley LLP
Attorneys At Law

1

Answer to Consolidated Amended Complaint
Case No. 2:21-cv-7405-MCS (PLA)

## SPECIFIC RESPONSES

The first unnumbered paragraph is a characterization of the Complaint to which no response is required.  To the extent the allegations require a further response, the Honest Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first unnumbered paragraph, and on that basis deny them.

1.      In response to paragraph 1, the Honest Defendants admit that Plaintiffs purport to bring this action as a securities class action on behalf of purchasers and acquirers of The Honest Company ("Honest") common stock pursuant and/or traceable to the Offering Documents, as defined in the Complaint, issued in connection with Honest's initial public offering (the "IPO").  The Honest Defendants admit that Honest engaged in an initial public offering on or about May 4, 2021, of 29,678,050 shares of common stock at a price of $16.00 per share.  The Honest Defendants deny that this action can be maintained as a class action under Federal Rule of Civil Procedure 23.  The Honest Defendants deny the remaining allegations in paragraph 1.

2.      In response to paragraph 2, the Honest Defendants aver that the Securities Act of 1933 (the "Securities Act") speaks for itself, refer to the Securities Act for its contents, and deny any characterization inconsistent with its terms.  To the extent the allegations in paragraph 2 require a further response, they are denied.

3.      In response to paragraph 3, the Honest Defendants aver that Honest's founder, Jessica Warren (f/k/a Jessica Alba) stated in the "Founder Letter" portion of Honest's Form S-1 Registration Statement (the "Registration Statement") that trust "is hard to earn and it's easy to lose."  To the extent the allegations of paragraph 3 require a further response, they are denied.

4.      In response to paragraph 4, the Honest Defendants admit that Honest develops, markets and sells clean and sustainable household and personal care products.  The Honest Defendants aver that Honest's Registration Statement states

that Honest is focused on "leading the clean lifestyle movement" and "creating a community for conscious consumers." The Honest Defendants admit that, as stated in the Registration Statement, Honest's Diapers and Wipes category accounted for the majority of Honest's revenue in 2020. To the extent the allegations in paragraph 4 require a further response, they are denied.

5. In response to paragraph 5, the Honest Defendants deny that at the time of Honest's May 2021 IPO, Honest was experiencing a deceleration in sales. The Honest Defendants admit that Honest introduced a newly formulated Clean Conscious Diaper in January 2021. The Honest Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5, and on that basis deny them.

6. In response to paragraph 6, the Honest Defendants aver that the Offering Documents, as defined in the Complaint, speak for themselves, refer to the documents for their contents, and deny any characterization inconsistent with their terms. To the extent the allegations in paragraph 6 require a further response, they are denied.

7. In response to paragraph 7, the Honest Defendants aver that the Offering Documents, as defined in the Complaint, speak for themselves, refer to the documents for their contents, and deny any characterization inconsistent with their terms. the Honest Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 7, and on that basis deny them.

8. In response to paragraph 8, the Honest Defendants aver that the Offering Documents, as defined in the Complaint, speak for themselves, refer to the documents for their contents, and deny any characterization inconsistent with their terms. The Honest Defendants admit that Honest tracked inventory and monitored trends in its sales. The Honest Defendants aver that Honest's Q2 2021 Earnings Call Transcript, which is publicly available, speaks for itself, refer to the document for its contents, and deny any characterization inconsistent with its terms. The Honest Defendants aver that the remaining allegations in paragraph 8 contain legal conclusions, to which

COOLEY LLP
ATTORNEYS AT LAW

ANSWER TO CONSOLIDATED AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

no response is required.  To the extent the allegations in paragraph 8 require a further response, they are denied.

9.    In response to paragraph 9, the Honest Defendants admit that Honest's stock price was $16.00 per share at the time of its IPO and $10.55 per share on September 15, 2021.  The Honest Defendants admit that Plaintiffs filed their original complaint on September 15, 2021.  The remaining allegations of paragraph 9 are denied.

10.    In response to paragraph 10, the Honest Defendants admit that Plaintiffs purport to assert claims against the Honest Defendants pursuant to §§ 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o.  The Honest Defendants deny that these claims have any merit.

11.    Paragraph 11 contains a legal conclusion, to which no response is required.  To the extent the allegations in paragraph 11 require a further response, they are denied.

12.    Paragraph 12 contains a legal conclusion, to which no response is required.  The Honest Defendants admit that Honest is headquartered in Los Angeles, California.  To the extent the allegations in paragraph 12 require a further response, they are denied.

13.    Paragraph 13 contains legal conclusions, to which no response is required.  To the extent the allegations in paragraph 13 require a further response, they are denied.

14.    In response to paragraph 14, the Honest Defendants admit that on January 26, 2022, the Court appointed Kathie Ng as Lead Plaintiff in this Action.  The Honest Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and on that basis, deny them.  The Honest Defendants further deny that Lead Plaintiff was damaged by her alleged purchase of Honest common stock.

15.    In response to the first sentence of paragraph 15, the Honest Defendants

admit that Honest is incorporated in Delaware. Also in response to the first sentence of paragraph 15, the Honest Defendants admit that Honest has its headquarters at 12130 Millennium Drive, #500, Los Angeles, California. To the extent the second sentence of paragraph 15 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent footnote one in paragraph 15 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. The Honest Defendants admit that Honest's common stock trades on the Nasdaq Global Market under the symbol "HNST." Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 15.

16.     In response to paragraph 16, the Honest Defendants admit that Mr. Vlahos has served as Honest's Chief Executive Officer and as a member of Honest's Board of Directors since March 2017. To the extent that the remainder of paragraph 16 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 16 differ in any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 16.

17.     In response to paragraph 17, the Honest Defendants admit that Ms. Kennedy has served as Honest's Chief Financial Officer and Executive Vice President since January 2021. To the extent that the remainder of paragraph 17 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 17 differ in any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 17.

18.     In response to paragraph 18, the Honest Defendants admit that Ms. Warren served as Honest's Chief Creative Officer at the time of the IPO and continues

to serve in that role. The Honest Defendants further admit that Ms. Warren has been a member of Honest's Board of Directors since July 2011. The Honest Defendants admit that Ms. Warren served as the Chair of Honest's Board of Directors from May 2018 to May 2021. To the extent that the remainder of paragraph 18, including footnote 2, purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 18, including footnote 2, differ in any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 18.

