UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:21-cv-07405-MCS-PLA** | Date | August 25, 2022 |
| Title | *In re Honest Co., Inc. Sec. Litig.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: MOTION FOR PARTIAL RECONSIDERATION (ECF NOS. 75–76)**

Defendant The Honest Company ("Honest") and its officers and directors, Nikolaos Vlahos, Kelly Kennedy, Jessica Warren (also known as Jessica Alba), Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, and Avik Pramanik (together, "Individual Defendants," and with Honest, "Movants"), moved to dismiss the Consolidated Class Action Complaint of Lead Plaintiff Kathie Ng. (Mot. to Dismiss, ECF No. 60.) The Court granted the motion in part and denied the motion in part. (Prior Order, ECF No. 71.) Movants now move for partial reconsideration of the Prior Order. (Mot., ECF No. 75; *see* Mem., ECF No. 75-1.) Lead Plaintiff filed a brief opposing the motion, (Opp'n, ECF No. 77), and Movants filed a reply, (Reply, ECF No. 78). Defendants Morgan Stanley & Co. LLC; J.P. Morgan Securities LLC; Jefferies LLC; BofA Securities, Inc.; Citigroup Global Markets, Inc.; William Blair & Company, L.L.C.; Guggenheim Securities, LLC; Telsey Advisory Group LLC; C.L. King & Associates, Inc.; Loop Capital Markets LLC; Penserra Securities LLC; and Samuel A. Ramirez & Company, Inc. joined Movants' motion and reply. (Mot. Joinder, ECF No. 76; Reply Joinder, ECF No. 79.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

---

CIVIL MINUTES – GENERAL                Initials of Deputy Clerk SMO

## I.    BACKGROUND

The Court set forth a detailed description of the facts and claims in the Prior Order. (Prior Order 2–3.) In short, Lead Plaintiff brings this action on behalf of a putative class of Honest common stock purchasers for losses sustained due to misstatements and omissions made in Honest's initial public offering documents. Lead Plaintiff asserts a claim against all Defendants for violation of Section 11 of the Securities Act, 15 U.S.C. § 77k, and a claim against the Individual Defendants for violation of Section 15 of the Securities Act, 15 U.S.C. § 77o. (*See generally* Consol. Compl., ECF No. 59.)

Upon Movants' motion to dismiss, the Court dismissed one theory of the Section 11 claim with leave to amend. (Prior Order 13.) Lead Plaintiff declined to amend her pleading to state new facts to support the theory, so the Court deemed it abandoned. (Order Re: Notice of Intent Not to Amend Complaint, ECF No. 74.)

## II.    LEGAL STANDARD

Local Rule 7-18 authorizes only three grounds upon which a motion for reconsideration may be brought:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. R. 7-18.[1]

---

[1] Movants assert they may bring their motion upon a showing of clear error. (Mot. 1; Mem. 2–3; Reply 1, 5.) There is a split in authority in this district on this question. This Court takes the position that clear error is not an available ground for a prejudgment reconsideration motion because it is not enumerated in Local Rule 7-18. *See, e.g., Roman v. Mayorkas*, No. ED CV 20-00768 TJH (PVCx), 2022 U.S. Dist. LEXIS 91739, at *7 (C.D. Cal. Feb. 25, 2022); *Ketab Corp. v. Mesriani Law Grp.*, No. 2:14-cv-07241-RSWL (MRW), 2015 U.S. Dist. LEXIS 58953, at *6 & n.4 (C.D. Cal. May 5, 2015). The Court examines Movants' substantive arguments under the grounds for reconsideration expressly outlined in Local Rule 7-18.

---

## III.    DISCUSSION

Movants argue the Court failed to consider material facts concerning Honest's diaper revenue. (Mem. 3–6.) In support of reconsideration, Movants highlight two sets of facts the Court purportedly failed to examine. First, Movants submit that the Court misread a statement by one of Honest's principals, Kelly Kennedy, and offer an alternative interpretation. (*Id.* at 4.) As demonstrated by the text of the Prior Order, the Court clearly considered the allegations surrounding Kennedy's statement, observing they were open to some interpretation. (Prior Order 6 n.1 (noting "some ambiguity").) Movants' disagreement with the Court's reading of a pleaded fact in the light most favorable to Lead Plaintiff does not provide a ground for reconsideration.

Second, Movants cite SEC filings of which they requested judicial notice for the fact that "there was positive growth in diaper revenue." (Mem. 4–5, 5 n.4.) The Court did not expressly address Movants' request for judicial notice in the Prior Order. The SEC filings are judicially noticeable for their existence but not for the truth of the figures reported therein, which Lead Plaintiff at least implicitly disputes through her allegations of lost customers and revenue. (*E.g.*, Consol. Compl. ¶ 89(d).) *See* Fed. R. Evid. 201(b)(2); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court cannot take judicial notice of disputed facts contained in . . . public records. . . . Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *cf. Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 802 (N.D. Cal. 2019) ("Plaintiffs clearly dispute the truth and the inferences drawn from certain facts in the judicially noticed exhibits. The Court takes judicial notice of the documents . . . but not for the truth of any of the facts asserted in these documents." (citation omitted)). The Court did not—and cannot now—take notice of the documents for the reasons Movants advance them.

Movants also contend that reconsideration is warranted due to new controlling precedent, *Macomb County Employees' Retirement System v. Align Technology, Inc.*, 39 F.4th 1092 (9th Cir. July 7, 2022), a binding decision discussing puffery published after briefing on the motion concluded. (Mem. 6–10.) *Align Technology* predates the Court's Prior Order by 11 days. (*See* Prior Order (filed July 18, 2022).) The decision does not offer a cognizable ground for reconsideration under Local Rule 7-18 because it did not emerge after the Order was entered and, with the exercise of reasonable diligence, could have been known to Movants at the time the Order was entered. Moreover, as Movants appear to concede, *Align Technology* presents no

relevant, controlling change in law. *See* 39 F.4th at 1098–99 (citing years-old Ninth Circuit precedent on puffery and finding district court "did not err by failing to 'consider the context'" in which statements at issue were made). (*See also* Mem. 7 ("This decision builds on a long line of Ninth Circuit authority . . . .").) The circuit panel's application of facts to law in *Align Technology* does not change the Court's analysis of the same established law concerning puffery, which the decision leaves materially unchanged for the purpose of Movants' puffery arguments, which similarly remain materially unchanged from those presented in the motion to dismiss. Reconsideration is inappropriate. C.D. Cal. R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of . . . the original motion.").

## IV.    CONCLUSION

The motion is denied.

**IT IS SO ORDERED.**