**LABATON SUCHAROW LLP**
Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff
and the Proposed Class*

**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
Email: dbricker@tenlaw.com

*Liaison Counsel for Lead Plaintiff and
the Proposed Class*

[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 2:21-CV-07405-MCS-PLA<br><br>**LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date: October 17, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. Mark C. Scarsi<br>Courtroom: 7C |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** on October 17, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Mark C. Scarsi, United States District Judge, located at 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012, Lead Plaintiff Kathie Ng ("Lead Plaintiff") will and hereby does move the Court to strike, with prejudice, purported affirmative defenses, in whole or in part, asserted by defendants The Honest Company, Inc., Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren (collectively, the "Honest Defendants") and Defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants"). Lead Plaintiff makes this motion under Federal Rules of Civil Procedure 8 and 12(f).

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Consolidated Class Action Complaint, and all papers, pleadings, documents, aruguments of counsel, and other materials presented before or during the hearing on this motion, and any other evidence and argument the Court may consider.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place with counsel for the Honest Defendants on August 30, 2022 and with counsel for the Underwriter Defendants on August 31, 2022.

Dated: September 7, 2022          Respectfully Submitted,

**LABATON SUCHAROW LLP**

By: */s/ Alfred L. Fatale III*

Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, NY 10005
Telephone: 212 907 0700
Fax: 212 818 0477
jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff Kathie Ng and the Proposed Class*

**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Fax: (310) 388-5316
dbricker@tenlaw.com

*Liaison Counsel for Lead Plaintiff Kathie Ng and the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Lead Plaintiff
Kathie Ng*

**LABATON SUCHAROW LLP**
Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff
and the Proposed Class*

**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
Email: dbricker@tenlaw.com

*Liaison Counsel for Lead Plaintiff and
the Proposed Class*

[*Additional counsel on signature page*]

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 2:21-CV-07405-MCS-PLA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date:  October 17, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. Mark C. Scarsi<br>Courtroom:  7C |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................ii

I.   PRELIMINARY STATEMENT ...........................................................................1

II.  APPLICABLE LEGAL STANDARDS.................................................................3

III. ARGUMENT.........................................................................................................4

   A.   Honest Defense Nos. 1-4, 9, 12-13, 20-27, 31-32 and
        Underwriter Defense Nos. 1-6, 8, 13, 19, 27-28, 30 Are Not
        Affirmative Defenses and Must be Stricken ............................................4

   B.   The Negative Defenses, Honest Defense Nos. 5-8, 10, 16-17,
        19, 29-30, 33, and Underwriter Defense Nos. 15, 17-18, 21-23,
        26, 29, 31-34 are Insufficiently Pled and Should be Struck ...................8

   C.   Honest Defense Nos. 11, 14-15, 18, 28 and Underwriter
        Defense Nos. 7, 9-12, 14, 16, 20, 24-25 Should be Struck to the
        Extent They Are Broader than the Due Diligence, Actual
        Knowledge, Negative Causation, or Contribution Provisions of
        Section 11 ...............................................................................................12

IV.  CONCLUSION ...................................................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Distrib., Inc. v. Living Essentials LLC*,
2016 WL 8114206 (N.D. Cal. Apr. 26, 2016)......................................................7

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*,
718 F. Supp. 2d 1167 (N.D. Cal. 2010)....................................................4, 5, 9, 11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................3

*Bd. of Trustees of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*,
2014 WL 1245800 (E.D. Cal. Mar. 24, 2014) .......................................................9

*Boston Retirement Sys. v. Uber Tech., Inc.*,
2022 WL 2954937 (N.D. Cal. July 26, 2022) ......................................................13

*CTF Dev., Inc. v. Penta Hosp., LLC*,
2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) .....................................................10

*In re Countrywide Financial Corp. Mortgage-Backed Sec. Litig.*,
2014 WL 12479656 (C.D. Cal. Dec. 8, 2014)...............................................13, 14

*Dairy Emps. Union Loc. No. 17 v. Dairy*,
2015 WL 505934 (C.D. Cal. Feb. 6, 2015) ..........................................................6

*Delson v. Barron Egg Shop of MontClair*,
2013 WL 12411137 (N.D. Cal. Apr. 22, 2013).....................................................4

*Erickson Productions, Inc. v. Kast*,
2014 WL 1652478 (N.D. Cal. Apr. 23, 2014).......................................................9

*Fed. Trade Comm'n v. Loss Mitigation Servs.*,
2010 WL 11519447 (C.D. Cal. Feb. 17, 2010) .................................................5, 12

*G & G Closed Cir. Events, LLC v. Nguyen*,
2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) ..............................6, 7, 12

*Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*,
313 F.R.D. 572 (N.D. Cal. 2016) .......................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

ii

*Herman & MacLean v. Huddleston*,
   459 U.S. 375 (1983).................................................................................12, 13

*Hernandez v. Cnty. of Monterey*,
   306 F.R.D. 279 (N.D. Cal. 2015) ................................................................6

