MICHAEL C. TU (SB 186793)
*mctu@cooley.com*
BENJAMIN B. SWEENEY (SB 313650)
*bsweeney@cooley.com*
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:  (310) 883-6400
Facsimile:   (310) 883-6500

KOJI F. FUKUMURA (SB 189719)
*kfukumura@cooley.com*
COOLEY LLP
4401 Eastgate Mall
San Diego, California 92121
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendants
THE HONEST COMPANY, INC.,
KATIE BAYNE, SCOTT DAHNKE,
KELLY KENNEDY, ERIC LIAW,
JEREMY LIEW, AVIK PRAMANIK,
NIKOLAOS VLAHOS and JESSICA
WARREN

DANIEL H.R. LAGUARDIA (SB 314654)
*daniel.laguardia@shearman.com*
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, California 94105
Telephone:  (415) 616-1100
Facsimile:   (415) 616-1199

Attorneys for Defendants
MORGAN STANLEY & CO. LLC, J.P.
MORGAN SECURITIES LLC,
JEFFERIES LLC, BOFA SECURITIES,
INC., CITIGROUP GLOBAL MARKETS,
INC., WILLIAM BLAIR & COMPANY,
L.L.C., GUGGENHEIM SECURITIES,
LLC, TELSEY ADVISORY GROUP LLC,
C.L. KING & ASSOCIATES, INC., LOOP
CAPITAL MARKETS LLC, PENSERRA
SECURITIES LLC, and SAMUEL A.
RAMIREZ & COMPANY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION. | Case No. 2:21-cv-7405-MCS-PLA<br><br>**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Courtroom:  7C<br>Judge:      Hon. Mark C. Scarsi<br>Date:       October 17, 2022<br>Time:       9:00 a.m. |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   LEGAL STANDARD ............................................................................... 3

III.  ARGUMENT............................................................................................. 4

    A.    There is no basis for the Court to strike the "Negative Defenses." .......... 4

    B.    Defendants' affirmative defenses provide "fair notice" and should not be stricken. ...................................................................................... 7

        1.    Defendants have offered to voluntarily relinquish several defenses. ................................................................................... 8

        2.    The remaining defenses are adequately alleged. ........................... 9

    C.    Plaintiffs' attempt to partially strike defenses is contrary to law. .......... 12

IV.   CONCLUSION ...................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*389 Orange Street Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999) ...............................................................................13

*Agricola Cuyuma SA v. Corona Seeds, Inc.*,
2019 WL 1878353 (C.D. Cal. Feb. 20, 2019) ..................................................3, 12

*Aldrich v. Romo*,
2021 WL 3468939 (C.D. Cal. Mar. 11, 2021) ......................................................5

*Consumer Fin. Prot. Bureau v. Judith Noh, et al.*,
2022 WL 3574284 (C.D. Cal. July 21, 2022) .......................................................7

*Covington Cnty. Bank v. R.J. Allen & Associates, Inc.*,
426 F. Supp. 413 (M.D. Ala. 1977).....................................................................11

*In re DDi Corp. Sec. Litig*,
2005 WL 3090882 (C.D. Cal. July 21, 2005) .....................................................10

*Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*,
2012 WL 177576 (C.D. Cal. Jan. 20, 2012).........................................................8

*Franklin v. Kaypro Corp.*,
884 F.2d 1222 (9th Cir.1989) ..............................................................................13

*In re Fremont Gen, Corp. Litig.*,
2010 WL 11506879 (C.D. Cal. Feb. 25, 2010) .....................................................4

*Hamilton v. U.S. Dep't of Transportation*,
651 F. App'x 586 (9th Cir. 2016)..........................................................................6

*Harris v. Chipotle Mexican Grill, Inc.*,
303 F.R.D. 625 (E.D. Cal. 2014)...........................................................................7

*House v. Kelbel*,
2000 WL 34503133 (D. Minn. Jan. 6, 2000) ......................................................14

COOLEY LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES
## CONTINUED

**Page(s)**

*Jostad v. May Trucking Co.*,
2019 WL 3024658 (D. Or. July 10, 2019) ........................................................6

*Kohler v. Flava Enters., Inc.*,
779 F.3d 1016 (9th Cir. 2015) ..................................................................8, 13

*Mack v. CVS Caremark Corp.*,
2013 WL 12101902 (N.D. Ga. Mar. 7, 2013) .................................................12

*Mag Instrument, Inc. v. JS Prods, Inc.*,
595 F. Supp. 2d 1102 (C.D. Cal. 2008) ...........................................................8

*Mavrix Photographs LLC v. Intergroup Vista, LLC*,
2015 WL 12832043 (C.D. Cal. June 2, 2015)..............................................6, 11

*Meggitt Inc. v. Nie*,
2014 WL 12588989 (C.D. Cal. June 4, 2014)...................................................12

