**LABATON SUCHAROW LLP**
Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff
Kathie Ng and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Lead
Plaintiff Kathie Ng and the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 2:21-CV-07405-MCS-PLA<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date: October 17, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. Mark C. Scarsi<br>Courtroom: 7C |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii

I.    PRELIMINARY STATEMENT ............................................................................1

II.   APPLICABLE LEGAL STANDARDS..................................................................2

III.  ARGUMENT...........................................................................................................3

    A.    The Negative Defenses, Honest Defense Nos. 5-8, 10, 16-17, 19, 29-30, 33, and Underwriter Defense Nos. 15, 17-18, 21-23, 26, 29, 31-34 are Insufficiently Pled and Should be Struck ....................3

    B.    Honest Defense Nos. 11, 14-15, 18, 28 and Underwriter Defense Nos. 7, 9-12, 14, 16, 20, 24-25 Should be Struck to the Extent They Are Broader than the Due Diligence, Actual Knowledge, Negative Causation, or Contribution Provisions of Section 11 ................................................................................................9

IV.   CONCLUSION .....................................................................................................10

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)...............................................................................1, 3, 4

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,*
  718 F.Supp.2d 1167 (N.D. Cal. 2010)................................................................4

*Bd. of Trustees of IBEW Loc. Union No. 100 Pension Tr. Fund v.*
  *Fresno's Best Indus. Elec., Inc.,*
  2014 WL 1245800 (E.D. Cal. Mar. 24, 2014)....................................................4, 5

*BLK. Brands LLC v. Five Tran Inv. Grp., LLC,*
  2021 WL 3077949 (C.D. Cal. Apr. 7, 2021)..........................................................8

*Bureau of Consumer Fin. Prot. v. Performance SLC, LLC,*
  2021 WL 2982275 (C.D. Cal. Apr. 2, 2021)..........................................................8

*Clean Safety, Inc. v. Ruby Trucking LLC,*
  2021 WL 5935478 (C.D. Cal. July 27, 2021) ............................................5, 6, 8, 9

*CTF Dev., Inc. v. Penta Hosp., LLC,*
  2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) .......................................................4

*DePaul Indus. v. City of Eugene,*
  2020 WL 5078758 (D. Or. Aug. 27, 2020) .......................................................9, 10

*DeSalvo v. Islands Restaurants, L.P.,*
  2020 WL 4035071 (C.D. Cal. July 16, 2020) .............................................8, 9, 10

*Entrepreneur Media, Inc. v. Roach,*
  2021 WL 1187107 (C.D. Cal. Feb. 9, 2021) ....................................................9, 10

*Estakhrian v. Obenstine,*
  2015 WL 12698425 (C.D. Cal. Sept. 18, 2015)...................................................3, 4

*Fishbaugh v. Bulgadarian,*
  2021 WL 3598579 (C.D. Cal. July 8, 2021) .........................................................5

*Gencarelli v. Twentieth Century Fox Film Corp.,*
  2018 WL 376664 (C.D. Cal. Jan. 11, 2018)...........................................................4

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

ii

*Gibson Brands, Inc. v. John Hornby Skewes & Co.*,
    2014 WL 4187979 (C.D. Cal. Aug. 22, 2014) ................................................2, 6

*J & J Sports Prods., Inc. v. Jimenez*,
    2010 WL 5173717 (S.D. Cal. Dec. 15, 2010) ...............................................5

*Lavco Sols., Inc. v. Biztracker Sys. of St. John, LLC*,
    2020 WL 11648276 (C.D. Cal. Nov. 4, 2020) ...............................................5

*Leiva v. Rapid Gas, Inc.*,
    2012 WL 13226326 (C.D. Cal. June 5, 2012) ...............................................6

*LF Centennial Ltd. v. Inovex Furnishings Corp.*,
    2017 WL 9486124 (C.D. Cal. Dec. 14, 2017) ...............................................6

*In re Livent, Inc.*,
    360 F.Supp.2d 568 (S.D.N.Y. 2005), *aff'd* 161 Fed. App'x 166 (2d
    Cir. 2005) ...............................................7

*Motallebi v. Bank of Am. Corp.*,
    2020 WL 13327501 (C.D. Cal. Sept. 8, 2020) ...............................................6

