UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION

Case No. 2:21-cv-07405-MCS-PLA

**ORDER RE: LEAD PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (ECF NO. 85)**

Lead Plaintiff Kathie Ng ("Lead Plaintiff") moves to strike affirmative defenses asserted by Defendants The Honest Company, Inc. ("Honest"), Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren (collectively, the "Honest Defendants") and Defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants," and with the Honest Defendants, "Defendants"). (Mot., ECF No. 85.) Defendants jointly opposed the motion, (Opp'n, ECF No. 88), and Lead Plaintiff filed a reply, (Reply, ECF No. 89). The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

1

## I.    BACKGROUND

The Court set forth a detailed account of the factual allegations in this action in its prior order denying Defendants' Motion to Dismiss. (Order Re: Motion to Dismiss, ECF No. 71.)  In short, Lead Plaintiff seeks to represent a class of purchasers of Honest's common stock who were allegedly damaged by Defendants' misrepresentations and omissions made as part of Honest's initial public offering.

On August 17, 2022, the Honest Defendants and Underwriter Defendants filed separate answers articulating their affirmative defenses. (Honest Defendants' Answer, ECF No. 80; Underwriter Defendants' Answer, ECF No. 81.)  The Honest Defendants asserted 33 affirmative defenses in addition to a catch-all reservation of rights: 1) failure to state a cause of action; 2) failure to plead fraud with particularity; 3) no efficient market; 4) failure to allege facts sufficient to sustain class certification; 5) justification, 6) waiver; 7) assumption of risk; 8) estoppel; 9) lack of standing; 10) failure to mitigate; 11) lack of proximate cause; 12) damages are subject to offset in amount of benefit to Plaintiffs; 13) Defendants' statements were truthful; 14) good faith; 15) comparative fault;  16) ratification;  17) unclean  hands;  18) available  contrary  information; 19) Plaintiffs' losses were not caused by Defendants' statements or omissions; 20) lack of tracing; 21) bespeaks caution; 22) nonactionable opinion; 23) nonmateriality; 24) no duty to disclose; 25) no duty to update; 26) lack of reliance; 27) no underlying Section 11 liability; 28) indemnification and contribution; 29) no entitlement to prejudgment interest; 30) no entitlement to costs of litigation; 31) no violation of Item 303; 32) Plaintiffs may not recover damages in excess of price at which shares were offered; and 33) incorporation of other Defendants' defenses. (Honest Defendants' Answer 34–41.)

The Underwriter Defendants asserted 34 affirmative defenses: 1) failure to state a claim; 2) lack of material misstatements or omissions, bespeaks caution, and lack of liability for third party misstatement or omission; 3) no duty to disclose; 4) alleged misstatements or omissions were not material; 5) allegedly misrepresented or omitted

2

information was accurate or actually disclosed; 6) no Item 303 violation; 7) allegedly omitted information was already disclosed or publicly known; 8) lack of standing; 9) good faith; 10) due diligence; 11) reasonable reliance on expert opinion; 12) superseding or intervening cause; 13) no cognizable injury; 14) depreciation of stock price was not due to alleged misstatement or omissions; 15) injuries resulted from acts or omissions of Plaintiffs; 16) third party negligence; 17) laches, equitable estoppel, waiver, or another equitable doctrine; 18) unclean hands; 19) claim not properly maintainable as class action; 20) Plaintiffs were aware of alleged misstatement or omission; 21) Plaintiffs are not entitled to attorney's fees; 22) lack of jurisdiction; 23) statute of limitations; 24) Defendants could not have been aware of falsity of statements; 25) indemnification and contribution; 26) Plaintiffs may not recover damages in excess of price at which shares were offered; 27) nonactionable opinion; 28) Defendants' conduct conformed with SEC rules and regulations; 29) assumption of risk; 30) 15 U.S.C.. § 77k(g) prevents Plaintiffs from recovering damages which exceed initial stock price; 31) Plaintiffs could have disposed of stock at a price in excess of offering price; 32) failure to mitigate damages; 33) reservation of defenses against putative class members; and 34) reservation of defenses identified through discovery. (Underwriter Defendants' Answer 30–36.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The function of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted).  Motions to strike "are generally regarded with disfavor because of the limited importance of pleading in federal practice," and "are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Gaines v. AT&T*

*Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019) (internal quotation marks omitted); *see also In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008). "Before a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). "In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011).

