Daniel H.R. Laguardia (State Bar No. 314654)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:   (415) 616-1100
Facsimile:   (415) 616-1199
Email:        daniel.laguardia@shearman.com

Attorney for Defendants
MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS, INC., WILLIAM BLAIR & COMPANY, L.L.C., GUGGENHEIM SECURITIES, LLC, TELSEY ADVISORY GROUP LLC, C.L. KING & ASSOCIATES, INC., LOOP CAPITAL MARKETS LLC, PENSERRA SECURITIES LLC, and SAMUEL A. RAMIREZ & COMPANY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 2:21-CV-07405-MCS-PLA |
|---|---|
| | **FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF THE UNDERWRITER DEFENDANTS TO THE CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Courtroom:   7C |
| | Judge:        Hon. Mark C. Scarsi |

Defendants Morgan Stanley & Co. LLC ("Morgan Stanley"), J.P. Morgan Securities LLC ("J.P. Morgan"), Jefferies LLC ("Jefferies"), BofA Securities, Inc. ("BofA"), Citigroup Global Markets, Inc. ("Citigroup"), William Blair & Company, L.L.C. ("William Blair"), Guggenheim Securities, LLC ("Guggenheim"), Telsey Advisory Group LLC ("Telsey"), C.L. King & Associates, Inc. ("C.L. King"), Loop Capital Markets LLC ("Loop"), Penserra Securities LLC ("Penserra"), and Samuel A. Ramirez & Company, Inc. ("Ramirez") (collectively, the "Underwriter Defendants") by their undersigned counsel, respond as follows to the allegations in Lead Plaintiff's Consolidated Class Action Complaint, filed on February 21, 2022 (the "Complaint"), insofar as they are made against the Underwriter Defendants.

All claims under Section 11 of the Securities Act of 1933 (the "Section 11 Claims") relating to statements in the Offering Documents[1] concerning Honest's "omnichannel approach" (the "Dismissed Claims") have been dismissed pursuant to the Court's July 18, 2022 Order (ECF No. 71) (the "Order") and no answer to allegations concerning these claims is required.

The Underwriter Defendants incorporate into each such response a denial of all allegations in the Complaint to the extent they (i) suggest that the Offering Documents contain material misstatements or omissions for which the Underwriter Defendants may be held liable, (ii) assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate statement of their contents, (iii) suggest that the Underwriter Defendants

---

[1] For the sake of clarity, and unless otherwise stated, the Underwriter Defendants herein use the defined terms and phrases set forth in the Complaint. In so doing, however, the Underwriter Defendants do not concede that any such definitions are proper. This includes the term "Offering Documents," which includes the Registration Statement that was filed by Honest on April 9, 2021, all amendments thereto, and the Prospectus that was filed on Form 424(b)(4) on May 4, 2021, as well as all Preliminary Prospectuses and updates and supplements thereto, which were incorporated into and formed part of the Registration Statement that became effective on May 4, 2021.

failed to conduct an adequate due diligence investigation, (iv) suggest that Lead Plaintiff or members of the putative class have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint or any alleged misstatement or omission in connection with the IPO, (v) suggest that the Underwriter Defendants have any liability under the Complaint and (vi) suggest that Lead Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for the claims against the Underwriter Defendants. The Underwriter Defendants deny any averments in the headings and subheadings in the Complaint.  The Underwriter Defendants intend to respond only as to allegations directed at the Underwriter Defendants individually, and where the Underwriter Defendants respond to allegations that concern the "Honest Defendants"[2] and not the Underwriter Defendants individually, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants unless the Underwriter Defendants expressly state otherwise.

The Underwriter Defendants further respond to the specific allegations in the Complaint as follows:

To the extent the allegations of the introductory paragraph on page 1 of the Complaint consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations of the introductory paragraph on page 1 of the Complaint, except admit that Lead Plaintiff purports to bring the claims described therein on the bases alleged.

