**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)
David J. Schwartz (*pro hac vice)*
Alfred L. Fatale III (*pro hac vice*)
Joseph N. Cotilletta (*pro hac vice*)
Lisa Strejlau (*pro hac vice)*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
jcotilletta@labaton.com
lstrejlau@labaton.com

*Lead Counsel for Lead Plaintiff
Kathie Ng and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Lead Plaintiff
Kathie Ng and the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 21-CV-07405-MCS-PLA **DISCOVERY MATTER** **MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF INSURANCE POLICIES UNDER FED. R. CIV. P. 26** Date: December 21, 2022 Time: 10:00 a.m. Courtroom: 780 Judge: Hon. Paul L. Abrams Non-Expert Discovery Cutoff: 8/18/23 Expert Discovery Cutoff: 9/18/23 Pretrial Conference: None Trial: None |

Lead Plaintiff Kathie Ng, by and through her undersigned counsel, respectfully submits this Memorandum of Law in Support of Lead Plaintiff's Motion to Compel Disclosure of Insurance Policies Under Fed. R. Civ. P. 26 (the "Motion").

## I.    INTRODUCTION

Lead Plaintiff brings this Motion to Compel because the Underwriter Defendants refuse to provide mandatory disclosures under Fed. R. Civ. P. 26(a)(1)(A)(iv) (*i.e.*, copies of insurance agreements). The Underwriter Defendants have taken the erroneous position that they are entitled to produce only relevant portions of these agreements at a time they unilaterally deem appropriate. Despite several unanswered letters—including a request to meet and confer pursuant to L.R. 37-1—no such insurance agreements have been produced as of the date of this Motion. Most recently, the Underwriter Defendants ignored Lead Plaintiff's correspondence regarding the joint stipulation pursuant to L.R. 37.2.

For the reasons set forth herein, and in the accompanying Declaration of Alfred L. Fatale III ("Fatale Declaration"), Lead Plaintiff respectfully submits that this Motion should be granted and the Underwriter Defendants should be ordered disclose insurance agreements as required by Fed. R. Civ. P. 26(a)(1)(A)(iv).

### A.    The Underwriter Defendants' Initial Disclosures

The Underwriter Defendants produced their Initial Disclosures on October 14, 2022. Fatale Decl. ¶3, Ex. 2. Notwithstanding Fed. R. Civ. P. 26's clear requirement that the Underwriter Defendants had a duty to disclose any insurance agreements that may satisfy a judgment in this action, their initial disclosures stated the following:

> The Underwriter Defendants will provide at the appropriate time relevant portions of insurance agreements, if any, under which an insurer may be liable to satisfy all or party [sic] of a judgment which may be entered in the action or to indemnify or reimburse payments made to satisfy the judgment.

MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION
TO COMPEL DISCLOSURE OF INSURANCE POLICIES UNDER FED. R. CIV. P. 26
Case No.: 21-CV-07405-MCS-PLA

2

Fatale Decl. ¶3, Ex. 2. To date, the Underwriter Defendants have not provided the applicable insurance agreements.

### B.     Lead Plaintiff's Attempts to Meet and Confer

The Underwriter Defendants have continuously evaded their duty to disclose under Fed. R. Civ. P. 26. Ignoring that the "appropriate time" was October 14, 2022, the Underwriter Defendants did not produce any insurance agreements, including any "relevant portions" of the applicable insurance agreements with their initial disclosures. On October 19, 2022, counsel for Lead Plaintiff wrote to counsel for the Underwriter Defendants requesting such disclosure. Fatale Decl. ¶5, Ex. 3. Counsel for the Underwriter Defendants did not respond. On November 4, 2022, counsel for Lead Plaintiff again wrote to counsel for the Underwriter Defendants requesting a meet and confer no later than November 14, 2022 pursuant to LR 37-1 regarding the Underwriter Defendants' initial disclosures. Fatale Decl. ¶7, Ex. 4. Counsel for the Underwriter Defendants did not respond. On November 15, 2022, counsel for Lead Plaintiff wrote to the Underwriter Defendants pursuant to LR 37-2.2 and provided a draft joint stipulation. Fatale Decl. ¶9, Ex. 5. The Underwriter Defendants failed to respond to counsel for Lead Plaintiff and did not contribute to the proposed joint stipulation, leaving Lead Plaintiff with no choice but to expend unnecessary resources filing this motion.[1]

Not only have the Underwriter Defendants completely sidestepped their obligations by ignoring the precise information they are required to disclose under Fed. R. Civ. P. 26(a)(1)(iv), but they have also ignored Lead Plaintiff's repeated attempts to resolve this issue without Court intervention and meet and confer in accordance with this Court's applicable rules.

---

[1]     As explained in the Notice of Motion and the accompanying Fatale Declaration, the Underwriter Defendants' failure to meet and confer and contribute to the preparation of the joint stipulation resulted in the filing of this motion absent a joint stipulation pursuant to L.R. 37-2.4.

MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION
TO COMPEL DISCLOSURE OF INSURANCE POLICIES UNDER FED. R. CIV. P. 26
Case No.: 21-CV-07405-MCS-PLA

3

## II.   LEAD PLAINTIFF IS ENTITLED TO THE UNDERWRITER DEFENDANTS' INSURANCE POLICIES

Lead Plaintiff seeks disclosure of all insurance policies applicable to this action. As required by Fed. R. Civ. P. 26, "a party must, without awaiting a discovery request, provide to the other parties … any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(iv). The Underwriter Defendants' insurance agreements fall squarely within the required disclosure under Fed. R. Civ. P. 26.

Fed. R. Civ. P 26(a)(1)(A) is designed to accelerate the exchange of information necessary to make meaningful strategy decisions about a particular litigation. As the Notes of Advisory Committee on Rules states, "[d]isclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." *See* Advisory Committee's Notes (1970). The importance of disclosure under Fed. R. Civ. P. 26(a) is reiterated in Judge Scarsi's Standing Order, which states:

> The parties are reminded of their obligations under Fed. R. Civ. P. 26(a)(1) to make initial disclosures without awaiting a discovery request, and under Fed. R. Civ. P. 26(f) to confer on a discovery plan by 21 days before the Scheduling Conference. The Court encourages counsel to agree to begin to conduct discovery actively *before* the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery.

*See* Fatale Decl. ¶11, Ex. 6 (Order Setting Scheduling Conference (ECF No. 83) at 2).

MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION
TO COMPEL DISCLOSURE OF INSURANCE POLICIES UNDER FED. R. CIV. P. 26
Case No.: 21-CV-07405-MCS-PLA

4

It is indisputable that these insurance policies must be disclosed at this stage, and the Underwriter Defendants' failure to produce such agreements violates their disclosure obligations under Fed. R. Civ. P. 26(a)(1)(A)(iv). *See Woodard v. Labrada*, 2017 WL 1018306, at *12 (C.D. Cal. Mar. 6, 2017) ("[I]nsurance policies are required initial disclosures that must be provided to plaintiff … without awaiting a discovery request"); *CAMOFI Master LDC v. Pressman*, 2015 WL 12699420, at *2 (C.D. Cal. Sept. 24, 2015) (requiring production of insurance agreements as required by Fed. R. Civ. P. 26(a)(1)(A)(iv)); *Alves v. Riverside Cnty.*, 339 F.R.D. 556, 560, 562 (C.D. Cal. 2021) (compelling production of "any and all insurance-related documents" and finding "disclosure under Rule 26(a)(1)(A)(iv) is absolute and does not need a showing of relevance."); *In re Plascencia*, 2012 WL 2161412, at *8 (Bankr. N.D. Cal. June 12, 2012) (granting motion to compel disclosure of any insurance agreements and finding such disclosure to be required "as part of initial disclosures, without awaiting a discovery request").

Here, the Underwriter Defendants have acted contrary to both the express provisions and the spirit of Fed. R. Civ. P. 26 by refusing to produce insurance agreements applicable to this action. Nor have the Underwriter Defendants proffered any support for their view that these agreements are not required to be produced in connection with their initial disclosures. Most egregiously, the Underwriter Defendants have completely ignored both this local rules of this Court and counsel for Lead Plaintiff's efforts to resolve this dispute without Court intervention—utterly disregarding the substantial effort and resources expended by both counsel for Lead Plaintiff and the Court in pursuing a resolution of this dispute.

## III.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court order the Underwriter Defendants to disclose any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible

MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION
TO COMPEL DISCLOSURE OF INSURANCE POLICIES UNDER FED. R. CIV. P. 26
Case No.: 21-CV-07405-MCS-PLA

5

judgment in the action or to indemnify or reimburse for payment made to satisfy the judgment required by Fed. R. Civ. P. 26(a)(1)(A)(iv).

Dated: November 23, 2022                      LABATON SUCHAROW LLP

                                              By:   /s/ Alfred L. Fatale III
                                                    Alfred L. Fatale III

                                              140 Broadway
                                              New York, New York 10005
                                              Telephone: (212) 907-0700
                                              Facsimile: (212) 818-0477

                                              *Counsel for Lead Plaintiff*
                                              *Kathie Ng and for the Class*

                                              THE SCHALL LAW FIRM
                                              Brian Schall (State Bar No. 290685)
                                              Rina Restaino (State Bar No. 285415)
                                              2049 Century Park East, Suite 2406
                                              Los Angeles, California 90067
                                              Telephone: (310) 301-3335
                                              Facsimile: (213) 519-5876

                                              *Liaison Counsel for the Class*

MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION
TO COMPEL DISCLOSURE OF INSURANCE POLICIES UNDER FED. R. CIV. P. 26
Case No.: 21-CV-07405-MCS-PLA

6