# EXHIBIT 4

**Labaton Sucharow**

**Alfred L. Fatale III**
Partner
212 907 0884  direct
212 907 0700  main
212 883 7084  fax
afatale@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

November 4, 2022

**VIA EMAIL**

Daniel H.R. Laguardia, Esq.
Shearman & Sterling LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105

Re:    *In re The Honest Company, Inc. Securities Litigation*, No. 21-cv-07405 (C.D. Cal.)

Dear Daniel,

Pursuant to Central District of California Local Rule 37-1 (Prefiling Conference of Counsel), this letter shall serve as Lead Plaintiff's request to meet and confer regarding the Underwriter Defendants' Rule 26(a)(1) initial disclosures (the "Initial Disclosures").

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), a party must disclose "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." As stated in our October 19 letter, this necessarily includes the Underwriter Defendants' insurance agreements given their joint and several liability as well as the indemnification provisions in Section 11(b) of the IPO's underwriting agreement.

It is indisputable that these insurance policies must be disclosed at this stage, and your clients' failure to produce such agreements violates their disclosure obligations under Fed. R. Civ. P. 26(a)(1)(A)(iv). *See Woodard v. Labrada*, 2017 WL 1018306, at *12 (C.D. Cal. Mar. 6, 2017) ("[I]nsurance policies are required initial disclosures that must be provided to plaintiff … without awaiting a discovery request"); *CAMOFI Master LDC v. Pressman*, 2015 WL 12699420, at *2 (C.D. Cal. Sept. 24, 2015) (requiring production of insurance agreements as required by Fed. R. Civ. P. 26(a)(1)(A)(iv)); *Alves v. Riverside Cnty.*, 339 F.R.D. 556, 560, 562 (C.D. Cal. 2021) (compelling production of "any and all insurance-related documents" and finding "disclosure under Rule 26(a)(1)(A)(iv) is absolute and does not need a showing of relevance."); *In re Plascencia*, 2012 WL 2161412, at *8 (Bankr. N.D. Cal. June 12, 2012) (granting motion to compel disclosure of any insurance agreements and finding such disclosure to be required "as part of initial disclosures, without awaiting a discovery request").

**Labaton
Sucharow**

Daniel H.R. Laguardia
November 4, 2022
Page 2

In our October 19 letter, we requested that your clients produce such agreement(s) or otherwise affirmatively state that no such agreement(s) exist by October 26, 2022. We have not received a response. Thus, please let us know when you are available to discuss the dispute before November 14, 2022 as it is our intention to move to compel a proper response.

Very truly yours,

Alfred L. Fatale III

Cc: Michael Tu, Esq.