**LABATON SUCHAROW LLP**
Jonathan Gardner*
David J. Schwartz*
Alfred L. Fatale III*
Joseph Cotilletta*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
dschwartz@labaton.com
afatale@labaton.com
jcotilletta@labaton.com

*admitted *pro hac vice*

*Class Counsel for Class Representative
Kathie Ng and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Class Representative
Kathie Ng and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 21-cv-07405-MCS-PLA<br><br>**JOINT STIPULATION AS TO NOTICE OF PENDENCY OF CLASS ACTION**<br><br>[PROPOSED ORDER LODGED CONCURRENTLY] |

WHEREAS, on May 1, 2023, the Court entered an Order (ECF No. 127) certifying the above-captioned action (the "Action") to proceed as a class action on behalf of a class consisting of all persons and entities that purchased or otherwise acquired The Honest Company, Inc. ("Honest" or the "Company") publicly traded common stock pursuant and traceable to the Offering Documents[1] for Honest's Initial Public Offering ("IPO") prior to August 19, 2021, as well as all persons and entities that acquire ownership of a trading account, retirement account, or any other similar investment account or portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, and were damaged thereby (collectively, the "Class" and

[1] The "Offering Documents" are Honest's April 9, 2021 registration statement on Form S-1, which following amendment, was declared effective by the U.S. Securities and Exchange Commission on May 4, 2021 (the "Registration Statement"), and a May 6, 2021 final prospectus on Form 424(b)(4), which forms part of the Registration Statement.

JOINT STIPULATION AS TO NOTICE OF PENDENCY
OF CLASS ACTION
- 1 -

individually, a "Class Member" or "Class Members"). Excluded from the Class are: (i) Defendants and the Individual Defendants' immediate family members;[2] (ii) the officers, directors, affiliates, and subsidiaries of Honest and the Underwriter Defendants, at all relevant times; (iii) Honest's affiliates and employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Honest's common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any person who had or has a controlling interest in Honest, at all relevant times; (v) any entity in which any of the Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class;[3] and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such.

WHEREAS, the Court's May 1, 2023 Order directed Kathie Ng (the "Class Representative") and the Defendants (collectively, the Parties) to "meet and confer regarding a proposed plan for class notice to be given at Defendants' expense and submit the proposed plan for class notice … within 21 days of the date of th[e] Order."

WHEREAS, the Parties have met and conferred and have agreed to request that the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, enter an Order approving the proposed form and content of the proposed Notice of Pendency of Class Action ("Notice"), the proposed Postcard Notice, and the proposed Summary Notice of Pendency of Class Action ("Summary Notice," and collectively, the "Notices"), submitted herewith as Exhibits 1 through 3, to be disseminated to the Class, as well as the proposed method for dissemination of these notices;

---

[2] The "Individual Defendants" are Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren. The "Underwriter Defendants" are Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. Honest, the Individual Defendants, and the Underwriter Defendants are collectively referred to as the "Defendants."

[3] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

JOINT STIPULATION AS TO NOTICE OF PENDENCY OF CLASS ACTION

- 2 -

WHEREAS, the Class Representative represents that the Notices are consistent with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) because (1) the proposed long-form Notice states in clear, concise and plain language: (a) the nature of the action; (b) the definition of the certified Class; (c) the claims and issues of the Class; (d) a Class Member's right to enter an appearance by an attorney; (e) a Class Member's right to be excluded from the Class; (f) the time and manner for requesting exclusion; and (g) the binding effect of a judgment on Class Members (*see* Fed. R. Civ. P. 23(c)(2)(B)); (2) the Postcard Notice and Summary Notice provide abbreviated information concerning, among other things, the pendency of the Action, the definition of the Class, the binding effect of a judgment, how to request exclusion, and how to obtain more information about the Action and the Parties; and (3) the Notices explain the right of Class Members to seek exclusion from the Class, as well as the procedure for requesting exclusion, which must be mailed to the Administrator within sixty calendar days of the mailing of the Postcard Notice;

WHEREAS, the Class Representative represents that the proposed methods of disseminating the Notices satisfy the standards of due process, which does "not require actual notice," *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. 216, 231 (D.N.J. 1997), but rather "notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig. v. Toyota Motor Corp.*, 736 F. App'x 639, 640 (9th Cir. 2018) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)).

WHEREAS, the Class Representative, through the Administrator, will cause the Postcard Notice to be mailed by first-class mail to every potential Class Member who can be identified through reasonable effort, i.e., the Administrator will use transfer records provided by Honest and the Administrator's proprietary lists of the nation's largest brokers and nominees whose customers may be Class Members;

WHEREAS, brokers and other nominee purchasers of record will be required to either: (i) forward the Postcard Notice to their customers who are beneficial owners of Honest common

JOINT STIPULATION AS TO NOTICE OF PENDENCY
OF CLASS ACTION

- 3 -

stock; or send lists of the names and addresses of their customers to the Administrator, in which case the Administrator will then mail the Postcard Notice to the beneficial owners.

