UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE THE HONEST COMPANY, INC.
SECURITIES LITIGATION

Case No. 21-cv-07405-MCS-PLA

**[PROPOSED] ORDER APPROVING NOTICE OF PENDENCY OF CLASS ACTION**

WHEREAS, on May 1, 2023, the Court entered an Order (ECF No. 127) certifying the above-captioned action (the "Action") to proceed as a class action on behalf of a class consisting of all persons and entities that purchased or otherwise acquired The Honest Company, Inc. ("Honest" or the "Company") publicly traded common stock pursuant and traceable to the Offering Documents[1] for Honest's Initial Public Offering ("IPO") prior to August 19, 2021, as well as all persons and entities that acquire ownership of a trading account, retirement account, or any other similar investment account or portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, and were damaged thereby (collectively, the "Class" and individually, a "Class Member" or "Class Members"). Excluded from the Class are: (i) Defendants and the Individual Defendants' immediate family members;[2] (ii) the officers, directors, affiliates, and subsidiaries of Honest and the Underwriter Defendants, at all relevant times; (iii) Honest's affiliates and employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Honest's common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any person who had or has a controlling interest in Honest, at all relevant times; (v) any entity in which any of the Defendants have or had a

---

[1] The "Offering Documents" are Honest's April 9, 2021 registration statement on Form S-1, which following amendment, was declared effective by the U.S. Securities and Exchange Commission on May 4, 2021 (the "Registration Statement"), and a May 6, 2021 final prospectus on Form 424(b)(4), which forms part of the Registration Statement.

[2] The "Individual Defendants" are Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren. The "Underwriter Defendants" are Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. Honest, the Individual Defendants, and the Underwriter Defendants are collectively referred to as the "Defendants."

[PROPOSED] ORDER APPROVING NOTICE OF PENDENCY
OF CLASS ACTION

- 1 -

controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class;[3] and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such.

WHEREAS, the Court's May 1, 2023 Order directed Kathie Ng (the "Class Representative") and the Defendants (collectively, the "Parties") to "meet and confer regarding a proposed plan for class notice to be given at Defendants' expense and submit the proposed plan for class notice … within 21 days of the date of th[e] Order."

WHEREAS, the Parties have met and conferred and have stipulated to request that the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, enter this Order approving the proposed form and content of notices to be disseminated to the Class, as well as the proposed method for dissemination of these notices (the "Stipulation");

WHEREAS, the Court has reviewed the Stipulation, the proposed Notice of Pendency of Class Action ("Notice"), the proposed Postcard Notice, and the proposed Summary Notice of Pendency of Class Action ("Summary Notice"), submitted with the Stipulation, and has found good cause for entering the following Order:

1.      This proposed Order is hereby GRANTED. The Court approves the form, substance, and requirements of the Notice, attached to the Stipulation as Exhibit 1; the Postcard Notice, attached to the Stipulation as Exhibit 2; and the Summary Notice, attached to the Stipulation as Exhibit 3 (together, the "Notices").

2.      The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B) as they, collectively, clearly and concisely state in plain and easily understood language all of the following: (a) the nature of the Action; (b) the definition of the certified Class; (c) the class claims and issues; (d) a Class Member's right to enter an appearance through an attorney if the member so desires; (e) a Class Member's right to be excluded from the Class; (f)

---

[3] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

[PROPOSED] ORDER APPROVING NOTICE OF PENDENCY
OF CLASS ACTION
- 2 -

the time and manner for requesting exclusion; and (g) and the binding effect of a judgment on Class Members under Federal Rule of Civil Procedure 23(c)(3). The Notice, the Postcard Notice, the Summary Notice, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and of due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. The Court approves the Class Representative's retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Administrator") as the Administrator.

4. The Administrator, subject to such supervision and direction of Class Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the notice program in accordance with the terms of this Order. Other than the timely payment of invoices for the cost of administering and disseminating the Notices, Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to, the selection of the Administrator, the actions or decisions of the Administrator, or the administration and dissemination of the Notices, and shall have no liability to Class Members in connection with such matters.

5. No later than seven (7) business days after entry of this Order, Honest shall use reasonable efforts to, and at no cost to the Class, the Administrator, or Class Counsel, have its transfer agent provide or cause to be provided to the Administrator shareholder records (consisting of the shareholder names, addresses, and emails to the extent they exist) in electronic searchable form, such as excel, identifying all persons and entities who or which purchased or otherwise acquired Honest's publicly traded common stock from May 5, 2021 through August 18, 2021, inclusive.

6. The Administrator shall cause the Postcard Notice, substantially in the form attached to the Stipulation as Exhibit 2, to be mailed, by first-class mail, postage prepaid, not later than ten (10) business days from entry of this Order (the "Notice Date"), to potential Class Members at the addresses set forth in the records provided by Honest pursuant to paragraph 5 above or who may otherwise be identified with reasonable effort.

7. The Administrator shall use reasonable efforts to give notice to nominee purchasers

[PROPOSED] ORDER APPROVING NOTICE OF PENDENCY
OF CLASS ACTION

- 3 -

such as brokerage firms and other persons and entities who may have, for the beneficial interest of any person or entity other than itself or themselves, purchased or otherwise acquired Honest's publicly traded common stock from May 5, 2021 through August 18, 2021, inclusive. Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Administrator forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator and the Administrator is ordered to send the Postcard Notices promptly to such identified beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought. Postage will be reimbursed at the current pre-sort rate used by the Administrator.

8.    Contemporaneously with the mailing of the Postcard Notice, the Administrator shall cause a copy of the Notice, substantially in the form attached to the Stipulation as Exhibit 1, to be posted on the website established for this Action, from which Class Members may download copies of the Notice, among other documents. The Administrator shall provide copies of the Notice to Class Members upon reasonable request.

9.    The Administrator shall cause a copy of the Summary Notice, substantially in the form attached to the Stipulation as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the mailing of the Postcard Notice.

10.    Class Members shall be bound by all determinations, orders, and judgments in this

[PROPOSED] ORDER APPROVING NOTICE OF PENDENCY
OF CLASS ACTION

Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to request exclusion shall mail the request in written form by first class mail, postmarked no later than sixty (60) calendar days after the Notice Date, to the address designated in the Notices. The request for exclusion shall clearly state that the Class Member wishes to "request exclusion from the Class in *In re The Honest Company, Inc. Sec. Litig.* (C.D. Cal.)" and must (i) state the name, address, telephone number, and email address of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of shares of Honest common stock that the person requesting exclusion purchased or acquired from May 5, 2021 through August 18, 2021, inclusive; (iii) state how many of those shares the person or entity requesting exclusion sold; (iv) state the dates, number of shares, and prices of each such purchase/acquisition and sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

11.     Any Class Member who retains separate counsel in connection with this matter must have their counsel enter an appearance in the Action, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, no later than sixty (60) calendar days after the Notice Date.

12.     Within fifteen (15) business days following the expiration of the exclusion deadline, Class Counsel shall file with the Court proof of mailing of the Postcard Notice, proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class.

[PROPOSED] ORDER APPROVING NOTICE OF PENDENCY
OF CLASS ACTION

13.     This Order may be modified by the Court upon motion by any Party, for good cause shown.

IT IS SO ORDERED.


Dated: _____                    _____

MARK C. SCARSI
United States District Judge