UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:21-cv-07405-MCS-BFM** | Date | April 22, 2024 |
|---|---|---|---|
| Title | *In re The Honest Co., Inc. Sec. Litig.* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER ON MOTION TO DISMISS (ECF NO. 195) (FILED PROVISIONALLY UNDER SEAL)**

Defendants Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP, (collectively, "Catterton" or "Defendants"), filed a motion to dismiss Lead Plaintiff Kathie Ng's Second Amended Consolidated Class Action Complaint. (SAC, ECF No. 185; Mot., ECF No. 195; Mem., ECF No. 193-2.) Lead Plaintiff filed an opposition, (Opp'n, ECF No. 204), and Defendants replied, (Reply, ECF No. 213-2). The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P 78(b); C.D. Cal. R. 7-15.

## I.    BACKGROUND

The first of the complaints in this consolidated action was filed in September 2021 against defendants that did not include Catterton. (Compl., ECF No. 1.) Lead Plaintiff filed a consolidated complaint on February 21, 2022, naming the same defendants. (CC, ECF No. 59; *compare* Compl. ¶¶ 14–36, *with* CC ¶¶ 15–38.) On May 1, 2023, the Court certified a class, (Order Re: Mot. for Class Cert., ECF No. 127), and through August 24, 2023, the administrator informed class members in writing of their claims against the non-Catterton defendants, (Sullivan Decl. ¶¶ 7–8,

ECF No. 166). Notwithstanding, the Court granted Lead Plaintiff leave to amend her consolidated complaint to add Catterton as Defendants. (Order Re: LTA 2, ECF No. 151; AC, ECF No. 141.) Lead Plaintiff filed an amended complaint alleging all defendants violated Section 11 of the Securities Act of 1933 (the "Act") and separately alleging the previously named individual Defendants and Catterton violated Section 15 of the Act. (AC ¶¶ 142–59.)

The Court granted Defendants' motion to dismiss Lead Plaintiff's amended complaint to the extent Defendants challenged Lead Plaintiff's claims against them as untimely. (Order, ECF No. 183.) Again, the Court granted Lead Plaintiff leave to amend her complaint given her averment that the claims could be saved by pleading additional facts. (*Id.* at 6–7.) Lead Plaintiff subsequently filed the SAC alleging only the non-Catterton Defendants violated Section 11 of the Act and that Catterton and the previously named individual Defendants violated Section 15 of the Act. (SAC ¶¶ 156–176.) Catterton moves to dismiss the SAC as untimely and, in the alternative, for Lead Plaintiff's failure to plead facts that it violated Section 15 of the Act. (Mem. 4–16.)

## II.    SEALING APPLICATIONS

The Court first addresses the pending sealing applications. Pursuant to Local Rule 79-5.2.2(b), Catterton filed an application to seal portions of its memorandum filed in support of its motion to dismiss designated by the Honest Defendants and Underwriter Defendants as confidential. (First Sealing App., ECF No. 193.) The Underwriter Defendants filed a late declaration in support of the application, (First Laguardia Decl., ECF No. 210), as did the Honest Defendants, (First Kim Decl., ECF No. 209). The Honest Defendants requested that the Court apply narrower redactions than those proposed by Catterton. (First Kim Decl. Ex. A, ECF No. 209-1.) The Honest Defendants argue these redactions are "consistent with the Court's March 18 Sealing Order." (First Kim Decl. ¶ 11.) The Underwriter Defendants join Honest's request to narrow the redactions proposed by Catterton. (First Laguardia Decl. ¶ 10.) The Court previously sealed the information the Underwriter Defendants and Honest Defendants now seek to seal, and therefore grants the application consistent with its previous findings, subject to the modified redactions proposed by the Honest Defendants and Underwriter Defendants. (Ex. A; *see* Sealing Order 2, ECF No. 207.) Defendants shall file the memorandum filed in support of its motion under seal pursuant to Local Rule 79-5.2.2.

