Daniel H.R. Laguardia (SBN 314654)
daniel.laguardia@aoshearman.com
ALLEN OVERY SHEARMAN STERLING US LLP
140 New Montgomery Street, 10th Floor
San Francisco, CA 94105-2997
Telephone:  415.616.1100
Facsimile:  415.616.1199

*Counsel for the Underwriter Defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | 2:21-cv-07405-MCS-BFM<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF THE UNDERWRITER DEFENDANTS TO THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Courtroom:       7C<br>Judge:            Hon. Mark C. Scarsi |

Defendants Morgan Stanley & Co. LLC ("Morgan Stanley"), J.P. Morgan Securities LLC ("J.P. Morgan"), Jefferies LLC ("Jefferies"), BofA Securities, Inc. ("BofA"), Citigroup Global Markets, Inc. ("Citigroup"), William Blair & Company, L.L.C. ("William Blair"), Guggenheim Securities, LLC ("Guggenheim"), Telsey Advisory Group LLC ("Telsey"), C.L. King & Associates, Inc. ("C.L. King"), Loop Capital Markets LLC ("Loop"), Penserra Securities LLC ("Penserra"), and Samuel A. Ramirez & Company, Inc. ("Ramirez") (collectively, the "Underwriter Defendants"), by their undersigned counsel, respond as follows to the allegations in Lead Plaintiff's Second Amended Consolidated Class Action Complaint, filed on March 8, 2024 (the "Complaint"), insofar as they are made against the Underwriter Defendants.

All claims under Section 11 of the Securities Act of 1933 (the "Section 11 Claims") relating to statements in the Offering Documents[1] concerning Honest's "omnichannel approach" (the "Dismissed Claims") have been dismissed pursuant to the Court's July 18, 2022 Order (ECF No. 71) (the "Order") and no answer to allegations concerning these claims is required.

---

[1] For the sake of clarity, and unless otherwise stated, the Underwriter Defendants herein use the defined terms and phrases set forth in the Complaint. In so doing, however, the Underwriter Defendants do not concede that any such definitions are proper. This includes the term "Offering Documents," which includes the Registration Statement that was filed by Honest on April 9, 2021, all amendments thereto, and the Prospectus that was filed on Form 424(b)(4) on May 4, 2021, as well as all Preliminary Prospectuses and updates and supplements thereto, which were incorporated into and formed part of the Registration Statement that became effective on May 4, 2021.

1

The Underwriter Defendants incorporate into each such response a denial of all allegations in the Complaint to the extent they (i) suggest that the Offering Documents contain material misstatements or omissions for which the Underwriter Defendants may be held liable, (ii) assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate statement of their contents, (iii) suggest that the Underwriter Defendants failed to conduct an adequate due diligence investigation, (iv) suggest that Lead Plaintiff or members of the Class have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint or any alleged misstatement or omission in connection with the IPO, (v) suggest that the Underwriter Defendants have any liability under the Complaint, and (vi) suggest that Lead Plaintiff has standing to sue, and/or to represent the Class, for the claims against the Underwriter Defendants.  The Underwriter Defendants deny any averments in the headings and subheadings in the Complaint.  The Underwriter Defendants intend to respond only as to allegations directed at the Underwriter Defendants individually, and where the Underwriter Defendants respond to allegations that concern the "Honest Defendants"[2] and/or the "Catterton Defendants"[3] and not the Underwriter Defendants individually, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth

---

[2] The "Honest Defendants" include defendants The Honest Company, Inc., Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos, and Jessica Warren.

[3] The "Catterton Defendants" include defendants Catterton Management, C8 Management, Catterton Managing Partner VIII, Catterton VIII, Catterton VIII Offshore, and Shared Abacus.

2

of the allegations as to the other Defendants unless the Underwriter Defendants expressly state otherwise.

The Underwriter Defendants further respond to the specific allegations in the Complaint as follows:

To the extent the allegations of the introductory paragraph on page 1 of the Complaint consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations of the introductory paragraph on page 1 of the Complaint, except admit that Lead Plaintiff purports to bring the claims described therein on the bases alleged.

## I.    NATURE OF THE ACTION

1. To the extent the allegations contained in paragraph 1 relate to claims that are not directed to the Underwriter Defendants or consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

2. To the extent the allegations contained in paragraph 2 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Securities Act for a complete and accurate statement of its contents.

3

3. The Underwriter Defendants respectfully refer the Court to the referenced statement for a complete and accurate statement of its contents and deny any inconsistent allegations contained in paragraph 3.

