UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | | |
|---|---|---|
| CODY DIXON, | ) | Case No. LA CV 21-07405-MCS |
| | ) | BFM |
|        Plaintiff, | ) | |
| | ) | Los Angeles, California |
| vs. | ) | |
| | ) | Monday, June 10, 2024 |
| THE HONEST COMPANY, INC., et al., | ) | (9:27 a.m. to 9:39 a.m.) |
| | ) | |
|       Defendants. | ) | |
| | ) | |

TRANSCRIPT OF STATUS (SCHEDULING) CONFERENCE
BEFORE THE HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

Appearances:                    See next page.

Court Reporter:                 Recorded; CourtSmart

Courtroom Deputy:               Stephen Montes Kerr

Transcribed by:                 Tara Jauregui
                                Echo Reporting, Inc.
                                9711 Cactus Street, Suite B
                                Lakeside, California 92040
                                (858) 453-7590

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

*Echo Reporting, Inc.*

2

APPEARANCES:

For the Plaintiff:                  ALFRED L. FATALE, III, ESQ.
                                    Labaton Keller Sucharow LLP
                                    140 Broadway
                                    New York, New York 10005
                                    (212) 907-0700

For the Defendants:                 ZANETA J. KIM, ESQ.
                                    NICHOLAS R. ORR, ESQ.
                                    Cooley LLP
                                    355 South Grand Avenue
                                    Suite 900
                                    Los Angeles, California 90071
                                    (310) 883-6400

                                    ELIZABETH J. STEWART, ESQ.
                                    Allen Overy Shearman Sterling
                                     US LLP
                                    599 Lexington Avenue
                                    New York, New York 10022
                                    (212) 848-4000

                                    ALEX LINHARDT, ESQ.

3

Los Angeles, California; Monday, June 13, 2024 9:27 a.m.

--o0o--

(Call to Order)

THE CLERK:  Calling item number four, CV 21-7405, In re: The Honest Company, Inc. Securities Litigation, Cody Dixon versus The Honest Company, Inc., et al.

Counsel, state your appearances please.

MR. FATALE:  Hello.  Alfred Fatale from Labaton Keller Sucharow for the Plaintiff.

THE COURT:  Morning.

MR. FATALE:  Morning.

MS. KIM:  Zaneta Kim at Cooley, LLP on behalf of the Honest Defendants.

THE COURT:  Morning.

MR. STEWART:  Good morning.  Elizabeth Stewart from A and O Shearman on behalf of the underwriter defendants.

THE COURT:  Morning.

MR. MOOR:  Good morning, your Honor.  Nicholas Orr of Cooley on behalf of the Honest Defendants.

THE COURT:  Morning.

MR. LINHARDT:  Good morning, your Honor.  Alex Linhardt of Greenberg Traurig LLP on behalf of the Catterton Defendants.

THE COURT:  Good morning.

4

MR. LINHARDT:  Good morning.

THE COURT:  Okay, so we're here on a scheduling conference.  We -- we've got new -- the Catterton Defendants are new to this action.  The -- the parties are proposing June 17th, 2024 as the substantial completion deadline for document discovery, except for the Catterton Defendants, who will have until September 3rd, 2024 to complete their discovery.

The parties want a trial date of September 2025 and I'm wondering why we can't do this earlier?  This case has been around for awhile and the parties have been moving forward with discovery.  And so, what I'd like to do, is I'd like to get this to trial in April of 2025.

Can I hear from the parties as to whether they've got any views on that?  Starting with the Plaintiff.

MR. FATALE:  Sure.  May I stand here, your Honor?

THE COURT:  Sure.

MR. FATALE:  Thank you.  Without going through all of the dates, I -- you know, of course we want to compromise and make something that works for the Court, but I can talk about our rationale for the reasons --

THE COURT:  Sure.

MR. FATALE:  -- in the schedule that we did put forward.

You're correct, we have been engaged in discovery

5

with The Honest and Underwriter Defendants.  We hope to be able to wrap that up soon and start deposition.

We do have six new defendants, which will necessitate also serving, I believe, one additional third-party subpoena.  There were issues raised in the Defendants' opposition to class certification, which the Court adopted on tracing, which was -- they attached some documents from the DTC Corporation.  I want to serve a subpoena on them.  So that's the discovery that needs to be wrapped up.

This is going to be a very -- I think the big bulk of the time after that is the experts.  This case will have probably eight or nine experts and it is very intensive fulsome work.  I just went through it in another case against Uber in the Northern District.  Some of the reports are hundreds of pages long.  They're very in depth on the questions of due diligence the Defendants' raise, tracing of my client's shares, damages, negative causation, industry issues.  So that's one of the big time sucks here, is how much effort needs to be put into these expert reports that will set us up for summary judgment.

THE COURT:  Okay.  And, what's the -- do you have the experts all identified?

MR. FATALE:  I -- we haven't disclosed to each other who the experts are.  I've identified -- I know who my experts are going to be.

6

THE COURT:  Okay.  Let me hear from Defendants about whether or not you think you can do an April -- April 22nd, 2025 trial.

MS. KIM:  So -- your Honor, so a lot of the scheduling was adopted from Plaintiff's proposed schedule, so as long as the discovery is limited, Honest Defendants would not have any issues with expediting trial.

THE COURT:  Okay.  And, I'm thinking about expert disclosure dates of November 4th, 2024 to do the initial expert disclosures.  The rebuttals, November 18th, 2024 and expert discovery cutoff December 9th, 2024.  Do those dates work?

MS. KIM:  Yes, they work for us.  Thank you, your Honor.

THE COURT:  Okay.

MR. FATALE:  Your Honor, I'm sorry, you said November 4th and then November 18th?

THE COURT:  Yes.

