DANIEL J. TYUKODY (SBN 123323)
tyukodyd@gtlaw.com
ALEX LINHARDT (SBN 303669)
linhardta@gtlaw.com
JONATHAN WIDJAJA (SBN 345788)
jonathan.widjaja@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Defendants
Catterton Management Company L.L.C., L Catterton VIII, L.P.,
L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII,
L.L.C., C8 Management, L.L.C, and THC Shared Abacus, LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION,

CASE NO.: 2:21-cv-07405-MCS (PLA)

**HON. MARK C. SCARSI**

**CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

---

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

Defendants Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP (collectively, "Catterton"), by and through their counsel of record and on behalf of themselves and no other party, hereby answer the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "SAC") filed by Lead Plaintiff Kathie Ng ("Plaintiffs"). Catterton denies all allegations in the SAC to the extent they (i) contend or suggest that Catterton acted as control persons of The Honest Company, Inc. ("Honest") by virtue of their positions as directors and/or senior officers and/or major shareholders of Honest; (ii) contend or suggest that Catterton controlled the contents of the Registration Statement or Offering Documents; (iii) contend or suggest that Plaintiffs or members of the putative class have suffered any damages as a consequence of any acts of Catterton alleged in the SAC; (iv) contend or suggest that Catterton has any liability under the SAC; and (v) contend or suggest that Plaintiffs have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for the claims against Catterton. Catterton denies any averments in the headings and subheadings in the SAC.

## I.   NATURE OF THE ACTION

1.   Paragraph 1 consists of legal conclusions to which no response is required or appropriate. To the extent a response to Paragraph 1 is required, Catterton admits that Plaintiffs have filed this putative class action for alleged violations of the cited statutes, but denies that Plaintiffs' claims have any merit, or that Plaintiffs or the Class have been damaged.

2.   Paragraph 2 consists of legal conclusions to which no response is required or appropriate. To the extent a response to Paragraph 2 is required, Catterton avers that the cited statutes speak for themselves.

3.   Catterton avers that the quotation in Paragraph 3 speaks for itself and respectfully refers the Court to the referenced statement for a complete and accurate

1

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

statement and its surrounding context.

4.     Catterton denies that the allegations in Paragraph 4 constitute a complete and accurate description of Honest and its business.

5.     Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5, and therefore denies them.

6.     Catterton denies that the allegations in Paragraph 6 related to the Offering Documents constitute a complete and accurate description of the Offering Documents and respectfully refers the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents. Catterton further lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

7.     Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore denies them.

8.     Catterton denies that the allegations in Paragraph 8 related to the Offering Documents constitute a complete and accurate description of the Offering Documents and respectfully refers the Court to the Offering Documents referenced therein for a complete and accurate statement of their contents. Catterton further lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

9.     Catterton admits the referenced stock prices but denies the remaining allegations in Paragraph 9.

**II.     JURISDICTION AND VENUE**

10.     Paragraph 10 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that Plaintiffs purport to bring this action pursuant to the statutes cited.

11.     Paragraph 11 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that Plaintiffs purport to base jurisdiction over the subject matter of this action pursuant to the statutes cited.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

12.     Paragraph 12 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton (i) admits that Plaintiffs purport to base venue over the subject matter of this action pursuant to the statutes cited; and (ii) denies the remaining allegations contained in Paragraph 12.

13.     Paragraph 13 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits it used U.S. mail and interstate telephone communications but denies that those actions were unlawful or harmed Plaintiffs.

## III.   PARTIES

### A.     Lead Plaintiff

14.     Catterton admits that the Court appointed Kathie Ng as Lead Plaintiff in this action, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiffs' alleged purchase, and denies that Plaintiffs suffered any damages as a result.

### B.     Defendants

#### 1.     The Corporate Defendant

15.     Catterton denies that the allegations constitute a complete and accurate description of Honest and its business, but admits that Honest is a Delaware corporation listed as headquartered at 12130 Millennium Drive, #500, Los Angeles, California and has shares listed under the ticker symbol "HNST" on Nasdaq Global Market ("NASDAQ").