19. In response to paragraph 19, the Honest Defendants admit that Ms. Bayne has served as a member of Honest's Board of Directors since October 2018. To the extent that the remainder of paragraph 19 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 19 differ in any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 19.

20. In response to paragraph 20, the Honest Defendants admit that Mr. Dahnke served as a member of Honest's Board of Directors from June 2018 to May 2022. To the extent that the remainder of paragraph 20 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 20 differ in any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 20.

21. In response to paragraph 21, the Honest Defendants admit that Mr. Liaw has served as a member of Honest's Board of Directors since November 2013. To the

extent that the remainder of paragraph 21 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 21 differ in any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 21.

22. In response to paragraph 22, the Honest Defendants admit that Mr. Liew served as a member of Honest's Board of Directors from September 2011 to May 2022. To the extent that the remainder of paragraph 22 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 22 differ in any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 22.

23. In response to paragraph 23, the Honest Defendants admit that Mr. Pramanik has served as a member of Honest's Board of Directors since June 2018. To the extent that the remainder of paragraph 23 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 23 differ in any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 23.

24. Paragraph 24 does not contain factual allegations; therefore the Honest Defendants are not required to respond. To the extent the allegations in paragraph 24 require a further response, they are denied.

25. In response to paragraph 25, to the extent paragraph 25 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 25 differ in

any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 25.

26. In response to paragraphs 26 through 39, the Honest Defendants aver that the allegations are directed to other defendants, individuals, and entities and are not relevant to Plaintiffs' claims against the Honest Defendants. Accordingly, the Honest Defendants have no obligation to respond to them. To the extent that the Honest Defendants have any obligation to respond to these allegations, the Honest Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations.

27. In response to paragraph 40, the Honest Defendants admit that as part of a roadshow prior to Honest's IPO, certain of the Individual Defendants, as defined in the Complaint, including Mr. Vlahos, Ms. Kennedy, and Ms. Warren, met with investors and presented information about Honest, its operations, and its financial prospects. The remaining allegations in paragraph 40 are directed toward other defendants and are not relevant to Plaintiffs' claims against the Honest Defendants. Accordingly, the Honest Defendants have no obligation to respond to them. To the extent that the Honest Defendants have any obligation to respond to these allegations, the Honest Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny the allegations.

28. In response to paragraph 41, the Honest Defendants admit that Honest entered into a publicly available indemnification agreement with the Underwriter Defendants, as defined in the Complaint. The Honest Defendants further admit that Honest obtained directors' and officers' liability insurance in connection with Honest's IPO. To the extent paragraph 41 purports to summarize or characterize the contents of certain documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 41 differ in any way from the contents of the documents, the Honest Defendants deny every such allegation.

The Honest Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 41, and on that basis deny them.

29.    In response to paragraph 42, the Honest Defendants admit that they, together with the Underwriter Defendants, as defined in the Complaint, participated in planning Honest's IPO.  The Honest Defendants further admit that during the course of the Underwriter Defendants' due diligence investigation, the Underwriter Defendants had access to certain confidential information concerning Honest's finances and operations.  To the extent that the allegations in paragraph 42 contain legal conclusions or are directed toward other defendants and are not relevant to Plaintiffs claims against the Honest Defendants, the Honest Defendants have no obligation to respond to them.  To the extent that the Honest Defendants have any obligation to respond to these allegations, the Honest Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny them.

30.    In response to paragraph 43, the Honest Defendants admit that certain of Honest's lawyers, management, directors, and executives met with the Underwriter Defendants, as defined in the Complaint, as part of the pre-IPO process.  The Honest Defendants aver that the remaining allegations are directed to other defendants, individuals, and entities and are not relevant to Plaintiffs' claims against the Honest Defendants.  Accordingly, the Honest Defendants have no obligation to respond to them.  To the extent that the Honest Defendants have any obligation to respond to these allegations, the Honest Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny them.

31.    In response to paragraph 44, the allegations are directed to other defendants, individuals, and entities and are not relevant to Plaintiffs' claims against the Honest Defendants.  Accordingly, the Honest Defendants have no obligation to

respond to them. To the extent that the Honest Defendants have any obligation to respond to these allegations, the Honest Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny them.

32. In response to paragraph 45, the Honest Defendants aver that Honest's Registration Statement states that Honest is focused on "leading the clean lifestyle movement" and "creating a community for conscious consumers and seeking to disrupt multiple consumer product categories." The Honest Defendants aver that Honest's Registration Statement states, "[s]ince our launch in 2012, we have been dedicated to developing clean, sustainable, effective and thoughtfully designed products. By doing so with transparency, we have cultivated deep trust around what matters most to our consumers: their health, their families and their homes." The Honest Defendants admit that Honest's products include diapers, personal care, and household wellness products in the "clean and natural" market segment. To the extent paragraph 45 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 45 differ in any way from the contents of the document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 45.

33. In response to paragraph 46, the Honest Defendants admit that Honest's three main categories of products are (i) Diapers and Wipes, (ii) Skin and Personal Care, and (iii) Household and Wellness. The Honest Defendants admit that these categories represented 63%, 26%, and 11% of Honest's 2020 revenue, respectively. The Honest Defendants admit that Honest's Skin and Personal Care category includes—among other products—shampoo, conditioner, body wash, lotions, and Honest's Clean Beauty product line. The Honest Defendants admit that Honest's Household and Wellness category includes—among other products—cleaning supplies, sanitizers, disinfecting sprays, feminine care products, and vitamins. Except

as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 46.

34.    In response to paragraph 47, the Honest Defendants aver that Honest's Registration Statement states, "[a]t the center of our product ecosystem are our diapers, which are a strategic consumer acquisition tool that acts as an entry point for our portfolio, as new parents often go on to purchase products from our other categories for their everyday family needs."  The Honest Defendants aver that Honest's Registration Statement states, "Our integrated multi-category product architecture is designed to drive loyalty, increase our consumer wallet share and generate attractive consumer lifetime value."  To the extent paragraph 47 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 47 differ in any way from the contents of the document, the Honest Defendants deny every such allegation.

35.    In response to paragraph 48, the Honest Defendants aver that Honest's Registration Statement states, "[a]t the center of our product ecosystem are our diapers, which are a strategic consumer acquisition tool that acts as an entry point for our portfolio, as new parents often go on to purchase products from our other categories for their everyday family needs.  According to a third-party study that we commissioned in 2020, nearly 90% of our diaper buyers surveyed expanded their purchases beyond diapers and nearly half have purchased two or more of our non-diaper products."  To the extent paragraph 48 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 48 differ in any way from the contents of the document, the Honest Defendants deny every such allegation.