*Hildes v. Arthur Andersen LLP*,
   734 F.3d 854 (9th Cir. 2013) ..............................................................7, 8, 14

*J & J Sports Prods., Inc. v. Jimenez*,
   2010 WL 5173717 (S.D. Cal. Dec. 15, 2010) ........................................9, 10, 12

*J & J Sports Prods. v. Mendoza-Govan*,
   2011 WL 1544886 (N.D. Cal. Apr. 25, 2011)..........................................4, 5, 10

*Jacobson v. Persolve, LLC*,
   2014 WL 4090809 (N.D. Cal. Aug. 19, 2014) ...........................................5

*Joe Hand Promotions, Inc. v. Williams*,
   2016 WL 5109474 (E.D. Cal. Sept. 19, 2016) ...........................................5

*Lauter v. Anoufrieva*,
   2011 WL 13182875 (C.D. Cal. June 28, 2011)........................................5, 10

*LL B Sheet 1, LLC v. Loskutoff*,
   362 F. Supp. 3d 804 (N.D. Cal. 2019)........................................................5

*Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*,
   2014 WL 1245800 (E.D. Cal. Mar. 24, 2014)...........................................9

*LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*,
   2021 WL 2953237 (N.D. Cal. July 14, 2021) ...........................................8

*McMahan & Co. v. Wherehouse Ent., Inc.*,
   65 F.3d 1044 (2d Cir. 1995) ...................................................................14

*Michael Grecco Prods., Inc. v. Livingly Media, Inc.*,
   2021 WL 2546749 (C.D. Cal. Apr. 16, 2021)............................................4

*Munoz v. PHH Corp.*,
   2013 WL 1278509 (E.D. Cal. Mar. 26, 2013)............................................4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

iii

*Pepsico, Inc. v. J.K. Distributors, Inc.*,
    2007 WL 2852647 (C.D. Cal. Sept. 14, 2007) ......................................................3

*Qarbon.com Inc., v. eHelp Corp.*,
    315 F.Supp.2d 1046 (N.D. Cal. 2004).................................................................3

*Rosario v. 11343 Penrose Inc.*,
    2020 WL 8812460 (C.D. Cal. Oct. 26, 2020) ......................................................5

*Schnabel v. Lui*,
    302 F.3d 1023 (9th Cir. 2002) ............................................................................11

*Scott Griffith Collaborative Sols., LLC v. Falck N. California Corp.*,
    2021 WL 4846935 (N.D. Cal. June 7, 2021)........................................................6

*Sec. & Exch. Comm'n v. Gold Standard Mining Corp.*,
    2012 WL 12904080 (C.D. Cal. Dec. 10, 2012)................................................6, 11

*Security People, Inc. v. Classic Woodworking, LLC*,
    2005 WL 645592 (N.D. Cal. March 4, 2005) ....................................................3, 4

*Snap! Mobile, Inc. v. Croghan*,
    2019 WL 884177 (N.D. Cal. Feb. 22, 2019)........................................................8

*Solis v. Couturier*,
    2009 WL 2022343 (E.D. Cal. Jul. 8, 2009).....................................................5, 12

*Solis v. Zenith Capital, LLC*,
    2009 WL 1324051 (N.D. Cal. May 8, 2009).........................................................8

*Vogel v. Huntington Oaks Del. Partners, LLC*,
    291 F.R.D. 438 (C.D. Cal. 2013)......................................................................6, 9

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ...............................................................................3

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979) ...............................................................................3

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) .............................................................................4

**Statutes**

15 U.S.C. § 77k(a) ..................................................................................2, 7, 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

iv

15 U.S.C. § 77k(a)(5)..................................................................................................7, 8

15 U.S.C. § 77k(b)(3) ..............................................................................................2, 12

15 U.S.C. § 77k(e) ............................................................................................2, 6, 11, 13

15 U.S.C. § 77k(f)...............................................................................................*passim*

15 U.S.C. § 77o(a) .......................................................................................................8

Securities Act of 1933.........................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 8.....................................................................................................2, 4, 8

Fed. R. Civ. P. 12(b) ...................................................................................................11

Fed. R. Civ. P. 12(f) .....................................................................................................3

Lead Plaintiff, Kathie Ng, respectfully submits this memorandum in support of her motion to strike, with prejudice, purported affirmative defenses, in whole or in part, set forth in the Honest Defendants' Answer (ECF No. 80, the "Honest Answer") and the Underwriter Defendants' Answer. (ECF No. 81, the "Underwriters Answer" and, together with the Honest Answer, the "Answers").[1]

## I. PRELIMINARY STATEMENT

Continuing to take a scattershot approach to this litigation designed to delay and overly complicate Lead Plaintiff's straight-forward strict liability claims, Defendants' Answers each include more than *thirty* purported "affirmative defenses." Many of these purported defenses do not exist in law and all of them fail to pass muster under the Federal Rules of Civil Procedure, which require that defenses be warranted by existing law and not be presented merely to cause unnecessary delay or needlessly increase the cost of litigation. Nevertheless, Defendants have not pled one concrete fact in support of their purported defenses and, rather than providing notice to Lead Plaintiff of Defendants' actual defenses (if any), the Answers for the most part convey confusion. Even under the most generous of readings in Defendants' favor—without waiver and with all rights reserved—Lead Plaintiff can at most identify three inartfully and redundently asserted affirmative defenses and mistakenly designated crossclaims against joint-tortfeasors.