*Miles v. Kirkland's Stores, Inc.*,
2018 WL 10879443 (C.D. Cal. Sept. 12, 2018)..............................................1, 6

*In re New Century*,
588 F. Supp. 2d 1206 (C.D. Cal. 2008)...................................................*passim*

*Pac. Dental Services, LLC v. Homeland Ins. Co. of N.Y.*,
2013 WL 3776337 (C.D. Cal. July 17, 2013) ........................................2, 3, 5, 9

*Perez v. Nuzon Corp.*,
2016 WL 11002544 (C.D. Cal. June 6, 2016).....................................1, 3, 5, 13

*Rieckborn v. Velti PLC*,
2015 WL 468329 (N.D. Cal. Feb. 3, 2015).....................................................13

*Rosen v. Masterpiece Mktg. Group, LLC*,
222 F. Supp. 3d 793 (C.D. Cal. 2016)..........................................................8, 10

*Rosetta v. Paycom*,
2020 WL 3800457 (C.D. Cal. Apr. 17, 2020)....................................................9

COOLEY LLP
ATTORNEYS AT LAW

-iii-

DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-7405-MCS (PLA)

## TABLE OF AUTHORITIES
## CONTINUED

**Page(s)**

*Rosetta v. Paycom Software, Inc.*,
2020 WL 3800457 (C.D. Cal. Apr. 17, 2020)............................................................8

*Schumacher v. Georgia-Pacific Corrugated LLC*,
2019 WL 8013092 (C.D. Cal. Dec. 12, 2019)........................................................2, 5

*SEC v. Gold Standard Mining Corp.*,
2012 WL 12904080 (C. D. Cal. Dec. 10, 2012)......................................................10

*Shaaban v. Arthur Andersen & Co.*,
1992 WL 67851 (N.D. Ill. Mar. 25, 1992) .............................................................11

*In re Union Exploration Partners Sec. Litig.*,
1992 WL 203812 (C.D. Cal. June 18, 1992)...........................................................10

*Voyton v. Hayman*,
2014 WL 12569367 (C.D. Cal. July 11, 2014) .........................................................2

*In re Wash. Mut., Inc. Sec., Deriv. & ERISA Litig.*,
2011 WL 1158387 (W.D. Wash. Mar. 25, 2011).................................................3, 6

*White v. Moore*,
2022 WL 3127910 (C.D. Cal. Feb. 17, 2022)...........................................................7

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ....................................................................................3

**Statutes and Other Authorities**

15 U.S.C. § 77k(e) ..............................................................................................10, 11

Securities Act § 11 .......................................................................................4, 10, 11, 13

Fed. R. Civ. P.
8 .........................................................................................................................*passim*
12(f) ...........................................................................................................3, 4, 6, 8

**TABLE OF AUTHORITIES**
**CONTINUED**

**Page(s)**

5C, Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* (3d ed. Apr. 2022 update) ............................................................*passim*

COOLEY LLP
ATTORNEYS AT LAW

**OPPOSITION MEMORANDUM**

Defendants The Honest Company, Inc. ("Honest" or the "Company"), Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren (collectively, the "Honest Defendants"), Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants") respectfully submit this memorandum in opposition to Lead Plaintiff's Motion to Strike Affirmative Defenses (the "Motion").

## I.    INTRODUCTION

Plaintiffs seek to strike *every single one* of defendants' affirmative defenses. Even more incredibly, they do so while accusing *defendants* of attempting to "cause unnecessary delay or needlessly increase the cost of litigation." Dkt. 85 (Mem. of P&A ISO Lead Plaintiff's Mot. to Strike, "Mem.") at 1. In fact, it is motions such as this one that are disfavored precisely "*because they are often used for purposes of delay*, and because of the strong judicial policy favoring resolution on the merits." *Perez v. Nuzon Corp.*, 2016 WL 11002544, at *1 (C.D. Cal. June 6, 2016) (emphasis added); *accord Miles v. Kirkland's Stores, Inc.*, 2018 WL 10879443, at *2 (C.D. Cal. Sept. 12, 2018) ("Proceeding with a motion to strike affirmative defenses almost inevitably is a less efficient way of moving towards a resolution on the merits." (alterations omitted)). The inutility of such motions has been well summarized by Judge Fitzgerald:

> As a civil litigator for many years, let me add that I was surprised by this Motion and am not eager to see more motions like it. Every answer I ever filed—and every answer I have ever seen—included a laundry list of defenses, and always started with the "defense" of failure to state a claim, even though we all know that is not a matter for which the defense has the

burden of proof.  [Plaintiff's] Motion is not frivolous, even apart from being partly successful, but practically I doubt that I and every other litigator who ignored the answer were making a mistake.  If a defense is truly determinative of the case, then it can be addressed on summary judgment.  Otherwise, the applicability of a defense can be addressed in the Rule 16 process or in settling the jury instructions.