*N.L. v. Children's Hosp. Los Angeles*,
    2019 WL 10854340 (C.D. Cal. Oct. 22, 2019) ...............................................3

*Nat'l Credit Union Admin. Bd. v. UBS Sec., LLC*,
    2016 WL 7496106 (D. Kan. Dec. 30, 2016) ...............................................7

*In re New Century*,
    588 F. Supp. 2d 1206 (C.D. Cal. 2008) ...............................................3

*NICOR, Inc. v. SourceBlue, LLC, Infinilux Corp.*,
    2021 WL 6618620 (C.D. Cal. Dec. 16, 2021) ...............................................2, 3

*Nippon Sigmax Co., Ltd v. Kranos Corp.*,
    2021 WL 2634823 (C.D. Cal. June 25, 2021) ...............................................3

*Outdoor Recreation Grp. v. Schude*,
    2021 WL 6804245 (C.D. Cal. Nov. 30, 2021) ...............................................6

*Pepsico, Inc. v. J.K. Distributors, Inc.*,
    2007 WL 2852647 (C.D. Cal. Sept. 14, 2007) ...............................................2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

iii

*Perez v. Gordon & Wong L. Grp., P.C.*,
   2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ......................................................4

*Pineda v. Nissan N. Am., Inc.*,
   2022 WL 2920416 (C.D. Cal. July 25, 2022) ......................................................6

*Romero v. Makan*,
   2018 WL 3244492 (C.D. Cal. July 3, 2018) ......................................................3

*Rosario v. 11343 Penrose Inc.*,
   2020 WL 8812460 (C.D. Cal. Oct. 26, 2020) ..................................................8, 9

*Ross v. Morgan Stanley Smith Barney, LLC*,
   2013 WL 1344831 (C.D. Cal. Apr. 2, 2013) ......................................................3

*Ross v. White*,
   2018 WL 4808535 (C.D. Cal. Oct. 2, 2018) ......................................................3

*Schumacher v. Georgia-Pac. Corrugated LLC*,
   2019 WL 8013092 (C.D. Cal. Dec. 12, 2019).....................................................10

*Schwarz v. Meinberg*,
   2016 WL 4011716 (C.D. Cal. July 15, 2016) ......................................................8

*Sec. & Exch. Comm'n v. Church-Koegel*,
   2022 WL 1634639 (C.D. Cal. Jan. 19, 2022).......................................................3

*Seville Classics, Inc. v. Neatfreak Grp., Inc.*,
   2017 WL 3473932 (C.D. Cal. Feb. 14, 2017) ......................................................3

*Slocum v. JPMorgan Chase Bank*,
   2019 WL 6873653 (C.D. Cal. July 8, 2019) ......................................................8

*Verdiglione v. Mercado Del Rio Prop., LLC*,
   2019 WL 6711700 (C.D. Cal. June 3, 2019).......................................................8

*In re Wash. Mut. Inc. Sec., Deriv. & ERISA Litig.*,
   2011 WL 1158387 (W.D. Wash Mar. 25, 2011)..................................................8

*Washington v. Ritter, Lien Sales, Inc.*,
   2018 WL 3831009 (C.D. Cal. May 21, 2018).................................................3, 4

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ..............................................................................2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

iv

*Xingen v. Inland Energy, Inc.*,
   2020 WL 13211718 (C.D. Cal. Feb. 18, 2020) .......................................................5

**Statutes**

15 U.S.C. §77k(b)(3) ...........................................................................................9

15 U.S.C. §77k(e) ...............................................................................................9

**Other Authorities**

Fed. R. Civ. P. 8(c) ............................................................................................3

Fed. R. Civ. P. 12(f)........................................................................................1, 2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

v

Lead Plaintiff, Kathie Ng, respectfully submits this reply memorandum in further support of her motion to strike, with prejudice, purported affirmative defenses, in whole or in part, set forth in the Honest Defendants' Answer (ECF No. 80, the "Honest Answer") and the Underwriter Defendants' Answer. (ECF No. 81, the "Underwriters Answer" and, together with the Honest Answer, the "Answers").[1]

## I.   PRELIMINARY STATEMENT

After inviting a motion to strike by asserting over 30 purported defenses each, Defendants have now abandoned 11 of those "defenses." In an attempt to save the remainder, Defendants seize on a handful of distinguishable, outlier cases, and yet again submit a quagmire of arguments—exacerbating confusion already present from their Answers. Indeed, Defendants' papers demonstrate the need to further streamline the issues in this litigation to avoid confusion of the issues and waste of resources.