## III.   DISCUSSION

Lead Plaintiff moves to strike all of the affirmative defenses in both answers. Lead Plaintiff offers four general arguments in support of her motion.  First, Lead Plaintiff claims Honest Defendants' affirmative defense numbers 1–4, 9, 12–13, 20–27, and 31–32 as well as Underwriter Defendants' affirmative defense numbers 1–6, 8, 13, 19, 27–28, and 30 are not affirmative defenses at all, but are instead negative defenses that simply deny or rebut the complaint's allegations. (Mot. 4–8.)  Second, Honest Defendants' affirmative defense numbers 5–8, 10, 16–17, 19, 29–30, and 33, as well as Underwriter Defendants' affirmative defense numbers 15, 17–18, 21–23, 26, 29, and 31–34, are insufficiently pleaded and should be stricken  on the grounds they lack any relevant facts to support their assertions. (*Id.* at 8–12.)  Third, Honest Defendants' affirmative defense numbers 11, 14, and 18 and Underwriter Defendants' affirmative defense numbers 7, 9–12, 14, 20, and 24 should be stricken to the extent they are broader than what is allowable or otherwise are invalid under the applicable law. (*Id.* at 12–14.) Finally, Honest Defendants' affirmative defense numbers 15 and 28 as well as Underwriter Defendants' affirmative defense numbers 16 and 25 are better classified as crossclaims against joint tortfeasors. (*Id.* at 14–15.)

///

///

4

## A.    The Negative Defenses

Negative defenses may be raised in an answer, *see* Fed. R. Civ. P. 8(b), and mistakenly categorizing a negative defense as an affirmative defense generally is not a basis for striking it, *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 567 (S.D. Cal. 2012). The motion to strike the negative defenses is DENIED on this basis.

Additionally, Lead Plaintiff fails to demonstrate prejudice.  There is a split of authority as to whether a motion to strike under Rule 12(f) is appropriate when the moving party has failed to demonstrate it will suffer prejudice if the motion is not granted.  *Compare, e.g.*, *Rosario v. 11343 Penrose Inc.*, No. 2:20-cv-04715-SB-RAO, 2020 WL 8812460, at *11 (C.D. Cal. Oct. 26, 2020) (striking affirmative defenses without requiring showing of prejudice), *with Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y.*, No. SACV 13-749-JST (JPRx), 2013 WL 3776337, at *2 (C.D. Cal. July 17, 2013) (concluding a motion to strike is not generally granted absent a "showing of prejudice to the moving party" (internal quotation marks omitted)).

This Court subscribes to the position that courts should deny motions to strike when they do not align with Rule 12(f)'s central purpose of avoiding the unnecessary expenditure of time and money or enhancing efficiency by dispensing with spurious issues prior to trial. *See Aldrich v. Romo*, No. 5:20-cv-00974-MCS-KK, 2021 U.S. Dist. LEXIS 150448, at *6–7 (C.D. Cal. Mar. 11, 2021) (Scarsi, J.).  Additionally, "because they often needlessly extend litigation, broad motions to strike rarely avoid the expenditure of time and money and are generally disfavored." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 990 (E.D. Cal. 2016) (quoting *United States v. Gibson Wine Co.*, No. 1:15-cv-1900-AWI-SKO, 2016 WL 1626988, at *4 (E.D. Cal. Apr. 25, 2016)).  The moving party, therefore, must offer specific support showing a motion to strike is necessary to avoid prejudice or will further the interests of judicial efficiency.  Consequently, the mere fact that an affirmative defense denies or attempts to rebut an allegation, without more, cannot sustain a motion to strike.

Here, Lead Plaintiff argues "[p]ermitting the challenged 'defenses' to stand

5

would require Lead Plaintiff to waste her resources conducting extensive discovery into numerous improper and insufficiently pleaded defenses." (Mot. 3.)  Yet at the same time, she argues the negative defenses are merely "'an argument that the plaintiff has not met its burden of alleging the elements of its claim' and thus, should be stricken." (*Id.* at 5 (quoting *LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 818 (N.D. Cal. 2019)).)  Even if the Court were to adopt Lead Plaintiff's proposed characterization of the negative defenses, it is unclear how these defenses could result in prejudice given Lead Plaintiff must still meet the burden of proving her allegations.  For similar reasons, it cannot be said that striking these defenses would eliminate the need to address "spurious issues by dispensing with those issues prior to trial." *Whittlestone*, 618 F.3d at 973.

This conclusion is in line with the majority view of leading commentators. "[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. Apr. 2022) ("Wright & Miller").  Similarly, "[w]hile courts differ on whether prejudice is a required element of the motion, a motion to strike is usually a waste of time and money without such a showing." Virginia A. Phillips & Karen L. Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial* § 9:376 (Cal. & 9th Cir. ed. Apr. 2022) (citation omitted).