## I.    NATURE OF THE ACTION

1.    To the extent the allegations contained in paragraph 1 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants or consist of legal conclusions, no response is required or appropriate.  To the extent a

---

[2] The "Honest Defendants" include defendants The Honest Company, Inc.; Katie Bayne; Scott Dahke; Kelly Kennedy; Eric Liaw; Jeremy Liew; Avik Praminik; Nikolaos Vlahos; and Jessica Warren.

response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

2.     To the extent the allegations contained in paragraph 2 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Securities Act for a complete and accurate statement of its contents.

3.     To the extent the allegations contained in paragraph 3 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 3.

4.     The Underwriter Defendants deny that the allegations in the first and third sentences contained in paragraph 4 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.  The Underwriter Defendants respectfully refer the Court to the statement referenced in the second sentence for a complete and accurate statement of its content and deny any inconsistent allegations contained in paragraph 4.

5.     To the extent the allegations contained in paragraph 5 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

6.     To the extent the allegations contained in paragraph 6 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the

Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

7. To the extent the allegations contained in paragraph 7 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in the first sentence of paragraph 7 and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

8. To the extent the allegations contained in paragraph 8 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 8 and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

9. To the extent the allegations contained in paragraph 9 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to publicly reported market services for the trading price of Honest's stock and deny any inconsistent allegations.

## II.   JURISDICTION AND VENUE

10. To the extent the allegations contained in paragraph 10 consist of legal conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that Lead Plaintiff purports to bring this action pursuant to the statutes cited therein.

11. To the extent the allegations contained in paragraph 11 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that Lead Plaintiff purports to base jurisdiction over this action on the statutes cited therein.

12. To the extent the allegations contained in paragraph 12 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except (i) admit that Lead Plaintiff purports to base venue on the statute cited therein, and (ii) admit and aver on information and belief that many of the alleged acts and transactions occurred within this District.

13. To the extent the allegations contained in paragraph 13 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that the mails, interstate wire and telephonic communications and/or the facilities of a national securities exchange were used in connection with the IPO.

## III. PARTIES

### A. Lead Plaintiff

14. To the extent the allegations contained in paragraph 14 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 14, except admit and aver that Lead Plaintiff submitted a certificate in this action purporting to set forth her ownership of Honest common stock. The Underwriter Defendants deny the allegations contained in the third sentence of paragraph 14. The Underwriter Defendants admit the allegations contained in the fourth sentence of paragraph 14.

### B. Defendants

#### 1. The Corporate Defendant

15. To the extent the allegations contained in paragraph 15 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations constitute a complete and accurate

FIRST AMENDED ANSWER TO AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

description of Honest and its business, except they admit that Honest is a Delaware corporation headquartered at 12130 Millennium Drive, #500, Los Angeles, California and has shares listed under the ticker symbol "HNST" on Nasdaq Global Market ("NASDAQ").

**2.      The Individual Defendants**

16.    To the extent the allegations contained in paragraph 16 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Nikolaos Vlahos, his history, title and role at Honest.

17.    To the extent the allegations contained in paragraph 17 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Kelly Kennedy, her history, title and role at Honest.

18.    To the extent the allegations contained in paragraph 18 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Jessica Warren, her history, title and role at Honest.

19.    To the extent the allegations contained in paragraph 19 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no

response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Katie Bayne, her history, title and role at Honest.

20. To the extent the allegations contained in paragraph 20 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Scott Dahnke, his history, title and role at Honest.

21. To the extent the allegations contained in paragraph 21 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Eric Liaw, his history, title and role at Honest.

22. To the extent the allegations contained in paragraph 22 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Jeremy Liew, his history, title and role at Honest.

23. To the extent the allegations contained in paragraph 23 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no

FIRST AMENDED ANSWER TO AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Avik Pramanik, his history, title and role at Honest.

24. Paragraph 24 does not contain factual allegations and no response is required.

25. To the extent the allegations contained in paragraph 25 relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants or consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate, misleading or incomplete statements and respectfully refer the Court to the Offering Documents and Honest's other public filings for the identities of who signed the referenced Registration Statement and public filings and for a description of the roles of these individuals in the IPO.