WHEREAS, to the extent email addresses for potential Class Members are provided, the Administrator will also transmit notice via email;

WHEREAS, the Administrator will cause the Summary Notice to be published in *The Wall Street Journal* and to be distributed on the internet using PR Newswire within fourteen (14) calendar days of the mailing of the Postcard Notice.

WHEREAS, the Administrator will post the long-form Notice on the website created and maintained for the litigation and mail the Notice upon request and the website for the litigation will also post information about the case, including the operative complaint and other relevant documents.

WHEREAS, the Class Representative believes that this combination of individual first-class mailed notice to all potential Class Members who can be identified with reasonable effort, supplemented by notice in *The Wall Street Journal* and over the internet, has been found by numerous courts overseeing class actions to be the "best notice . . . practicable under the circumstances" and should be approved. Fed. R. Civ. P. 23(c)(2)(B); *see, e.g.*, *In re MGM Mirage Sec. Litig.*, 708 F. App'x. 894, 896 (9th Cir. 2017) (affirming district court's approval of similar notice procedures as "the best practicable notice under the circumstances").[4]

---

[4] Courts have also repeatedly held that Rule 23 class notice may be provided to class members through postcards delivered by first-class mail. *See* William B. Rubenstein, *Newberg On Class Actions* § 8:28 (5th ed. Dec. 2019 update) ("[N]umerous courts have held that postcard notice is 'more than sufficient.'") (collecting cases). As courts have recognized, postcards are a particularly appropriate way to avoid the increased expense of other forms of dissemination. *See In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 182 n.3 (S.D.N.Y. 2014) ("The use of a combination of a mailed post card directing class members to a more detailed online notice has been approved by courts.") (citations omitted); *see also Di Donato v. Insys Therapeutics, Inc., et al.*, No. CV-16-00302-PHX-NVW (D. Ariz. Mar. 20, 2020) (approving class notice by way of postcard); *Baker v. SeaWorld Entertainment, Inc.*, Case No. 14-cv-2129-MMA (AGS), slip op. at 4 (S.D. Cal. Feb. 19, 2020) (approving postcard notice); *In re K12 Inc. Sec. Litig.*, No. 4:16-cv-04069-PJH, slip op. at 4 (N.D. Cal. Feb. 14, 2019) (same); *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, No. 1:12-md-02389-RWSGWG, slip op. at 3 (S.D.N.Y. June 8, 2016) (same); *Bowe v. Public Storage*, Case No.: 1:14-cv-21559-UU, slip op. at 1 (S.D. Fla. June 1, 2015) (same); *In re Miller Energy Res., Inc. Sec. Litig.*, No. 3:11-cv-00386-TAV-CCS, slip op. at 4-5 (E.D. Tenn. Oct. 8, 2014) (same); *In re Synovus Fin. Corp.*, No. 1:09-cv-01811-WCO, slip op. at 3-4 (N.D. Ga. June 3, 2014) (same).

JOINT STIPULATION AS TO NOTICE OF PENDENCY OF CLASS ACTION

WHEREAS, the Class Representative has selected Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Administrator") as the Administrator, which was chosen after a competitive bidding process. Epiq is a nationally recognized notice and claims administration firm, which was founded in 1993 and has handled more than a thousand securities class action administrations involving billions of dollars in recoveries. Epiq's curriculum vitae and declaration concerning the proposed notice of pendency are attached hereto as Exhibits 4 and 5, respectively;[5]

IT IS HEREBY STIPULATED AND AGREED by the Parties, and the Parties hereby jointly request that the Court order as follows:

1. The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B) as they, collectively, clearly and concisely state in plain and easily understood language all of the following: (a) the nature of the Action; (b) the definition of the certified Class; (c) the class claims and issues; (d) a Class Member's right to enter an appearance through an attorney if the Class Member so desires; (e) a Class Member's right to be excluded from the Class; (f) the time and manner for requesting exclusion; and (g) and the binding effect of a judgment on Class Members under Federal Rule of Civil Procedure 23(c)(3). The Notice, the Postcard Notice, the Summary Notice, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and of due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

2. Epiq shall be the Administrator.

3. The Administrator, subject to such supervision and direction of Class Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the notice program in accordance with the terms of the proposed Order. Other than the timely payment of

---

[5] A small sampling of their notable cases is: *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (settlement of more than $6 billion with 21 million notices mailed); *In re: Takata Airbag Products Liability Litigation* (individual notice mailing to more than 59 million class members, as part of $1.49 billion in multiple settlements); *Hale v. State Farm Mutual Automobile Insurance Company* ($250 million settlement with approximately 4.7 million class members). *See* Exhibit 4.

invoices for the cost of administering and disseminating the Notices, Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to, the selection of the Administrator, the actions or decisions of the Administrator, or the administration and dissemination of the Notices, and shall have no liability to Class Members in connection with such matters.