Pursuant to Local Rule 79-5.2.2(b), Lead Plaintiff filed an application to seal portions of her opposition designated by the Honest Defendants and Underwriter Defendants as confidential. (Second Sealing Appl., ECF No. 205.) The Underwriter Defendants filed a timely declaration in support of the application, (Second Laguardia Decl., ECF No. 211), as did the Honest Defendants, (Second Kim Decl., ECF No. 208). The Court previously sealed the information the Underwriter Defendants and Honest Defendants now seek to seal. (Sealing Order 2.) Therefore, Lead Plaintiff's application is granted. Lead Plaintiff shall file the opposition under seal pursuant to Local Rule 79-5.2.2.

Pursuant to Local Rule 79-5.2.2(b), Catterton filed an application to seal portions of its reply designated by the Honest Defendants and Underwriter Defendants as confidential. (Third Sealing Appl., ECF No. 213.) The Honest Defendants filed a timely declaration in support of the application, (Third Kim Decl., ECF No. 215).[1] The Court previously sealed the information the Honest Defendants now seek to seal. (Sealing Order 2.) Therefore, Defendants' application is granted. Defendants shall file their reply under seal pursuant to Local Rule 79-5.2.2.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as

---

[1] The Underwriter Defendants did not file a declaration in support of the application. Therefore, the Court considers only the Third Kim Declaration in ruling on Catterton's sealing application.

true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## IV.   DISCUSSION

Defendants make two arguments in support of their motion to dismiss the SAC—first, that the allegations in the SAC do not reveal new facts establishing the timeliness of Lead Plaintiff's claims against Catterton; second, that the SAC fails to adequately plead control person liability against Catterton. (Mem. 4–16.) The Court addresses each argument in turn.

### A.   Timeliness of Lead Plaintiff's Claims Against Catterton

The statute of limitations for securities claims begins to run "when the litigant first knows or with due diligence should know facts that will form the basis for an action." *Merck & Co. v. Reynolds*, 559 U.S. 633, 646 (2010); *see also In re Yoga Works, Inc. Sec. Litig.*, No. CV 18-10696-CJC (SKx), 2020 WL 2549290, at *1–2 (C.D. Cal. Apr. 23, 2020) (applying *Merck* to claims brought under Section 11 and Section 15 of the Securities Act). "Plaintiffs are considered to have discovered a fact when a reasonably diligent plaintiff would have sufficient information about that fact to adequately plead in a complaint . . . with sufficient information about the fact to adequately plead it in a complaint . . . with sufficient detail and particularity to survive a 12(b)(6) motion to dismiss." *F.D.I.C. v. Countrywide Fin. Corp.*, No. 2:12-CV-4354 MRP (MANx), 2012 WL 5900973, at *3 (C.D. Cal. Nov. 21, 2012) (internal quotation marks omitted).

Defendants argue that "nothing newly alleged in the SAC provided [Lead Plaintiff] with any more notice about Catterton's involvement than what [Lead Plaintiff] should have known, or presumed to be true, on the day [she] filed [her] original Complaint." (Mem. 15.) The Court disagrees. At the time Lead Plaintiff filed her initial complaint, all that was known to her was publicly available information—that Defendants were a minority shareholder in Honest, that Defendants were represented on Honest's board, and that Defendants sold approximately half of its holdings in Honest in the IPO. (SAC ¶ 174.) It wasn't until Lead Plaintiff received documents in May and June 2023 from the Honest Defendants and the Underwriter Defendants that she appreciated Catterton's level of involvement with Honest. For instance, the documents disclosed that Defendants were involved with drafting Honest's Registration Statement, (Fatale Decl. Ex. I at MS_Honest_00000000_00040296, ECF No. 187-9), and that Defendants were

involved with Honest's operations, at times without the involvement of anyone from Honest. (Fatale Decl. Ex. Q at MS_Honest_00000000_00041724, ECF No. 187-17.) These details could not have been gleaned from publicly available information at the time Lead Plaintiff filed her initial complaint. Nor could Lead Plaintiff have learned this information through any reasonable diligence aside from requesting the documents she received in May and June 2023. Absent these supporting documents, it is unclear whether a Section 15 claim against Catterton in the initial complaint would have survived a 12(b)(6) motion.