4. The Underwriter Defendants deny that the allegations in the first and third sentences contained in paragraph 4 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date. The Underwriter Defendants respectfully refer the Court to the statement referenced in the second sentence for a complete and accurate statement of its content and deny any inconsistent allegations contained in paragraph 4.

5. The Underwriter Defendants deny the allegations in paragraph 5 and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

6. To the extent the allegations contained in paragraph 6 related to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

7. The Underwriter Defendants deny the allegations in the first sentence of paragraph 7 and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

ANSWER AND AFFIRMATIVE DEFENSES OF THE UNDERWRITER DEFENDANTS
TO THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-07405-MCS-BFM

8.      The Underwriter Defendants deny the allegations in paragraph 8 and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

9.      To the extent the allegations contained in paragraph 9 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to publicly reported market services for the trading price of Honest's stock and deny any inconsistent allegations.

## II.    JURISDICTION AND VENUE

10.     To the extent the allegations contained in paragraph 10 consist of legal conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that Lead Plaintiff purports to bring this action pursuant to the statutes cited therein.

11.     To the extent the allegations contained in paragraph 11 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that Lead Plaintiff purports to base jurisdiction over this action on the statutes cited therein.

12.     To the extent the allegations contained in paragraph 12 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except (i) admit that Lead Plaintiff purports to base venue on the statute cited therein, and (ii) admit and

5

aver on information and belief that many of the alleged acts and transactions occurred within this District.

13. To the extent the allegations contained in paragraph 13 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that the mails, interstate wire and telephonic communications and/or the facilities of a national securities exchange were used in connection with the IPO.

## III. PARTIES

### A. Lead Plaintiff

14. To the extent the allegations contained in paragraph 14 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 14, except admit and aver that Lead Plaintiff submitted a certificate in this action purporting to set forth her ownership of Honest common stock. The Underwriter Defendants deny the allegations contained in the third sentence of paragraph 14. The Underwriter Defendants admit the allegations contained in the fourth sentence of paragraph 14.

### B. Defendants

#### 1. The Corporate Defendant

15. To the extent the allegations contained in paragraph 15 relate to claims that are not directed to the Underwriter Defendants, no response is required or

6

appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations constitute a complete and accurate description of Honest and its business, except they admit that Honest is a Delaware corporation headquartered at 12130 Millennium Drive, #500, Los Angeles, California, and has shares listed under the ticker symbol "HNST" on Nasdaq Global Market ("NASDAQ").

### 2.    The Individual Defendants

16.    To the extent the allegations contained in paragraph 16 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Nikolaos Vlahos, his history, title, and role at Honest.

17.    To the extent the allegations contained in paragraph 17 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Kelly Kennedy, her history, title, and role at Honest.

18.    To the extent the allegations contained in paragraph 18 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public

filings for the identities of who signed the referenced Registration Statement and for a description of Jessica Warren, her history, title, and role at Honest.

19. To the extent the allegations contained in paragraph 19 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Katie Bayne, her history, title, and role at Honest.

20. To the extent the allegations contained in paragraph 20 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Scott Dahnke, his history, title, and role at Honest.

21. To the extent the allegations contained in paragraph 21 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Eric Liaw, his history, title, and role at Honest.

22. To the extent the allegations contained in paragraph 22 relate to claims that are not directed to the Underwriter Defendants, no response is required or

8

appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Jeremy Liew, his history, title, and role at Honest.

23. To the extent the allegations contained in paragraph 23 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for the identities of who signed the referenced Registration Statement and for a description of Avik Pramanik, his history, title, and role at Honest.

24. Paragraph 24 does not contain factual allegations and no response is required.

25. To the extent the allegations contained in paragraph 25 relate to claims that are not directed to the Underwriter Defendants or consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate, misleading, or incomplete statements and respectfully refer the Court to the Offering Documents and Honest's other public filings for the identities of who signed the referenced Registration Statement and public filings and for a description of the roles of these individuals in the IPO.