MR. FATALE:  That's problematic for Plaintiffs, because while I have two experts, Defendants will have eight or nine and I'll have to do rebuttal reports.  A lot of my burden comes on rebuttal and not on affirmative expert reports.  So while Defendants have all the time in the world leading to their expert reports -- not all the time in the world, of course, but you know, more time than two weeks --

*Echo Reporting, Inc.*

7

that it is very difficult for me to respond to eight expert reports in two weeks.

(Pause.)

THE COURT:  Okay.  So I've heard from the Honest Defendants.  Would the Underwriter Defendants or the Catterton Defendants wish to address the schedule?

MR. LINHARDT:  Well, on behalf of the Catterton Defendants, you know, we at least tentatively agreed with Plaintiff on the proposed trial date of September 2025, largely because there is an amount of uncertainty as to what the document production will show and what the extent of Catterton's involvement in this case and in expert discovery will be.  We obviously don't think it's going to be -- change the parameters of the case in any significant way, but there is some uncertainty, and leading up to summary judgment, we wanted to build at least a little bit of buffer there.  It doesn't need to be September 2025, but perhaps a couple -- you know, weeks or months after April, just to be practical.

THE COURT:  Okay.  Thank you.

Do the Underwriter Defendants have anything to add?

MS. STEWART:  No, your Honor.  We -- consistent with the position of the Honest Defendants, as long as discovery is appropriately curtailed, we should be fine with

8

those dates.

THE COURT:  Okay.  Well, I'll go through and look at this again.  Do you have anything else to add?

MR. FATALE:  Yes.  I just -- the concern there is then, you know, the reference to discovery being particularly curtailed.  I'm just interested, and just putting it out to think about, you know, does that mean cutting off the discovery that -- period that we've agreed to in order to have November 4th expert reports?  Is that moving up discovery, you know, another month or so?  That probably could work, but just how big is that truncation of the discovery period is my only concern.

THE COURT:  Well, yeah, if we were going to do expert disclosures on November 4th, I was going to cutoff discovery on October 21st.

MR. FATALE:  That would be fine.

THE COURT:  Okay.  And then -- and then -- but I get your point.  You would like to work in more time between the initial reports and the rebuttal reports.

MR. FATALE:  Ideally, 45 days.  I could burn midnight oil and maybe do it with less, but, your Honor, I would kindly request that, because the burden is mainly during that time period.

THE COURT:  Okay.  I'll go through and take a look at the schedule and -- again -- and put something out

9

shortly.  And then, just to -- I know we had this conversation before, but the Catterton Defendants are kind of new to this case, but we'll set a schedule and we'll stick to it.  And so we won't be modifying it at all.  And I think that's helpful for the parties, because at least you know when the case is going to trial, when it will be over.

So, if there's discovery issues, if you're not getting something you need, bring it to the attention fo the magistrate judge sooner, rather than later, just because if you get jammed up at the end and the excuse is kind of, well, I gave the other side extensions, you know, that's not really going to be enough to establish good cause to move the schedule.

So, we kind of only move schedules if somebody is -- if there is some personal situation, a lawyer gets sick or something like that.  Then we would, but other than that, we're going to stick with the schedule.  Does that make sense?

MS. KIM:  Yes, your Honor.

MR. LINHARDT:  It does.

THE COURT:  Okay, thank you.  Anything else?

MR. FATALE:  Yes.  One other thing, your Honor.  There were a couple of deals made this morning on some of the unresolved issues in our 26(f) that I just wanted to make the Court aware of.

10

THE COURT:  Right.

MR. FATALE:  The report references that the Underwriters and the Plaintiffs were negotiating a stipulation to limit discovery to only certain of those Defendants.

We've reached that agreement this morning.  There was a dispute over privilege logs between Plaintiff and Catterton on whether they'd be 30 days or 15 days after substantial completion.  We have reached an agreement to split the baby on that.

The outstanding disputes were when Honest Defendants and the Underwriter Defendants privilege logs would be due after substantial completion, we've requested 30 days.  They've requested 60.

And also, there was a dispute over a number of depositions, 25 versus 20.  I'm happy to reserve on that issue now and go forward with the 20.  And, of course, with -- reserving the right to seek more as I get documents from Catterton to see how many -- we agreed to 20 when it was just the Uber writer (sic) -- I'm sorry -- Underwriters and Honest Defendants.  I've received Catterton's initial disclosures this week.  I think I can make it work in 20, but I have to reserve the right to come back once I get their documents.

THE COURT:  Okay.  Yeah, any issues with discovery

11

limitations can be brought up with the magistrate, but thank you for putting that on the record.

Any response to that you'd like to memorialize at this point?

MS. KIM:  Yes.  The Honest Defendants would just like to add that before -- about a month or so before discovery was stayed, Plaintiffs served omnibus deposition notice, which included 15 witness -- witness deposition notices to Honest, along with three -- four 30(b)(6), one to Honest and three to Underwriter Defendants.  And two of those deposition notices included two of the folks associated with Catterton.  So it is our position that they do not need anymore depositions to proceed with this case.

With respect to the privilege log, we asked for 60 days, because Honest needs time to coordinate with the Underwriter Defendants, because there's common interest issues and that is why we're seeking 60 days.

THE COURT:  Okay.  Thank you, Counsel, appreciate it.

Anything else anybody has to add?

(No response.)

THE COURT:  Okay.  Thanks, Counsel.

MR. FATALE:  Thank you very much, your Honor.

(Proceedings concluded.)

*Echo Reporting, Inc.*

12

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


/s/Tara Jaurequi                          6/13/2024
Transcriber                               Date

FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:


/s/L.L. Francisco
L.L. Francisco, President
Echo Reporting, Inc.