#### 2.     The Individual Defendants

16.     Catterton admits that the Offering Documents describe Nikolaos Vlahos as CEO and as a member of Honest's Board of Directors, and that Vlahos purportedly signed the Registration Statement filed with the SEC. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

17.     Catterton admits that the Offering Documents describe Kelly Kennedy as Executive Vice President and CFO, and that Kennedy purportedly signed the Registration Statement filed with the SEC. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

18.     Catterton admits that the Offering Documents describe Jessica Warren as Chief Creative Officer and a member of Honest's Board of Directors, and that Warren purportedly signed the Registration Statement filed with the SEC. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

19.     Catterton admits that the Offering Documents describe Katie Bayne as a member of Honest's Board of Directors, and that Bayne purportedly signed the Registration Statement filed with the SEC. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

20.     Catterton admits that the Offering Documents describe Scott Dahnke as a member of Honest's Board of Directors, and that Dahnke reviewed and signed the Registration Statement filed with the SEC. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

21.     Catterton admits that the Offering Documents describe Eric Liaw as a member of Honest's Board of Directors, and that E. Liaw purportedly signed the Registration Statement filed with the SEC. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

22.     Catterton admits that the Offering Documents describe Jeremy Liew as a member of Honest's Board of Directors, and that J. Liew purportedly signed the Registration Statement filed with the SEC. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

4

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

23.    Catterton admits that the Offering Documents describe Avik Pramanik as a member of Honest's Board of Directors, and that Pramanik reviewed and signed the Registration Statement filed with the SEC. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

24.    Because Paragraph 24 contains only an internal definition and no factual allegations, no response is required.

25.    To the extent the allegations of Paragraph 25 consist of legal conclusions or claims that are not directed to Catterton, no response is required or appropriate. To the extent that a response is required, Catterton denies that the Offering Documents contained inaccurate, misleading, or incomplete statements. As to the remaining allegations, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of them, and therefore denies them.

### 3. The Underwriter Defendants

26.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26, and therefore denies them.

27.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27, and therefore denies them.

28.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28, and therefore denies them.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT
ACTIVE 700779689v2

29.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 29, and therefore denies them.

30.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30, and therefore denies them.

31.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31, and therefore denies them.

32.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32, and therefore denies them.

33.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33, and therefore denies them.

34.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 34, and therefore denies them.

35.    Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

contained in Paragraph 35, and therefore denies them.

36. Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36, and therefore denies them.

37. Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of the allocation of shares, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 37, and therefore denies them.

38. Because Paragraph 38 contains only an internal definition and no factual allegations, no response is required.

39. Catterton respectfully refers the Court to the Offering Documents for a complete and accurate description of any fees or commissions received by the Underwriter Defendants, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 39, and therefore denies them.

40. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 40, and therefore denies them.

41. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 41, and therefore denies them.

42. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 42, and therefore denies them.

43. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 43, and therefore denies them.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

44.    Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 44, and therefore denies them.

### 4. The Catterton Defendants

45.    Catterton admits that THC Shared Abacus, L.P. owned 31,187,748 Honest shares prior to the Offering and sold 19,017,945 shares, and admits that Dahnke was co-CEO of *L* Catterton and Pramanik was a Partner at *L* Catterton.  Catterton denies the remaining allegations of Paragraph 45.

46.    Catterton denies that the organization chart contained in Paragraph 46 constitutes a complete and accurate description of Catterton's structure as it is ambiguous as to ownership and control. Catterton further denies that C8 Management, LLC was a managing partner of Catterton Managing Partner VIII, LLC as C8 Management, LLC was instead a managing member of Catterton Managing Partner VIII, LLC. Catterton admits the remaining allegations in Paragraph 46.

47.    Catterton avers that the cited Initial Disclosures—served by the Honest, Individual, and Underwriter Defendants before Catterton was named a party to this action—speak for themselves and that no response is required or appropriate.