36.    In response to paragraph 49, the Honest Defendants aver that Honest's Registration Statement states, "[w]e are an omnichannel brand, ensuring our products

are available however our consumers shop."[1]  The Honest Defendants aver that Honest's products are sold on Honest's own e-commerce site, Honest.com, other third-party e-commerce sites, and at retail locations.  The Honest Defendants aver that Honest's Registration Statement states, "[o]ur omnichannel approach seeks to meet consumers however they want to shop, balancing deep consumer connection with broad convenience and accessibility."  The Honest Defendants aver that Honest's Registration Statement states, "[o]ur differentiated platform positions us for continued growth through our trusted brand, award-winning multi-category product offering, deep digital-first connection with consumers and omnichannel accessibility."  To the extent paragraph 49 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 49 differ in any way from the contents of the document, the Honest Defendants deny every such allegation.

37.     In response to paragraph 50, the Honest Defendants aver that Honest's Registration Statement states, "[w]e maintain direct relationships with our consumers via our flagship digital platform, Honest.com . . ." and that Honest has strategic partnerships with Costco, Target and Amazon.  The Honest Defendants admit that in 2020, Honest generated 55% and 45% of its revenue from its Digital and Retail channels, respectively.  The Honest Defendants further admit that Honest's products can be found in approximately 32,000 retail locations across the United States, Canada, and Europe.  To the extent paragraph 50 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 50 differ in any way from the contents of the document, the Honest Defendants deny every such allegation.

---

[1] The Honest Defendants note that Plaintiffs' theory of liability based on Honest's "omnichannel" distribution strategy has been dismissed with prejudice. *See* Dkt. Nos. 71 (Order on MTD), 72 (Pls' Ntc. of Intent to proceed without omnichannel theory).  Accordingly, the Honest Defendants have no obligation to respond to those allegations made in support of that theory.  To the extent the Honest Defendants do respond to any allegation that references or otherwise relates to the dismissed omnichannel theory, such response is made out of an abundance of caution and to avoid any implied admission regarding any related theories or allegations remaining in this case.

38.   In response to paragraph 51, the Honest Defendants admit the paragraph quotes from a portion of the Registration Statement, with emphasis added.

39.   In response to paragraph 52, the Honest Defendants admit that the first sentence of paragraph 52 quotes from a portion of the Registration Statement.  The Honest Defendants deny that any portion of the Registration Statement quoted in the first sentence of paragraph 52 was untrue or omitted material facts necessary to make the statement not misleading.  The Honest Defendants aver that the Registration Statement states, "[h]istorically, products in these markets have been sold through traditional, wholesale, store-based channels, which accounted for approximately 80% of U.S. retail sales in these markets in 2019, according to our estimates.  In recent years, consumer behavior has transitioned toward digital and direct-to-consumer channels.  According to our estimates, from 2014 to 2019, total ecommerce sales grew at seven times the rate of brick and mortar store-based sales."  The Honest Defendants aver that the Registration Statement states, "[w]e expect these trends to continue and believe the move in consumer preferences towards clean and sustainable products, as well as the growth in the digital channel, will accelerate globally."  To the extent paragraph 52 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 52 differ in any way from the contents of the document, the Honest Defendants deny every such allegation.

40.   In response to paragraph 53, the Honest Defendants aver that Honest's Registration Statement states, "[a]t the center of our product ecosystem are our diapers, which are a strategic consumer acquisition tool that acts as an entry point for our portfolio, as new parents often go on to purchase products from our other categories for their everyday family needs.  According to a third-party study that we commissioned in 2020, nearly 90% of our diaper buyers surveyed expanded their purchases beyond diapers and nearly half have purchased two or more of our non-diaper products."  To the extent paragraph 53 purports to summarize or characterize

the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 53 differ in any way from the contents of the document, the Honest Defendants deny every such allegation.

41.    In response to paragraph 54, the Honest Defendants aver that Honest's Registration Statement states, "We strive for continuous improvement in our existing products' safety, sustainability, efficacy and design profile, which we refer to as costovation, as exemplified by the introduction of our clean conscious diaper in January 2021.  We believe continuous innovation is important to accelerating our growth, deepening consumer connections and improving the profitability of our product offering."  To the extent paragraph 54 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 54 differ in any way from the contents of the document, the Honest Defendants deny every such allegation.

42.    In response to paragraph 55, the Honest Defendants aver that Honest's Registration Statement states, "We strive for continuous improvement in our existing products' safety, sustainability, efficacy and design profile, which we refer to as costovation, as exemplified by the introduction of our clean conscious diaper in January 2021."  The Honest Defendants admit that Honest's Clean Conscious Diapers are designed with plant-based materials and 100% recyclable boxes.  The Honest Defendants admit that Honest's Clean Conscious Diapers were mindfully designed with new technology to be better absorbing, while using less material in each diaper. To the extent paragraph 55 purports to summarize or characterize the contents of Honest's January 22, 2021 Press Release titled, "Clean Conscious Diaper," which is publicly available, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 55 differ in any way from the contents of that document, the Honest Defendants deny every such allegation.

43.    In response to paragraph 56, the Honest Defendants admit that Honest's Clean Conscious Diapers are designed with a quilted bubble liner, toxicologist-

COOLEY LLP
ATTORNEYS AT LAW

14

verified wetness indicator, and a quick absorb channel to help control leaks and keep the baby dry, while safely letting parents know when it is time for a diaper change. The Honest Defendants further admit that Honest's Clean Conscious Diapers feature specifically customized enhancements for babies at every age and stage from newborn to size 6.  The Honest Defendants admit that such enhancements include: for newborns—a belly button cutout created for newborn umbilical cords to minimize friction against the sensitive belly area; for sizes 1–2—double poo pockets to help prevent blowouts and keep messes contained; and for sizes 3–6, stretchy sides for comfort as babies grow and get more active.  To the extent paragraph 56 purports to summarize or characterize the contents of Honest's January 22, 2021 Press Release, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 56 differ in any way from the contents of that document, the Honest Defendants deny every such allegation.