Seventeen of Honest's purported defenses and 12 of the Underwriter Defendants' purported defenses are not recognized in law and are merely denials of

---

[1] Capitalized terms not defined herein have the meaning ascribed in the Consolidated and Amended Complaint (the "Complaint" or "CAC"). *See* ECF No. 59. The "Honest Defendants" are: The Honest Company, Inc. ("Honest" or the "Company"), Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren (the "Individual Defendants"). The "Underwriter Defendants" are: Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc.

Unless otherwise noted, all emphasis is added and internal citations and quotation marks are omitted throughout.

Lead Plaintiff's well-pled allegations. *See* Honest Defense Nos. 1-4, 9, 12-13, 20-27, 31-32 and Underwriter Defense Nos. 1-6, 8, 13, 19, 27-28, 30.[2] Even if the recitation of the elements of Lead Plaintiff's claim in the negative was a recognized defense (it is not), each of these purported defenses also fail to satisfy the notice requirements of Fed. R. Civ. P. 8 because they simply rely on bare conclusions or boilerplate language, and are devoid of any supporting law or facts. Thus, they must be stricken from the Answers.

An additional 11 "defenses" asserted by the Honest Defendants and 12 additional "defenses" asserted by the Underwriter Defendants likewaise fail to satisfy the notice requirements of Fed. R. Civ. P. 8 for even more egregious reasons. While Defendants' "negative defenses" at least were tied to the elements of this case, these additional "defenses" appear to be plucked from the text of Fed. R. Civ. P. 8 or prior precedent without any consideration for their applicablity to the law, facts, or claims in this Action. Honest Defense Nos. 5-8, 10, 16-17, 19, 29-30, 33, and Underwriter Defense Nos. 15, 17-18, 21-23, 26, 29, 31-34. Therefore, these purported defenses must also be struck from the Answer.

Finally, under a generous reading of the Defendants' Answers, Lead Plaintiff can glean notice of only three affirmative defenses that, although plead with little precision or citation to law or fact, she is not moving to strike in whole. Those defenses are due diligence for the Individual Defendants and Underwriter Defendants ((15 U.S.C. § 77k(b)(3)), negative causation (15 U.S.C. § 77k(e)), and actual knowledge (15 U.S.C. § 77k(a)). Further, to the extent certain of the Defendants purportedly assert their right to contribution under Section 11(f), 15 U.S.C. § 77k(f)—rather than as a crossclaim against their joint-tortfeasors—Lead Plaintiff does not seek to have the "defense" struck to the extent that it is in fact a defense and is no broader than the contribution provided for in Section 11(f). To be clear, Lead Plaintiff does not concede

---

[2] The purported defenses contained in the Answers will be referred to herein as "Honest Defense No." and "Underwriter Defense No."

that these purported defenses, to the extent sustained by the Court, are in fact applicable or supportable and expressly reserves all rights to challenge them in later proceedings, including judgment on the pleadings, summary judgment, or trial.

In sum, it is inescapable that none of the challenged defenses can stand in the Answers. Permitting the challenged "defenses" to stand would require Lead Plaintiff to waste her resources conducting extensive discovery into numerous improper and insufficiently pleaded defenses. Instead, the Court should grant Lead Plaintiff's motion and strike these defenses, with prejudice, under Fed. R. Civ. P. 12(f).

## II.    APPLICABLE LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 8(a)(2) requires "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 n. 3 (2007). The function of a motion to strike under Fed. R. Civ. P. 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

"Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, [such a defense] is insufficient and will not withstand a motion to strike." *Pepsico, Inc. v. J.K. Distributors, Inc.*, 2007 WL 2852647, *2 (C.D. Cal. Sept. 14, 2007). An affirmative defense is also insufficient if it does not provide the plaintiff with "fair notice" of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). While an "extensive exposition of the underlying facts" is not necessary for an affirmative defense to succeed, the Defendants must establish some connection between the defense and the case. *See Sec. People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, *2 (N.D. Cal. March 4, 2005). Finally, "[w]ith respect to substantive insufficiency, a motion to strike an affirmative defense is proper 'when the defense is

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

3

insufficient as a matter of law.'" *Id.* at \*3. The burden of proof for affirmative defenses is on the defendant, not the plaintiff. *See* Fed. R. Civ. P. 8(c).