*Voyton v. Hayman*, 2014 WL 12569367, at *2 (C.D. Cal. July 11, 2014).

Plaintiffs' Motion, in addition to being wasteful, is also without merit.  As explained below, defendants have already offered, in the interest of avoiding further unnecessary expenditure of judicial or party resources, to voluntarily relinquish a number of their affirmative defenses.  *See infra*, Section III.B.1 (listing defenses). The three categories of defenses that remain are adequately pleaded and should not be stricken.  **First**, contrary to plaintiffs' assertions, the fact that an affirmative defense negates or rebuts an element of a claim is not, absent some demonstration of prejudice, sufficient grounds to strike it.  *See Schumacher v. Georgia-Pac. Corrugated LLC*, 2019 WL 8013092, at *2 (C.D. Cal. Dec. 12, 2019) (declining to strike negative defenses and observing, "Because of the 'kitchen sink' approach to affirmative defenses in most answers, courts do not always parse each of Defendants' affirmative actions because it is unclear how such parsing will serve the stated purpose of motions to strike." (alterations omitted)); *Pac. Dental Services, LLC v, Homeland Ins. Co. of New York*, 2013 WL 3776337, at *6 (C.D. Cal. July 17, 2013) ("[I]n light of the fact that these [negative] defenses are sufficient under Rule 8(b), the Court declines to strike these defenses merely because Defendant mislabeled them in its pleading."). **Second**, application of the "fair notice" pleading standard predominant in this district compels the conclusion that defendants' remaining defenses are adequately pleaded and that plaintiffs have not carried their burden of demonstrating "*no possible bearing on the subject matter of the litigation.*" *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (emphasis added).  **Third**, plaintiffs' request that the Court *partially* strike certain other affirmative defenses is procedurally improper and a

concession that those defenses at issue *do bear* on the subject matter of this litigation. For these and the other reasons explained below, the Motion should be denied.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides a district court with discretion, on its own or on the motion of a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1]  But Courts in the Ninth Circuit and elsewhere have made clear that motions such as plaintiffs' are highly disfavored.  *See, e.g. Nuzon Corp.*, 2016 WL 11002544, at *1 ("[M]otions to strike are typically viewed with disfavor because they are often used for purposes of delay, and because of the strong judicial policy favoring resolution on the merits."); *Pac. Dental Services*, 2013 WL 3776337, at *1 ("Motions to strike, as a general rule, are disfavored . . . because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." (citations and alterations omitted); 5C, Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* ("Wright & Miller") § 1381 (3d ed. Apr. 2022 update) ("Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harrassing character.").  As the moving party, plaintiffs "bear[] the burden of showing that [the] challenged defense[s are] insufficient." *In re Wash. Mut., Inc. Sec., Deriv. & ERISA Litig.*, 2011 WL 1158387, *1 (W.D. Wash. Mar. 25, 2011).  A motion to strike should not be granted "unless it is clear that the matter to be stricken could have **no possible bearing** on the subject matter of the litigation." *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (emphasis added).  Many courts, including in this district, also will not grant a motion to strike "absent a showing of prejudice to the moving party." *Pac. Dental Services*, 2013 WL 3776337, at *2; *see Agricola Cuyuma SA v. Corona Seeds, Inc.*, 2019 WL

---

[1] "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted).

1878353, at \*2 (C.D. Cal. Feb. 20, 2019) ("[M]otions to strike affirmative defenses are largely a waste of time unless prejudice can be shown."); Wright & Miller § 1381 ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").

## III. ARGUMENT

Plaintiffs purport to divide defendants' affirmative defenses into three categories, each of which they contend should be stricken. Mem. at 1–3. But, as explained below, these arguments rest on a mischaracterization of both the governing law and its application to this case. Plaintiffs do not come close to carrying their burden of demonstrating that the challenged defenses "have no possible bearing on the subject matter of th[is] litigation," *In re New Century*, 588 F. Supp. 2d at 1220, much less that plaintiffs would suffer any prejudice if the defenses were not struck.