Defendants' attempts to distract from their remaining improperly asserted and insufficiently pled affirmative defenses do not endure. The Negative Defenses, Honest Defense Nos. 5-8, 10, 16-17, 19, 29-30, 33, and Underwriter Defense Nos. 15, 17-18, 21-23, 26, 29, 31-34, must be stricken as they are devoid of any factual detail—meeting neither *Twombly/Iqbal*'s plausibility standard nor the "fair notice" standard. Rather than attempt to cure their deficiencies through a request to amend, Defendants argue they do not have to provide **any** factual support for its affirmative defenses. Such a contention is not supported by law.

Moreover, Defendants concede that "affirmative" Honest Defense Nos. 1-4, 9, 12-13, 20-27, 31-32 and Underwriter Defense Nos. 1-6, 8, 13, 19, 27-28, 30 are, in reality, "negative defenses." *See* Defendants' Opposition to Lead Plaintiff's Motion to Strike Affirmative Defenses ("Opp.") at 4-7. This on its own is a sufficient basis to strike these improperly pled defenses under Fed. R. Civ. P. 12(f). *See* Lead Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 85) ("Motion" or "Mot.").

---

[1] Unless otherwise noted, all emphasis is added and internal citations and quotation marks are omitted throughout.

Finally, Defendants take issue with Lead Plaintiff's charitable reading of its remaining defenses—seeking to strike those defenses only to the extent they exceed the bounds of Section 11. This argument, however, not only ignores the purpose of Rule 12(f) but also the necessity for Lead Plaintiff to know what Defendants' asserted affirmative defenses actually are. The same is true for Defendants' comparative fault, indemnification, and contribution "defenses"—which Defendants concede are mistakenly designated crossclaims.

Defendants' opposition only further confirms that its defenses must be stricken in accordance with the law in this District and Rule 12(f)—ensuring that discovery proceeds expeditiously without delay or confusion. An alternate result permitting Defendants to proceed on its improper, insufficiently asserted affirmative defenses is demonstrably prejudicial and will inevitably cause further delay and expense.

## II.   APPLICABLE LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 12(f), a "court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" The function of such a motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial," *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010), and "where a motion to strike may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *Gibson Brands, Inc. v. John Hornby Skewes & Co.*, 2014 WL 4187979, at *2 (C.D. Cal. Aug. 22, 2014).

"Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, [such a defense] is insufficient and will not withstand a motion to strike." *Pepsico, Inc. v. J.K. Distributors, Inc.*, 2007 WL 2852647, *2 (C.D. Cal. Sept. 14, 2007). While "extensive factual allegations" are not necessary for an affirmative defense to succeed, the Defendants must establish some connection between the defense and the case. *See*

*NICOR, Inc. v. SourceBlue, LLC, Infinilux Corp.*, 2021 WL 6618620, at *2 (C.D. Cal. Dec. 16, 2021).

Finally, a motion to strike an affirmative defense is proper where "[a] defense [is] insufficient as a matter of pleading or a matter of law." *Id*. at *3. The burden of proof for affirmative defenses is on the defendant, not the plaintiff. *See* Fed. R. Civ. P. 8(c).[2]

## III.   ARGUMENT

### A.   The Negative Defenses, Honest Defense Nos. 5-8, 10, 16-17, 19, 29-30, 33, and Underwriter Defense Nos. 15, 17-18, 21-23, 26, 29, 31-34 are Insufficiently Pled and Should be Struck