The negative defenses require nothing more than that Lead Plaintiff meet her burden of proof.  Without a showing of prejudice, the motion to strike on this basis is therefore DENIED.

## B.    Insufficiently Pleaded Defenses

Lead Plaintiff next argues that Defendants' affirmative defenses are insufficiently pleaded because "[c]ourts in this District 'have consistently held that the heightened pleading standard under *Twombly/Iqbal* applies to affirmative defenses.'" (Mot. 8. (quoting *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-cv-07905-

WHO, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021)).)   In support of this conclusion, Lead Plaintiff cites a string of cases from the Northern District of California. Setting aside any confusion as to the district in which this Court sits, the Court's prior decisions clearly provide its position on the issue: neither the language of Rule 8(c) nor the holdings of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), requires a defendant meet anything other than the "fair notice" standard of pleading.   *See, e.g.*, *White v. Moore*, No. 2:21-cv-06964-MCS-MAA, 2022 U.S. Dist. LEXIS 144838, at *4–5 (C.D. Cal. Feb. 17, 2022) (Scarsi, J.).

Rule 8(a)(2) requires that a party seeking relief provide "a short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  Rule 8(c), on the other hand, merely requires the responding party "*state* any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c) (emphasis added).  The difference in the language is significant.  The Supreme Court's holdings in *Twombly* and *Iqbal* rest upon the understanding that Rule 8(a)(2)'s "showing" requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Conversely, the language of Rule 8(c) does not require the Defendant "show" anything at all, but simply "state" its affirmative defenses.  Ultimately, the fact that "*only* Rule 8(a) requires a 'showing' suggests *only* it should be governed by the plausibility standard."  *Nippon Sigmax Co., Ltd v. Kranos Corp.*, No. 8:21-CV-00375-DOC-(ADSx), 2021 WL 2634823, at *3 (C.D. Cal. June 25, 2021) (emphasis added).

This textual analysis of the Federal Rules is reinforced by basic considerations of fairness.  Generally, an affirmative defense that is not stated in a defendant's answer is either waived or forfeited.  *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008); *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 714 (9th Cir. 2020). As a result, "there is a notable distinction between the time plaintiff has to compose a complaint and the time a defendant has to answer it, making it reasonable to impose stricter pleading requirements on a plaintiff . . . than a defendant who is only given 21

7

days to respond to a complaint." *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 799 (C.D. Cal. 2016) (internal quotation marks omitted) (ellipsis in original). Accordingly, *Twombly* and *Iqbal*'s heightened pleading standard does not apply to affirmative defenses under Rule 8(c).

Importantly, however, a defendant's ability to offer affirmative defenses is not without limits. A defendant is not free to conjure its responses out of thin air, as there must be "at least some valid factual basis in support of its affirmative defense." *Rosen*, 222 F. Supp. 3d at 798 (internal quotation marks omitted). An affirmative defense "need not be supported by detailed factual allegations," but it must give fair notice "of the grounds upon which it rests." *Kohler v. Staples Off. Superstore, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. 2013) (internal quotation marks omitted). "[A]n affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5 Wright & Miller § 1274 (footnotes omitted). Where a plaintiff can readily determine the grounds upon which an affirmative defense rests from the face of an answer, no additional factual support is required. *See Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1108 (C.D. Cal. 2008) ("With respect to some defenses, merely pleading the name of the affirmative defense may be sufficient." (cleaned up)).

In their opposition, Defendants appear to concede that some of their defenses do not satisfy the "fair notice" standard. (*See* Opp'n 8–9.) The Court concludes that as pleaded, these defenses do not provide sufficient notice or there is no factual basis to sustain them. The Court therefore GRANTS Lead Plaintiff's motion to strike Honest Defendants' affirmative defense numbers 5, 6, 8, 16, 33, and the catch-all reservation of rights. The Court further GRANTS Lead Plaintiff's motion to strike Underwriter Defendants' affirmative defense numbers 17, 22, 23, 33, and 34.

Because the Court concludes Defendants' remaining affirmative defenses provide sufficient notice to Lead Plaintiff, the Court DENIES Lead Plaintiff's motion

to strike the remaining affirmative defenses on the ground that they were inadequately pleaded.