## C.   The Underwriter Defendants

26. The Underwriter Defendants deny that the allegations contained in paragraph 26 are a complete and accurate description of Morgan Stanley & Co. LLC's role in the IPO, except (i) admit it was allocated approximately 9,627,997 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

27. The Underwriter Defendants deny that the allegations contained in paragraph 27 are a complete and accurate description of J.P. Morgan Securities LLC's role in the IPO, except (i) admit it was allocated approximately 7,166,405 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

28.    The Underwriter Defendants deny that the allegations contained in paragraph 28 are a complete and accurate description of Jefferies LLC's role in the IPO, except (i) admit it was allocated approximately 3,771,792 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

29.    The Underwriter Defendants deny that the allegations contained in paragraph 29 are a complete and accurate description of BofA Securities, Inc.'s role in the IPO, except (i) admit it was allocated approximately 1,191,092 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

30.    The Underwriter Defendants deny that the allegations contained in paragraph 30 are a complete and accurate description of Citigroup Global Markets, Inc.'s role in the IPO, except (i) admit it was allocated approximately 1,191,092 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

31.    The Underwriter Defendants deny that the allegations contained in paragraph 31 are a complete and accurate description of William Blair & Company, L.L.C.'s role in the IPO, except (i) admit it was allocated approximately 952,874 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

32.    The Underwriter Defendants deny that the allegations contained in paragraph 32 are a complete and accurate description of Guggenheim Securities, LLC's role in the IPO, except (i) admit it was allocated approximately 774,210 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully

refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

33.    The Underwriter Defendants deny that the allegations contained in paragraph 33 are a complete and accurate description of Telsey Advisory Group LLC's role in the IPO, except (i) admit it was allocated approximately 416,882 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

34.    The Underwriter Defendants deny that the allegations contained in paragraph 34 are a complete and accurate description of C.L. King & Associates, Inc.'s role in the IPO, except (i) admit it was allocated approximately 178,664 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

35.    The Underwriter Defendants deny that the allegations contained in paragraph 35 are a complete and accurate description of Loop Capital Markets LLC's role in the IPO, except (i) admit it was allocated approximately 178,664 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

36.    The Underwriter Defendants deny that the allegations contained in paragraph 36 are a complete and accurate description of Penserra Securities LLC's role in the IPO, except (i) admit it was allocated approximately 178,664 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

37.    The Underwriter Defendants deny that the allegations contained in paragraph 37 are a complete and accurate description of Samuel A. Ramirez &

Company, Inc.'s role in the IPO, except (i) admit it was allocated approximately 178,664 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

38. Paragraph 38 does not contain factual allegations and no response is required.

39. The Underwriter Defendants deny the allegations contained in paragraph 39 are a complete and accurate description of their business and role in the IPO, and they respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO.

40. The Underwriter Defendants (i) admit that they participated in the IPO and (ii) respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO and deny any inconsistent allegations in paragraph 40.

41. The Underwriter Defendants (i) admit that they participated in the IPO and (ii) respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO and deny any inconsistent allegations in paragraph 41.

42. The Underwriter Defendants admit that they participated in the IPO, including conducting a reasonable investigation in connection with the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO and deny any inconsistent allegations in paragraph 42.

43. The Underwriter Defendants deny the allegations contained in paragraph 43, except they (i) admit that they participated in the IPO, including conducting a reasonable investigation in connection with the IPO, and (ii) respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO.

44. The Underwriter Defendants deny the allegations contained in paragraph 44, except they (i) admit that they participated in the IPO and (ii) respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO.