4. No later than seven (7) business days after entry of the proposed Order, Honest shall use reasonable efforts to, and at no cost to the Class, the Administrator, or Class Counsel, have its transfer agent provide or cause to be provided to the Administrator shareholder records (consisting of the shareholder names, addresses, and emails to the extent they exist) in electronic searchable form, such as excel, identifying all persons and entities who or which purchased or otherwise acquired Honest's publicly traded common stock from May 5, 2021 through August 18, 2021, inclusive.

5. The Administrator shall cause the Postcard Notice, substantially in the form attached hereto as Exhibit 2, to be mailed, by first-class mail, postage prepaid, not later than ten (10) business days from entry of the proposed Order (the "Notice Date"), to potential Class Members at the addresses set forth in the records provided by Honest pursuant to paragraph 4 above or who may otherwise be identified with reasonable effort.

6. The Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have, for the beneficial interest of any person or entity other than itself or themselves, purchased or otherwise acquired Honest's publicly traded common stock from May 5, 2021 through August 18, 2021, inclusive. Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Administrator forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator and the Administrator is ordered to send the Postcard Notices promptly to such identified beneficial owners. Nominees shall also provide email

JOINT STIPULATION AS TO NOTICE OF PENDENCY
OF CLASS ACTION

addresses for all such beneficial owners to the Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought. Postage will be reimbursed at the current pre-sort rate used by the Administrator.

7.     Contemporaneously with the mailing of the Postcard Notice, the Administrator shall cause a copy of the Notice, substantially in the form attached hereto as Exhibit 1, to be posted on the website established for this Action, from which Class Members may download copies of the Notice, among other documents. The Administrator shall provide copies of the Notice to Class Members upon reasonable request.

8.     The Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the mailing of the Postcard Notice.

9.     Class Members shall be bound by all determinations, orders, and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to request exclusion shall mail the request in written form by first class mail, postmarked no later than sixty (60) calendar days after the Notice Date, to the address designated in the Notices. The request for exclusion shall clearly state that the Class Member wishes to "request exclusion from the Class in *In re The Honest Company, Inc. Sec. Litig.* (C.D. Cal.)" and must (i) state the name, address, telephone number, and email address of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of shares of Honest common stock that the person requesting exclusion purchased or acquired from May 5, 2021 through August 18, 2021, inclusive; (iii) state how many of those

JOINT STIPULATION AS TO NOTICE OF PENDENCY
OF CLASS ACTION

shares the person or entity requesting exclusion sold; (iv) state the dates, number of shares, and prices of each such purchase/acquisition and sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

10.    Any Class Member who retains separate counsel in connection with this matter must have their counsel enter an appearance in the Action, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, no later than sixty (60) calendar days after the Notice Date.

11.    Within fifteen (15) business days following the expiration of the exclusion deadline, Class Counsel shall file with the Court proof of mailing of the Postcard Notice, proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class.

12.    The proposed Order, if granted, may be modified by the Court upon motion by any Party, for good cause shown.

Dated: May 22, 2023                    Respectfully Submitted,

**LABATON SUCHAROW LLP**

By: */s/ Alfred L. Fatale III*
        Jonathan Gardner*
        David J. Schwartz*
        Alfred L. Fatale III*
        Joseph Cotilletta*
        140 Broadway
        New York, NY 10005
        Telephone: 212 907 0700
        Fax: 212 818 0477
        jgardner@labaton.com
        dschwartz@labaton.com
        afatale@labaton.com
        jcotilletta@labaton.com

        *admitted *pro hac vice*

        *Class Counsel for Class Representative Kathie Ng and the Class*

JOINT STIPULATION AS TO NOTICE OF PENDENCY
OF CLASS ACTION                                                                - 8 -

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Class Representative
Kathie Ng and the Class*


**COOLEY LLP**

By: */s/ Michael C. Tu*
 Michael C. Tu

*Counsel for Defendants The Honest Company,
Inc., Katie Bayne, Scott Dahnke, Kelly Kennedy,
Eric Liaw, Jeremy Liew, Avik
Pramanik, Nikolaos Vlahos and Jessica
Warren*


**SHEARMAN & STERLING LLP**

By: */s/ Daniel H.R. Laguardia*
 Daniel H.R. Laguardia

*Counsel for Defendants Morgan Stanley & Co.
LLC, J.P. Morgan Securities LLC, Jefferies LLC,
BofA Securities, Inc., Citigroup Global Markets,
Inc., William Blair & Company, L.L.C.,
Guggenheim Securities, LLC, Telsey Advisory
Group LLC, C.L. King & Associates, Inc., Loop
Capital Markets LLC, Penserra Securities LLC, and
Samuel A. Ramirez & Company, Inc.*

Pursuant to L.R. 5-4.3.4, I, Alfred L. Fatale III, attest that all other signatories listed and on whose behalf this filing is submitted have authorized this filing and concur in its consent.


By:   */s/ Alfred L. Fatale III*
        Alfred L. Fatale III

JOINT STIPULATION AS TO NOTICE OF PENDENCY
OF CLASS ACTION