Accordingly, Lead Plaintiff can maintain the position that the statute of limitations for Lead Plaintiff's securities claims against Defendants did not begin to run until, at the earliest, May 2023, when Lead Plaintiff discovered the facts that established its Section 15 claim against Defendants.

### B.    Sufficiency of Lead Plaintiff's Claims Against Defendants

In her SAC, Lead Plaintiff brings only a Section 15 claim against Catterton under the Act. (SAC ¶¶ 168–176.) Pursuant to Section 15, a defendant is liable if there is a primary violation of Section 11 of the Act and the defendant directly or indirectly controlled the person or entity liable for the primary violation. *In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, No. CV 11-2768 PSG (SSx), 2012 WL 3834815, at *5 (C.D. Cal. Sept. 5, 2012). The Court has already held Lead Plaintiff sufficiently alleged that the Honest Defendants committed a primary violation of Section 11. (First Order, ECF No. 71). Therefore, the sole inquiry for the Court regarding the sufficiency of Lead Plaintiff's claims is whether she has sufficiently alleged in the SAC that Catterton directly or indirectly controlled the Honest Defendants in the commission of the Section 11 violation.

"The control inquiry, as defined by the Ninth Circuit, does not require any analysis of the who, what, where, when, and how of any discrete instance of fraud or any explanation of what made a statement or action misleading or false." *In re Bofl Holding, Inc. Sec. Litig.*, No. 3:15-CV-02324-GPC-KSC, 2017 WL 2257980, at *23 (S.D. Cal. May 23, 2017) (internal quotation marks omitted). Rather, "the control analysis requires Courts to inquire into the realities of business relationships, and the management and policies of the corporation, and to identify indicia of control in support of vicarious liability." *Id.* (cleaned up). As such, the focus is "whether a court can rightly presume control over those transactions by virtue of the relationship between the defendant and the primary violator." *Id.*

---

In her SAC, Lead Plaintiff pled sufficient facts to support the allegation that Catterton asserted control over the Honest Defendants. For instance, Lead Plaintiff alleges that Catterton: controlled the timing of, and directed Honest employees with tasks related to, Honest's IPO (SAC ¶¶ 80–89); drafted portions of Honest's Registration Statement (*Id.* ¶¶ 90–92); and participated in the marketing strategy and underwriter selection for the IPO (*Id.* ¶¶ 97–100). Lead Plaintiff points to documents produced by the Honest Defendants and Underwriter Defendants in support of its allegations. (Fatale Decl. Exs. A–V, ECF No. 187.) Under the liberal pleading standard of Rule 8, Lead Plaintiff has pled sufficient facts regarding Catterton's control person liability under Section 15 of the Act to survive Catterton's motion to dismiss. *See In re DDi Corp. Sec. Litig.*, No. CV 03-7063 NM, 2005 WL 3090882, at *21 (C.D. Cal. July 21, 2005) (finding plaintiff pleaded sufficient facts to survive defendant's motion to dismiss its Section 15 claim by alleging defendant controlled contents of the offering documents); *see also Griffin v. Painewebber, Inc.*, No. 99 CIV.2292 (VM), 2001 WL 740764, at *3 (S.D.N.Y. June 29, 2001) (allegation that defendant "had the ability to control the contents of the Registration Statement" coupled with other control person allegations "sufficient at the pleading stage" to make out a case under Section 15). Catterton's motion is denied.

## IV.    CONCLUSION

Defendants' motion is denied. Defendants shall answer the SAC within seven days of this Order.

The Court provisionally seals this Order. Within seven days of the issuance of this Order, any party to this action may file a statement as to whether any matter stated in this Order is information that should remain under seal. Thereafter, the Court will determine whether any portion of this Order should be redacted in the version filed on the public docket.

**IT IS SO ORDERED.**