**3.      The Underwriter Defendants**

9

26.    The Underwriter Defendants deny that the allegations contained in paragraph 26 are a complete and accurate description of Morgan Stanley & Co. LLC's role in the IPO, except (i) admit it was allocated approximately 9,627,997 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

27.    The Underwriter Defendants deny that the allegations contained in paragraph 27 are a complete and accurate description of J.P. Morgan Securities LLC's role in the IPO, except (i) admit it was allocated approximately 7,166,405 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

28.    The Underwriter Defendants deny that the allegations contained in paragraph 28 are a complete and accurate description of Jefferies LLC's role in the IPO, except (i) admit it was allocated approximately 3,771,792 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

29.    The Underwriter Defendants deny that the allegations contained in paragraph 29 are a complete and accurate description of BofA Securities, Inc.'s role in the IPO, except (i) admit it was allocated approximately 1,191,092 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer

10

the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

30.     The Underwriter Defendants deny that the allegations contained in paragraph 30 are a complete and accurate description of Citigroup Global Markets, Inc.'s role in the IPO, except (i) admit it was allocated approximately 1,191,092 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

31.     The Underwriter Defendants deny that the allegations contained in paragraph 31 are a complete and accurate description of William Blair & Company, L.L.C.'s role in the IPO, except (i) admit it was allocated approximately 952,874 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

32.     The Underwriter Defendants deny that the allegations contained in paragraph 32 are a complete and accurate description of Guggenheim Securities, LLC's role in the IPO, except (i) admit it was allocated approximately 774,210 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

33.     The Underwriter Defendants deny that the allegations contained in paragraph 33 are a complete and accurate description of Telsey Advisory Group

11

LLC's role in the IPO, except (i) admit it was allocated approximately 416,882 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

34. The Underwriter Defendants deny that the allegations contained in paragraph 34 are a complete and accurate description of C.L. King & Associates, Inc.'s role in the IPO, except (i) admit it was allocated approximately 178,664 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

35. The Underwriter Defendants deny that the allegations contained in paragraph 35 are a complete and accurate description of Loop Capital Markets LLC's role in the IPO, except (i) admit it was allocated approximately 178,664 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

36. The Underwriter Defendants deny that the allegations contained in paragraph 36 are a complete and accurate description of Penserra Securities LLC's role in the IPO, except (i) admit it was allocated approximately 178,664 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

12

37.     The Underwriter Defendants deny that the allegations contained in paragraph 37 are a complete and accurate description of Samuel A. Ramirez & Company, Inc.'s role in the IPO, except (i) admit it was allocated approximately 178,664 shares for sale in the IPO, (ii) admit it was an underwriter in the IPO, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate description of its role in the IPO.

38.     Paragraph 38 does not contain factual allegations and no response is required.

39.     The Underwriter Defendants deny the allegations contained in paragraph 39 are a complete and accurate description of their business and role in the IPO, and they respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO.

40.     The Underwriter Defendants (i) admit that they participated in the IPO and (ii) respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO and deny any inconsistent allegations in paragraph 40.

41.     The Underwriter Defendants (i) admit that they participated in the IPO and (ii) respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO and deny any inconsistent allegations in paragraph 41.

42.     The Underwriter Defendants admit that they participated in the IPO, including conducting a reasonable investigation in connection with the IPO, and

13

respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO and deny any inconsistent allegations in paragraph 42.

43.     The Underwriter Defendants deny the allegations contained in paragraph 43, except they (i) admit that they participated in the IPO, including conducting a reasonable investigation in connection with the IPO, and (ii) respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO.

44.     The Underwriter Defendants deny the allegations contained in paragraph 44, except they (i) admit that they participated in the IPO and (ii) respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the IPO.

### 4.     The Catterton Defendants

45.     To the extent the allegations contained in paragraph 45 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and Honest's other public filings for a description of Honest's relationship with the Catterton Defendants and for descriptions of Scott Dahnke and Avik Pramanik and their titles and roles.

46.     To the extent the allegations contained in paragraph 46 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants

14

respectfully refer the Court to the Registration Statement and Honest's other public filings for a description of Honest's relationship with the Catterton Defendants and for a description of Scott Dahnke and his title and role at the Catterton Defendants.

47.     The first sentence of Paragraph 47 does not contain factual allegations and no response is required.  To the extent the remaining allegations contained in paragraph 47 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants admit that none of the Catterton Defendants were identified in the initial disclosures served on Lead Plaintiff by the Underwriter Defendants on October 14, 2022, and respectfully refer the Court to the Initial Disclosures for a complete and accurate description of their contents.

48.     To the extent the allegations contained in paragraph 48 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 48, except respectfully refer the Court to the Offering Documents for a description of the Catterton Defendants' role in the IPO.