48.    Paragraph 48 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the allegations in Paragraph 48.

### IV.    SUBSTANTIVE ALLEGATIONS

### A.    Honest's Business and Omnichannel Approach

49.    Catterton denies the allegations contained in Paragraph 49 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

50.    Catterton denies the allegations contained in Paragraph 50 constitute a

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

51. Catterton denies the allegations contained in Paragraph 51 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

52. Catterton denies the allegations contained in Paragraph 52 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

53. Catterton denies the allegations contained in Paragraph 53 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

54. Catterton denies the allegations contained in Paragraph 54 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

55. Catterton admits the cited quotation in Paragraph 55 appears in the Registration Statement but denies it is a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

56. Catterton denies the allegations contained in Paragraph 56 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

**B.      Honest's Clean Conscious Diaper**

57.      Catterton denies the allegations contained in Paragraph 57 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

58.      Catterton denies the allegations contained in Paragraph 58 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

59.      Catterton denies the allegations contained in Paragraph 59 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

60.      Catterton denies the allegations contained in Paragraph 60 constitute a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date.

61.      Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61, and therefore denies them.

62.      Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the confidential witness contained in Paragraph 62, and therefore denies them.

63.      Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the confidential witness contained in Paragraph 63 and therefore denies them.

64.      Catterton lacks knowledge or information sufficient to form a belief as to whether the comments contained in Paragraph 64 are a fair sample of customer reviews and

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the facts asserted in the selected responses.

65.    Catterton lacks knowledge or information sufficient to form a belief as to whether the comments contained in Paragraph 65 are a fair sample of customer reviews and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the facts asserted in the selected responses.

66.    Catterton lacks knowledge or information sufficient to form a belief as to whether the comments contained in Paragraph 66 are a fair sample of customer reviews and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the facts asserted in the selected responses.

67.    Catterton admits the quotation in Paragraph 67 appears in the Registration Statement but denies it is a complete and accurate description of Honest and its business and respectfully refers the Court to the Offering Documents for a description of Honest's business as of the effective date. Catterton denies any remaining allegations in Paragraph 67.

**C.    Honest's "Growth"**

68.    Catterton admits the quoted statements in Paragraph 68 appear in the Registration Statement, but denies the allegations constitute a complete and accurate description of the Offering Documents and respectfully refers the Court to the Offering Documents for an accurate description of its contents.

69.    Catterton admits the cited revenue growth in Paragraph 69 appears in the Registration Statement, but denies the allegations constitute a complete and accurate description of the Offering Documents and respectfully refers the Court to the Offering Documents for an accurate description of its contents.

70.    Catterton admits the quoted statement in Paragraph 70 appears in the Registration Statement, but denies the allegations constitute a complete and accurate description of the Offering Documents and respectfully refers the Court to the Offering

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT
ACTIVE 700779689v2

Documents for an accurate description of its contents.

71.     Catterton admits the quoted statement in Paragraph 71 appears in the Registration Statement, but denies the allegations constitute a complete and accurate description of the Offering Documents and respectfully refers the Court to the Offering Documents for an accurate description of its contents.

72.     Catterton admits the quoted statement in Paragraph 72 appears in the Registration Statement, but denies the allegations constitute a complete and accurate description of the Offering Documents and respectfully refers the Court to the Offering Documents for an accurate description of its contents.

73.     Paragraph 73 consists of legal conclusions to which no response is required or appropriate. Catterton denies the remaining allegations contained in Paragraph 73 constitute a complete and accurate description of the Offering Documents and respectfully refers the Court to the Offering Documents for an accurate description of its contents.

74.     Paragraph 74 consists of legal conclusions to which no response is required or appropriate. Catterton denies the remaining allegations contained in Paragraph 74 and respectfully refers the Court to the Offering Documents for an accurate description of its contents.

75.     Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the confidential witness contained in Paragraph 75, and therefore denies them.

76.     Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the confidential witness contained in Paragraph 76, and therefore denies them.

77.     Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the confidential witness contained in Paragraph 77, and therefore denies them.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

78.    Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the confidential witness contained in Paragraph 78, and therefore denies them.

79.    Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the confidential witness contained in Paragraph 79, and therefore denies them.

**D.    The Catterton Defendants Controlled the IPO and the Company**

**1.    Catterton Controlled the Timing of the IPO as a Means to Urgently Exit its Investment**

80.    Catterton denies the allegations contained in Paragraph 80.

81.    Catterton admits the quoted statements in Paragraph 81 appear in the referenced Exhibit, but denies the characterizations of those statements and respectfully refers the Court to the Exhibit for a complete and accurate version of those statements and their surrounding context. Catterton denies the remaining allegations contained in Paragraph 81.