44.    In response to paragraph 57, the Honest Defendants deny each and every allegation therein.

45.    In response to paragraph 58, the Honest Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny them.

46.    In response to paragraph 59, the Honest Defendants admit that Honest launched its Clean Conscious Diaper in January 2021.  In response to footnote 4 in the first sentence of paragraph 59, to the extent footnote 4 purports to summarize or characterize the contents of Honest's January 22, 2021 Press Release, the Honest Defendants refer the Court to that document.  To the extent that the allegations in footnote 4 differ in any way from the contents of that document, the Honest Defendants deny every such allegation.  In response to the remaining three sentences in paragraph 59, the Honest Defendants lack knowledge or information sufficient to form a belief as to what an alleged confidential witness may have said, and on that basis, deny them.  With respect to the truth of the allegations, denied.

COOLEY LLP
ATTORNEYS AT LAW

15

47.    To the extent paragraph 60 purports to summarize or characterize the contents of a document or multiple documents, the Honest Defendants refer the Court to that document or those documents.  To the extent that the allegations in paragraph 60 differ in any way from the contents of the document(s), the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 60.

48.    To the extent paragraph 61 purports to summarize or characterize the contents of a document or multiple documents, the Honest Defendants refer the Court to that document or those documents.  To the extent that the allegations in paragraph 61 differ in any way from the contents of the document(s), the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 61.

49.    To the extent paragraph 62 purports to summarize or characterize the contents of a document or multiple documents, the Honest Defendants refer the Court to that document or those documents.  To the extent that the allegations in paragraph 62 differ in any way from the contents of the document(s), the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 62.

50.    To the extent paragraph 63 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 63 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  The Honest Defendants specifically deny the characterization appearing in paragraph 63 of the Clean Conscious Diaper's reception as "disastrous."  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 63.

51.    To the extent paragraph 64 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to

those documents.  To the extent that the allegations in paragraph 64 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 64.

52.     In response to paragraph 65, the Honest Defendants admit that Honest's revenue grew 27.6% from $235.6 million in 2019 to $300.5 million in 2020.  The Honest Defendants further admit that Honest's revenue in its Diapers and Wipes, Skin and Personal Care, and Household and Wellness categories grew by 16.4%, 35.5% and 116.5% respectively, from 2019 to 2020.  To the extent paragraph 65 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 65 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 65.

53.     To the extent paragraph 66 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 66 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 66.

54.     To the extent paragraph 67 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 67 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 67.

55.     To the extent paragraph 68 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to

those documents.  To the extent that the allegations in paragraph 68 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 68.

56.   To the extent paragraph 69 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 69 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 69.

57.   In response to paragraph 70, the Honest Defendants deny each and every allegation therein.

58.   In response to paragraphs 71 through 75, the Honest Defendants lack knowledge or information sufficient to form a belief as to what an alleged confidential witness may have said, and on that basis, deny them.  With respect to the truth of the allegations, denied.

59.   In response to paragraph 76, the Honest Defendants admit that Honest conducted its IPO on or about May 4, 2021, in which it sold 29,678,050 shares of common stock to the public, including an underwriter over-allotment option of 3,871,050 shares.  The Honest Defendants further admit that Honest received the proceeds from 6,451,613 shares in connection with the IPO, and the selling stockholders (as identified in the Prospectus) received the proceeds for the remainder.  The remaining allegations in paragraph 76 are denied.

60.   In response to the first sentence of paragraph 77, the Honest Defendants admit that Honest's IPO raised over $400 million for Honest and the selling stockholders, and that Honest common stock was priced at $16 per share at the time of the IPO.  In response to the second sentence of paragraph 77, the Honest Defendants admit that Honest filed its Registration Statement on April l9, 2021, which, following

amendment, was declared effective by the SEC on May 4, 2021. In response to the second sentence of paragraph 77, the Honest Defendants admit that Honest filed a final prospectus on May 4, 2021, which forms part of the Registration Statement, on Form 424(b)(4). The remaining allegations in paragraph 77 are denied.

61. To the extent paragraph 78 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 78 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 78.

62. In response to paragraph 79, the Honest Defendants are without sufficient knowledge or information to form a belief as to the truth of the alleged purchases of shares by the Lead Plaintiff and any other members of the purported Class (as defined in the Complaint). The Honest Defendants deny that the Lead Plaintiff or any other member of the purported Class suffered any legally cognizable damages. The remaining allegations of paragraph 79 are denied.

63. Paragraph 80 consists of legal argument and/or conclusions and does not require a response; to the extent a response is required, the Honest Defendants deny each and every allegation therein.

64. Paragraph 81 consists of legal argument and/or conclusions and does not require a response; to the extent a response is required, the Honest Defendants deny each and every allegation therein. To the extent paragraph 81 purports to summarize or characterize Section 11 of the Securities Act, the Honest Defendants refer the Court to Section 11 of the Securities Act. To the extent that the allegations in paragraph 81 differ in any way from the text of Section 11 of the Securities Act, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 81.

65. Paragraph 82 consists of legal argument and/or conclusions and does not

require a response; to the extent a response is required, the Honest Defendants deny each and every allegation therein.  To the extent paragraph 82 purports to summarize or characterize SEC Regulation C or Rule 408, 17 C.F.R. § 230.408(a), the Honest Defendants refer the Court to SEC Regulation C and Rule 408, 17 C.F.R. § 230.408(a).  To the extent that the allegations in paragraph 82 differ in any way from the text of SEC Regulation C or Rule 408, 17 C.F.R. § 230.408(a), the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 82.

66.  Paragraph 83 consists of legal argument and/or conclusions and does not require a response; to the extent a response is required, the Honest Defendants deny each and every allegation therein.  To the extent paragraph 83 purports to summarize or characterize Item 303 of Regulation S-K, 17 C.F.R. § 229.303, the Honest Defendants refer the Court to Item 303 of Regulation S-K, 17 C.F.R. § 229.303.  To the extent that the allegations in paragraph 83 differ in any way from the text of Item 303 of Regulation S-K, 17 C.F.R. § 229.303, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 83.

67.  Paragraph 84 consists of legal argument and/or conclusions and does not require a response; to the extent a response is required, the Honest Defendants deny each and every allegation therein.  To the extent paragraph 84 purports to summarize or characterize Item 105 of Regulation S-K, 17 C.F.R. § 229.105, the Honest Defendants refer the Court to Item 105 of Regulation S-K, 17 C.F.R. § 229.105.  To the extent that the allegations in paragraph 84 differ in any way from the text of Item 105 of Regulation S-K, 17 C.F.R. § 229.105, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 84.