### III.   ARGUMENT

#### A.   Honest Defense Nos. 1-4, 9, 12-13, 20-27, 31-32 and Underwriter Defense Nos. 1-6, 8, 13, 19, 27-28, 30 Are Not Affirmative Defenses and Must be Stricken

Honest Defense Nos. 1-4, 9, 12-13, 20-27, 31-32 and Underwriter Defense Nos. 1-6, 8, 13, 19, 27-28, 30 (collectively the "Negative Defenses"), must be stricken because they are not affirmative defenses at all. Defenses that merely deny or attempt to rebut Lead Plaintiff's allegations are not truly affirmative defenses and fail as a matter of law. *See Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173–74 (N.D. Cal. 2010).

Although it is has become clear that Defendants do not agree with the Court's recent decisions denying their Motion to Dismiss and subsequent Motion for Reconsideration, repeating their desires that the Court ruled different is not a defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (alleging "that plaintiff has not met its burden of proof is not an affirmative defense"); *see also Michael Grecco Prods., Inc. v. Livingly Media, Inc.,* 2021 WL 2546749, at \*14 (C.D. Cal. Apr. 16, 2021) ("[A] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *Barnes*, 718 F. Supp. 2d at 1173 (striking with prejudice defenses that the court recognized as "merely rebuttal against the evidence presented by the plaintiff" rather than legitimate affirmative defenses); *Delson v. Barron Egg Shop of MontClair*, 2013 WL 12411137, at \*2-3 (N.D. Cal. Apr. 22, 2013) ("negative defenses" that "simply provide[] a basis to negate an element of plaintiff's prima facie case" are "negative defenses" that "must be stricken."); *Munoz v. PHH Corp.*, 2013 WL 1278509, at \*3 (E.D. Cal. Mar. 26, 2013) ("[D]enials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses."); *J & J Sports Prods., Inc. v. Mendoza-*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

4

*Govan*, 2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011) (same) (internal citation omitted).

For example, allegations that Lead Plaintiff has failed to state a claim or meet pleading burdens, such as Honest Defense Nos. 1-2 and Underwriter Defense No. 1, are "not [ ] proper affirmative defense[s]." *Barnes*, 718 F. Supp. 2d at 1174; *Jacobson v. Persolve, LLC*, 2014 WL 4090809, at *7 (N.D. Cal. Aug. 19, 2014) (same); *Joe Hand Promotions, Inc. v. Williams*, 2016 WL 5109474, at *2 (E.D. Cal. Sept. 19, 2016) (same); *see also Fed. Trade Comm'n v. Loss Mitigation Servs.*, 2010 WL 11519447, at *2 (C.D. Cal. Feb. 17, 2010) (striking affirmative defense because "[f]ailure to state a claim is a ground upon which a motion to dismiss is properly based, not an affirmative defense"); *Rosario v. 11343 Penrose Inc.*, 2020 WL 8812460, at *11 (C.D. Cal. Oct. 26, 2020) (striking a failure to state a claim with prejudice as it is not a proper affirmative defense). This is, "in essence, an argument that the plaintiff has not met its burden of alleging the elements of its claim" and thus, should be stricken. *LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 818 (N.D. Cal. 2019).

Defendants' purported defenses which merely restate denials of liability or elements of Lead Plaintiff's claims are likewise not proper affirmative defenses. *Lauter v. Anoufrieva*, 2011 WL 13182875, at *4 (C.D. Cal. June 28, 2011); *see also Solis v. Couturier*, 2009 WL 2022343, at *2–*3 (E.D. Cal. Jul. 8, 2009) (striking alleged affirmative defense that was "merely a restatement of [defendant's] denial of liability, or an assertion that the [plaintiff] [could] not prove the elements of her claim"). Thus, Honest Defense Nos. 1-4, 9, 12-13, 20-27, 31-32[3] and Underwriter Defense Nos. 1-6,

---

[3] The Honest Defenses relevant to this argument are: No. 1 (Failure to State a Claim), No. 2 (Failure to Plead Fraud with Particularity), No. 3 (No Efficient Market/Individual Issues of Reliance), No. 4 (Class Certification), No. 9 (Standing), No. 12 (Offset), No. 13 (Truth), No. 20 (Lack of Tracing), No. 21 (Bespeaks Caution), No. 22 (Nonactionable Opinion), No. 23 (Materiality), No. 24 (No Duty to Disclose), No. 25 (No Duty to Update), No. 26 (Reliance), No. 27 (No Underlying Section 11 Liability), No. 31 (No Violation of Item 303), and No. 32 (Price of Offering).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

5

8, 13, 19, 27-28, 30[4] must be stricken as they "address the adequacy of the complaint [which] have already been addressed and rejected in this Court's order denying Defendants' motion to dismiss." *Sec. & Exch. Comm'n v. Gold Standard Mining Corp.*, 2012 WL 12904080, at *2 (C.D. Cal. Dec. 10, 2012) (striking similar affirmative defenses for being redundant).