### A. There is no basis for the Court to strike the "Negative Defenses."

Plaintiffs ask the Court to strike seventeen (17) of the Honest Defendants' thirty-three (33) affirmative defenses[2] and twelve (12) of the Underwriter Defendants' thirty-four (34) affirmative defenses[3] because, according to plaintiffs, these defenses "merely deny or attempt to rebut Lead Plaintiff's allegations," and therefore "are not truly affirmative defenses." Mem. at 4. However, plaintiffs' cursory, high-level attack on these defenses—which discusses only a handful of the defenses individually—is insufficient to carry their burden of establishing that the challenged defenses have no bearing on this litigation. *See In re Fremont Gen, Corp. Litig.*, 2010

[2] Plaintiffs attack on these grounds the Honest Defendants' 1st (Failure to State a Claim), 2nd (Failure to Plead Fraud with Particularity), 3rd (No Efficient Market), 4th (Rule 23 – Class Certification), 9th (Standing), 12th (Offset), 20th (Lack of Tracing), 21st (Bespeaks Caution), 22nd (Nonactionable Opinion), 23rd (Materiality), 24th (No Duty to Disclose), 25th (No Duty to Update), 26th (Reliance), 27th (No Underlying Section 11 Liability), 31st (No Violation of Item 303), and 32nd (Price of Offering) affirmative defenses.

[3] Plaintiffs also attack on these grounds the Underwriter Defendants' 1st (Failure to State a Claim), 2nd (No Misstatement or Omission/Bespeaks Caution/Acts of Others), 3rd (No Duty to Disclose), 4th (Materiality), 5th (Accurate Disclosure), 6th (No Violation of Item 303), 8th (Standing), 13th (No Damages), 19th (Class Certification), 27th (Nonactionable Opinion), 28th (Compliance with Laws and Regulations), and 30th (Price of Offering) affirmative defenses.

WL 11506879, at *3 (C.D. Cal. Feb. 25, 2010) (plaintiff's failure to provide authority supporting request to strike particular defenses held to preclude striking of such defenses). Moreover, even accepting *arguendo* plaintiffs' characterization of these defenses as so-called "Negative Defenses" that function to negate or rebut essential elements of plaintiffs' claims, that alone ***is not*** sufficient reason for them to be stricken. Judge Carney summarized the issue:

> [M]any of Defendants' affirmative defenses are actually negative defenses, and others are not pleaded with a high level of particularity. This is a common feature of answering pleadings, which often adopt a "kitchen sink" approach to affirmative defenses. ***Nonetheless, the Court is at a loss to understand how parsing each of Defendants' affirmative actions [sic] as the [plaintiff] requests will serve the stated purpose of motions to strike: to "streamline a judge's inquiry by focusing his or her attention on only the real issues in the case."*** Indeed, motions to strike affirmative defenses infrequently simplify litigation and conserve resources, even when the defenses at issue are not perfectly pleaded or when they are more accurately described as negative defenses.

*Perez v. Nuzon*, 2016 WL 11002544, at *2 (C.D. Cal. June 6, 2016) (emphasis added). Numerous other courts within the Central District and the Ninth Circuit have reached similar conclusions, declining to strike so-called "negative defenses" absent any demonstration of prejudice by the moving party.[4] *See, e.g.*, *Aldrich v. Romo*, 2021 WL 3468939, at *2 (C.D. Cal. Mar. 11, 2021) (Scarsi, J.) ("[N]egative defenses may be raised in an answer, *see* Fed. R. Civ. P. 8(b), and mistakenly categorizing a negative defense as an affirmative defense generally is not a basis for striking it."); *Schumacher*, 2019 WL 8013092, at *2 (declining to strike negative defenses and observing, "Because of the 'kitchen sink' approach to affirmative defenses in most answers, courts do not always parse each of Defendants' affirmative actions because it is unclear how such parsing will serve the stated purpose of motions to strike."

---

[4] Defendants acknowledge that this approach is not universal and that some courts, including within this district, have ordered so-called "negative defenses" stricken. Defendants submit that the more permissive approach endorsed by the authorities cited herein is consistent with Rules 8(b) and 8(c)(2), as well as the "fair notice" standard for evaluating defenses, discussed *infra*, Section III.B.

(alterations omitted)); *Pac. Dental Services, LLC*, 2013 WL 3776337, at *6 ("[I]n light of the fact that these [negative] defenses are sufficient under Rule 8(b), the Court declines to strike these defenses merely because Defendant mislabeled them in its pleading."); *Jostad v. May Trucking Co.*, 2019 WL 3024658, at *2 (D. Or. July 10, 2019) (similar); *In re Wash. Mut.*, 2011 WL 1158387, at *2 (similar); *accord* Wright & Miller § 1381 ("A defense that is pleaded explicitly need not be stricken from an answer as insufficient merely because it could have been brought under the aegis of a general denial. That simply illustrates the general proposition that Rule 12(f) is not to be used to police the form of a pleading or to correct any misdesignations it might contain." (footnotes omitted)).