Rule 8(c)(1) requires parties to "affirmatively state any avoidance or affirmative defense." Despite Defendants' contentions, courts in this District do apply the *Twombly/Iqbal* standard to affirmative defenses and are—at best—split on whether the *Twombly/Iqbal* standard or the "fair notice" standard applies. *N.L. v. Children's Hosp. Los Angeles*, 2019 WL 10854340, at *2 (C.D. Cal. Oct. 22, 2019) (recognizing divide but applying *Twombly/Iqbal* standard); *Ross v. Morgan Stanley Smith Barney, LLC*, 2013 WL 1344831, at *1-3 (C.D. Cal. Apr. 2, 2013) (applying *Twombly/Iqbal* to affirmative defenses); *Estakhrian v. Obenstine*, 2015 WL 12698425, at *2 (C.D. Cal. Sept. 18, 2015) (same); *Ross v. White*, 2018 WL 4808535, at *8 (C.D. Cal. Oct. 2, 2018) (same); *Romero v. Makan*, 2018 WL 3244492 *2 (C.D. Cal. July 3, 2018) (same); *Nippon Sigmax Co., Ltd v. Kranos Corp.*, 2021 WL 2634823, at *5 (C.D. Cal. June 25, 2021) (same); *Sec. & Exch. Comm'n v. Church-Koegel*, 2022 WL 1634639, at *1 (C.D. Cal. Jan. 19, 2022) (same); *Seville Classics, Inc. v. Neatfreak Grp., Inc.*, 2017 WL 3473932, at *2 (C.D. Cal. Feb. 14, 2017) (same); *Washington v. Ritter, Lien*

---

[2] Defendants—once again—seek to foist an inapplicable burden onto Lead Plaintiff by suggesting not only that the burden of pleading its affirmative defenses rests on Lead Plaintiff (Opp. at 9-10), but also that a matter cannot be stricken unless there is "no possible bearing on the subject matter of the litigation." *Id*. (relying on *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008)). This case—which does not address affirmative defenses—is an outlier and this standard is not frequently applied by Courts in this District. Moreover, Defendants concede that they cannot "spell out … how these defenses map onto the contours of this case." Opp. at 16.

*Sales, Inc.*, 2018 WL 3831009 (C.D. Cal. May 21, 2018) (same); *Gencarelli v. Twentieth Century Fox Film Corp.*, 2018 WL 376664, at *2 (C.D. Cal. Jan. 11, 2018) (same).

Indeed, courts have recognized there is "no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defense." *Estakhrian*, 2015 WL 12698425, at *2. Applying *Twombly/Iqbal* to affirmative defenses is "consistent with *Iqbal*'s admonition that fair notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial." *Perez v. Gordon & Wong L. Grp., P.C.*, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012); *see CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, *8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense") (emphasis in original). Such a standard serves a "valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Estakhrian*, 2015 WL 12698425, at *2. Further, it will "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1172 (N.D. Cal. 2010). As such, an affirmative defense must give the opposing party "fair notice of what the … claim is and the grounds upon which it rests" and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 698-699 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Bd. of Trustees of IBEW Loc. Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

4

nature of the defense or how it applies in this action no matter which standard applies.").

However, even if this Court were to apply the "fair notice" standard, Defendants' affirmative defenses fail to pass muster: "Neither the fair notice standard nor the plausibility standard is met by presenting affirmative defenses without supporting factual allegations or references sufficient to incorporate them from another pleading." *Xingen v. Inland Energy, Inc.*, 2020 WL 13211718, at *6 (C.D. Cal. Feb. 18, 2020); *Lavco Sols., Inc. v. Biztracker Sys. of St. John, LLC*, 2020 WL 11648276, at *5 (C.D. Cal. Nov. 4, 2020) ("[T]he affirmative defenses at issue here fail to satisfy the even more forgiving 'fair notice' pleading standard."). Indeed, it is in applying this standard that Lead Plaintiff can at most find notice of three affirmative defenses in the Answers. *See* Mot. at Section III.C.

Defendants' failure to provide Lead Plaintiff with sufficient notice can be found within each of its affirmative defenses, which are "merely boilerplate recitations … [and do] not provide[] any facts related to these defenses." *J & J Sports Prods., Inc. v. Jimenez*, 2010 WL 5173717, at *2 (S.D. Cal. Dec. 15, 2010) (striking unclean hands, estoppel, and waiver based as being insufficiently pled); *Lavco*, 2020 WL 11648276, at *5 (striking under a notice pleading standard affirmative defenses that "merely refer to legal doctrines without providing any supporting facts"). Indeed, Defendants' brief clearly demonstrates this point by showing Underwriter Defense No. 26 is just a restatement of Section 11(e) without more. *See* Opp. at 17.