### C.   Defenses Are Invalid under Applicable Law

Lead Plaintiff claims Honest Defendants' affirmative defense numbers 11, 14, and 18, as well as Underwriter Defendants' affirmative defense numbers 7, 9–12, 14, 20, and 24 are overbroad or otherwise invalid under the applicable law.

In her reply, Lead Plaintiff argues "to the extent" these affirmative defenses "exceed the statutory bounds" of the applicable law, failing to strike these defenses would result in the "'expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" (Reply 9 (misquotations corrected) (quoting *Rosario*, 2020 WL 8812460, at *10).) The *Rosario* court went on to recognize, however, "[a]n affirmative defense fails as a matter of law . . . if there is no set of facts that can prove it." *Id.* (internal quotation marks omitted). The Court is required to view Lead Plaintiff's motion in the light most favorable to Defendants as the nonmoving parties. *Cholakyan*, 796 F. Supp. 2d at 1245. At this stage in the proceeding, the Court is not yet convinced these affirmative defenses are *so* broad that that there is *no* set of facts that could sustain them.

Nor are there any other bases to grant Lead Plaintiff's motion with respect to these defenses. Defendants have provided sufficient "fair notice." (*See* Mot. 12–14) (characterizing nature of affirmative defenses).) Further, motions to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *In re New Century*, 588 F. Supp. 2d at 1220 (internal quotation marks omitted). Lead Plaintiff's motion makes it clear these defenses have at least *some* relation to the controversy. Lead Plaintiff acknowledges these defenses are applicable to some defendants but not others, or that they are generally relevant to the underlying conduct but may be applied in manner that goes beyond what is permissible under the applicable law. Again, viewing the motion in the light most favorable to Defendants, the Court is unprepared at this point to conclude

these defenses have "no possible bearing on the subject matter of the litigation." *In re New Century*, 588 F. Supp. 2d at 1220.

The Court DENIES this component of the motion.

## D. Crossclaims Pleaded as Affirmative Defenses

Lead Plaintiff contends Honest Defendants' affirmative defense numbers 15 and 28 as well as Underwriter Defendants' affirmative defense numbers 16 and 25 "appear to be mistakenly designated crossclaims against joint-tortfeasors rather than defenses to Lead Plaintiff's claims." (Mot. 14.)

Honest Defendants' affirmative defense number 15 states "Plaintiffs' claims are barred, in whole or in part, based on Plaintiffs' comparative fault." (Honest Defendants' Answer 37.) The Court concludes this is appropriately classified as an affirmative defense, and for reasons stated above, is not the proper subject of a motion to strike. *See Butcher v. City of Marysville*, 398 F. Supp. 3d 715, 729 (E.D. Cal. 2019) (denying motion to strike affirmative defense of comparative fault as factually sufficient).

With respect to Honest Defendants' affirmative defense number 28 and Underwriter Defendants' affirmative defense numbers 16 and 25, the Court agrees that they are more appropriately categorized as crossclaims.  The Court understands these defenses to allege third parties contributed to or are otherwise financially responsible for any liability attributed to Defendants.  Although the court may treat a pleading that "mistakenly designates a defense as a *counter*claim, or a *counter*claim as a defense" as if "it were correctly designated," the Court is unpersuaded that it has the authority to apply this treatment to *cross*claims. Fed. R. Civ. P. 8(c)(2) (emphases added).

Accordingly, the Court GRANTS Lead Plaintiff's motion to strike Honest Defendants' affirmative defense number 28 and Underwriter Defendants' affirmative defense numbers 16 and 25.

///

///

///

10

**E.      Leave to Amend**

The pleading deficiencies identified in this Order appear curable. Given the Ninth Circuit policy of granting leave to amend with "extreme liberality," *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (internal quotation marks omitted), the Court gives Defendants leave to amend the stricken affirmative defenses.

## IV.    CONCLUSION

Based on the reasoning set forth above, Lead Plaintiff's motion is GRANTED in part and DENIED in part.  The Court strikes Honest Defendants' affirmative defense numbers 5, 6, 8, 16, 28, 33, and the reservation of rights as well as Underwriter Defendants' affirmative defense numbers 16, 17, 22, 23, 25, 33, and 34.  The motion is denied in all other respects.

Defendants are granted leave to amend.  Defendants shall file amended answers (or one consolidated answer, if appropriate) within 14 days of the date of this Order. Defendants shall attach to their amended answers a "redline" version showing all additions and deletions of material.  (Initial Standing Order § 13, ECF No. 9.)  Leave to add new affirmative defenses or crossclaims must be sought by separate motion.

**IT IS SO ORDERED.**

Dated: October 26, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

11