## IV. SUBSTANTIVE ALLEGATIONS

### A. Honest's Business and Omnichannel Approach

45. To the extent the allegations contained in paragraph 45 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 45 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

46. To the extent the allegations contained in paragraph 46 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 46 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

47. To the extent the allegations contained in paragraph 47 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 47 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

48. To the extent the allegations contained in paragraph 48 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 48 constitute a complete and accurate description of Honest and its business and

respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

49.    To the extent the allegations contained in paragraph 49 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 49 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

50.    To the extent the allegations contained in paragraph 50 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 50 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

51.    To the extent the allegations contained in paragraph 51 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 51 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

52.    To the extent the allegations contained in paragraph 52 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 52 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

## B.    Honest's Clean Conscious Diaper

53.    To the extent the allegations contained in paragraph 53 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 53 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

54.    To the extent the allegations contained in paragraph 54 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 54 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

55.    To the extent the allegations contained in paragraph 55 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 55 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

56.    To the extent the allegations contained in paragraph 56 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 56 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

57.    To the extent the allegations contained in paragraph 57 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 57.

58. To the extent the allegations contained in paragraph 58 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58.

59. To the extent the allegations contained in paragraph 59 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 59 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

60. To the extent the allegations contained in paragraph 61 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 61 constitute a complete and accurate description of the reviews referenced therein, and they respectfully refer the Court to the websites referenced in paragraph 61 for a complete and accurate statement of their contents.

61. To the extent the allegations contained in paragraph 62 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 62 constitute a complete and accurate description of the reviews referenced therein, and they respectfully refer the Court to the websites referenced in paragraph 62 for a complete and accurate statement of their contents.

62. To the extent the allegations contained in paragraph 63 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

FIRST AMENDED ANSWER TO AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

## C.    Honest's "Growth"

63.    To the extent the allegations contained in paragraph 64 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the disclosures by Honest referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

64.    To the extent the allegations contained in paragraph 65 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the disclosures by Honest referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

65.    To the extent the allegations contained in paragraph 66 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

66.    To the extent the allegations contained in paragraph 67 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the disclosures by Honest referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

67.    To the extent the allegations contained in paragraph 68 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations.

68.    To the extent the allegations contained in paragraph 69 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is

required, the Underwriter Defendants respectfully refer the Court to the disclosures by Honest and the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

69.    To the extent the allegations contained in paragraph 70 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

70.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71.

71.    To the extent the allegations contained in paragraph 72 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 72 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

72.    To the extent the allegations contained in paragraph 73 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 73 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

73.    To the extent the allegations contained in paragraph 74 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 74 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

74.    To the extent the allegations contained in paragraph 75 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 75

insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

### D.    Honest's IPO

75.    The Underwriter Defendants deny that the allegations contained in paragraph 76 constitute a complete and accurate description of the IPO and respectfully refer the Court to the Offering Documents for a description of the IPO as of their effective date.

76.    The Underwriter Defendants deny that the allegations contained in paragraph 77 constitute a complete and accurate description of the IPO and respectfully refer the Court to the Offering Documents for a description of the IPO as of their effective date.

77.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations contained in paragraph 78.

78.    To the extent the allegations contained in paragraph 79 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 to the extent it alleges that the Lead Plaintiff purchased or otherwise acquired Honest common stock pursuant and/or traceable to the IPO and the Offering Documents, and they deny that Lead Plaintiff was damaged as a result of the conduct alleged in the Complaint.

### E.    The Offering Documents Contained Materially False and Misleading Statements of Fact and Omitted Material Information

79.    To the extent the allegations contained in paragraph 80 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

FIRST AMENDED ANSWER TO AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

80. To the extent the allegations contained in paragraph 81 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents and statute referenced therein for a complete and accurate statement of their contents.

81. To the extent the allegations contained in paragraph 82 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents, SEC Regulation C, and Rule 408, 17 C.F.R. § 230.408(a) referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

82. To the extent the allegations contained in paragraph 83 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to Item 303 of Regulation S-K, 17 C.F.R. § 229.303 and the SEC's related interpretive releases referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

83. To the extent the allegations contained in paragraph 84 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to  the Offering Documents and Item 105 of Regulation S-K, 17 C.F.R. § 229.105 referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

### 1. The Offering Documents Contained Misstatements and Omissions About Honest's Product Innovation and its Clean Conscious Diaper