## IV.    SUBSTANTIVE ALLEGATIONS

### A.    Honest's Business and Omnichannel Approach

49.     To the extent the allegations contained in paragraph 49 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 49 constitute a complete and accurate description of Honest and its

business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

50.    To the extent the allegations contained in paragraph 50 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 50 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

51.    To the extent the allegations contained in paragraph 51 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 51 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

52.    To the extent the allegations contained in paragraph 52 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 52 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

53.    To the extent the allegations contained in paragraph 53 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response

16

is required, the Underwriter Defendants deny that the allegations contained in paragraph 53 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

54.     To the extent the allegations contained in paragraph 54 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 54 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

55.     To the extent the allegations contained in paragraph 55 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 55 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

56.     To the extent the allegations contained in paragraph 56 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in paragraph 56 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

**B.      Honest's Clean Conscious Diaper**

57.      The Underwriter Defendants deny that the allegations contained in paragraph 57 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

58.      The Underwriter Defendants deny that the allegations contained in paragraph 58 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

59.      The Underwriter Defendants deny that the allegations contained in paragraph 59 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

60.      The Underwriter Defendants deny that the allegations contained in paragraph 60 constitute a complete and accurate description of Honest and its business and respectfully refer the Court to the Offering Documents for a description of Honest's business as of their effective date.

61.      The Underwriter Defendants deny the allegations contained in paragraph 61.

62.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62.

63. The Underwriter Defendants deny the allegations contained in paragraph 63 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

64. The Underwriter Defendants deny that the allegations contained in paragraph 64 constitute a complete and accurate description of the reviews referenced therein, and they respectfully refer the Court to the websites referenced in paragraph 64 for a complete and accurate statement of their contents.

65. The Underwriter Defendants deny that the allegations contained in paragraph 65 constitute a complete and accurate description of the reviews referenced therein, and they respectfully refer the Court to the websites referenced in paragraph 65 for a complete and accurate statement of their contents.

66. The Underwriter Defendants deny that the allegations contained in paragraph 66 constitute a complete and accurate description of the reviews referenced therein, and they respectfully refer the Court to the websites referenced in paragraph 66 for a complete and accurate statement of their contents.

67. The Underwriter Defendants respectfully refer the Court to the Offering Documents referenced in paragraph 67 for a complete and accurate statement of their contents and deny any inconsistent allegations.

**C. Honest's "Growth"**

68. The Underwriter Defendants respectfully refer the Court to the disclosures by Honest referenced in paragraph 68 for a complete and accurate statement of their contents and deny any inconsistent allegations.

19

69.     To the extent the allegations contained in paragraph 69 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the disclosures by Honest referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

70.     The Underwriter Defendants respectfully refer the Court to the Offering Documents referenced in paragraph 70 for a complete and accurate statement of their contents and deny any inconsistent allegations.

71.     The Underwriter Defendants respectfully refer the Court to the disclosures by Honest referenced in paragraph 71 for a complete and accurate statement of their contents and deny any inconsistent allegations.

72.     The Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 72.

73.     The Underwriter Defendants respectfully refer the Court to the disclosures by Honest and the Offering Documents referenced in paragraph 73 for a complete and accurate statement of their contents and deny any inconsistent allegations.

74.     To the extent the allegations contained in paragraph 74 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the

20

Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

75.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75.

76.    The Underwriter Defendants deny the allegations contained in paragraph 76 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

77.    The Underwriter Defendants deny the allegations contained in paragraph 77 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

78.    The Underwriter Defendants deny the allegations contained in paragraph 78 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

79.    The Underwriter Defendants deny the allegations contained in paragraph 79 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established.

**D.    The Catterton Defendants Controlled the IPO and the Company**

**1.    Catterton Controlled the Timing of the IPO as a Means to Urgently Exit Its Investment**

21

80.     To the extent the allegations contained in paragraph 80 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the documents produced to Lead Plaintiff referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

81.     To the extent the allegations contained in paragraph 81 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the documents produced to Lead Plaintiff referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

82.     To the extent the allegations contained in paragraph 82 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the document produced to Lead Plaintiff referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

83.     To the extent the allegations contained in paragraph 83 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the document produced to Lead Plaintiff referenced

22

therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

84.     To the extent the allegations contained in paragraph 84 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the document produced to Lead Plaintiff referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

85.     To the extent the allegations contained in paragraph 85 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants admit that Morgan Stanley served as an advisor to Honest in connection with a potential M&A transaction prior to the IPO and respectfully refer the Court to the documents produced to Lead Plaintiff referenced in paragraphs 87 and 88 for a complete and accurate statement of their contents and deny any inconsistent allegations.

86.     To the extent the allegations contained in paragraph 86 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants admit that Morgan Stanley served as an advisor to Honest in connection with a potential M&A transaction prior to the IPO and respectfully refer the Court to the documents produced to Lead Plaintiff referenced in paragraphs 87 and 88 for a complete and accurate statement of their contents and deny any inconsistent allegations.