82.    Catterton admits the quoted statements in Paragraph 82 appear in the referenced Exhibit, but denies the characterizations of those statements and respectfully refers the Court to the Exhibit for a complete and accurate version of those statements and their surrounding context. Catterton denies the remaining allegations contained in Paragraph 82.

83.    Catterton admits the quoted statements in Paragraph 83 appear in the referenced Exhibit, but denies the characterizations of those statements and respectfully refers the Court to the Exhibit for a complete and accurate version of those statements and their surrounding context. Catterton denies the remaining allegations contained in Paragraph 83.

84.    Catterton admits the quoted statements in Paragraph 84 appear in the referenced Exhibit, but denies the characterizations of those statements and respectfully

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

refers the Court to the Exhibit for a complete and accurate version of those statements and their surrounding context. Catterton denies the remaining allegations contained in Paragraph 84.

85. Catterton denies the allegations contained in Paragraph 85.

86. Catterton lacks knowledge or information sufficient to form a belief as to whether Morgan Stanley informed Honest and Catterton separately about the potential for an M&A sale, and therefore denies those allegations. Catterton denies the remaining allegations contained in Paragraph 86.

87. Catterton admits the quoted statement in Paragraph 87 appears in the referenced Exhibit, but denies the characterizations of that statement and respectfully refers the Court to the Exhibit for a complete and accurate version of that statement and its surrounding context. Catterton denies the remaining allegations contained in Paragraph 87.

88. Catterton admits the quoted statements in Paragraph 88 appear in the referenced Exhibit, but denies the characterizations of those statements and respectfully refers the Court to the Exhibit for a complete and accurate version of those statements and their surrounding context.

89. Catterton admits the quoted statements in Paragraph 89 appear in the referenced Exhibit, but denies the characterizations of those statements and respectfully refers the Court to the Exhibit for a complete and accurate version of those statements and their surrounding context. Catterton denies the remaining allegations contained in Paragraph 89.

90. Catterton denies the allegations contained in Paragraph 90.

91. Catterton admits the quoted statements in Paragraph 91 appear in the referenced Exhibit, but denies the characterizations of those statements and respectfully refers the Court to the Exhibit for a complete and accurate version of those statements and their surrounding context. Catterton denies the remaining allegations contained in Paragraph 91.

14

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

92.    Catterton admits the quoted statements in Paragraph 92 appear in the referenced Exhibit, but denies the characterizations of those statements and respectfully refers the Court to the Exhibit for a complete and accurate version of those statements and their surrounding context. Catterton denies the remaining allegations contained in Paragraph 92.

93.    Catterton denies the characterization of the Exhibit and respectfully refers the Court to the Exhibit for a complete and accurate statement and its surrounding context.

94.    Paragraph 94 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that Catterton reviewed Honest's financials, but denies the remaining allegations contained in Paragraph 94.

95.    Paragraph 95 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that Catterton monitored growth and metrics and received Honest reports, admits the individuals and quoted statements appear in the referenced Exhibit, but denies the characterizations of the statements and Exhibit, and respectfully refers the Court to the Exhibit for a complete and accurate statement and its surrounding context. Catterton denies the remaining allegations contained in Paragraph 95.

96.    Paragraph 96 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the allegations contained in Paragraph 96.

97.    Paragraph 97 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the characterizations of the Exhibit, and respectfully refers the Court to the Exhibit for a complete and accurate statement and its surrounding context. Catterton denies the remaining allegations contained in Paragraph 97.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

98.     Catterton admits the quoted statements appear in the referenced Exhibit, but denies the characterizations of the Exhibit, and respectfully refers the Court to the Exhibit for a complete and accurate statement and its surrounding context. Catterton denies the remaining allegations contained in Paragraph 98.

99.     Catterton lacks knowledge or information sufficient to form a belief as to Morgan Stanley's views towards Catterton. Catterton denies the remaining allegations contained in Paragraph 99.