68.  Paragraph 85 consists of legal argument and/or conclusions and does not require a response; to the extent a response is required, the Honest Defendants deny

each and every allegation therein. To the extent paragraph 85 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 85 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 85.

69.    In response to paragraph 86, the Honest Defendants admit that this paragraph quotes from a portion of the Offering Documents. To the extent paragraph 86 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 86 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 86.

70.    In response to paragraph 87, the Honest Defendants admit that this paragraph quotes from a portion of the Offering Documents. To the extent paragraph 87 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 87 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 87.

71.    In response to paragraph 88, the Honest Defendants admit that this paragraph quotes from a portion of the Offering Documents, with emphasis added. To the extent paragraph 88 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 88 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such

allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 88.

72.    In response to paragraph 89, the Honest Defendants deny each and every allegation therein.

73.    In response to the first sentence of paragraph 90, the Honest Defendants aver that the Offering Documents state, "[p]roduct innovation lies at the heart of our business. . . . To maximize the impact of our product development capabilities, our direct connection with our community enables us to understand what consumers' needs are and inspires our product innovation pipeline, which we believe generates a significant competitive advantage over more traditional CPG peers."  To the extent the second sentence of paragraph 90 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents.  To the extent that the allegations in the second sentence of paragraph 90 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  The Honest Defendants admit that the third sentence of paragraph 90 quotes from a portion of the Offering Documents, with emphasis added.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 90.

74.    In response to paragraph 91, the Honest Defendants deny each and every allegation therein.

75.    In response to the first sentence of paragraph 92, the Honest Defendants deny each and every allegation therein.  In response to the second and third sentences of paragraph 92, the Honest Defendants deny each and every allegation therein.  The fourth sentence of paragraph 92 consists of legal argument and/or conclusions and does not require a response; to the extent a response is required, the Honest Defendants deny each and every allegation therein.

76.    In response to paragraph 93, the Honest Defendants admit that this paragraph quotes from a portion of the Offering Documents, with emphasis added.  To

the extent paragraph 93 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 93 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 93.

77. In response to the first sentence of paragraph 94, the Honest Defendants aver that the Offering Documents state that Honest's omnichannel approach is a "distinctive business model [that] has allowed us to efficiently scale our business while remaining agnostic as to the channel where consumers purchase our products." In response to the second sentence of paragraph 94, the Honest Defendants admit that this paragraph quotes from a portion of the Offering Documents, with emphasis added. To the extent paragraph 94 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 94 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 94.

78. In response to paragraph 95, the Honest Defendants deny each and every allegation therein.

79. In response to paragraph 96, the Honest Defendants deny each and every allegation therein.

80. In response to the first sentence of paragraph 97, the Honest Defendants deny each and every allegation therein. The Honest Defendants admit that the second sentence of paragraph 97 quotes from a portion of the Offering Documents, with emphasis added. To the extent paragraph 97 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 97 differ in any

way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 97.

81. In response to paragraph 98, the Honest Defendants deny each and every allegation therein.

82. In response to the first sentence of paragraph 99, the Honest Defendants deny each and every allegation therein. The Honest Defendants admit that the second sentence of paragraph 99 quotes from a portion of the Offering Documents, with emphasis added. To the extent paragraph 99 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 99 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 99.

83. In response to paragraph 100, the Honest Defendants deny each and every allegation therein.

84. In response to the first sentence of paragraph 101, the Honest Defendants deny each and every allegation therein. The Honest Defendants admit that the second sentence of paragraph 101 quotes from a portion of the Offering Documents, with emphasis added. To the extent paragraph 101 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents. To the extent that the allegations in paragraph 101 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 101.

85. In response to paragraph 102, the Honest Defendants deny each and every allegation therein.

86. In response to the first sentence of paragraph 103, the Honest Defendants

deny each and every allegation therein.  The Honest Defendants admit that the second sentence of paragraph 103 quotes from a portion of the Offering Documents, with emphasis added.  To the extent paragraph 103 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 103 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 103.

87.    In response to paragraph 104, the Honest Defendants deny each and every allegation therein.

88.    In response to paragraph 105, the Honest Defendants deny each and every allegation therein.

89.    In response to the first sentence of paragraph 106, the Honest Defendants deny each and every allegation therein.  The Honest Defendants admit that the second sentence of paragraph 106 quotes from a portion of the Offering Documents, with emphasis added.  To the extent paragraph 106 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 106 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 106.

90.    In response to paragraph 107, the Honest Defendants deny each and every allegation therein.

91.    In response to paragraph 108, the Honest Defendants deny each and every allegation therein.

92.    In response to the first sentence of paragraph 109, the Honest Defendants deny each and every allegation therein.  The Honest Defendants admit that the second sentence of paragraph 109 quotes from a portion of the Offering Documents, with

emphasis added.  To the extent paragraph 109 purports to summarize or characterize the contents of Honest's Offering Documents, the Honest Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 109 differ in any way from the contents of the Offering Documents, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 109.

93.    In response to paragraph 110, the Honest Defendants deny each and every allegation therein.

94.    In response to paragraph 111, the Honest Defendants admit that Honest reported its Q1 2021 financial results in a press release on June 16, 2021.  The Honest Defendants further admit that for its Diapers and Wipes category Honest reported Q1 2021 revenue of $49,574,000, as compared to $50,483,000 for Q1 2020.  The Honest Defendants further admit that Honest reported a net loss of $4,484,000 for Q1 2021, as compared to a net income of $559,000 for Q1 2020.  To the extent paragraph 111 purports to summarize or characterize the contents of Honest's June 16, 2021 Press Release, the Honest Defendants refer the Court to that document, which is publicly available.  To the extent that the allegations in paragraph 111 differ in any way from the contents of that document, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 111.

95.    The Honest Defendants admit that paragraph 112 quotes from a portion of Honest's Q1 2021 Earnings Call Transcript, with emphasis added.  To the extent paragraph 112 purports to summarize or characterize the contents of Honest's Q1 2021 Earnings Call Transcript, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 112 differ in any way from the contents of the Honest's Q1 2021 Earnings Call Transcript, the Honest Defendants deny every such allegation.  The Honest Defendants deny paragraph 112 to the extent it suggests that the referenced statement attributes the overall category decrease, even

in part, to Honest's transition to the Clean Conscious Diaper.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 112.