For example, Courts in this District have stricken with prejudice standing as an affirmative defense (Honest Defense Nos. 9, 20; Underwriter Defense No. 8), because "standing is an element of plaintiff's prima face case, it is properly addressed through denial or a motion to dismiss" and thus, cannot as a matter of law operate as an affirmative defense. *See Dairy Emps. Union Loc. No. 17 v. Dairy*, 2015 WL 505934, at *4 (C.D. Cal. Feb. 6, 2015); *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013) (explaining that "assert[ing] that [the plaintiff] lacks standing" is "not an affirmative defense"); *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015) (striking lack of standing defense); *Vogel*, 291 F.R.D. at 442 (explaining that "assert[ing] that [the plaintiff] lacks standing" is "not an affirmative defense").

Similarly, Honest Defense Nos. 12 (Offset)[5], 32 (Price of Offering) and Underwriter Defense Nos. 13 (No Damages), 30 (Price of Offering) must be stricken as they are not affirmative defenses but rather, "essentially an allegation that the plaintiff cannot prove the [damages] elements of its claims." *Scott Griffith Collaborative Sols., LLC v. Falck N. California Corp.*, 2021 WL 4846935, at *8 (N.D. Cal. June 7, 2021); *see also G & G Closed Cir. Events, LLC v. Nguyen*, 2010 WL

---

[4] The Underwriter Defenses relevant to this argument are: No.1 (Failure to State a Claim), No. 2 (No Misstatement or Omission/Bespeaks Caution/Acts of Others), No. 3 (No Duty to Disclose), No. 4 (Materiality), No. 5 (No Section 11 Liability), No. 6 (No Violation of Item 303), No. 8 (Standing), No. 13 (No Damages), No. 19 (Class Certification), No. 27 (Nonactionable Opinion), No. 28 (Compliance with Laws and Regulations), and No. 30 (Price of Offering).

[5] In addition to being improperly asserted, the Answers' use of offset as an affirmative defense is barred by law as damages in this Action will be governed by Section 11(e) of the Securities Act of 1933. *See* 15 U.S.C. § 77k(e).

3749284, at *5 (N.D. Cal. Sept. 23, 2010) (holding that defenses based on "lack of damages ... are not affirmative defenses").

The remaining Honest Defense Nos. 3-4, 13, 21-27, 31 and Underwriter Defense Nos. 2-6, 19, 27-28 fail for the same reasons. *See ABC Distrib., Inc. v. Living Essentials LLC*, 2016 WL 8114206, at *2, *3 (N.D. Cal. Apr. 26, 2016) (striking failure to state a claim, no injury-in-fact, lack of standing, statute of limitations, unclean hands, estoppel, laches, waiver, failure to mitigate, and impropriety of class certification without leave to amend as they are "not [ ] affirmative defense[s]").

- Honest Defense Nos. 3-4 and Underwriter Defense No. 19, which speak of a "class period" when none has been alleged and raise the specter of "individual issues of reliance" when reliance is not an element to a Section 11 claim,[6] are nothing more than the assertion that "Plaintiffs [sic] have failed to allege" or will not be able to prove her class action allegations.

- Honest Defense Nos. 13, 21-23, 31 and Underwriter Defense Nos. 2, 4-6, 27-28,[7] merely deny elements of Lead Plaintiff's claims such as materiality, falsity, or the existence of Defendants' misstatements or omissions.

- Honest Defense Nos. 24-25 and Underwriter Defense No. 3, which focus on duty, are averments that Lead Plaintiff will not be able to prove that the Offering Documents "contained an untrue statement of a material fact or omitted to state a material fact ***required to be stated therein or necessary*** to make the statements [ ] not misleading." 15 U.S.C. § 77k(a).

- Honest Defense No. 26, entitled "Reliance," claims without support that "Plaintiffs [sic] or members of the putative class did not rely on the alleged

[6] Under Section, 11 a plaintiff need not allege or prove reliance. *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 859-860 (9th Cir. 2013).

[7] Underwriter Defense No. 2 claims that "the Underwriter Defendants are not responsible in law or fact for any material misstatement or material omissions by others," however, Section 11 of the Securities Act makes "every underwriter" "jointly and severally liable" for violations. 15 U.S.C. §§ 77k(a)(5), 77k(f)(1).

misstatements and/or omissions of material fact alleged in the Complaint." But reliance is not even an element of Lead Plaintiff's Section 11 claim let alone a defense. *Hildes*, 734 F.3d at 859-860.[8]

- Honest Defense No. 27 seeks to negate the predicate violation element of Lead Plaintiff's Section 15 claim by simply stating "Plaintiffs [sic] cannot establish the primary violation of Section 11." 15 U.S.C. § 77o(a) ("Every person who … controls any person liable under [Section 11], shall also be liable jointly and severally").

Accordingly, the Negative Defenses are simply denials of liability and elements of Lead Plaintiff's claim and must therefore be struck, with prejudice, on this basis.