Plaintiffs offer only a single conclusory claim regarding prejudice.[5]  *See* Mem. at 3 (asserting that "[p]ermitting the challenged 'defenses' to stand would require Lead Plaintiff to waste her resources conducting extensive discovery into numerous improper and insufficiently pleaded defenses").  But plaintiffs make no effort to substantiate this claim or to link it to particular defenses, including any of the "negative defenses."  This is hardly surprising, considering that, for any "negative defense," the purported "extensive discovery" fretted over by plaintiffs would, in reality, be limited to the ***exact same facts and issues*** already subject to discovery for purposes of establishing the corresponding "positive" element of plaintiffs' claims. *See Miles v. Kirkland's Stores, Inc.*, 2018 WL 10879443, at *2 (C.D. Cal. Sept. 12, 2018) ("Permitting a plaintiff to proceed on a conclusory or factually deficient complaint potentially exposes the defendant to expensive and intrusive discovery, and to pressure to settle the matter for its 'nuisance value.'  In most cases, even the most conclusory affirmative defenses do not impose similar burdens.  *In few instances, if*

---

[5] Having failed to explain or substantiate the nature of this claimed prejudice in their opening brief, plaintiffs should not be permitted on reply to supply additional or different prejudice arguments.  *See Hamilton v. U.S. Dep't of Transportation*, 651 F. App'x 586, 587 (9th Cir. 2016) (argument "not developed in the opening brief . . . is therefore waived"); *Mavrix Photographs LLC v. Intergroup Vista, LLC*, 2015 WL 12832043, at *1 (C.D. Cal. June 2, 2015) ("Arguments not raised by a party in its opening brief are waived.").

*any, will such pleadings render subject matter discoverable that is not already implicated by the allegations of the complaint.*" (emphasis added) (citation omitted)); *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 629 (E.D. Cal. 2014) ("The court cannot conceive how these defenses will 'cost both the parties and the court unnecessary time and resources.' In fact, it is more likely the parties and the court have already needlessly expended more resources on this motion." (alterations omitted)); Wright & Miller § 1269 ("[A]s long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader."). Given plaintiffs' inability to demonstrate any corresponding prejudice, the Court should decline to strike any of the so-called "negative defenses" asserted by defendants.

## B. Defendants' affirmative defenses provide "fair notice" and should not be stricken.

Plaintiffs also take issue with a number of defenses that they concede *are* true affirmative defenses, but nevertheless argue are inapplicable. Mem. at 8–12. Plaintiffs' argument relies heavily on their assertion that "[c]ourts in this District 'have consistently held that the heightened pleading standard under *Twombly/Iqbal* applies to affirmative defenses.'" Mem. at 8. However, plaintiffs appear not to understand that this action is pending in the *Central*, rather than the *Northern* District of California. *See id.* (citing cases from N.D. Cal.). And in the Central District, the majority view by far is that affirmative defenses are subject only to the "fair notice" standard, rather than the heightened standard of *Twombly/Iqbal. See, e.g.*, *Consumer Fin. Prot. Bureau v. Judith Noh, et al.*, 2022 WL 3574284, at *2 (C.D. Cal. July 21, 2022) ("The Ninth Circuit applies the 'fair notice' standard, and not the heightened pleading standard identified by *Twombly* and *Iqbal*, when evaluating motions to strike affirmative defenses."); *White v. Moore*, 2022 WL 3127910, at *2 (C.D. Cal. Feb. 17, 2022) (Scarsi, J.) ("Given [the Ninth Circuit's] guidance, and recognizing the textual distinctions in the plain language of Rule 8, the working principles underlying the

Supreme Court's decisions in *Twombly* and *Iqbal*, and the practicalities of pretrial litigation, the Court declines to apply *Twombly* and *Iqbal* here." (alterations and citation omitted)); *Rosen v. Masterpiece Mktg. Group, LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016) ("Requiring defendants to satisfy the *Twombly–Iqbal* pleading standard within twenty-one days of being served with a complaint neither accords with the language of Rules 8(c) and 12(f), nor appears just as a matter of policy."); *Rosetta v. Paycom Software, Inc.*, 2020 WL 3800457, at *2 (C.D. Cal. Apr. 17, 2020) (similar); *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, 2012 WL 177576, at *2 (C.D. Cal. Jan. 20, 2012) (similar); *accord* Wright & Miller § 1381 ("The better view is that the plausibility standard only applies to the pleading of affirmative claims for relief.").

Under the less demanding "fair notice" standard, an answer need only "describ[e] the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). "The amount of factual detail required to give fair notice depends on the particular defense in question." *Rosen*, 222 F. Supp. 3d at 798 (internal quotation marks omitted). With respect to certain defenses, "merely pleading the name of the affirmative defense may be sufficient." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1108 (C.D. Cal. 2008) (alterations omitted). As explained further below, each of the remaining affirmative defenses have been pleaded with the requisite detail to give plaintiffs "fair notice."