Defendants concede that they are unable to connect these defenses to this case (Opp. at 16), and each affirmative defense that is "a bare legal statement with no factual allegations" must be stricken for failure to meet "even the more lenient notice standard." *Fishbaugh v. Bulgadarian*, 2021 WL 3598579, at *6 (C.D. Cal. July 8, 2021). For example, Honest Defense No. 17 (Unclean Hands) and Underwriter Defense No. 18 (Inequitable Conduct and Unclean Hands) "do[] not include any factual allegations" to support this conclusory allegation. *Clean Safety, Inc. v. Ruby Trucking*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

5

*LLC*, 2021 WL 5935478, at *4 (C.D. Cal. July 27, 2021) (striking same affirmative defenses with prejudice for failing to meet "even a notice pleading standard"); *Gibson Brands,* 2014 WL 4187979, at *5 (striking unclean hands as insufficiently pled affirmative defense because "Defendant provides no factual support for any of these defenses nor explains how they relate to the allegations in the Complaint"); *LF Centennial Ltd. v. Inovex Furnishings Corp.*, 2017 WL 9486124, at *6 (C.D. Cal. Dec. 14, 2017) (striking unclean hands defense where Defendant has "failed to provide factual allegations to support [this] theor[y]"); *Outdoor Recreation Grp. v. Schude*, 2021 WL 6804245, at *2 (C.D. Cal. Nov. 30, 2021) (striking unclean hands defense where answer "states no factual grounds to support a defense of unclean hands"); *Leiva v. Rapid Gas, Inc.*, 2012 WL 13226326, at *2 (C.D. Cal. June 5, 2012) (striking unclean hands where Defendant failed to establish the elements required, "nor are any facts alleged in the Answer that would meet those elements").[3]

As for Honest Defense No. 19 (Loss Causation), Lead Plaintiff has conceded that she is on notice that Defendants may attempt to prove a negative causation defense as provided for under Section 11 (Mot. at 23-24), however, Honest Defense No. 19 does not assert a defense that Defendants may prove that losses were cause by events other than the alleged misstatements and omissions.[4] Instead, Honest Defense No. 19 improperly places a causation burden on Lead Plaintiff and asserts that "Plaintiffs [sic] cannot establish loss causation." This is not the law as the cases cited by Defendants on pages 16 and 17 of their brief makes clear the defense is otherwise repetitive of negative causation defenses that Lead Plaintiff has not sought to strike in whole, e.g.

---

[3] Defendants may not now seek to add speculation about "plaintiffs' [sic] contacts with the two confidential witnesses" referenced in the complaint as factual support. Opp. at 17; *see Pineda v. Nissan N. Am., Inc.*, 2022 WL 2920416, at *2 (C.D. Cal. July 25, 2022) (stating a party "may not amend their pleading through a brief filed in opposition"); *Motallebi v. Bank of Am. Corp.*, 2020 WL 13327501, at *3 (C.D. Cal. Sept. 8, 2020) (same).

[4] Defendants concede that this is their burden. Opp. at 16-17 (quoting cases that acknowledge Defendants bear the burden of proving the cause of the securities decline in value).

Honest Defense No. 11 and Underwriter Defense Nos. 12, 14. Thus, Honest Defense No. 19 must be struck with prejudice. Likewise, Defendants' "assumption of the risk" defenses, *i.e.*, Honest Defense No. 7 and Underwriter Defense No. 29, which Defendants explain to be premised on the availability "of contrary information" to investors, must be struck because they are duplicative of their knowledge defenses, e.g., Honest Defense No. 11 and Underwriter Defense Nos. 7, 20.

Defendants' claim that Lead Plaintiff has identified no "binding authority that would foreclose the availability of a mitigation defense" (Opp. at 18) is particularly perplexing where it is Section 11's statutory formula itself that forecloses mitigation by locking in damages and encouraging investors to hold stock after suit with a promise of a windfall should the stock price recover. *Nat'l Credit Union Admin. Bd. v. UBS Sec., LLC*, 2016 WL 7496106, at *3 (D. Kan. Dec. 30, 2016) ("A plaintiff is allocated the upside if it ultimately recovers more on the security than its value as determined at the time of suit"). Defendants have provided no authority interpreting Section 11(e) contrary to its plain text.