84. To the extent the allegations contained in paragraph 85 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate.

FIRST AMENDED ANSWER TO AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

85. To the extent the allegations contained in paragraph 86 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

86. To the extent the allegations contained in paragraph 87 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

87. To the extent the allegations contained in paragraph 88 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

88. To the extent the allegations contained in paragraph 89 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

89. To the extent the allegations contained in paragraph 90 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

90.     To the extent the allegations contained in paragraph 91 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

### 2.     The Offering Documents Contained Misstatements and Omissions About Honest's COVID-19 Inventory Stock Up

91.     To the extent the allegations contained in paragraph 92 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

92.     To the extent the allegations contained in paragraph 93 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

93.     To the extent the allegations contained in paragraph 94 or relate to the Dismissed Claims, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations.

94.     To the extent the allegations contained in paragraph 95 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

### 3.     The Offering Documents Failed to Disclose and Misrepresented Significant Risks That Made the Offering More Speculative and Risky

95.     To the extent the allegations contained in paragraph 96 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

96.     To the extent the allegations contained in paragraph 97 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

97.     To the extent the allegations contained in paragraph 98 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

98.     To the extent the allegations contained in paragraph 99 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

99.     To the extent the allegations contained in paragraph 100 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

100.    To the extent the allegations contained in paragraph 101 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

101.    To the extent the allegations contained in paragraph 102 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

102.    To the extent the allegations contained in paragraph 103 consist of legal conclusions or relate to the Dismissed Claims or claims not asserted against the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

103.    To the extent the allegations contained in paragraph 104 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

104.    To the extent the allegations contained in paragraph 105 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

105.    To the extent the allegations contained in paragraph 106 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate.

To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

106. To the extent the allegations contained in paragraph 107 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

107. To the extent the allegations contained in paragraph 108 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

108. To the extent the allegations contained in paragraph 109 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

109. To the extent the allegations contained in paragraph 110 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

**F.    Post-IPO Events Demonstrate that the Offering Documents Were Materially False and Misleading at the Time of the Offering**

110. To the extent the allegations contained in paragraph 111 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the press release

FIRST AMENDED ANSWER TO AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

111.   To the extent the allegations contained in paragraph 112 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

112.   To the extent the allegations contained in paragraph 113 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

113.   To the extent the allegations contained in paragraph 114 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

114.   To the extent the allegations contained in paragraph 115 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to publicly reported market services for the trading price of Honest's stock and deny any inconsistent allegations contained in paragraph 115.

115.   To the extent the allegations contained in paragraph 116 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the press release referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

116.   To the extent the allegations contained in paragraph 117 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the press release referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

117.   To the extent the allegations contained in paragraph 118 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the press release referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

118.   To the extent the allegations contained in paragraph 119 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

119.   To the extent the allegations contained in paragraph 120 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

120.   To the extent the allegations contained in paragraph 121 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to publicly reported market services for the trading price of Honest's stock and deny any inconsistent allegations.

121.   The Underwriter Defendants respectfully refer the Court to the analyst report referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

122. To the extent the allegations contained in paragraph 123 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to publicly reported market services for the trading price of Honest's stock and deny any inconsistent allegations.

## V. CLASS ALLEGATIONS

123. Paragraph 124 does not contain factual allegations and no response is required. To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in paragraph 124.

124. The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 125.

125. The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 126.

126. The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 127.

127. The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 128.

128. The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 129.

## VI. CAUSES OF ACTION

### COUNT I

**For Violation of Section 11 Of the Securities Act Against All Defendants**

129. The Underwriter Defendants repeat each and every response to Plaintiff's allegations above as if fully set forth herein.

130. To the extent the allegations of paragraph 131 consist of legal conclusions, no response is required or appropriate. To the extent a response is

required, the Underwriter Defendants deny the allegations, except they admit that Lead Plaintiff purports to bring the claim described therein.

131. To the extent the allegations of paragraph 132 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that Lead Plaintiff purports to bring the claim on the bases alleged.