23

87.    To the extent the allegations contained in paragraph 87 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the documents produced to Lead Plaintiff referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

88.    To the extent the allegations contained in paragraph 88 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the document produced to Lead Plaintiff referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

89.    To the extent the allegations contained in paragraph 89 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the document produced to Lead Plaintiff referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

### 2.    Catterton Exercised Substantial Control Over the Mechanics of the IPO and the Contents of the Offering Documents

90.    To the extent the allegations contained in paragraph 90 relate to claims that are not directed to the Underwriter Defendants, no response is required or

24

appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 90, except respectfully refer the Court to the Offering Documents for a description of the Catterton Defendants' role in the IPO.

91. To the extent the allegations contained in paragraph 91 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the documents produced to Lead Plaintiff referenced in the first four sentences of paragraph 91 for a complete and accurate statement of their contents and deny any inconsistent allegations, and deny the allegations in the remaining sentences of paragraph 91, except respectfully refer the Court to the Offering Documents for a description of the Catterton Defendants' role in the IPO.

92. To the extent the allegations contained in paragraph 92 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the document produced to Lead Plaintiff referenced in paragraph 92 for a complete and accurate statement of its contents and deny any inconsistent allegations.

93. To the extent the allegations contained in paragraph 93 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the document produced to Lead Plaintiff referenced

25

in paragraph 93 for a complete and accurate statement of its contents and deny any inconsistent allegations.

94.    To the extent the allegations contained in paragraph 94 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except respectfully refer the Court to the Offering Documents for a description of the Catterton Defendants' role in the IPO.

95.    To the extent the allegations contained in paragraph 95 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the document produced to Lead Plaintiff referenced in paragraph 95 for a complete and accurate statement of its contents and deny any inconsistent allegations.

96.    To the extent the allegations contained in paragraph 96 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the document produced to Lead Plaintiff referenced in paragraph 96 for a complete and accurate statement of its contents and deny any inconsistent allegations.

97.    To the extent the allegations contained in paragraph 97 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants

respectfully refer the Court to the documents produced to Lead Plaintiff referenced in paragraph 97 for a complete and accurate statement of their contents and deny any inconsistent allegations.

98.    To the extent the allegations contained in paragraph 98 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that Morgan Stanley served as an underwriter of the IPO and respectfully refer the Court to the documents produced to Lead Plaintiff referenced in paragraph 98 for a complete and accurate statement of their contents.

99.    To the extent the allegations contained in paragraph 99 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that Morgan Stanley served as an underwriter of the IPO and respectfully refer the Court to the document produced to Lead Plaintiff referenced in paragraph 99 for a complete and accurate statement of its contents.

100.    To the extent the allegations contained in paragraph 100 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that Morgan Stanley served as an underwriter of the IPO and respectfully refer the Court to the documents produced to Lead Plaintiff referenced in paragraph 100 for a complete and accurate statement of their contents.

27

101.    To the extent the allegations contained in paragraph 101 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except respectfully refer the Court to the Offering Documents for a description of the Catterton Defendants' role in the IPO.

**E.    Honest's IPO**

102.    The Underwriter Defendants deny that the allegations contained in paragraph 102 constitute a complete and accurate description of the IPO and respectfully refer the Court to the Offering Documents for a description of the IPO as of their effective date.

103.    The Underwriter Defendants deny that the allegations contained in paragraph 103 constitute a complete and accurate description of the IPO and respectfully refer the Court to the Offering Documents for a description of the IPO as of their effective date.

104.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations contained in paragraph 104.

105.    To the extent the allegations contained in paragraph 105 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 to the extent it alleges that the Lead Plaintiff purchased or otherwise acquired

Honest common stock pursuant and/or traceable to the IPO and the Offering Documents, and they deny that Lead Plaintiff was damaged as a result of the conduct alleged in the Complaint.

**F.     The Offering Documents Contained Materially False and Misleading Statements of Fact and Omitted Material Information**

106.    To the extent the allegations contained in paragraph 106 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

107.    To the extent the allegations contained in paragraph 107 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents and statute referenced therein for a complete and accurate statement of their contents.