100.    Catterton lacks knowledge or information sufficient to form a belief as to Morgan Stanley's views towards Catterton. Catterton denies the characterizations of the Exhibits, and respectfully refers the Court to the Exhibits for a complete and accurate statement and their surrounding context. To the extent a response is required, Catterton denies the remaining allegations contained in Paragraph 100.

101.    Paragraph 101 consists of legal conclusions to which no response is required or appropriate. Catterton denies the remaining allegations contained in Paragraph 101.

**E. Honest's IPO**

102.    Catterton admits the allegations contained in Paragraph 102.

103.    Paragraph 103 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the allegations contained in Paragraph 103 constitute a complete and accurate description of the IPO and respectfully refer the Court to the Offering Documents for a complete and accurate description of the IPO.

104.    Catterton admits the cited quotation in Paragraph 104 appears in the Offering Documents but respectfully refers the Court to the Offering Documents for a complete and accurate statement and its surrounding context.

105.    Paragraph 105 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton (i) denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Lead

16

ACTIVE 700779689v2

Plaintiff and other members of the Class purchased or otherwise acquired Honest common stock pursuant and/or traceable to the IPO and the Offering Documents, and (ii) denies that Lead Plaintiff and other members of the Class were damaged thereby.

**F. The Offering Documents Contained Materially False and Misleading Statements of Fact and Omitted Material Information**

106. Paragraph 106 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the allegations in Paragraph 106.

107. Paragraph 107 consists of legal conclusions to which no response is required or appropriate.

108. Paragraph 108 consists of legal conclusions to which no response is required or appropriate.

109. Paragraph 109 consists of legal conclusions to which no response is required or appropriate.

110. Paragraph 110 consists of legal conclusions to which no response is required or appropriate.

111. Paragraph 111 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the allegations and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context.

112. Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents, and denies any remaining allegations in Paragraph 112 and surrounding context.

113. Catterton admits that the quoted statement appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context.

17

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

114.    Catterton admits that the quoted statement appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context.

115.    Paragraph 115 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context.

116.    Paragraph 116 consist of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context, and denies any remaining allegations in Paragraph 116.

117.    Paragraph 117 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

118.    Paragraph 118 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

119.    Paragraph 119 consist of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context, and denies any remaining allegations in Paragraph 119.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

120.    Paragraph 120 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context, and denies any remaining allegations in Paragraph 120.

121.    Paragraph 121 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

122.    Paragraph 122 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the allegations.

123.    Paragraph 123 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context, and denies any remaining allegations in Paragraph 123.

124.    Paragraph 124 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

125.    Paragraph 125 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context, and denies any remaining allegations in Paragraph 125.

126.    Paragraph 126 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

127. Paragraph 127 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context, and denies any remaining allegations in Paragraph 127.

128. Paragraph 128 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

129. Paragraph 129 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context, and denies any remaining allegations in Paragraph 129.

130. Paragraph 130 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

131. Paragraph 131 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to whether Honest produced daily reports or whether products were not moving. Catterton denies the remaining allegations.

132. Paragraph 132 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering

20

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Documents for a complete and accurate statement of their contents and surrounding context, and denies any remaining allegations in Paragraph 132.

133. Paragraph 133 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

134. Paragraph 134 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

135. Paragraph 135 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the quotation appears in the Offering Documents, but respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents and surrounding context, and denies any remaining allegations in Paragraph 135.

136. Paragraph 136 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

137. Catterton respectfully refers the Court to the referenced press release in Paragraph 137 for a complete and accurate statement of its contents and surrounding context.

138. Catterton admits that the quoted statement in Paragraph 138 appears in the transcript of the referenced earnings call, but respectfully refers the Court to the transcript for a complete and accurate statement of its contents and surrounding context, and denies any remaining allegations.

21
CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

139.    Catterton admits that the quoted statement in Paragraph 139 appears in the transcript of the referenced earnings call, but respectfully refers the Court to the transcript for a complete and accurate statement of its contents and surrounding context, and denies any remaining allegations.

140.    Catterton admits that the quoted statement in Paragraph 140 appears in the transcript of the referenced earnings call, but respectfully refers the Court to the transcript for a complete and accurate statement of its contents and surrounding context, and denies any remaining allegations.