96.     The Honest Defendants admit that paragraph 113 quotes from a portion of Honest's Q1 2021 Earnings Call Transcript, with emphasis added.  To the extent paragraph 113 purports to summarize or characterize the contents of Honest's Q1 2021 Earnings Call Transcript, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 113 differ in any way from the contents of the Honest's Q1 2021 Earnings Call Transcript, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 113.

97.     The Honest Defendants admit that paragraph 114 quotes from a portion of Honest's Q1 2021 Earnings Call Transcript, with emphasis added.  To the extent paragraph 114 purports to summarize or characterize the contents of Honest's Q1 2021 Earnings Call Transcript, the Honest Defendants refer the Court to that document.  To the extent that the allegations in paragraph 114 differ in any way from the contents of Honest's Q1 2021 Earnings Call Transcript, the Honest Defendants deny every such allegation.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 114.

98.     In response to paragraph 115, the Honest Defendants admit that Honest's stock price closed at $16.35 on June 17, 2021.  Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 115.

99.     In response to paragraph 116, the Honest Defendants admit that Honest reported its Q2 2021 financial results in a press release on August 13, 2021.  The Honest Defendants admit that Honest reported a net loss of $20,034,000 for Q2 2021, as compared to a net loss of $375,000 for Q2 2020.  The Honest Defendants admit that Honest reported revenue growth of $2.2 million, or 3%, in Q2 2021 as compared to Q2 2020.  The Honest Defendants aver that Honest's August 13, 2021 press release

states, "[r]evenue grew 3% from the second quarter of 2020; excluding an estimated $3.7 million COVID-19 stock-up impact primarily in Diapers and Wipes in the prior year period, revenue growth was 9%." To the extent paragraph 116 purports to summarize or characterize the contents of Honest's August 13, 2021 Press Release, the Honest Defendants refer the Court to that document, which is publicly available. To the extent that the allegations in paragraph 116 differ in any way from the contents of the Honest's August 13, 2021 Press Release, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 116.

100.   In response to paragraph 117, the Honest Defendants admit that Honest reported a decline in revenue of 2% for its Diapers and Wipes category for Q2 2021 as compared to Q2 2020, in its August 13, 2021 press release. The Honest Defendants admit that Honest reported a decline in revenue of 6% for its Household and Wellness category for Q2 2021 as compared to Q2 2020 in its August 13, 2021 press release. The Honest Defendants further admit that paragraph 117 quotes from a portion of Honest's August 13, 2021 press release, except that the allegation regarding the reason for the decline in Household and Wellness revenue from Q2 2021 as compared to Q2 2020 is quoted out of context. The full quote states: "Revenue decreased 6% in the second quarter of 2021 compared to the second quarter of 2020. *The decrease in revenue was primarily due to lower consumption of sanitization products as compared to the second quarter of 2020*, offset partially by the new innovation in our sanitization and disinfecting products introduced in the second half of 2020 when 2020 COVID-19 stock-up behavior was stronger. Household and Wellness sales have been softer than expected as consumer demand has decreased as more consumers have become vaccinated and retailers continue to manage heavy inventories of sanitization and disinfecting products in stores." The Honest Defendants aver that Honest's August 13, 2021 press release states, "[g]ross margin was 36% representing a decrease of 50 basis points from the second quarter of 2020 and expansion of 710 basis points

from the second quarter of 2019; notably, gross margin expanded 110 basis points from the first quarter of 2021; the gross margin decline from the second quarter of 2020 was driven by more normalized levels of trade spend; the expansion in gross margin versus the second quarter of 2019 and the first quarter of 2021 was driven in part by our cost savings and product mix initiatives." To the extent paragraph 117 purports to summarize or characterize the contents of Honest's August 13, 2021 Press Release, the Honest Defendants refer the Court to that document, which is publicly available. To the extent that the allegations in paragraph 117 differ in any way from the contents of the Honest's August 13, 2021 Press Release, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 117.

101.   In response to paragraph 118, the Honest Defendants admit that Honest reported in its August 13, 2021 press release a decline in its digital channel revenue of 24% for Q2 2021 as compared to Q2 2020. The Honest Defendants aver that Honest's August 13, 2021 press release states, "Digital channel revenue decreased 24% to $34.8 million in the second quarter of 2021 as compared to the second quarter of 2020 when Digital channel revenue grew 35% as compared to the second quarter of 2019. This decrease in revenue was largely impacted by the reduction in inventory on-hand by a key digital partner who cut inventory in consumables in the second quarter to free up space for other products ahead of a major promotional event. During the second quarter of 2021, revenue from that customer declined by $6.4 million while consumption by the end consumer increased by 3% for this partner as compared to the second quarter of 2020." To the extent paragraph 118 purports to summarize or characterize the contents of Honest's August 13, 2021 Press Release, the Honest Defendants refer the Court to that document, which is publicly available. To the extent that the allegations in paragraph 118 differ in any way from the contents of the Honest's August 13, 2021 Press Release, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and

every allegation in paragraph 118.

102.   In response to paragraph 119, the Honest Defendants admit that Honest's August 13, 2021 Earnings Call Transcript describes Mr. Vlahos as stating, "Our new diaper is our best performing and most sustainable diaper yet. Behind these improvements in performance and sustainability, we saw mid-single-digit growth for the quarter on our Diaper business despite COVID-19 stock-up impact in the year-ago period. Our diaper market share increased this quarter as our diaper retail consumption growth outpaced the market." To the extent paragraph 119 purports to summarize or characterize the contents of Honest's August 13, 2021 Earnings Call Transcript, the Honest Defendants refer the Court to that document, which is publicly available. To the extent that the allegations in paragraph 119 differ in any way from the contents of Honest's August 13, 2021 Earnings Call Transcript, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 119.

103.   In response to paragraph 120, the Honest Defendants admit the paragraph quotes from a portion of Honest's August 13, 2021 Earnings Call Transcript attributable to Ms. Kennedy.

104.   In response to paragraph 121, the Honest Defendants admit Honest's stock price closed at $10.07 per share on August 13, 2021. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 121.

105.   To the extent paragraph 122 purports to summarize or characterize the contents of a document, the Honest Defendants refer the Court to that document. To the extent that the allegations in paragraph 122 differ in any way from the contents of that document, the Honest Defendants deny every such allegation. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 122.

106.   In response to paragraph 123, the Honest Defendants admit that Honest's

stock price closed at $9.16 per share on August 19, 2021. The Honest Defendants further admit that, since the IPO, Honest's stock price has traded as low as $5.54 per share. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 123.