**B.    The Negative Defenses, Honest Defense Nos. 5-8, 10, 16-17, 19, 29-30, 33, and Underwriter Defense Nos. 15, 17-18, 21-23, 26, 29, 31-34 are Insufficiently Pled and Should be Struck**

Rule 8(c) of the Federal Rules of Civil Procedure requires parties to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8. Courts in this District "have consistently held that the heightened pleading standard under *Twombly/Iqbal* applies to affirmative defenses in order to provide fair notice." *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC,* 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021); *Snap! Mobile, Inc. v. Croghan*, 2019 WL 884177, at *2 (N.D. Cal. Feb. 22, 2019) (same). Under this standard, defenses that state mere boilerplate legal conclusions without factual support are insufficient and must be struck. *See Solis v. Zenith Capital, LLC*, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) ("Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not

_____

[8] Section 11(a)(5) provides for a reliance element (not a defense) that arises only in the inapplicable circumstance where an investor acquired the subject security after the issuer "ha[d] made generally available to its securit[ies] holders an earning statement covering a period of at least twelve months beginning after the effective date of the registration statement." This action was brought within six months of the effective date. Even if that were not the case "reliance may be established without proof of the reading of the registration statement by such" investor. 15 U.S.C. § 77k(a)(5).

withstand a motion to strike."); *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal. 2016) ("[M]ere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts."); *Erickson Prods., Inc. v. Kast*, 2014 WL 1652478, at *2 (N.D. Cal. Apr. 23, 2014) (citing *Barnes,* 718 F. Supp. 2d at 1170, 1172) (explaining that a defense is insufficient if it "fails to point to the existence of some identifiable fact that would make the affirmative defense plausible on its face"); *Vogel*, 291 F.R.D. at 441 (striking defenses because defendant's "Answer fails to provide factual support for any [of the affirmative defenses]," instead providing only "a barebones recitation of legal doctrines, leaving [plaintiff] to guess how they apply to his claims"); *Bd. of Trustees of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in this action no matter which standard applies.").

Like the Negative Defenses which list elements of Lead Plaintiff's claims and assert that their purported absence is a defense without any allegation of fact, Honest Defense Nos. 5-8, 10, 16-17, 19, 29-30, 33[9] and Underwriter Defense Nos. 15, 17-18, 21-23, 26, 29, 31-34[10] are "merely boilerplate recitations … [and] do not provide[] any facts related to these defenses." *J & J Sports Prods., Inc. v. Jimenez*, 2010 WL

---

[9] The Honest Defenses relevant to this argument are: No. 5 (Justification), No. 6 (Waiver), No. 7 (Assumption of Risk), No. 8 (Estoppel), No. 10 (Mitigation), No. 16 (Ratification), No. 17 (Unclean Hands), No. 19 (Loss Causation), No. 29 (No Entitlement to Pre-Judgment Interest), No. 30 (No Entitlement to Costs of Litigation), and No. 33 (Incorporation of Other Defendants' Defenses).

[10] The Underwriter Defenses relevant to this argument are: No. 15 (Plaintiff's Acts), No. 17 (Laches, Equitable Estoppel, Waiver, or Other Related Equitable Doctrine), No. 18 (Inequitable Conduct and Unclean Hands), No. 21 (No Entitlement to Costs of Litigation), No. 22 (Personal Jurisdiction), No. 23 (Statute of Limitations), No. 26 (Allocation), No. 29 (Assumption of Risk), Nos. 31-32 (Mitigation), and Nos. 33-34 (Reservation of Rights).

5173717, at *2 (S.D. Cal. Dec. 15, 2010) (striking unclean hands, estoppel, and waiver based as being insufficiently pled).

For example, Honest Defense Nos. 5-8, 10, 16-17, 19 and Underwriter Defense Nos. 15, 17-18, 21-23, 26, 29, 31-32 are quintessential examples of defenses that "'amount[] to the bare statement of a legal doctrine lacking any articulated connection to the claims in this case' … insufficient to give plaintiff 'fair notice' of the particular defense being advanced therein." *Lauter v. Anoufrieva*, 2011 WL 13182875, at *3 (C.D. Cal. June 28, 2011); *see, e.g., CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009)(striking affirmative defenses alleging "unclean hands" which was "pleaded 'in perfunctory fashion, without any supporting factual allegations'"); *Qarbon.com Inc., v. eHelp Corp.,* 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."); *J & J Sports Prods.*, 2011 WL 1544886, at *4 (striking statute of limitations defense where "[d]efendant does not allege any theory or facts giving plaintiff notice of how the claims are outside the applicable statute of limitations, despite the allegations in the complaint"). Indeed, it is difficult to see how Lead Plaintiff can be put on notice as to purported barebones defenses such as wavier, comparative fault, ratification, unclean hands, or "other related equitable doctrine" when it is difficult to even conceive how such defenses could have applied to this essentially strict liability action given the language of Section 11.