## 1. Defendants have offered to voluntarily relinquish several defenses.

Following the filing of plaintiffs' moving papers and relevant authorities, and in the interest of avoiding further unnecessary expenditure of judicial or party resources, Defendants offered to voluntarily relinquish the following defenses if doing so would resolve plaintiffs' Motion:[6]

---

[6] Because the Motion was not filed until September 7, 2022, twenty-one (21) days after service of defendants' answers, defendants could not amend their answers to

| **Party** | **Defenses Offered to be Voluntarily Relinquished** |
|---|---|
| Honest Defendants | **5th Affirmative Defense** (Justification) |
| | **6th Affirmative Defense** (Waiver) |
| | **8th Affirmative Defense** (Estoppel) |
| | **16th Affirmative Defense** (Ratification) |
| | **33rd Affirmative Defense** (Incorporation of Other Defendants' Defenses) |
| | **Additional Affirmative Defenses** (Reservation of Rights) |
| Underwriter Defendants | **17th Affirmative Defense** (Laches, Equitable Estoppel, Waiver, or Other Related Equitable Doctrine) |
| | **22nd Affirmative Defense** (Personal Jurisdiction) |
| | **23rd Affirmative Defense** (Statute of Limitations) |
| | **33rd and 34th Affirmative Defenses** (Reservation of Rights) |

Plaintiffs declined defendants' proposal to resolve this Motion without the need for the Court's involvement.  In the event that the Court is not inclined to deny the Motion with respect to these affirmative defenses, defendants are willing to voluntarily amend their answers, if granted leave, to drop these defenses.

**2.    The remaining defenses are adequately alleged.**

The remaining affirmative defenses are alleged with more than sufficient detail to provide plaintiffs "fair notice" of their content.[7]  This is particularly so considering

omit these defenses without leave of the Court.  *See* Fed. R. Civ. P. 15(a); Hon. Virginia A. Phillips and Hon. Karen L. Stevenson, *Federal Civil Procedure Before Trial* (The Rutter Group), § 8:1415 (Apr. 2022 update) ("An answer to either a complaint, counterclaim, crossclaim or third-party complaint may also be amended as a matter 'of course.' Unlike amendments to complaints, however, such amendments are permitted only within 21 days after the original answer is served.").

[7] The defenses in this category that remain at issue are the Honest Defendants' 7th (Assumption of Risk), 10th (Mitigation), 17th (Unclean Hands), 19th (Loss Causation), 29th (No Entitlement to Prejudgment Interest) and 30th (No Entitlement to Costs of Litigation) affirmative defenses and the Underwriter Defendants' 15th (Plaintiff's Acts), 18th (Inequitable Conduct and Unclean Hands), 21st (No Entitlement to Costs of Litigation), 26th (Statutory Damages Limitation), 29th

that many of the implicated defenses—including "unclean hands," "assumption of risk," "inequitable conduct," and "plaintiff's acts"—are specifically enumerated in Rule 8(c) or otherwise so well-established that merely pleading the name of the defense is sufficient. *See Rosetta v. Paycom*, 2020 WL 3800457, at \*3 (C.D. Cal. Apr. 17, 2020) ("Even if [Rule 8(c)] defenses were asserted as mere boilerplate, Defendants' pleading of these well-established defenses provides Plaintiff with fair notice of Defendants' defenses." (alterations omitted)); *Pac. Dental Services, LLC*, 2013 WL 3776337, at \*3 (denying motion to strike defenses of waiver, estoppel, and unclean hands on grounds that "Defendant's [mere] pleading of these well-established defenses provides Plaintiff with fair notice of Defendant's defenses."). Defendants are not required to spell out for plaintiffs precisely how these defenses map onto the contours of this case; nor could they, considering the applicable time constraints and the fact that discovery has not yet commenced. *See Rosen*, 222 F. Supp. 3d at 802 (observing that such a requirement would be inconsistent with 21-day answer period).

Moreover, plaintiffs do not—and cannot—come close to carrying their burden to show that the challenged defenses "could have no possible bearing on the subject matter of the litigation." *In re New Century*, 588 F. Supp. 2d at 1220. First, plaintiffs inexplicably argue that "loss causation is not an element of Section 11 claims, and thus is not a sufficient defense."[8] Mem. at 11 (internal quotation marks omitted). In fact, "loss causation," also known as "negative causation," is specifically identified as an available defense in the text of Section 11 itself.[9] *See* 15 U.S.C. § 77k(e) ("if the defendant proves that any portion or all of such damages represents other than the depreciation in value of such security resulting from such part of the registration

---

(Assumption of Risk), and 31st and 32nd (Mitigation) affirmative defenses.

[8] The lone case cited by plaintiffs in support of this assertion, tellingly, does not concern Section 11 claims. *See SEC v. Gold Standard Mining Corp.*, 2012 WL 12904080, at \*2 (C. D. Cal. Dec. 10, 2012) (enforcement action brought under Section 10(b), Rule 10b-5(b), Section 13(a), and Rules 12b-20, 13a-11, and 13a-13).