Defendants claims that, upon recovery of damages, "Plaintiffs [sic] are not entitled to recover their costs and expenses incurred in this action" is again expressly contrary to Section 11(e) which provides Lead Plaintiff may recover such costs and expenses. *Compare* Honest Defense No. 30 and Underwriter Defense No. 21 *with* 15 U.S.C. §77k(e) ("[I]f judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant"). Lead Plaintiff's right to seek prejudgment interest is also well recognized in the law. *In re Livent, Inc.*, 360 F. Supp. 2d 568, 572 (S.D.N.Y. 2005), *aff'd* 161 Fed. App'x 166 (2d Cir. 2005). At most, these "defenses" are nothing more than general denials of Lead Plaintiff's prayer for relief and at least should be redesignated as such.

In sum, Honest Defense Nos. 5-8, 10, 16-17, 19, 29-30, 33 and Underwriter Defense Nos. 15, 17-18, 21-23, 26, 29, 31-34 should be struck with prejudice because

these purported defenses present nothing but boilerplate recitations, are repetitive, inapplicable, and devoid of facts and circumstances that link them to the instant case.

Finally, as explained in Lead Plaintiff's motion, the Negative Defenses should be stricken because they are not affirmative defenses at all. Mot. at Section III.A. Defendants do not—and could not—argue that these defenses are proper. *See* Opp. at 10-12. Instead, Defendants cling to an admittedly uncommon approach that permits these impermissible negative defenses to proceed. *Compare* Opp. at 11 n. 4 *with DeSalvo v. Islands Restaurants, L.P.*, 2020 WL 4035071, at *3 (C.D. Cal. July 16, 2020) (recognizing the "minority approach" that negative defenses are properly raised in responsive pleadings). Courts routinely strike negative defenses like these, and this Court should do so here. *See* Mot. at Section III.A; *Schwarz v. Meinberg*, 2016 WL 4011716, at *5 (C.D. Cal. July 15, 2016); *Verdiglione v. Mercado Del Rio Prop., LLC*, 2019 WL 6711700, at *5 (C.D. Cal. June 3, 2019); *Slocum v. JPMorgan Chase Bank*, 2019 WL 6873653, at *5 (C.D. Cal. July 8, 2019).[5]

Even if the Court was not inclined to strike these "negative defenses," the record should be made clear that they are in fact general denials and not affirmative defenses. *In re Wash. Mut. Inc. Sec., Deriv. & ERISA Litig.*, 2011 WL 1158387, at *2 (W.D. Wash Mar. 25, 2011) (Opp. at 12).

---

[5] Nowhere in the Federal Rules is there anything authorizing "negative defenses" or requiring a plaintiff to show prejudice in making a motion to strike an affirmative defense. *Bureau of Consumer Fin. Prot. v. Performance SLC, LLC*, 2021 WL 2982275, at *3 (C.D. Cal. Apr. 2, 2021) (striking defendant's negative affirmative defenses because "[p]rohibiting the Defendants from asserting insufficient affirmative defenses saves time, money, and judicial resources"). Quite the opposite. Numerous courts in this district have simply struck negative defenses without so much as a mention to any purported prejudice requirement. *See BLK. Brands LLC v. Five Tran Inv. Grp., LLC*, 2021 WL 3077949, at *5 (C.D. Cal. Apr. 7, 2021); *Rosario v. 11343 Penrose Inc.*, 2020 WL 8812460, at *13 (C.D. Cal. Oct. 26, 2020); *Clean Safety*, 2021 WL 5935478, at *3.