132. To the extent the allegations of paragraph 133 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

133. To the extent the allegations contained in paragraph 134 consist of legal conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

134. To the extent the allegations contained in paragraph 135 consist of legal conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, The Underwriter Defendants deny the allegations.

135. To the extent the allegations contained in paragraph 136 consist of legal conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, The Underwriter Defendants deny the allegations.

136. To the extent the allegations of paragraph 137 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

137. To the extent the allegations of paragraph 138 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

138. To the extent the allegations of paragraph 139 consist of legal conclusions or to claims not asserted against the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

139. To the extent the allegations of paragraph 140 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

140. To the extent the allegations of paragraph 141 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

**COUNT II**

**For Violation of Section 15 Of the Securities Act Against**

**the Individual Defendants**

142 – 147. The allegations contained in paragraphs 142–147 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.

## VII.  PRAYER FOR RELIEF

148. The Underwriter Defendants deny that Lead Plaintiff or members of the putative class are entitled to the requested relief, or any relief, against the Underwriter Defendants, and the Underwriter Defendants request that the Court dismiss all claims against them with prejudice, enter judgment in their favor and against Lead Plaintiff, award them attorneys' fees, costs and expenses, and order such further relief as the Court deems just and proper.

## VIII.  JURY TRIAL DEMANDED

149. The Underwriter Defendants deny the allegations in the jury demand, except admit that Lead Plaintiff purports to demand a jury trial.

FIRST AMENDED ANSWER TO AMENDED COMPLAINT
CASE NO. 2:21-CV-7405-MCS (PLA)

### DEFENSES

The Underwriter Defendants state the following defenses and reserve their right to assert other and additional defenses, crossclaims and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, the Underwriter Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Lead Plaintiff and members of the putative class.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because they did not make any material misstatements or material omissions, the Offering Documents bespoke caution about the risks of investing in Honest, and the Underwriter Defendants are not responsible in law or fact for any material misstatement or material omissions by others.

### THIRD DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because they had no duty to disclose any facts allegedly not disclosed.

### FOURTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because any alleged misrepresentations or omissions for which the Underwriter Defendants are allegedly responsible were not material.

### FIFTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because the substance of any information that was allegedly misrepresented in and/or omitted from the Offering Documents was, in fact, represented accurately and/or disclosed.

**SIXTH DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because:  (i) the Offering Documents did not fail to state any trend, event or uncertainty under Item 303 of Regulation S-K; (ii) even if there was a trend, event or uncertainty, it was not known to the Honest Defendants at the time of the IPO; and (iii) even if there was a trend, event or uncertainty that was known to the Honest Defendants at the time of the IPO, the Honest Defendants could not reasonably expect that such known trend, event or uncertainty would have a material impact on Honest's net sales or revenues or income from continuing operations.

**SEVENTH DEFENSE**

Any allegedly material information allegedly omitted from the Offering Documents was already disclosed and/or publicly known.

**EIGHTH DEFENSE**

Lead Plaintiff and members of the putative class lack standing to maintain some or all of their claims under Section 11 of the Securities Act to the extent Lead Plaintiff and members of the putative class did not purchase stock in or traceable to the IPO.

**NINTH DEFENSE**

The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

**TENTH DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class because they had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the offering materials became effective, that the statements in the Offering Documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## ELEVENTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class to the extent that the acts or omissions alleged in the Complaint relate to portions of the Offering Documents reviewed by experts retained to assist in preparing such documents, including, but not limited to, independent auditors, tax specialists and legal counsel, as to which the Underwriter Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading, including, without limitation that the Underwriter Defendants were entitled to rely, and did rely reasonably and in good faith, upon the written opinion of issuer's counsel and other representations and opinions provided to the Underwriter Defendants in connection with the Offering Documents that, subject to the conditions stated therein, the Offering Documents did not violate Section 11 of the Securities Act.

## TWELFTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class to the extent that the conduct of persons and/or entities other than the Underwriter Defendants was a superseding or intervening cause of any damage, loss or injury sustained by Lead Plaintiff and members of the putative class.

## THIRTEENTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the putative class for any damages to the extent Lead Plaintiff and members of the putative class have incurred no legally cognizable injury or damages.