108.    To the extent the allegations contained in paragraph 108 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents, SEC Regulation C, and Rule 408, 17 C.F.R. § 230.408(a) referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

109.    To the extent the allegations contained in paragraph 109 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to Item 303 of

29

Regulation S-K, 17 C.F.R. § 229.303 and the SEC's related interpretive releases referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

110. To the extent the allegations contained in paragraph 110 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents and Item 105 of Regulation S-K, 17 C.F.R. § 229.105 referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

### 1. The Offering Documents Contained Misstatements and Omissions About Honest's Product Innovation and its Clean Conscious Diaper

111. To the extent the allegations contained in paragraph 111 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

112. To the extent the allegations contained in paragraph 112 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

30

113.    To the extent the allegations contained in paragraph 113 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

114.    To the extent the allegations contained in paragraph 114 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

115.    To the extent the allegations contained in paragraph 115 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

116.    To the extent the allegations contained in paragraph 116 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

117.    To the extent the allegations contained in paragraph 117 consist of legal conclusions, no response is required or appropriate.  To the extent a response

31

is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

### 2. The Offering Documents Contained Misstatements and Omissions About Honest's COVID-19 Inventory Stock Up

118.    To the extent the allegations contained in paragraph 118 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

119.    To the extent the allegations contained in paragraph 119 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

120.    To the extent the allegations contained in paragraph 120 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations.

121.    To the extent the allegations contained in paragraph 121 consist of legal conclusions or relate to the Dismissed Claims, no response is required or

32

appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

### 3. The Offering Documents Failed to Disclose and Misrepresented Significant Risks That Made the Offering More Speculative and Risky

122.    To the extent the allegations contained in paragraph 122 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

123.    To the extent the allegations contained in paragraph 123 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

124.    To the extent the allegations contained in paragraph 124 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

125.    To the extent the allegations contained in paragraph 125 consist of legal conclusions, no response is required or appropriate.  To the extent a response

33

is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

126. To the extent the allegations contained in paragraph 126 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

127. To the extent the allegations contained in paragraph 127 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

128. To the extent the allegations contained in paragraph 128 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

129. To the extent the allegations contained in paragraph 129 consist of legal conclusions or claims not asserted against the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents

34

referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

130.    To the extent the allegations contained in paragraph 130 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

131.    To the extent the allegations contained in paragraph 131 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

132.    To the extent the allegations contained in paragraph 132 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

133.    To the extent the allegations contained in paragraph 133 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

35

134.    To the extent the allegations contained in paragraph 134 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

135.    To the extent the allegations contained in paragraph 135 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents and deny any inconsistent allegations.

136.    To the extent the allegations contained in paragraph 136 consist of legal conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents.

**G.    Post-IPO Events Demonstrate that the Offering Documents Were Materially False and Misleading at the Time of the Offering**

137.    The Underwriter Defendants respectfully refer the Court to the press release referenced in paragraph 137 for a complete and accurate statement of its contents and deny any inconsistent allegations.

36

138.    The Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced in paragraph 138 for a complete and accurate statement of its contents and deny any inconsistent allegations.

139.    The Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced in paragraph 139 for a complete and accurate statement of its contents and deny any inconsistent allegations.

140.    The Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced in paragraph 140 for a complete and accurate statement of its contents and deny any inconsistent allegations.

141.    To the extent the allegations contained in paragraph 141 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to publicly reported market services for the trading price of Honest's stock and deny any inconsistent allegations contained in paragraph 141.

142.    The Underwriter Defendants respectfully refer the Court to the press release referenced in paragraph 142 for a complete and accurate statement of its contents and deny any inconsistent allegations.

143.    The Underwriter Defendants respectfully refer the Court to the press release referenced in paragraph 143 for a complete and accurate statement of its contents and deny any inconsistent allegations.

37

144.    The Underwriter Defendants respectfully refer the Court to the press release referenced in paragraph 144 for a complete and accurate statement of its contents and deny any inconsistent allegations.

145.    The Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced in paragraph 145 for a complete and accurate statement of its contents and deny any inconsistent allegations.

146.    The Underwriter Defendants respectfully refer the Court to the transcript of the earnings conference call referenced in paragraph 146 for a complete and accurate statement of its contents and deny any inconsistent allegations.

147.    To the extent the allegations contained in paragraph 147 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to publicly reported market services for the trading price of Honest's stock and deny any inconsistent allegations.

148.    The Underwriter Defendants respectfully refer the Court to the analyst report referenced therein for a complete and accurate statement of its contents and deny any inconsistent allegations.

149.    The Underwriter Defendants respectfully refer the Court to publicly reported market services for the trading price of Honest's stock and deny any inconsistent allegations in paragraph 149.

38

## V.    CLASS ALLEGATIONS

150.    Paragraph 150 does not contain factual allegations and no response is required.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in paragraph 150.