141.    Paragraph 141 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits the referenced stock prices but denies that the stock price decline was caused by the referenced statement.

142.    Catterton admits that the quoted statement in Paragraph 142 appears in the referenced press release but respectfully refers the Court to the press release for a complete and accurate statement of its contents and surrounding context, and denies any remaining allegations.

143.    Catterton admits that the quoted statement in Paragraph 143 appears in the referenced press release but respectfully refers the Court to the press release for a complete and accurate statement of its contents and surrounding context, and denies any remaining allegations.

144.    Catterton admits that the quoted statement in Paragraph 144 appears in the referenced press release from Paragraph 143 but respectfully refers the Court to the press release for a complete and accurate statement of its contents and surrounding context, and denies any remaining allegations.

145.    Catterton admits that the quoted statement in Paragraph 145 appears in the transcript of the referenced earnings call, but respectfully refers the Court to the transcript for a complete and accurate statement of its contents and surrounding context, and denies any remaining allegations.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

146.   Catterton admits that the quoted statement in Paragraph 146 appears in the transcript of the referenced earnings call, but respectfully refers the Court to the transcript for a complete and accurate statement of its contents and surrounding context.

147.   Paragraph 147 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits the referenced stock prices but denies that the stock price decline was caused by the referenced statement.

148.   Catterton respectfully refers the Court to the referenced analyst report for a complete and accurate statement of its contents and surrounding context, and denies any remaining allegations.

149.   Paragraph 149 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits the referenced stock prices, but denies that the stock price decline was caused by the referenced statements and denies any remaining allegations.

## V.   CLASS ALLEGATIONS

150.   Paragraph 150 consists of legal conclusions to which no response is required or appropriate. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore denies them.

151.   Paragraph 151 consists of legal conclusions to which no response is required or appropriate. Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore denies them.

152.   Paragraph 152 consists of legal conclusions to which no response is required or appropriate. To the extent a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore denies them.

153.   Paragraph 153 consists of legal conclusions to which no response is required

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

or appropriate. To the extent a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore denies them.

154. Paragraph 154 consists of legal conclusions to which no response is required or appropriate. To the extent a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore denies them.

155. Paragraph 155 consists of legal conclusions to which no response is required or appropriate. To the extent a response is required, Catterton lacks knowledge or information sufficient to form a belief as to the truth or falsity of the facts underlying the remaining allegations, and therefore denies them.

## VI.   CAUSES OF ACTION

### COUNT I
### FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT
### Against Honest, the Individual Defendants, and the Underwriter Defendants

156-167. The allegations contained in paragraphs 156–167 are not directed at Catterton, and therefore, Catterton is not required to answer such allegations.

### COUNT II
### FOR VIOLATION OF SECTION 15 OF THE SECURITIES ACT
### Against the Individual Defendants and the Catterton Defendants

168. Catterton repeats each and every response to the SAC's allegations above as if fully set forth herein.

169. Paragraph 169 consists of legal conclusions to which no response is required or appropriate.

170. Paragraph 170 consists of legal conclusions to which no response is required or appropriate.

171. Paragraph 171 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the remaining

24

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

allegations contained in Paragraph 171.

172. Paragraph 172 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the remaining allegations contained in Paragraph 172.

173. Paragraph 173 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton denies the remaining allegations contained in Paragraph 173.

174. Paragraph 174 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Catterton admits that the Offering Documents disclosed information about members of the Honest Board of Directors who were affiliated with Catterton, the amount of Catterton shares owned and sold in the Offering, but denies the remaining allegations contained in Paragraph 174.

175. Catterton lacks knowledge or information sufficient to form a belief as to when the referenced document productions in Paragraph 175 occurred, and therefore denies them.

176. Paragraph 176 consists of legal conclusions to which no response is required or appropriate.

## PRAYER FOR RELIEF

Catterton denies that Plaintiffs or members of the putative class are entitled to the requested relief, or any relief, against Catterton, and Catterton requests that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Catterton denies the allegations of Plaintiffs' demand for a jury trial, but admits that Plaintiffs demand a jury trial.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, Catterton asserts the

25

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

following affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE

The claims asserted against Catterton fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims against Catterton with the required particularity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Catterton are barred, in whole or in part, because Catterton did not assert control over Honest, the Registration Statement, or the Offering Documents under Section 15 of the Securities Act.