107. In response to paragraph 124, the Honest Defendants admit that Plaintiffs purport to bring this action as a securities class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of purchasers and acquirers of Honest common stock pursuant and/or traceable to the Offering Documents issued in connection with Honest's IPO. The Honest Defendants admit that excluded from the proposed class are the Honest Defendants' and the Individual Defendants' immediate family members, Honest's and the Underwriter Defendants' officer, directors, and affiliates, any entity in which the Honest Defendants have or had a controlling interest, and legal representatives, heirs, successors, or assigns of any such excluded person or entity. Except as expressly admitted herein, the Honest Defendants deny each and every allegation in paragraph 107.

108. Paragraph 125 consists of legal conclusions to which no response is required. To the extent the Honest Defendants have any obligation to respond to these allegations, the Honest Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny them.

109. Paragraph 126 consists of legal conclusions to which no response is required. To the extent the Honest Defendants have any obligation to respond to these allegations, they are denied.

110. Paragraph 127 consists of legal conclusions to which no response is required. To the extent the Honest Defendants have any obligation to respond to these allegations, they are denied.

111. Paragraph 128 consists of legal conclusions to which no response is required. To the extent the Honest Defendants have any obligation to respond to these allegations, they are denied.

112.    Paragraph 129 consists of legal conclusions to which no response is required.  To the extent the Honest Defendants have any obligation to respond to these allegations, they are denied.

113.    In response to paragraph 130, the Honest Defendants incorporate their answers to paragraphs 1 through 129.

114.    In response to paragraph 131, the Honest Defendants admit that Plaintiffs purport to bring a claim under § 11 of the Securities Act, 15 U.S.C. § 77k on behalf of an alleged class.  The remaining allegations of paragraph 131 are denied.

115.    Paragraph 132 consists of legal conclusions to which no response is required.  To the extent the Honest Defendants have any obligation to respond to these allegations, they are denied.

116.    In response to paragraph 133, the Honest Defendants deny each and every allegation therein.

117.    In response to the first sentence of paragraph 134, the Honest Defendants admit that Honest is the registrant and issuer of the common stock sold pursuant to the Registration Statement.  The remaining allegations in paragraph 134 consist of legal conclusions to which no response is required.  To the extent the Honest Defendants have any obligation to respond to these allegations, they are denied.

118.    In response to paragraph 135, the Honest Defendants deny each and every allegation therein.

119.    In response to paragraph 136, the Honest Defendants admit the Individual Defendants each signed the Registration Statement in connection with Honest's IPO.  The remaining allegations in paragraph 136 are denied.

120.    In response to paragraph 137, these allegations are directed solely to the Underwriter Defendants, and accordingly the Honest Defendants have no obligation to respond.

121.    In response to paragraph 138, the Honest Defendants deny each and every allegation therein.

122. In response to paragraph 139, the Honest Defendants deny each and every allegation therein.

123. In response to paragraph 140, the Honest Defendants deny each and every allegation therein.

124. In response to the paragraph 141, the Honest Defendants admit that less than three years had elapsed from the time of the IPO to the time Plaintiffs filed their first complaint. The Honest Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 141, and on that basis deny them.

125. In response to paragraph 142, the Honest Defendants incorporate their answers to paragraphs 1 through 141.

126. In response to paragraph 143, the Honest Defendants admit that Plaintiffs purport to bring a claim under § 15 of the Securities Act, 15 U.S.C. § 77o on behalf of an alleged class. The remaining allegations of paragraph 143 are denied.

127. Paragraph 144 consists of legal conclusions to which no response is required. To the extent the Honest Defendants have any obligation to respond to these allegations, they are denied.

128. Paragraph 145 consists of legal conclusions to which no response is required. To the extent the Honest Defendants have any obligation to respond to these allegations, they are denied.

129. In response to paragraph 146, the Honest Defendants admit that certain of the Individual Defendants, as defined in the Complaint, participated to varying degrees in the pre-IPO process. The remainder of paragraph 146 consists of legal conclusions to which no response is required. To the extent the Honest Defendants have any obligation to respond to these allegations, they are denied.

130. In response to paragraph 147, the Honest Defendants deny each and every allegation therein.

## PRAYER FOR RELIEF

The paragraphs in this section entitled "Prayer for Relief" are Plaintiffs' statements of requested relief, to which no response is required; to the extent a response is required, the Honest Defendants deny the allegations therein, including but not limited to denying that Plaintiffs are entitled to judgment and denying that Plaintiffs are entitled to any relief whatsoever.

## JURY DEMAND

The paragraph in this section entitled "Jury Demand" is Plaintiffs' demand for a jury trial, to which no response is required.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Consolidated and Amended Complaint, the Honest Defendants allege the following affirmative defenses.  In setting forth these affirmative defenses, the Honest Defendants do not assume any burden of proof not otherwise imposed on them by law and reserve their right to amend their answer, including as additional information becomes available through discovery.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

The Complaint fails to state a claim upon which relief can be granted as it has not pleaded plausible, actionable misrepresentations or omissions, or manipulative or deceptive devices in connection with the sale of securities by the Honest Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Plead Fraud with Particularity)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not pleaded their Section 11 allegations with the particularity required by Rule 9(b). Plaintiffs are required to sufficiently plead allegations of fraud or its predicate acts because some or all of their claims sound in fraud.

COOLEY LLP
ATTORNEYS AT LAW

34

ANSWER TO CONSOLIDATED AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

## THIRD AFFIRMATIVE DEFENSE

### (No Efficient Market)

This action is not maintainable as a class action because no efficient market existed for Honest's stock during the purported class period, and individual issues of reliance overwhelm any common issues.

## FOURTH AFFIRMATIVE DEFENSE

### (Rule 23 – Class Certification)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and cannot prove facts necessary to demonstrate that the requirements for class certification in Federal Rule of Civil Procedure 23 are satisfied.

## FIFTH AFFIRMATIVE DEFENSE

### (Justification)

Plaintiffs' claims are barred, in whole or in part, because Defendants were justified in taking the actions alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the putative class were expressly advised in statements made to them, including in the Offering Documents and other public documents and sources, regarding the material facts concerning their investments.  Plaintiffs and members of the putative class therefore assumed the risk of any loss and are estopped from recovering any relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and

COOLEY LLP
ATTORNEYS AT LAW

35

ANSWER TO CONSOLIDATED AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

members of the putative class were expressly advised in statements made to them, including in the Offering Documents and other public documents and sources, regarding the material facts concerning their investments.  Plaintiffs and members of the putative class therefore assumed the risk of any loss and are estopped from recovering any relief.

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

Some or all of the named Plaintiffs lack standing to bring the claims asserted in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Mitigation)

Plaintiffs and members of the putative class, or some of them, have failed, and continue to fail, to act reasonably to mitigate the damages alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

Plaintiffs' claims are barred, in whole or in part, because the Honest Defendants' statements or acts were not the proximate cause of any loss alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

Any recovery for damages allegedly incurred by Plaintiffs and members of the putative class, if any, is subject to offset in the amount of any benefits received by Plaintiffs or members of the putative class through their investments.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Truth)

Plaintiffs' claims are barred, in whole or in part, because the Honest Defendants' statements were true.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements by the Honest Defendants' were made in good faith and with genuine belief and had a reasonable factual and historical basis.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims are barred, in whole or in part, based on Plaintiffs' comparative fault.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of "unclean hands."

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Available Contrary Information)

Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements were rebutted by contrary information received by or otherwise readily available to Plaintiffs and members of the putative class.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Loss Causation)

Plaintiffs' claims are barred, in whole or in part, because some or all of the damages that Plaintiffs seek were not caused by any statement, omission, or other action taken by the Honest Defendants, and therefore Plaintiffs cannot establish loss causation.

TWENTIETH AFFIRMATIVE DEFENSE

(Lack of Tracing)

Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs or members of the purported class cannot trace their shares of Honest's stock to the IPO, which was conducted as a firm commitment underwriting, and therefore lack standing to sue.

TWENTY-FIRST AFFIRMATIVE DEFENSE

(Bespeaks Caution)

Plaintiffs' claims are barred, in whole or in part, because any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements, with respect to which the liability of the Honest Defendants is asserted, contained sufficient cautionary language or risk disclosures to protect the Honest Defendants against claims of securities violations, and are thus rendered nonactionable by the "bespeaks caution" doctrine.

TWENTY-SECOND AFFIRMATIVE DEFENSE

(Nonactionable Opinion)

Plaintiffs' claims are barred, in whole or in part, because some or all of the allegedly false or misleading statements consisted of nonactionable statements of vague and indefinite opinion or puffery.

TWENTY-THIRD AFFIRMATIVE DEFENSE

(Materiality)

Plaintiffs' claims are barred, in whole or in part, because some or all of the allegedly false or misleading statements non-material.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Duty to Disclose)

Plaintiffs' claims are barred, in whole or in part, because the Honest Defendants had no duty to disclose the allegedly omitted information.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Duty to Update)

Plaintiffs' claims are barred, in whole or in part, because the Honest Defendants were under no duty to revise, update, or correct any previously made statements that Plaintiffs allege were misleading.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reliance)

Plaintiffs' claims are barred, in whole or in part, Plaintiffs or members of the putative class did not rely on the alleged misstatements and/or omissions of material fact alleged in the Complaint, or because they knew, or in the exercise of reasonable diligence and due care should have known, that the alleged misstatements and/or omissions of material fact were false or misleading.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Underlying Section 11 Liability)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot establish the primary violation of Section 11 necessary to assert a control-person claim under Section 15 of the Securities Act.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Indemnification and Contribution)

In connection with any recovery for damages allegedly incurred by Plaintiffs or members of the purported class, if any, some or all of the Honest Defendants are entitled to indemnification and/or contribution from others relating to such alleged losses.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Entitlement to Prejudgment Interest)

In connection with any recovery for damages allegedly incurred by Plaintiffs or members of the purported class, if any, Plaintiffs are not entitled to recover prejudgment interest because such recovery is not liquidated or ascertainable and is

not otherwise statutorily prescribed.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Entitlement to Costs of Litigation)

In connection with any recovery for damages allegedly incurred by Plaintiffs or members of the purported class, if any, Plaintiffs are not entitled to recover their costs and expenses incurred in this action, including, without limitation, attorneys' fees, from the Honest Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Violation of Item 303)

To the extent Plaintiffs' claims are premised on one or more alleged violations of Item 303 of Regulation S-K, 17 C.F.R. § 229.303, they are barred on the grounds that the Offering Documents did not omit any trend, event, or uncertainty, or alternatively, if such trend, event, or uncertainty was omitted, the Honest Defendants could not have reasonably known of its existence or that it would have a material impact on Honest's sales, revenue, or other aspects of its operations.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Price of Offering)

In connection with any recovery for damages allegedly incurred by Plaintiffs or members of the purported class, if any, Plaintiffs are not entitled to recover any amount in excess of the price at which Honest's shares were offered to the public.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Incorporation of Other Defendants' Defenses)

Plaintiffs' claims are barred, in whole or in part, by each of the affirmative defenses asserted by each of the other defendants in this action to the extent such defense is available to the Honest Defendants, and each such defense is incorporated herein by reference.

COOLEY LLP
ATTORNEYS AT LAW

ANSWER TO CONSOLIDATED AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

## ADDITIONAL AFFIRMATIVE DEFENSES

The Honest Defendants reserve the right to assert additional or different affirmative defenses once the precise nature of the relevant circumstances or events is ascertained through discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, the Honest Defendants pray for relief and judgment as follows:

1.    That judgment be entered in favor of defendants;

2.    That Plaintiffs and the putative class members take nothing by their Complaint, and that the same be dismissed with prejudice;

3.    That the Honest Defendants be awarded their costs, attorney's fees, expert witness fees, and court hearing costs incurred in defending this action; and

4.    For such other relief as the Court deems just and proper.

FURTHERMORE, the Honest Defendants hereby demand a jury trial.

Dated:  August 17, 2022                    Respectfully submitted,

                                           COOLEY LLP

                                           By:    /s/ Michael C. Tu
                                                     Michael C. Tu

                                           Attorney for Defendants
                                           THE HONEST COMPANY, INC., KATIE
                                           BAYNE, SCOTT DAHNKE, KELLY
                                           KENNEDY, ERIC LIAW, JEREMY LIEW,
                                           AVIK PRAMANIK, NIKOLAOS VLAHOS
                                           and JESSICA WARREN

COOLEY LLP
ATTORNEYS AT LAW

41                    ANSWER TO CONSOLIDATED AMENDED COMPLAINT
                         CASE NO. 2:21-CV-7405-MCS (PLA)