Moreover, many of these purported defenses are completely untethered from law and fact. For example, Honest Defense No. 10 claims that "Plaintiffs [sic] and members of the putative class, or some of them, have failed, and continue to fail, to act reasonably to mitigate the damages alleged in the Complaint" and Underwriter Defense No. 31 claims that "Lead Plaintiff and members of the putative class' [sic] claims are barred in whole, or in part, to the extent that they held, disposed of or could have disposed of the securities at a price in excess of the offering price." Such a defense is contrary to the express language of Section 11(e) damages formula which by design generally

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

10

locks in damages as of the time of suit placing Lead Plaintiff or any member of the class under no duty to mitigate damages.[11]

Similarly inapplicable is Honest Defense No. 19 asserting a loss causation defense. Loss Causation is not an element of Section 11 claims, and thus is "not a sufficient defense" to Lead Plaintiff's claims. *See Gold Standard Mining Corp.*, 2012 WL 12904080, at *2. Equally at odds with law and fact is Underwriter Defense No. 23 which claims that Lead Plaintiff's claims are barred by a one-year statute of limitations, when the action was brought within six months of the Offering, and Underwriter Defense No. 22 which purports to assert personal jurisdiction defense when such a "defense" was waived by the Underwriter Defendants' failure to assert lack of personal jurisdiction when they joined in the Honest Defendants' motion to dismiss. *See Schnabel v. Lui*, 302 F.3d 1023, 1033 (9th Cir. 2002) (party waived any defense of lack of personal jurisdiction by failing to raise the defense in its motion under Fed. R. Civ. P. 12(b)).

Further, affirmative defenses that contain redundant, immaterial, or impertinent allegations are also subject to a motion to strike. *See Barnes*, 718 F. Supp. 2d at 1174 (striking redundant affirmative defenses). The redundancy of Defendants' improperly asserted "defenses" is best exemplified by Honest Defense Nos. 7 and 8 which are the verbatim restatement of each other with merely different titles. Similarly, Underwriter Defense Nos. 31 and 32 and Underwriter Defense Nos. 33 and 34 are redundant and

---

[11] Section 11(e) specifically provides the measure of damages to be used in suits such as this Action: "The suit authorized under subsection (a) may be to recover such damages as shall represent the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought." 15 U.S.C. § 77k(e).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES CASE NO. 2:21-CV-07405-MCS-PLA

11

should be struck. *G & G Closed Circuit Events, LLC*, 2010 WL 3749284, at *4–*5 (striking "[i]mmaterial and impertinent [affirmative] defenses").

Lastly, to the extent the Answers include a reservation of rights to assert affirmative defenses at some future date (*see* Honest Defense No. 33; Honest Answer at 41; Underwriter Defense Nos. 33-34), such reservations of rights are consistently rejected by Courts in this District. *See Fed. Trade Comm'n v. Loss Mitigation Servs.*, 2010 WL 11519447, at *3 (C.D. Cal. Feb. 17, 2010) (finding "a reservation of rights is insufficient as a matter of law as its own affirmative defense."); *Solis,* 2009 WL 2022343, at *3 (striking reservation of rights defense as duplicative of rights already preserved by the Federal Rules); *J & J Sports Prods.*, 2010 WL 5173717, at *2 (striking reservation of rights defense because "it does not state an avoidance of liability").

Because these purported defenses, as well as the Negative Defenses, present nothing but boilerplate recitations, are repetitive, inapplicable, and devoid of facts and circumstances that link them to the instant case, the Negative Defenses as well as Honest Defense Nos. 5-8, 10, 16-17, 19, 29-30, 33 and Underwriter Defense Nos. 15, 17-18, 21-23, 26, 29, 31-34 should be struck with prejudice.

**C.     Honest Defense Nos. 11, 14-15, 18, 28 and Underwriter Defense Nos. 7, 9-12, 14, 16, 20, 24-25 Should be Struck to the Extent They Are Broader than the Due Diligence, Actual Knowledge, Negative Causation, or Contribution Provisions of Section 11**

Lead Plaintiff reads Honest Defense No. 14 and Underwriter Defense Nos. 9-11, 24 to assert, without factual support, a due diligence affirmative defense. Section 11(b)(3) provides, in part, that a defendant—other than the issuer, i.e., Honest—may be exempt from liability if they prove that "he had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the registration statement became effective, that the statements therein where true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k(b)(3). In other words, Lead Plaintiff has proven a material misstatement or omission, "[l]iability against the issuer

of a security is virtually absolute, even for innocent misstatements[,]" while "other defendants bear the burden of demonstrating due diligence." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 381-82 (1983). Thus, in theory, the Individual Defendants and Underwriter Defendants (but not Honest) may attempt to prove this defense. As a result, and without waiver and while expressly reserving all rights, Lead Plaintiff requests that Court strike these defenses to the extent they apply to Defendant Honest and seek a defense greater than that provided for in Section 11(b)(3).

Section 11(a) provides for liability unless the Defendants prove that investors had actual knowledge of the alleged untruths or omissions. 15 U.S.C. § 77k(a); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 2014 WL 12479656, at *6 (C.D. Cal. Dec. 8, 2014) (holding defendants must prove investors "had actual knowledge of the alleged deficiencies in the Offering Documents"); *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2022 WL 2954937, at *1 (N.D. Cal. July 26, 2022) (discussing the "affirmative defense of actual knowledge" and holding that such a defense "does not defeat [class] certification"). Lead Plaintiff reads Honest Defense No. 18 and Underwriter Defense Nos. 7, 20 to assert, without factual support, such a defense, i.e., that one or more Defendants may seek to prove at a later date that some investor knew the alleged untruths and omissions prior to acquiring Honest common stock. Thus, without waiver and while expressly reserving all rights, Lead Plaintiff requests that the Court strike these defenses to the extent they seek a defense greater than that provided for in Section 11(a).

Although Section 11 contains no loss causation element, it does provide "[t]hat if the defendant proves that any portion or all of" the damages calculated under Section 11(e) "represents other than the depreciation in value of such security resulting from such part of the registration statement, with respect to which his liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading, such portion of or all such damages shall not be recoverable." 15 U.S.C. § 77k(e). Courts refer to this defense as

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

13

"negative causation" through which defendants face the "heavy burden" of addressing and refuting each potentially viable means by which a misstatement or omission could have cause any portion of the losses that are presumed by statute to have been caused by the misrepresentations. *Hildes*, 734 F.3d at 860; *see also McMahan & Co. v. Wherehouse Ent., Inc.*, 65 F.3d 1044, 1048-49 (2d Cir. 1995) ("any decline in value is presumed to be caused by the misrepresentation" and the "defendant … bears the burden of proving that the price decline was not related to the misrepresentation[]"); *Countrywide*, 2014 WL 12479656, at *6 (holding defendants "failed to carry their heavy burden" at summary judgment by asserting that a "market-wide downturn caused any loss in value"). Lead Plaintiff reads Honest Defense No. 11 and Underwriter Defense Nos. 12, 14, to be inartful assertions of a negative causation defense without factual support. Thus, without waiver and while expressly reserving all rights, Lead Plaintiff requests that the Court strike these defenses to the extent they seek a defense greater than that provided for in Section 11(e).

Finally, several of the Defendants' purported defenses appear to assert crossclaims of contribution in one form or another. To be clear, Section 11 provides for joint and several liability. 15 U.S.C. § 77k(f). However, Section 11(f)(1) provides that "every person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation." 15 U.S.C. § 77k(f)(1).[12] Given this language, Honest Defense Nos. 15, 28 and Underwriter Defense Nos. 16, 25 appear to be mistakenly designated crossclaims against joint-tortfeasors rather than defenses to Lead Plaintiff's claims. As such these "defenses" should be struck as misapplied to Lead Plaintiff's claims and, if not struck, limited to the scope

_____

[12] Section 11(f)(2) provides a different formula for "outside directors," which does not change the analysis of this motion. *See* 15 U.S.C. § 77k(f)(2).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

14

of the contribution provided for in Section 11(f). Again, Lead Plaintiff reserves all rights.

## IV.  CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court (1) completely strike, with prejudice, Honest Defense Nos. 1-10, 12-13, 16-17, 19-27, 29-33, the reservation of rights on page 41 of the Honest Answer, and Underwriter Defense Nos. 1-6, 8, 13, 15, 17-19, 21-23, 26-34, (2) completely strike, with prejudice, Honest Defense No. 14 as to Defendant Honest, (3) strike, with prejudice Honest Defense No. 14 and Underwriter Defense Nos. 9-11, 24 to the extent they purport to assert an affirmative due diligence defense on behalf of the Individual Defendants or the Underwriter Defendants greater than the defense provided for in Section 11(b)(3); (4) strike, with prejudice, Honest Defense No. 18 and Underwriter Defense Nos. 7, 20 to the extent they purport to assert an affirmative actual knowledge defense greater than that provided for in Section 11(a); (5) strike, with prejudice, Honest Defense No. 11 and Underwriter Defense Nos. 12, 14 to the extent they purport to assert an affirmative negative causation defense great than that provided for in Section 11(e); and (6) strike, with prejudice, Honest Defense Nos. 15, 28 and Underwriter Defense Nos. 16, 25 to the extent they are asserted as a defense against Lead Plaintiff's claims (rather than mistakenly designated crossclaims) and seek contribution greater than that provided for in Section 11(f).

Dated: September 7, 2022          Respectfully Submitted,

**LABATON SUCHAROW LLP**

By: */s/ Alfred L. Fatale III*

Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, NY 10005
Telephone: 212 907 0700
Fax: 212 818 0477

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

15

jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff Kathie Ng and the Proposed Class*


**THORNTON LAW FIRM LLP**
David Bricker (State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 282-8676
Fax: (310) 388-5316
dbricker@tenlaw.com


*Liaison Counsel for Lead Plaintiff Kathie Ng and the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Lead Plaintiff Kathie Ng*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

16