[9] Indeed, plaintiffs concede the applicability of this defense in another section of the Motion. *See* Mem. at 13–14.

statement, with respect to which his liability is asserted, . . . such portion of or all such damages shall not be recoverable"); *see also In re DDi Corp. Sec. Litig*, 2005 WL 3090882, at *14 (C.D. Cal. July 21, 2005) ("This defense is known as the 'negative causation defense.' Where a defendant proves that the decline in the value of a security was not caused by the material omissions or misstatements in the registration statement, plaintiff is not entitled to recover any damages." (citation omitted)); *In re Union Exploration Partners Sec. Litig.*, 1992 WL 203812, at *5 (C.D. Cal. June 18, 1992) (Section 11 "provides that as an affirmative defense a defendant may demonstrate that its misstatements were not the principal cause for the decline in the value of the security.").  Similarly, the Underwriter Defendants' 26th defense is specifically enumerated in the Securities Act.  *Compare* Underwriter Defendants' 26th Defense ("None of the Underwriter Defendants are liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public") and 15 U.S.C. 77k(e) ("In no event shall any underwriter…be liable…for damages in excess of the total price at which the securities underwritten by him and distributed to the public were offered to the public.").

Plaintiffs' remaining arguments are similarly unpersuasive.  The defenses of "unclean hands" and "inequitable conduct," for instance, are *not* categorically unavailable in securities actions, *see Covington Cnty. Bank v. R.J. Allen & Associates, Inc.*, 426 F. Supp. 413, 423 (M.D. Ala. 1977) ("The equitable maxim of 'unclean hands' is as applicable in cases involving securities as in other areas of the law."), and relevant information supporting these defenses could well come to light during discovery, including regarding plaintiffs' contacts with the two confidential witnesses referenced in the Consolidated and Amended Complaint.  Defendants' "assumption of risk" defenses, meanwhile, go to the availability to investors (and potential class members) of contrary information and the inclusion in the offering documents of additional cautionary language.  *See Shaaban v. Arthur Andersen &*

*Co.*, 1992 WL 67851, at \*4 n.3 (N.D. Ill. Mar. 25, 1992) (contemplating "assumption of risk" as "affirmative defense" available in Section 11 case).  Plaintiffs also have not identified any binding authority that would foreclose the availability of a mitigation defense in the Section 11 context.  Finally, plaintiffs offer no explanation whatsoever as to why defendants' various damages and cost-related defenses—"no entitlement to prejudgment interest," "no entitlement to costs of litigation," and "allocation"— should be stricken.  This omission, although undoubtedly fatal to plaintiffs' argument, *see Mavrix Photographs LLC*, 2015 WL 12832043, at \*1 ("Arguments not raised by a party in its opening brief are waived."), is unsurprising, considering the obvious relevance of these defenses to plaintiffs' prayer for damages and costs.[10]  *See Mack v. CVS Caremark Corp.*, 2013 WL 12101902, at \*3 (N.D. Ga. Mar. 7, 2013) (declining to strike from answer defendants' allegations regarding entitlement to costs).  Denial of plaintiffs' Motion with respect to this category of defenses is further appropriate given plaintiffs' failure to even attempt to articulate any possible prejudice.  *See Agricola*, 2019 WL 1878353, at \*2 ("[M]otions to strike affirmative defenses are largely a waste of time unless prejudice can be shown.").

### C.     Plaintiffs' attempt to partially strike defenses is contrary to law.

Plaintiffs also inexplicably seek to strike various other of defendants' affirmative defenses "to the extent they are broader" than provided for by applicable law.[11]  But that is not the purpose of a motion to strike.[12]  *See In re New Century*, 588

---

[10] To the extent plaintiffs intend to argue that these defenses should be stricken as "negative defenses," that argument fails for the reasons discussed above, *see supra*, Section III.A.

[11] *See* Mem. at 13 (requesting that Court "strike [due diligence] defenses *to the extent they apply to Defendant Honest and seek a defense greater than that provided for in Section 11(b)(3)*"); *id.* (requesting that Court "strike [available contrary information] defenses "*to the extent they seek a defense greater than that provided for in Section 11(a)*"); *id.* at 14 (requesting that Court "strike [negative causation] defenses *to the extent they seek a defense greater than that provided for in Section 11(e)*"); *id.* at 14–15 (requesting that Court "strike [comparative fault, indemnification, and contribution defenses] as misapplied to Lead Plaintiff's claims and, *if not struck, limited to the scope of the contribution provided for in Section 11(f)*").

[12] The defenses challenged on these grounds are the Honest Defendants' 11th

F. Supp. 2d at 1220 (defense should not be stricken unless it can be demonstrated that it has "no possible bearing on the subject matter of the litigation"); *Meggitt Inc. v. Nie*, 2014 WL 12588989, at *1 (C.D. Cal. June 4, 2014) ("Motions to strike . . . will usually be denied unless the allegations have *no possible relation to the controversy* and may cause prejudice to one of the parties."). Plaintiffs' concession that each of these challenged defenses have at least *some* bearing on the litigation ends the inquiry and requires that the Motion be denied as to these defenses. *See Nuzon Corp.*, 2016 WL 11002544, at *1 ("If there is *any doubt* whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." (emphasis added) (internal quotation marks omitted)). Tellingly, plaintiffs do not cite a single authority granting a motion to strike only a portion of a particular defense. Nor would such a result be consistent with the "fair notice" standard applicable to affirmative defenses. *See Kohler*, 779 F.3d at 1019 ("fair notice" requires only "describing the defense in 'general terms'"). (Indeed, plaintiffs' detailed explication regarding the applicability of each of these challenged defenses, *see* Mem. at 12–14, leaves little doubt that they received "fair notice" as the nature of the defenses.) Moreover, plaintiffs have not identified a single way in which any of the defenses in fact are broader than what the Securities Act permits. Instead, plaintiffs appear to be impermissibly seeking an advisory ruling on what evidence may or may not support validly-asserted defenses prior to the commencement of discovery.

Finally, plaintiffs' suggestion that certain defenses—including for comparative fault[13], indemnification, and contribution—should be stricken because they are

_____

(Proximate Cause), 14th (Good Faith), 15th (Comparative Fault), 18th (Available Contrary Information), and 28th (Indemnification and Contribution) affirmative defenses and the Underwriter Defendants' 7th (Disclosure/Public Knowledge), 9th (Good Faith), 10th (Reasonable Diligence), 11th (Reasonable Reliance), 12th (Acts of Others), 14th (Decrease in Market Price), 16th (Contributory Negligence), 20th (Actual Knowledge), 24th (Lack of Knowledge), and 25th (Contribution) defenses.

[13] The Underwriter Defendants' 16th affirmative defense based on proportionate fault also is valid because the Ninth Circuit has recognized the defense in securities actions when there are settlements by some but not all defendants and striking the defense would prejudice the Underwriter Defendants in the event there is such a settlement

"mistakenly designated crossclaims" is specifically foreclosed by Rule 8.  *See* Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 664 (9th Cir. 1999) (applying Rule 8(c)(2) to *cross*claims); *House v. Kelbel*, 2000 WL 34503133, at *1 (D. Minn. Jan. 6, 2000) (similar).

## IV.    CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiffs' Motion to Strike Affirmative Defenses.  Alternatively, to the extent the Court might otherwise be inclined to grant the Motion with respect to the affirmative defenses that defendants have already offered to voluntarily relinquish, defendants request that the Court grant them leave to file amended answers omitting those defenses referenced in Section III.B.1.

Dated:  September 21, 2022

Respectfully submitted,

COOLEY LLP

By:    /s/ Michael C. Tu
              Michael C. Tu

Attorney for Defendants
THE HONEST COMPANY, INC., KATIE BAYNE, SCOTT DAHNKE, KELLY KENNEDY, ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK, NIKOLAOS VLAHOS and JESSICA WARREN

---

here.  *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1232 (9th Cir.1989) (adopting a rule allowing only proportional liability if a contribution bar is entered as part of a pretrial partial settlement); *Rieckborn v. Velti PLC*, 2015 WL 468329, at *17–18 (N.D. Cal. Feb. 3, 2015) (recognizing the applicability of proportionate fault for non-settling defendants in Securities Act case).

SHEARMAN & STERLING LLP

By: */s/ Daniel H.R. Laguardia*
Daniel H.R. Laguardia

Attorney for Defendants
MORGAN STANLEY & CO. LLC, J.P.
MORGAN SECURITIES LLC, JEFFERIES
LLC, BOFA SECURITIES, INC.,
CITIGROUP GLOBAL MARKETS, INC.,
WILLIAM BLAIR & COMPANY, L.L.C.,
GUGGENHEIM SECURITIES, LLC,
TELSEY ADVISORY GROUP LLC, C.L.
KING & ASSOCIATES, INC., LOOP
CAPITAL MARKETS LLC, PENSERRA
SECURITIES LLC, and SAMUEL A.
RAMIREZ & COMPANY, INC.

COOLEY LLP
ATTORNEYS AT LAW

15

## **FILER'S ATTESTATION**

Pursuant to L.R. 5-4.3.4, I, Michael C. Tu, attest that all other signatories listed and on whose behalf this filing is submitted have authorized this filing and concur in its content.

By:    /s/ *Michael C. Tu*
Michael C. Tu