**B.**      **Honest Defense Nos. 11, 14-15, 18, 28 and Underwriter Defense Nos. 7, 9-12, 14, 16, 20, 24-25 Should be Struck to the Extent They Are Broader than the Due Diligence, Actual Knowledge, Negative Causation, or Contribution Provisions of Section 11**

Defendants take a curiously thwarted view of Lead Plaintiff's arguments as to Honest Defense Nos. 11, 14-15, 18, 28 and Underwriter Defense Nos. 7, 9-12, 14, 16, 20, 24-25—namely that Lead Plaintiff cannot move to strike a portion of them to the extent they are broader than what is provided for by Section 11. To be sure, Lead Plaintiff makes this argument only based on a gratuitous reading of the Answers and in an attempt to decipher what is being asserted in otherwise inapplicable and insufficiently pled defenses because Lead Plaintiff is entitled to know what defenses in fact may apply to her claims.[6]

In a frenzied quest for a "gotcha," Defendants seem to think something has been gained by Lead Plaintiff's "concession" that these challenged defenses could be raised in this litigation. Opp. at 19. However, even the most rudimentary review of the Securities Act would reveal that due diligence, actual knowledge, and negative causation may be asserted in this Action. *See* 15 U.S.C. §77k(b)(3), (e). Lead Plaintiff is entitled to know how these 11 affirmative defenses differ from the three Lead Plaintiff can glean, and in any event, striking these improperly pled affirmative defenses, to the extent they exceed the statutory bounds of the Securities Act, would certainly "avoid the expenditure of time and money that may arise from litigation spurious issues by dispensing with those issues prior to trial." *Rosario*, 2020 WL 8812460, at *10.

Finally, Defendants appear to concede that their comparative fault, indemnification, and contribution allegations are "mistakenly designated crossclaims."

---

[6] Defendants state that because Lead Plaintiff does not cite any authority that struck only a portion of an affirmative defense, it is impossible for the Court to do so. However, not only does Defendants' own authority contemplate the possibility of striking a portion of an affirmative defense (*see* Opp. at 19 ("If there is any doubt whether *the portion to be stricken* might bear…")), but "whether to grant a motion to strike lies within the sound discretion of the district court." *DeSalvo*, 2020 WL 4035071, at *2.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

9

Opp. at 19-20. Thus, the Court should "impose terms" for having Honest Defense Nos. 15, 28 and Underwriter Defense Nos. 16, 25, replead as crossclaims. Opp. at 20; *see Entrepreneur Media, Inc. v. Roach*, 2021 WL 1187107, at *3 (C.D. Cal. Feb. 9, 2021) (recognizing court can "fix Defendants' mistaken labeling of an … affirmative defense instead of as a counterclaim"); *DePaul Indus. v. City of Eugene*, 2020 WL 5078758, at *6 (D. Or. Aug. 27, 2020) (granting leave to file an amended answer to re-allege counterclaims initially asserted as affirmative defenses).[7] Lead Plaintiff is entitled to know at this stage of the litigation which of the Defendants' allegations are actually asserted as defenses to Lead Plaintiff's claims so she need not commit resources and discovery efforts to matters outside of Lead Plaintiff's case.

## IV.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant her Motion.

Dated: September 28, 2022                    Respectfully Submitted,

**LABATON SUCHAROW LLP**

By: */s/ Alfred L. Fatale III*

Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Lisa Strejlau*

---

[7] Underwriter Defense No. 16 broadly states that "the Underwriter Defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other person or entities contributed to the happening of the incident and alleged damages upon which Lead Plaintiff and members of the putative class seek recovery," despite Section 11 plainly stating that Defendants are jointly and severally liable to Lead Plaintiff and the Class. *Compare* Underwriter Defense No. 16 *with Schumacher v. Georgia-Pac. Corrugated LLC*, 2019 WL 8013092, at *2 (C.D. Cal. Dec. 12, 2019) (Opp. at 8) (striking defense that "Plaintiff's alleged damages 'were proximately caused by ... the acts or omissions of others'"). Now Defendants seek to amend this affirmative defense through their brief to the limited circumstances in which the Underwriter Defendants would be entitled to a contribution bar from the other Defendants should there be a partial settlement in the future. To be clear, nowhere does Underwriter Defense No. 16 discuss settlements, non-settling defendants, or contribution bars. Moreover, as with the other defenses discussed in this section, it is unclear how this is an affirmative defense to Lead Plaintiff's claims rather than a crossclaim for a contribution bar vis-a-vie a settling joint tortfeasor.

140 Broadway
New York, NY 10005
Telephone: 212 907 0700
Fax: 212 818 0477
jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
lstrejlau@labaton.com

*admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff
Kathie Ng and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Lead Plaintiff
Kathie Ng and the Class*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 2:21-CV-07405-MCS-PLA

11