## FOURTEENTH DEFENSE

Lead Plaintiff and members of the putative class' claims against the Underwriter Defendants are barred in whole, or in part, because the depreciation in the market price of the Honest stock resulted from factors other than the purported misstatements or omissions alleged in the Complaint.

**FIFTEENTH DEFENSE**

Lead Plaintiff and members of the putative class' claims against the Underwriter Defendants are barred in whole, or in part, because the alleged damages or other injuries were caused solely by the acts or omissions of the Lead Plaintiff and members of the putative class or others over which the Underwriter Defendants had no control.

**SIXTEENTH DEFENSE**

In the event one or more defendants enters into a settlement with Lead Plaintiff, any subsequent judgment against the Underwriter Defendants must be reduced by the greater of the dollar value of the settlement or the amount of the settling defendants' proportionate liability.

**SEVENTEENTH DEFENSE**

Lead Plaintiff and members of the putative class' claims against the Underwriter Defendants are barred in whole, or in part, because of Lead Plaintiff and members of the putative class' inequitable conduct and unclean hands.

**EIGHTEENTH DEFENSE**

Lead Plaintiff and members of the putative class' claims are not properly maintainable as a class action.

**NINETEENTH DEFENSE**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, and if any of the Lead Plaintiff and members of the putative class were aware of that statement or omission, then such Lead Plaintiff and members of the putative class cannot prevail.

**TWENTIETH DEFENSE**

Lead Plaintiff and members of the putative class are not entitled to recover attorneys' fees, experts' fees or other costs and disbursements.

33                    FIRST AMENDED ANSWER TO AMENDED COMPLAINT
                      CASE NO. 2:21-CV-7405-MCS (PLA)

## TWENTY-FIRST DEFENSE

Lead Plaintiff and members of the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants did not know, and in the exercise of reasonable care, could not have known, of the alleged misstatements or omissions of fact in the offering materials.

## TWENTY-SECOND DEFENSE

None of the Underwriter Defendants are liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public.

## TWENTY-THIRD DEFENSE

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, because certain of the challenged statements contain expressions of opinion that Lead Plaintiff has not alleged, and cannot prove, either were not honestly held or contained embedded statements of false, material facts.

## TWENTY-FOURTH DEFENSE

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, because the offering materials complied with applicable statutes, rules and regulations of the SEC and any other statutes, rules or regulations in effect at the time of the conduct alleged in the Complaint.

## TWENTY-FIFTH DEFENSE

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, because Lead Plaintiff assumed the risks disclosed in the Offering Documents associated with the securities in question and any alleged losses were caused by those risks coming to fruition.

**TWENTY-SIXTH DEFENSE**

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, to the extent they seek damages "which exceed the price at which the security was offered to the public." 15 U.S.C. § 77k(g).

**TWENTY-SEVENTH DEFENSE**

Lead Plaintiff and members of the putative class' claims are barred in whole, or in part, to the extent that they held, disposed of or could have disposed of the securities at a price in excess of the offering price.

**TWENTY-EIGHTH DEFENSE**

Without admitting that Lead Plaintiff or members of the putative class suffered damages in any amount, or that any defendants are or should be liable for any such damages, to the extent that Lead Plaintiff failed to mitigate, minimize or avoid any loss or damage referred to in the Complaint, any recovery against the Underwriter Defendants must be reduced by that amount or eliminated.

Dated:  October 9, 2022          Respectfully Submitted,

SHEARMAN & STERLING LLP

By: */s/ Daniel H.R. Laguardia*

Daniel H.R. Laguardia

*Attorney for Defendants*
MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS, INC., WILLIAM BLAIR & COMPANY, L.L.C.,

GUGGENHEIM SECURITIES, LLC, TELSEY ADVISORY GROUP LLC, C.L. KING & ASSOCIATES, INC., LOOP CAPITAL MARKETS LLC, PENSERRA SECURITIES LLC, and SAMUEL A. RAMIREZ & COMPANY, INC.