151.    The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 151.

152.    The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 152.

153.    The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 153.

154.    The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 154.

155.    The Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations contained in paragraph 155.

39

## VI.   CAUSES OF ACTION

### COUNT I
### FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT
### Against Honest, the Individual Defendants, and the Underwriter Defendants

156.   The Underwriter Defendants repeat each and every response to Plaintiff's allegations above as if fully set forth herein.

157.   To the extent the allegations of paragraph 157 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that Lead Plaintiff purports to bring the claim described therein.

158.   To the extent the allegations of paragraph 158 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that Lead Plaintiff purports to bring the claim on the bases alleged.

159.   To the extent the allegations of paragraph 159 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

160.   To the extent the allegations contained in paragraph 160 consist of legal conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations.

161.   To the extent the allegations contained in paragraph 161 consist of legal conclusions or relate to claims that are not directed to the Underwriter

40

Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

162. To the extent the allegations contained in paragraph 162 consist of legal conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

163. To the extent the allegations of paragraph 163 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

164. To the extent the allegations of paragraph 164 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

165. To the extent the allegations of paragraph 165 consist of legal conclusions or to claims not asserted against the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

166. To the extent the allegations of paragraph 166 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

167. To the extent the allegations of paragraph 167 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations.

41

## COUNT II
### FOR VIOLATION OF SECTION 15 OF THE SECURITIES ACT
### <u>Against the Individual Defendants and the Catterton Defendants</u>

168–176.  The allegations contained in paragraphs 168–176 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.

## VII.  PRAYER FOR RELIEF

177.    The Underwriter Defendants deny that Lead Plaintiff or members of the Class are entitled to the requested relief, or any relief, against the Underwriter Defendants, and the Underwriter Defendants request that the Court dismiss all claims against them with prejudice, enter judgment in their favor and against Lead Plaintiff, award them attorneys' fees, costs and expenses, and order such further relief as the Court deems just and proper.

## VIII. JURY TRIAL DEMANDED

178.    The Underwriter Defendants deny the allegations in the jury demand, except admit that Lead Plaintiff purports to demand a jury trial.

## <u>DEFENSES</u>

The Underwriter Defendants state the following defenses and reserve their right to assert other and additional defenses, crossclaims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, the Underwriter Defendants do not assume any burden of proof, persuasion, or

42

production with respect to any issue where the applicable law places the burden upon Lead Plaintiff and members of the Class.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the Class because they did not make any material misstatements or material omissions, the Offering Documents bespoke caution about the risks of investing in Honest, and the Underwriter Defendants are not responsible in law or fact for any material misstatement or material omissions by others.

## THIRD DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the Class because they had no duty to disclose any facts allegedly not disclosed.

## FOURTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the Class because any alleged misrepresentations or omissions for which the Underwriter Defendants are allegedly responsible were not material.

## FIFTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the Class because the substance of any information that was allegedly misrepresented in and/or omitted from the Offering Documents was, in fact, represented accurately and/or disclosed.

43

**SIXTH DEFENSE**

The Underwriter Defendants are not liable to Lead Plaintiff and members of the Class because: (i) the Offering Documents did not fail to state any trend, event, or uncertainty under Item 303 of Regulation S-K; (ii) even if there was a trend, event, or uncertainty, it was not known to the Honest Defendants at the time of the IPO; and (iii) even if there was a trend, event, or uncertainty that was known to the Honest Defendants at the time of the IPO, the Honest Defendants could not reasonably expect that such known trend, event, or uncertainty would have a material impact on Honest's net sales or revenues or income from continuing operations.

**SEVENTH DEFENSE**

Any allegedly material information allegedly omitted from the Offering Documents was already disclosed and/or publicly known.

**EIGHTH DEFENSE**

Lead Plaintiff and members of the Class lack standing to maintain some or all of their claims under Section 11 of the Securities Act to the extent Lead Plaintiff and members of the Class did not purchase stock in or traceable to the IPO.

**NINTH DEFENSE**

The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

**TENTH DEFENSE**

44

The Underwriter Defendants are not liable to Lead Plaintiff and members of the Class because they had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the offering materials became effective, that the statements in the Offering Documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## ELEVENTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the Class to the extent that the acts or omissions alleged in the Complaint relate to portions of the Offering Documents reviewed by experts retained to assist in preparing such documents, including, but not limited to, independent auditors, tax specialists, and legal counsel, as to which the Underwriter Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading, including, without limitation, that the Underwriter Defendants were entitled to rely, and did rely reasonably and in good faith, upon the written opinion of issuer's counsel and other representations and opinions provided to the Underwriter Defendants in connection with the Offering Documents that, subject to the conditions stated therein, the Offering Documents did not violate Section 11 of the Securities Act.

## TWELFTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the Class to the extent that the conduct of persons and/or entities other than the

45

Underwriter Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Lead Plaintiff and members of the Class.

## THIRTEENTH DEFENSE

The Underwriter Defendants are not liable to Lead Plaintiff and members of the Class for any damages to the extent Lead Plaintiff and members of the Class have incurred no legally cognizable injury or damages.

## FOURTEENTH DEFENSE

Lead Plaintiff and members of the Class's claims against the Underwriter Defendants are barred in whole, or in part, because the depreciation in the market price of the Honest stock resulted from factors other than the purported misstatements or omissions alleged in the Complaint.

## FIFTEENTH DEFENSE

Lead Plaintiff and members of the Class's claims against the Underwriter Defendants are barred in whole, or in part, because the alleged damages or other injuries were caused solely by the acts or omissions of the Lead Plaintiff and members of the Class or others over which the Underwriter Defendants had no control.

## SIXTEENTH DEFENSE

In the event one or more defendants enters into a settlement with Lead Plaintiff, any subsequent judgment against the Underwriter Defendants must be reduced by the greater of the dollar value of the settlement or the amount of the settling defendants' proportionate liability.

ANSWER AND AFFIRMATIVE DEFENSES OF THE UNDERWRITER DEFENDANTS
TO THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-07405-MCS-BFM

## SEVENTEENTH DEFENSE

Lead Plaintiff and members of the Class's claims against the Underwriter Defendants are barred in whole, or in part, because of Lead Plaintiff and members of the Class's inequitable conduct and unclean hands.

## EIGHTEENTH DEFENSE

Lead Plaintiff and members of the Class's claims are not properly maintainable as a class action.

## NINETEENTH DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, and if any of the Lead Plaintiff and members of the Class were aware of that statement or omission, then such Lead Plaintiff and members of the Class cannot prevail.

## TWENTIETH DEFENSE

Lead Plaintiff and members of the Class are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

## TWENTY-FIRST DEFENSE

Lead Plaintiff and members of the Class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants did not know, and in the exercise of reasonable care, could not have known, of the alleged misstatements or omissions of fact in the offering materials.

## TWENTY-SECOND DEFENSE

47

None of the Underwriter Defendants are liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public.

## TWENTY-THIRD DEFENSE

Lead Plaintiff and members of the Class's claims are barred in whole, or in part, because certain of the challenged statements contain expressions of opinion that Lead Plaintiff has not alleged, and cannot prove, were either not honestly held or contained embedded statements of false, material facts.

## TWENTY-FOURTH DEFENSE

Lead Plaintiff and members of the Class's claims are barred in whole, or in part, because the offering materials complied with applicable statutes, rules, and regulations of the SEC and any other statutes, rules, or regulations in effect at the time of the conduct alleged in the Complaint.

## TWENTY-FIFTH DEFENSE

Lead Plaintiff and members of the Class's claims are barred in whole, or in part, because Lead Plaintiff assumed the risks disclosed in the Offering Documents associated with the securities in question and any alleged losses were caused by those risks coming to fruition.

## TWENTY-SIXTH DEFENSE

48

Lead Plaintiff and members of the Class's claims are barred in whole, or in part, to the extent they seek damages "which exceed the price at which the security was offered to the public." 15 U.S.C. § 77k(g).

### TWENTY-SEVENTH DEFENSE

Lead Plaintiff and members of the Class's claims are barred in whole, or in part, to the extent that they held, disposed of, or could have disposed of the securities at a price in excess of the offering price.

### TWENTY-EIGHTH DEFENSE

Without admitting that Lead Plaintiff or members of the Class suffered damages in any amount, or that any defendants are or should be liable for any such damages, to the extent that Lead Plaintiff failed to mitigate, minimize, or avoid any loss or damage referred to in the Complaint, any recovery against the Underwriter Defendants must be reduced by that amount or eliminated.

Dated:  May 29, 2024

Respectfully Submitted,

ALLEN OVERY SHEARMAN
STERLING US LLP

By: */s/ Daniel H.R. Laguardia*

Daniel H.R. Laguardia

*Counsel for the Underwriter Defendants
Morgan Stanley & Co. LLC, J.P. Morgan*

49

ANSWER AND AFFIRMATIVE DEFENSES OF THE UNDERWRITER DEFENDANTS
TO THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 2:21-CV-07405-MCS-BFM

*Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc.*

50