## FOURTH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that to the extent that Plaintiffs and members of the putative class purchased Honest securities in the secondary market that are not traceable to the Registration Statement or Offering Documents, they are not entitled to any recovery from Catterton.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members' claims are barred, in whole or in part, because at all relevant times Catterton relied in good faith on the representations, reports, expert opinions, and advice of others.

## SIXTH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that it is not liable to Plaintiffs because the Registration Statement and Offering Documents did not contain any untrue statement of material fact and bespoke caution about the risks of investing in Honest, and Catterton is not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others or for any statements not contained in the Registration Statement or Offering Documents.

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT
ACTIVE 700779689v2

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue under the Securities Act, or to assert the Section 15 cause of action against Catterton and the Section 11 cause of action underlying it.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred in whole or in part because Catterton neither owed nor breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted in the Registration Statement or Offering Documents, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Registration Statement or Offering Documents.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Catterton because the allegedly untrue statements of material fact and/or omissions of material fact in the Registration Statement and Offering Documents were not material to the investment decisions of a reasonable investor.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from Catterton because Catterton acted at all times in good faith and had no knowledge, and was not reckless in not knowing, that any alleged statement or omission was false or misleading.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from Catterton because Catterton did not know, and in the exercise of reasonable care could not have known, of the alleged misstatements or omissions of fact in the Registration Statement or Offering Documents.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members are not entitled to any recovery under the Securities Act from Catterton because, at all relevant times, Catterton conducted a

27

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Registration Statement became effective, that the statements in the Registration Statement and Offering Documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## THIRTEENTH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that any damages or injuries suffered by Plaintiffs or the putative class were not legally caused by any act or omission on the part of Catterton

## FOURTEENTH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that if and to the extent that the Registration Statement and materials incorporated therein are determined to have contained false or misleading statements (which Catterton denies), Plaintiffs and members of the putative class either knew or should have known about the matters alleged in the SAC, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the offered securities and bars any recovery to the extent thereof.

## FIFTEENTH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that Plaintiffs and members of the putative class are not entitled to any recovery from Catterton under the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Registration Statement or Offering Documents, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

28

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

## SIXTEENTH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that if and to the extent that the Registration Statement, Offering Documents, and materials incorporated therein are found to have false or misleading statements (which Catterton denies), the actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Catterton is further informed and believes, and on that basis alleges, that Plaintiff and the putative class are not entitled to any recovery from Catterton under the Securities Act because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Honest's own public filings and announcements, in the Registration Statement and the Offering Documents, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that Plaintiffs and members of the putative class are not entitled to any recovery from Catterton because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing Honest securities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that Plaintiffs' claims against Catterton are barred in whole or in part by their own actions, omissions, and/or negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that Plaintiffs' claims against Catterton are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs.

29

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

ACTIVE 700779689v2

## TWENTIETH AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that Catterton is not liable under Section 15 of the Securities Act for damages in excess of the total price at which the specific securities were offered to the public.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Catterton is informed and believes, and on that basis alleges, that Plaintiffs and the putative class members' claims against Catterton are barred in whole or in part because of inequitable conduct and unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims asserted in the SAC are barred in whole or in part because the purported misstatements or omissions alleged in the SAC concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

## PRAYER FOR RELIEF

WHEREFORE, Catterton prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Second Amended Complaint;

2. For an award of Catterton's reasonable attorneys' fees, according to proof;

3. For Catterton's costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: August 22, 2024               GREENBERG TRAURIG, LLP


By /s/ Daniel J. Tyukody
Daniel J. Tyukody
Alex Linhardt
Jonathan Widjaja

Attorneys for Defendants
Catterton Management Company L.L.C.,
L Catterton VIII, L.P., L Catterton VIII Offshore,
L.P., Catterton Managing Partner VIII, L.L.C., C8
Management, L.L.C., and THC Shared Abacus, LP

30

CATTERTON DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT