# Exhibit 1

EXECUTION VERSION

**LABATON KELLER SUCHAROW LLP**
Jonathan Gardner*
Alfred L. Fatale III*
Joseph Cotilletta*
Beth C. Khinchuk*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
afatale@labaton.com
jcotilletta@labaton.com
bkhinchuk@labaton.com

*admitted *pro hac vice*

*Class Counsel for Class Representative
Kathie Ng and the Class*

[additional counsel on signature page]

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Class
Representative Kathie Ng
and the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 21-cv-07405-MCS-AS<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement, dated as of March 11, 2025 (the "Stipulation" or "Settlement Agreement"), is entered into between: (i) Lead Plaintiff and Class Representative Kathie Ng ("Class Representative" or "Lead Plaintiff"), on behalf of herself and the other members of the certified Class (defined below), and (ii) defendant The Honest Company, Inc. ("Honest"); defendants Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, and Avik Pramanik (collectively, the "Individual Defendants" and, together with Honest, the "Honest Defendants"); defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants"); and defendants Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP (collectively, the "Catterton Defendants" and together with the Honest Defendants and the Underwriter Defendants, "Defendants," and with Class Representative, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned litigation (the "Action") pending in the United States District Court for the Central District of California (the "Court"). This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, relinquish, release, waive and dismiss with prejudice, and without costs, the Released Claims (defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

1

WHEREAS:

A.    All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms as set forth herein and in ¶ 1 hereof, entitled "Definitions."

B.    On September 15, 2021, a securities class action captioned *Dixon v. The Honest Company, Inc., et al.*, Case No. 21-cv-07405 (the "*Dixon* Action"), was commenced in this Court asserting violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") for alleged misstatements and omissions in the registration statement and prospectus (the "Offering Documents") for Honest's May 5, 2021, initial public offering (the "IPO"). ECF No. 1

C.    On October 8, 2021, a second securities class action captioned *Gambino v. The Honest Company, Inc., et. al.*, Case No. 21-cv-08033 (the "*Gambino* Action"), was commenced in this Court asserting violations of Sections 11 and 15 of the Securities Act for alleged misstatements and omissions in the Offering Documents for the IPO.

D.    On January 26, 2022, the Court appointed Kathie Ng as Lead Plaintiff, approved her selection of Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as Lead Counsel ("Labaton" or "Class Counsel"), and consolidated the *Dixon* Action and the *Gambino* Action under the caption *In re The Honest Company, Inc. Securities Litigation*, Case No. 21-cv-07405. ECF No. 47.

E.    On February 21, 2022, Class Representative filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint") asserting claims against the Honest Defendants and the Underwriter Defendants under Section 11 of the Securities Act and against the Individual Defendants under Section 15 of the Securities Act. ECF No. 59. In particular, the Consolidated Complaint alleged that the Offering Documents filed in connection with

2

the IPO contained three categories of allegedly materially false and misleading statements or omissions.  First, the Consolidated Complaint alleged that the Offering Documents failed to disclose that, at the time of the IPO, Honest's introduction of its "clean conscious diaper" was negatively received by customers. Second, the Consolidated Complaint alleged that the Offering Documents failed to disclose, at the time of the IPO, the extent to which stockpiling of Honest products during the COVID-19 pandemic was negatively impacting the Company. Third, the Consolidated Complaint alleged that the Offering Documents misrepresented the significant risks that made the IPO speculative and risky, in particular, risks associated with the COVID-19 stock-up, decreasing demand, and Honest's "omnichannel" strategy.

F.    On March 14, 2022, the Honest Defendants moved to dismiss the Consolidated Complaint (the "First Motion to Dismiss").  ECF No. 60. On the same day, the Underwriter Defendants joined in that motion. ECF No. 62. After briefing, on July 18, 2022, the Court granted in part and denied in part the First Motion to Dismiss (the "First Motion to Dismiss Order") and ordered Class Representative to either file "(1) an amended complaint or (2) a statement indicating she will proceed on the basis of the Consolidated Complaint without the theory of the Section 11 claim dismissed in this Order."  ECF No. 71.

G.    On July 27, 2022, Class Representative filed notice of intent not to amend the Consolidated Complaint. ECF No. 72.

H.    On August 1, 2022, the Honest Defendants filed a Motion for Partial Reconsideration of the July 18, 2022 First Motion to Dismiss Order (the "Motion for Partial Reconsideration"), which the Underwriter Defendants joined. ECF Nos. 75-76.

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

I.     On August 17, 2022, the Honest Defendants and the Underwriter Defendants filed their answers to the Consolidated Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.  ECF Nos. 80-81.

J.     On August 25, 2022, after briefing, the Court denied in full Defendants' Motion for Partial Reconsideration. ECF No. 84.

K.     On September 7, 2022, Class Representative filed a Motion to Strike Affirmative Defenses ("Motion to Strike") from both the Honest Defendants' and the Underwriter Defendants' answers to the Consolidated Complaint. ECF No. 85.

L.     On October 26, 2022, the Court granted in part and denied in part the Motion to Strike and ordered the Honest Defendants and the Underwriter Defendants to file amended answers to the Consolidated Complaint. ECF No. 99.

M.     Also on October 26, 2022, Class Representative commenced discovery against the Honest Defendants and the Underwriter Defendants. During the course of the litigation, the discovery that Class Representative directed at the Honest Defendants and the Underwriter Defendants included requests for documents, interrogatories, requests for admission, and notices of depositions. In due course, Defendants responded to each of Class Representative's discovery requests.

N.     On November 9, 2022, Honest Defendants and Underwriter Defendants filed amended answers to the Consolidated Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.  ECF Nos. 104-105.

O.     On November 14, 2022, the Honest Defendants commenced discovery against Class Representative. During the course of the litigation, the discovery Honest Defendants directed at Class Representative included requests for documents, interrogatories, and a notice of deposition. Class Representative, in due course, responded to each of the Honest Defendants' discovery demands.

P.    On February 13, 2023, Class Representative moved for class certification, appointment of Kathie Ng as Class Representative, and appointment of Labaton as Class Counsel (the "Motion for Class Certification").  ECF No. 113.

Q.    After briefing and oral argument, on May 1, 2023, the Court entered an order granting in part the Motion for Class Certification which certified the Class, appointed Kathie Ng as Class Representative, and appointed Labaton as Class Counsel.  ECF No. 127

R.    On May 22, 2023, Class Representative, the Honest Defendants, and the Underwriter Defendants entered into a Joint Stipulation as to Notice of Pendency of Class Action. ECF No. 130.

S.    On May 24, 2023, the Court entered an order approving issuance of notice of pendency of class action ("Class Notice"). ECF No. 132.

T.    In May 2023, Class Representative and the Honest Defendants began discussing the possibility of exploring a mediated resolution of the Action. To facilitate these discussions and subsequently assist them in reaching a potential negotiated resolution of the Action's claims against the Honest Defendants and the Underwriter Defendants, Class Representative and the Honest Defendants engaged David M. Murphy, Esq. (the "Mediator"), a well-respected and highly experienced mediator from Phillips ADR.

U.    Beginning on June 8, 2023, the Class Notice was mailed to potential Class Members and their nominees and a website was created for the Action. On June 15, 2023, a summary notice was published in *The Wall Street Journal* and distributed on the internet using *PR Newswire*. In addition to summarizing the Action, the notices collectively provided potential Class Members with the opportunity to request exclusion from the Class (i.e., to "opt-out"), explained that right, and set forth procedures for doing so. The notices informed Class Members that if they did not

5

request exclusion, they would remain a member of the Class, and that they would be bound by all Court orders, whether favorable or unfavorable. The deadline for mailing any requests for exclusion from the Class was August 7, 2023. As of August 28, 2023, no requests for exclusion were received. ECF No. 163. After August 28, 2023, three untimely requests for exclusion were received, purportedly representing 158 shares of common stock in total.  ECF Nos. 166, 175.

V.    On June 20, 2023, Class Counsel and counsel for the Honest Defendants met with the Mediator to explore a potential resolution of this Action through an all-day mediation. *See* ECF No. 135. This mediation was preceded by the exchange of confidential mediation statements. However, no settlement was reached at the session.

W.    On August 14, 2023, Class Representative filed the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws adding the Catterton Defendants to the pleadings (the "Amended Consolidated Complaint"). ECF No. 141.  The Amended Consolidated Complaint added allegations concerning the Catterton Defendants' alleged control of Honest and their alleged liability under Section 15 of the Securities Act. The allegations as to the Honest Defendants and the Underwriter Defendants remained the same.

X.    On October 16, 2023, the Catterton Defendants moved to dismiss the Amended Consolidated Complaint (the "Second Motion to Dismiss").  ECF No. 169.

Y.    After briefing, on January 31, 2024, the Court granted the Second Motion to Dismiss and gave Class Representative leave to amend the Amended Consolidated Complaint within 14 days.  ECF No. 183

Z.    On February 14, 2024, Class Representative filed the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Second Amended Consolidated Complaint") adding additional allegations as to

6

the Catterton Defendants' alleged control of Honest. ECF No. 185. The Second Amended Consolidated Complaint is currently the operative complaint in the Action.

AA.    On February 28, 2024, the Catterton Defendants moved to dismiss the Second Amended Consolidated Complaint (the "Third Motion to Dismiss").  ECF No. 195.

BB.    On April 22, 2024, after briefing, the Court denied the Third Motion to Dismiss in its entirety. ECF No. 217.

CC.    On May 29, 2024, Defendants filed their answers to the Second Amended Consolidated Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.  ECF Nos. 231-233.

DD.    On June 10, 2024, Class Representative commenced discovery against the Catterton Defendants. During the course of the litigation, the discovery that Class Representative directed at the Catterton Defendants included requests for documents, interrogatories, and notices of depositions. In due course, the Catterton Defendants responded to each of Class Representative's discovery requests.

EE.    On June 21, 2024, Class Representative and the Catterton Defendants filed a Joint Stipulation to Amend Catterton Defendants' Answer to Complaint (ECF No. 252) and Class Representative and the Honest Defendants filed a Joint Stipulation to Amend Honest Defendants' Answer to Complaint (ECF No. 253). On June 24, 2024, the Court granted both stipulations. ECF No. 254. Thereafter, both the Honest Defendants (on June 28, 2024) and the Catterton Defendants (on August 22, 2024) filed amended answers. ECF Nos. 259, 262.

FF.    Between September 18, 2024 and November 1, 2024, Class Representative took nineteen (19) depositions, consisting of witnesses on behalf of the Honest Defendants, the Individual Defendants, and the Catterton Defendants, as

7

well as Rule 30(b)(6) corporate designees of Honest, the Catterton Defendants, and the Underwriter Defendants.

GG.    Defendants deposed two witnesses in this Action, including Class Representative (on February 26, 2023) and a confidential witness cited in the Second Amended Consolidated Complaint (on October 4, 2024).

HH.    On November 18, 2024, Class Representative served two expert opening reports, authored by Daniel Taylor regarding the tracing of shares issued in the IPO and Chad Coffman regarding damages.  On the same date, the Honest Defendants served two expert reports, one authored by Jan Kniffen on how the COVID-19 pandemic affected the consumer packaged goods industry and another authored by Kenneth M. Lehn regarding negative causation.  At the same time, the Underwriter Defendants served an expert report authored by Gary Lawrence regarding their due diligence.  Likewise, the Catterton Defendants served two expert reports, one authored by Tom Schryver on whether the actions the Catterton Defendants undertook with respect to Honest are customary among private equity investors and another by Steven Davidoff Solomon on whether the Catterton Defendants' actions and involvement with  Honest were typical for a similarly situated private equity investor.

II.    On December 15, 2024, Class Representative served one rebuttal expert report authored by Chad Coffman in response to Kenneth M. Lehn's report.  On December 16, 2024, Class Representative served three rebuttal expert reports authored by (1) Joe Leiwant in response to Jan Kniffen's report; (2) Jim Miller in response to Gary Lawrence's report; and (3) Bill Purcell in response to Steven Davidoff Solomon's and Tom Schryver's reports.

JJ.    On December 16, 2024, Class Counsel, counsel for the Honest Defendants, and counsel for the Catterton Defendants, met in person for a full-day mediation with the Mediator in an attempt to reach a settlement. The mediation was

preceded by the exchange of mediation statements. After extensive arm's length negotiations, Class Representative, the Honest Defendants, and the Catterton Defendants were unable to reach an agreement to settle the Action, but agreed to continue negotiations through the Mediator.

KK.   On December 23, 2024, after several discussions between Class Counsel and counsel for the Honest Defendants through the Mediator, Class Representative and the Honest Defendants accepted a Mediator's proposal to resolve all claims against the Honest Defendants and the Underwriter Defendants, subject to the negotiation of non-financial terms for the Settlement and Court approval.

LL.    On January 6, 2025, after several discussions between Class Counsel and counsel for the Catterton Defendants through the Mediator, Class Representative and the Catterton Defendants accepted a Mediator's proposal to resolve all claims against the Catterton Defendants, subject to the negotiation of non-financial terms for the Settlement and Court approval.

MM.  Prior to agreeing to settle the Action, Class Representative and Class Counsel were well informed as to the strengths and weaknesses of the claims and the defenses thereto. During this Action, the Honest Defendants produced over 75,000 documents, representing approximately 347,000 pages. The Underwriter Defendants also produced over 71,000 documents, representing approximately 200,000 pages. The Catterton Defendants produced over 2,800 documents, representing approximately 40,000 pages. Class Representative also served nearly 30 subpoenas and third parties produced over 1,000 additional documents. Class Counsel reviewed substantially each document produced by Defendants and third parties. The Parties took a total of 21 depositions, and were engaged in extensive expert discovery at the time of settlement

NN.   The Parties executed a global term sheet as of January 14, 2025.

9

OO.    Class Representative and Class Counsel believe that the claims asserted in this Action have merit and the evidence developed supports the claims asserted; however, Class Representative and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. Class Representative and Class Counsel also have taken into account the uncertain outcome and risks in the Action, as well as the difficulties, delays, and risks inherent in any complex action such as the Action. Class Representative and Class Counsel also are mindful of the inherent problems of proof of, and the possible defenses to, the claims alleged in the Action. Class Representative and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class, subject to any further determination by the Court. Based on their evaluation, Class Representative and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interest of Class Representative and the other Class Members.

PP.    Defendants have denied and continue to deny any fault, liability, or wrongdoing of any kind and that the evidence developed supports in any way the claims asserted. Defendants also have denied and continue to deny each and every of the allegations, claims, and contentions alleged by Class Representative.  Defendants also have denied, and continue to deny, among other things, each and all of the claims alleged by Class Representative in the Action, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Defendants also have denied and continue to deny, among other things, the allegations that the Offering Documents contained any misstatements or omissions giving rise to any liability under the Securities Act or otherwise, and the Catterton Defendants deny that they controlled Honest.  Defendants further have

10

1    denied and continue to deny that Class Representative was harmed or suffered any
2    loss or damages as a result of any of the conduct alleged in the Action or that could
3    have been alleged in the Action.  In addition, Defendants maintain that they have
4    meritorious defenses to all claims alleged in the Action.

5         QQ.   Defendants are entering into the Settlement to eliminate the burden,
6    expense, uncertainty, distraction, and risk of further litigation. Defendants have taken
7    into account the expense, risks, and uncertainty inherent in any litigation and
8    Defendants have determined that it is desirable and beneficial to them that the Action
9    be settled in the matter and upon the terms and conditions set forth in this Stipulation.
10    This Stipulation, whether or not consummated, any proceedings relating to any
11    settlement, or any of the terms of any settlement, whether or not consummated, shall
12    in no event be construed as, or deemed to be evidence of, an admission or concession
13    on the part of any Defendant with respect to any claim of any fault or liability or
14    wrongdoing or damage whatsoever, or any infirmity in any defense that Defendants
15    have or could have asserted.

16         RR.   This Stipulation (together with the exhibits hereto) reflects the final and
17    binding agreement to settle the Action between the Parties.

18         NOW THEREFORE, without any concession by Class Representative that the
19    Action lacks merit, and without any admission or concession by Defendants of any
20    fault, liability, wrongdoing, or damages, or as to any lack of merit in their defenses,
21    IT IS HEREBY STIPULATED AND AGREED, by and among the Parties to this
22    Stipulation, through their respective attorneys, subject to approval by the Court
23    pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Private
24    Securities Litigation Reform Act of 1995 ("PSLRA"), that, in consideration of the
25    benefits flowing to the Parties hereto, all Released Claims, as against all Released
26    Parties, shall be fully, finally, and forever compromised, settled, released, resolved,

27

28

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

relinquished, waived, discharged, and dismissed, with prejudice and without costs (except as provided herein), upon and subject to the following terms and conditions:

## DEFINITIONS

1.    As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)    "Action" means the civil action captioned *In re The Honest Company, Inc. Securities Litigation*, Case No. 21-cv-07405, pending in the United States District Court for the Central District of California before the Honorable Mark C. Scarsi.

(b)    "Alternative Judgment" means a form of final judgment that may be entered by the Court in a form other than the form of Judgment provided for in this Stipulation, so long as none of the Parties hereto elects to terminate the Settlement by reason of such variance and instead, each Party consents to the form of Alternative Judgment.

(c)    "Authorized Claimant" means a Class Member who submits a valid Claim Form to the Claims Administrator that is approved for payment from the Net Settlement Fund.

(d)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(e)    "Claims Administrator" means Epiq Class Action & Claims Solutions, Inc., which is the firm previously appointed to provide all notices approved by the Court to Class Members.

12

(f)    "Class" or "Class Member" means all persons and entities that purchased or otherwise acquired Honest's publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, as well as all persons and entities that acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, and were damaged thereby.   Excluded from the Class are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Honest, the Underwriter Defendants, and the Catterton Defendants at all relevant times; (iii) Honest's affiliates and employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Honest's common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any person who had or has a controlling interest in Honest, at all relevant times; (v) any entity in which any of the Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such. Also excluded from the Class is any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice or, if and only if the Court requires a second opportunity for Class Members to request exclusion from the Class, any persons and entities that exclude themselves by submitting a timely and valid request for exclusion in connection with such second opportunity that is accepted by the Court.

(g)    "Class Counsel" means Labaton Keller Sucharow LLP.

1        (h)    "Class Notice" means the notice program that advised the Class of
2   the pendency of the Action, consisting of, *inter alia*, the Class Postcard, the long-form
3   Notice of Pendency of Class Action, and the summary notice for publication, which
4   was previously authorized by Order of the Court.

5        (i)    "Class Postcard" means the postcard Notice of Pendency of Class
6   Action previously authorized by the Court and mailed to Class Members beginning
7   on June 8, 2023.

8        (j)    "Class Representative" means Kathie Ng.

9        (k)    "Defendants" means The Honest Company, Inc., Nikolaos
10  Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw,
11  Jeremy Liew, Avik Pramanik, Morgan Stanley & Co. LLC, J.P. Morgan Securities
12  LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William
13  Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group
14  LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities
15  LLC, and Samuel A. Ramirez & Company, Inc., Catterton Management Company
16  L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing
17  Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP.

18       (l)    "Defendants' Counsel" means the law firms of Cooley LLP, Allen
19  Overy Shearman Sterling US LLP, and Greenberg Traurig, LLP.

20       (m)    "Effective Date" means the date upon which the Settlement shall
21  have become effective, as set forth in ¶ 38 below.

22       (n)    "Escrow Account" means the separate escrow account maintained
23  at Citibank, N.A. (Law Firm Group), wherein the Settlement Amount shall be
24  deposited and held for the benefit of the Class.

25       (o)    "Escrow Agent" means Class Counsel.

26
27
28

14

(p)    "Fee and Expense Application" means Class Counsel's application, to be filed on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including the expenses of Class Representative in connection with her representation of the Class, pursuant to 15 U.S.C. § 77z-1(a)(4) of the PSLRA.

(q)    "Final," with respect to a court order, including a judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal (or on any remand) and the expiration of the time for any further judicial review whether by appeal, request for reconsideration or petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on, or denial of any petition for *writ of certiorari* to review, the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, approval of this Stipulation and entry of final Judgment thereon pursuant to Rule 54(b) is not conditioned on and need not await any ruling by the Court pertaining solely to the Plan of Allocation, or the Court's award of attorneys' fees or expenses; and any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation or the award of attorneys' fees and expenses shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

15

(r)    "Immediate Family(ies)" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(s)    "Individual Defendants" means Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, and Avik Pramanik.

(t)    "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(u)    "Judgment" means the proposed final judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(v)    "Lead Plaintiff" means Kathie Ng.

(w)    "Liaison Counsel" means The Schall Law Firm.

(x)    "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action for which Class Counsel intends to apply to the Court for payment from the Settlement Fund, which may include the costs and expenses of Class Representative in connection with her representation of the Class, pursuant to 15 U.S.C. § 77z-1(a)(4) of the PSLRA.

(y)    "Mediator" means David M. Murphy of Phillips ADR.

16

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

(z)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(aa)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice of the Settlement to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Class Members; (ii) receiving and reviewing Claim Forms for recovery from the Settlement Fund; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(bb)    "Offering Documents" means the documents filed by Honest with the U.S. Securities and Exchange Commission ("SEC") in connection with the IPO, including an April 9, 2021 registration statement on Form S-1, which following amendment, was declared effective by the SEC on May 4, 2021, and a May 6, 2019 final prospectus on Form 424(b)(4), which forms part of the registration statement.

(cc)    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

(dd)    "Plan of Allocation" means the Plan of Allocation for the Net Settlement Fund, which, subject to approval of the Court, shall be substantially in the

17

form described in the Settlement Notice or any other plan of allocating the Net Settlement Fund approved by the Court.

(ee) "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP and The Schall Law Firm.

(ff) "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, substantially in the form attached hereto as Exhibit A.

(gg) "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim for recovery from the Settlement Fund, which shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(hh) "Released Claims" means the Released Plaintiffs' Claims and the Released Defendants' Claims.

(ii) "Released Defendant Party (Parties)" means Defendants, and each of their respective past or present or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them, in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns,

18

any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(jj)    "Released Defendants' Claims" means all claims and causes of action of any and every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, or any other law, that arise out of or are connected to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claim against any Person who requested exclusion from the Class in connection with the Class Notice, and anyone else who submits a request for exclusion that is accepted by the Court.

(kk)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(ll)    "Released Plaintiff Party (Parties)" means Class Representative, the Class, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, limited liability companies, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, Immediate Family members, purchasers, and assigns of each of the foregoing), in their capacities as such. Released Plaintiff Parties does not include any person who requested exclusion from the Class in connection with the Class Notice, and anyone else who submits a request for exclusion that is accepted by the Court.

19

(mm) "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Class Representative or any other member of the Class: (a) asserted in the Action; or (b) could have asserted in the Action, or in any forum, that arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, and (2) the purchase, acquisition, holding, sale, and/or disposition of publicly traded Honest common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021. Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; (ii) claims of any person who requested exclusion from the Class in connection with the Class Notice, and anyone else who submits a request for exclusion that is accepted by the Court; and (iii) claims in any shareholder derivative action, including *Butler v. Vlahos*, Case No. 22-cv-01373, currently pending in the United States District Court for the District of Delaware; *In re Honest Company, Inc. Derivative Litigation*, Case No. 2:21-cv-09281, currently pending in the United States District Court for the Central District of California; *Bisch v. Vlahos*, Case No. 22STCP00015, currently pending in the Superior Court of the State of California, County of Los Angeles.

(nn) "Releasing Plaintiff Party (Parties)" means Class Representative, Class Members, and each of their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, shareholders, officers, directors, principals, partners, members, heirs, spouses, trustees, estates, administrators, and legal representatives, in their capacities as such.

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

Releasing Plaintiff Parties does not include any person who requested exclusion from the Class in connection with the Class Notice, and anyone else who submits a request for exclusion that is accepted by the Court.

(oo) "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(pp) "Settlement Amount" means the total principal amount of twenty-seven and a half million U.S. dollars ($27,500,000).

(qq) "Settlement Notice" means the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses to be provided to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(rr) "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(ss) "Settlement Hearing" means the final hearing to be held by the Court to determine, among other things, whether: (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Class Counsel's application for an award of attorneys' fees and expenses should be approved.

(tt) "Settlement Postcard" means the postcard notice concerning the Settlement to be mailed to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 4 to Exhibit A hereto.

(uu) "Stipulation" means this Stipulation and Agreement of Settlement.

(vv) "Summary Notice" means the Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses for publication, which shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

21

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

(ww) "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund, including any interest or penalties thereon, and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, the expenses of tax attorneys and accountants and expenses relating to the filing of any tax return, information return or other tax document).

(xx) "Unknown Claims" means any and all Released Plaintiffs' Claims that Class Representative or any other Class Member and Releasing Plaintiff Party do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representative and Defendants shall expressly, and each Class Member and Releasing Plaintiff Party, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

22

Class Representative, other Class Members, Releasing Plaintiff Parties, or the Defendants, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and Released Defendants' Claims, but Class Representative and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member and Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities. Class Representative and Defendants acknowledge, and all other Class Members and Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.    The obligations incurred pursuant to the Stipulation are: (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims.

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

3.    By operation of the Judgment or Alternative Judgment, as of the Effective Date,  Class Representative and each and every other Releasing Plaintiff Party, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

4.    By operation of the Judgment or Alternative Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

## THE SETTLEMENT CONSIDERATION

5.    In full settlement of the claims in the Action against Defendants and in consideration of the releases specified in ¶¶ 3-4, above, all of which the Parties agree are good and valuable consideration, the Honest Defendants, on behalf of the Honest

24

Defendants and the Underwriter Defendants, agree to pay, or cause the payment of, twenty million U.S. dollars ($20,000,000.00) in cash (the "Honest Settlement Amount"), to be fully funded by insurance, and the Catterton Defendants agree to pay or cause the payment of, seven million, five hundred thousand U.S. dollars ($7,500,0000.00) in cash (the "Catterton Settlement Amount"), to be fully funded by insurance, into the Escrow Account, within twenty (20) calendar days of the later of: (i) entry of the Preliminary Approval Order; or (ii) receipt by Defendants' Counsel of complete payment instructions, including a W-9 form for the Settlement Fund.

6.      With the sole exceptions of the obligation to pay, or cause the payment of, the Honest Settlement Amount and the Catterton Settlement Amount into the Escrow Account as provided for in ¶ 5, and Defendants' obligations pursuant to ¶¶ 19 and 35, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Plaintiffs' Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

7.      Other than the obligations to pay, or cause the payment of, the Honest Settlement Amount and the Catterton Settlement Amount pursuant to ¶ 5, Defendants shall have no obligation to make any other payments into the Escrow Account, to any Class Member, to Class Counsel, or anyone else pursuant to this Stipulation.  Under

25

no circumstances shall Defendants be required to contribute more to the Settlement Fund than the Settlement Amount.

### USE AND TAX TREATMENT OF SETTLEMENT FUND

8.      The Settlement Fund shall be used to: (i) pay any Taxes; (ii) pay Notice and Administration Expenses; (iii) pay any attorneys' fees and expenses awarded by the Court; (iv) pay any costs and expenses awarded to Class Representative by the Court, pursuant to the PSLRA; (v) pay any other fees and expenses ordered by the Court; and (vi) pay the claims of Authorized Claimants.

9.      The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 20-32 hereof.  The Net Settlement Fund shall remain in the Escrow Account before and until the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.

10.      The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.      After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the

26

meaning of Treas. Reg. § 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Class Counsel shall timely make, or cause to be made, such elections as may be necessary or advisable to carry out the provisions of this ¶ 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the sole responsibility of Class Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Class Counsel or its successor, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the Settlement Fund or earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this ¶ 11.

(b)     All Taxes shall be paid out of the Settlement Fund.  In all events, Defendants and Defendants' Counsel shall have no liability or responsibility

27

whatsoever for Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority in respect of the Settlement Fund or the Escrow Account, or any liability or responsibility for any taxes or governmental charges of any kind (or interest or penalties imposed with respect thereto) imposed on any Claimant or other person in connection with the Settlement Fund or Escrow Account. Defendants shall have no liability or responsibility for any Taxes or the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority in respect of the Settlement Fund or the Escrow Account, and shall have no responsibility for, and no liability with respect to, the acts or omissions of the Class Counsel, its successor or any other person with regard to Taxes or the tax administration of the Settlement Fund or the Escrow Account. In the event any Taxes are owed by any Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)    Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Class Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants, and Class Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with Class Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 11.

12.    This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person(s) funding the Settlement on Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

28

## ATTORNEYS' FEES AND EXPENSES

13.    Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including reimbursement to Class Representative pursuant to the PSLRA, with earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  The Fee and Expense Application is not the subject of any agreement between the Defendants and Class Representative other than what is set forth in this Stipulation.

14.    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Subject to the provisions of ¶ 15 below, any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Class Counsel immediately after entry of the Judgment (or Alternative Judgment) and an order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.  Class Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiffs' Counsel.

15.    Any payment of attorneys' fees and expenses pursuant to ¶¶ 13-14 above shall be subject to Class Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if the Judgment approving the Settlement does not become Final and/or the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced, vacated or reversed by Final non-appealable court order.  Class Counsel shall make the appropriate refund or repayment in full no later than twenty (20) calendar days after receiving notice of the termination

29

of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction, vacatur or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

16.    The Settlement Fund shall be the sole source of payment from Defendants for any award of attorneys' fees and expenses and/or costs ordered by the Court.  With the sole exception of Defendants' obligation to pay, or cause the payment of, the Settlement Amount into the Escrow Account as provided for in ¶ 5, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Class Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense award the Court may make.  Nor shall Defendants have any responsibility for, or any liability with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make.

17.    The procedures for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including any award of attorneys' fees or expenses in an amount less than the amount requested by Class Counsel, or any appeal from any order relating thereto or reversal, vacatur or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay entry or the finality of the Judgment or Alternative Judgment approving this Stipulation and the Settlement set forth herein.  Class Representative and Class Counsel may not cancel or terminate the Stipulation or the Settlement, whether in accordance with ¶¶ 39-42, or otherwise, based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

## NOTICE AND ADMINISTRATION EXPENSES

18.    Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

19.    All Notice and Administration Expenses shall be paid out of the Settlement Fund, except that Defendants shall be responsible for and shall pay for, at no cost to the Class, timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, and the costs of providing Honest's transfer agent records, pursuant to ¶ 35, below, if any.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid by Class Counsel as incurred, without further approval of Defendants or further order of the Court.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

20.    The Claims Administrator, subject to such supervision and direction of Class Counsel and/or the Court as may be ordered, or otherwise necessary, or as circumstances may require, shall administer and calculate the claims submitted by Claimants, subject to the jurisdiction of the Court, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no responsibility or liability to the Class in connection with such administration.

21.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

22.    Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation.  The Plan of Allocation is a matter separate and apart from the Settlement, and any decision by the Court concerning the

31

Plan of Allocation shall not affect or delay entry or the validity or finality of the Judgment or Alternative Judgment approving this Stipulation or the proposed Settlement set forth herein.  The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Class Representative and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.  Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

23.    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval or order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

24.    If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Class Members.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to the Council of Institutional Investors, a non-profit, non-sectarian organization, or such other organization approved by the Court.

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

## ADMINISTRATION OF THE SETTLEMENT

25.    Any Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Class Counsel in its discretion, but shall otherwise be bound in all respects by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and shall be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

26.    Class Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Class Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted. Defendants and Defendants' Counsel shall have no liability, obligation, or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Claimants.

27.    For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

33

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice and Settlement Notice, unless such deadline is extended by Class Counsel in its discretion or by order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by order of the Court or the discretion of Class Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and shall be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind regarding the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.  A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  Class Counsel shall have no liability for exercising its discretion in accepting (or not accepting) late claims;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under such supervision of Class Counsel as necessary, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)    Claim Forms that do not meet the submission requirements may be rejected.  However, before rejecting a Claim Form in whole or in part, the Claims

34

Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under such supervision of Class Counsel, as necessary, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

(e)    If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

28.    Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's claim. In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement, and no discovery in any form may be taken from Defendants or Defendants' Counsel related to a Claimant's disputed claim.

29.    Payment pursuant to the Stipulation and Plan of Allocation shall be deemed final and conclusive against any and all Class Members. All Class Members whose claims are not approved shall be barred from participating in distributions from

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and shall be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, against the Released Defendant Parties concerning the Released Plaintiffs' Claims.

30.    All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect entry of, or the finality of, the Judgment or Alternative Judgment.

31.    No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 25-32) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including, without limitation, the processing, review, determination, calculation, investment or distribution of the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, processing, review or payment of any claim; nonperformance of the Claims Administrator; the payment or withholding of Taxes (including interest and penalties) owed by the Net Settlement Fund; or any losses incurred in connection therewith.

32.    No Person shall have any claim against Class Representative, Plaintiffs' Counsel, or the Claims Administrator, or other Person designated by Class Counsel, based on decisions and distributions made substantially in accordance with the

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

### TERMS OF THE PRELIMINARY APPROVAL ORDER

33.     Class Counsel shall use best efforts to, within five (5) calendar days of the execution of this Stipulation by all Parties, apply to the Court for preliminary approval of the Settlement contemplated by this Stipulation and entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Class.

34.     The Parties agree to cooperate to have the preliminary approval hearing scheduled at the Court's earliest availability and in advance of the period of time set by the Court's rules.

35.     Honest has provided to the Claims Administrator, at no cost to Class Representative or the Class, records from the Company's transfer agent in electronic searchable form, such as Excel, containing the names and addresses of persons or entities who purchased or otherwise acquired Honest's publicly traded common stock during the relevant time period.

### TERMS OF THE JUDGMENT

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

37.     The Judgment shall contain a bar order substantially in the form set forth in Exhibit B hereto.

37

**EFFECTIVE DATE OF SETTLEMENT**

38.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)    entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)    payment of the Settlement Amount into the Escrow Account pursuant to ¶ 5;

(c)    Honest or the Catterton Defendants have not exercised their options to terminate the Settlement pursuant to ¶ 40 and the Supplemental Agreement (as defined below), and the option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement;

(d)    final approval by the Court of the Settlement, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e)    a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

**WAIVER OR TERMINATION**

39.    Defendants and Class Representative shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect and the Parties failure, following a meet and confer process overseen by the Mediator, to agree on any modifications or amendments to the Stipulation or other papers to address any issues identified by the

Court in its order denying preliminary approval of the Settlement; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect, unless Defendants and Class Representative each, in their sole and unfettered discretion, consent to entry of an Alternative Judgment and such Alternative Judgment is entered by the Court; or (iv) the date upon which the Judgment or Alternative Judgment is modified, vacated or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Ninth Circuit, or the Supreme Court of the United States (including following any proceedings on remand).  For the avoidance of doubt, Class Representative shall not have the right to terminate the Settlement due to any decision, ruling, or order relating to either the Fee and Expense Application or any plan of allocation.  For the further avoidance of doubt, Defendants shall deem any decision, ruling, or order that purports to limit the scope of the Released Plaintiffs' Claims or the Released Defendant Parties to constitute a material change for purposes of the foregoing.

40.    In addition to the foregoing, Honest and the Catterton Defendants shall also each have the right to terminate the Settlement in the event the Court requires any other opportunity to request exclusion and the Termination Threshold (defined below) has been reached.

(a)    Simultaneously herewith, Defendants' Counsel and Class Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which Honest and the Catterton Defendants shall each have the option to terminate the Settlement and render this Stipulation null and void as to Class Representative and the terminating party or parties in the event that: (i) the Court requires any other opportunity for Class Members to seek exclusion from the

39

Class in connection with the Settlement; and (ii) requests for exclusion from the Class exceed certain agreed-upon criteria (the "Termination Threshold").

(b)    The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their reasonable best efforts to have the Supplemental Agreement submitted to the Court *in camera* or under seal.  In the event of a termination of the Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 45-47 which shall continue to apply.

(c)    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that, if the Court requires any other opportunity for Class Members to request exclusion from the Class, such requests shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the Settlement Notice, Class Counsel shall promptly, and in no event no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such requests for exclusion and provide copies of such requests for exclusion and any documentation accompanying it by email.

41.    In addition to all of the rights and remedies that Class Representative has under the terms of this Stipulation, Class Representative shall also have the right to terminate the Settlement (with the exception of the provisions of ¶¶ 45-47, which shall continue to apply) in the event that (i) the Settlement Amount has not been paid in the time period provided for in ¶ 5 above, by providing written notice of the election to

40

terminate to all other Parties' counsel and (ii) there is a failure to pay the Settlement Amount within fifteen (15) business days of receipt of such written notice.

42.    If, before the Effective Date, any Defendant or insurance carrier funding any portion of the Settlement Amount files for protection under the Bankruptcy Code or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under the Bankruptcy Code, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant or insurance carrier to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not deposited into the Settlement Fund by others within fifteen (15) business days of receipt of written notice of such requirement from Class Representative, then, at the election of Class Representative, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Defendant, insurance carrier, or all Defendants, as the case may be, and that Defendant or all Defendants, as the case may be, Class Representative and the members of the Class shall be restored to their litigation positions as of December 16, 2024 (with the exception of the provisions of ¶¶ 45-47, which shall continue to apply). All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected.

43.    Defendants each warrant, as to themselves and the payments made on their behalves, that, at the time of such payment, they will not be insolvent, nor will payment render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

44.    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 39-42 above: (i) neither Defendants nor Class

41

Representative (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Class Representative, as applicable.

45.     With the exception of the provisions of ¶¶ 45-47, which shall survive termination of this Settlement and continue to apply, in the event the Settlement is terminated as set forth herein or cannot or does not become effective for any reason, then: (i) this Stipulation and the Settlement shall be without prejudice, and none of its terms or the provisions in the Stipulation shall be effective or enforceable except as otherwise specifically provided herein; (ii) the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 16, 2024; and (iii) except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation had not been executed and any related proceedings had not occurred and any related order had not been entered.  In such event, this Stipulation, and any aspect of the documents (including the Term Sheet) or any papers or proceedings in connection herewith, discussions or negotiations leading to this Stipulation, shall not be offered or admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Class Representative, in any court proceedings, filing, deposition, trial, or otherwise.

46.     In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s) within fifteen (15) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Class Counsel.  At the request of Defendants' Counsel, the Escrow Agent

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

or their designees shall apply for any tax refund owed or obtainable on or with respect to the amounts deposited in the Escrow Account and shall pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## NO ADMISSION

47. Except as set forth in ¶ 48 below, this Stipulation and Settlement, whether or not consummated or Final, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements (including the Term Sheet), shall not be offered or received against or to the prejudice of the Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in particular, but without limitation:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representative and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any defenses of Defendants;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

Defendants, or against or to the prejudice of Class Representative, or any other member of the Class as evidence of any infirmity in the claims of Class Representative, or the other members of the Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representative, any other member of the Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representative, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Class Representative, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Class Representative, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Consolidated Complaint would not have exceeded the Settlement Amount.

48.    Notwithstanding ¶ 47 above, the Parties, and any Released Party, and their respective counsel, may file and rely upon this Stipulation and/or the Judgment or Alternative Judgment in any action or other proceeding that may be brought by or against them, or as to any claim or argument asserted by or against them, in order to

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

support a defense, argument, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar, or reduction, or any theory of claim preclusion or issue preclusion or similar defense, argument, claim, or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties and Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

49.    Nothing contained herein shall bar the Parties from bringing any action or claim to enforce the terms of this Stipulation, the Judgment, or the Alternative Judgment.

50.    All of the exhibits to the Stipulation, and the Supplemental Agreement, are material and integral parts hereof and are fully incorporated herein by this reference.

51.    The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiffs' Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Judgment shall contain a finding that the Parties and their counsel

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

at all times complied with Rule 11. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

52. In all events, Class Representative and her counsel and Defendants and their counsel shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by the Court or a jury, and shall not otherwise suggest that the Settlement constitutes an admission or other evidence of any claim or defense alleged or of any other wrongdoing by any person.

53. This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its or their provisions be waived, except by a writing signed by counsel for the Parties hereto.

54. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation and the Judgment or Alternative Judgment.

56. The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach by that or any other Party of this Stipulation.

57. This Stipulation, its exhibits, the Supplemental Agreement, and the Term Sheet constitute the entire agreement among the Parties concerning the Settlement as

46

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 21-CV-07405-MCS-AS

against Defendants, and no other agreement exists or shall be enforceable as to its subject matter.  No representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents, and the existence and materiality of and reliance upon any such other representation, warranty, or inducement are hereby disclaimed by all Parties.

58.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, work product protection, or mediation privilege.

59.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

60.    All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation and entry of the Judgment or Alternative Judgment.

61.    This Stipulation may be executed in one or more counterparts but no party shall be bound unless and until it has been executed and delivered by all Parties. All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format, or via DocuSign, shall be deemed originals.

62.    The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third-party beneficiaries with respect to the releases in this Stipulation and Settlement.

63.    This Stipulation shall be binding when signed and delivered by all Parties, but the Settlement shall be effective only upon the entry of the Judgment or

47

1  Alternative Judgment and the payment in full of the Settlement Amount, and subject
2  only to the condition that the Effective Date will have occurred.

3       64.    This Stipulation shall be binding upon, and inure to the benefit of, the
4  successors and assigns of the Parties and of all Released Parties.

5       65.    The construction, interpretation, operation, effect, and validity of this
6  Stipulation, and all documents necessary to effectuate it, shall be governed by the
7  laws of the State of California without regard to conflicts of laws, except to the extent
8  that federal law requires that federal law govern.

9       66.    This Stipulation shall not be construed more strictly against one Party
10  than another merely by virtue of the fact that it, or any part of it, may have been
11  prepared by counsel for one of the Parties, it being recognized that it is the result of
12  arm's-length negotiations among the Parties, and all Parties have contributed
13  substantially and materially to the preparation of this Stipulation.

14       67.    All counsel and any other person executing this Stipulation and any of
15  the exhibits hereto, or any related Settlement document, warrant and represent that
16  they have the full authority to do so, and that they have the authority to take
17  appropriate action required or permitted to be taken pursuant to the Stipulation to
18  effectuate its terms.

19       68.    Class Representative and Class Counsel represent and warrant that Class
20  Representative is a Class Member and that none of Class Representative's claims or
21  causes of action against one or more Defendants in the Action, or referred to in this
22  Stipulation, or that could have been alleged against one or more Defendants in the
23  Action, have been assigned, encumbered or in any manner transferred in whole or in
24  part.

25       69.    The Parties and their respective counsel agree to cooperate fully with one
26  another in promptly applying for preliminary approval by the Court of the Settlement

27

28

48

1    and for the scheduling of a hearing for consideration of Final approval of the
2    Settlement and entry of the Judgment, and approval of the Plan of Allocation and
3    Class Counsel's Fee and Expense Application, and to agree promptly upon and
4    execute all such other documentation as reasonably may be required to obtain Final
5    approval by the Court of the Settlement.

6          70.    All agreements made and orders entered during the course of this Action
7    relating to the confidentiality of information shall survive this Settlement.

8          71.    No opinion or advice concerning the tax consequences of the proposed
9    Settlement to individual Class Members is being given or will be given by the Parties
10   to the Settlement or their counsel; nor is any representation or warranty in this regard
11   made by virtue of this Stipulation. Each Class Member's tax obligations, and the
12   determination thereof, are the sole responsibility of the Class Member, and it is
13   understood that the tax consequences may vary depending on the particular
14   circumstances of each individual Class Member.

15         72.    Except as otherwise provided herein, each Party shall bear its own costs.

16

17         **IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be
18   executed, by their duly authorized attorneys, as of March 11, 2025.

19

20                        LABATON KELLER SUCHAROW LLP

21

22           By: _Alfred L. Fatale III_

23             Jonathan Gardner (admitted *pro hac vice*)
               Alfred L. Fatale III (admitted *pro hac vice*)
24             Joseph N. Cotilletta (admitted *pro hac vice*)
               Beth C. Khinchuk (admitted *pro hac vice*)
25             140 Broadway
               New York, NY 10005
26             Telephone: (212) 907-0700
               Email: jgardner@labaton.com
27                   afatale@labaton.com
                     jcotilletta@labaton.com

49

28   STIPULATION AND AGREEMENT OF SETTLEMENT
     CASE NO. 21-CV-07405-MCS-AS

1    bkhinchuk@labaton.com

2    *Class Counsel for Class Representative Kathie Ng and the Class*

3    THE SCHALL LAW FIRM
     Brian Schall
4    Rina Restaino
     2049 Century Park East, Suite 2406
5    Los Angeles, California 90067
     Telephone: (310) 301-3335
6    Facsimile: (213) 519-5876
     Email:  brian@schallfirm.com
7              rina@schallfirm.com

8    *Liaison Counsel for Class Representative Kathie Ng and the Class*
9

10   COOLEY LLP

11
     By: _____
12   Koji F. Fukumura
     Ryan E. Blair
13   10265 Science Center Drive
     San Diego, California 92121-1117
14   Telephone: (858) 550-6000
     Facsimile: (858) 550-6420
15   Email: kfukumura@cooley.com
              rblair@cooley.com
16

17   *Counsel for Defendants The Honest Company, Inc., Katie Bayne, Scott Dahnke, Kelly Kennedy, Eric Liaw, Jeremy Liew, Avik Pramanik, Nikolaos Vlahos and Jessica Warren*
18
19

20   ALLEN OVERY SHEARMAN STERLING US LLP

21
     By: _____
22   Daniel H.R. Laguardia
     Daniel C. Lewis
23   599 Lexington Avenue
     New York, NY 10022
24   Telephone: (212) 848-7074
     Facsimile: (212) 610-6399
25   Email: daniel.laguardia@aoshearman.com
              daniel.lewis@aoshearman.com
26

27
                              50
28   STIPULATION AND AGREEMENT OF SETTLEMENT
     CASE NO. 21-CV-07405-MCS-AS

*Counsel for Defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company Inc.*

GREENBERG TRAURIG LLP

By: _____
Daniel J. Tyukody
Alex Linhardt
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email:  tyukodyd@gtlaw.com
        linhardta@gtlaw.com

*Counsel for Defendants Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP*

51

# Exhibit A

**LABATON KELLER SUCHAROW LLP**
Jonathan Gardner*
Alfred L. Fatale III*
Joseph Cotilletta*
Beth C. Khinchuk*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
afatale@labaton.com
jcotilletta@labaton.com
bkhinchuk@labaton.com

*admitted *pro hac vice*

*Class Counsel for Class Representative
Kathie Ng and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Class
Representative Kathie Ng
and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION

Case No. 21-cv-07405-MCS-AS

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, Lead Plaintiff and Class Representative Kathie Ng ("Class Representative"), on behalf of herself and the other members of the certified Class (defined below), on the one hand, and defendant The Honest Company, Inc. ("Honest"); defendants Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, and Avik Pramanik (collectively, the "Individual Defendants" and, together with Honest, the "Honest Defendants");

defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants"); and defendants Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP (collectively, the "Catterton Defendants" and with the Honest Defendants and the Underwriter Defendants, the "Defendants" and with Class Representative, the "Parties"), on the other hand, have entered into the Stipulation and Agreement of Settlement, dated March 11, 2025 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement"); and

WHEREAS, by Order dated May 1, 2023 (ECF No. 127), this Court certified the Action to proceed as a class action on behalf of: all persons and entities that purchased or otherwise acquired Honest's publicly traded common stock pursuant and traceable to the Offering Documents for Honest's initial public offering ("IPO") prior to August 19, 2021, as well as all persons and entities that acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, and were damaged thereby, except for those excluded by definition or request;

WHEREAS, pursuant to this Court's Order dated May 24, 2023 (ECF No. 132), notice was provided to potential members of the Class to inform them of, among other things: (a) the Action pending against Defendants, and the status of the Action and proceedings; (b) the Court's certification of the Action as a class action on behalf of

2

the certified Class; (c) the effect of remaining in, and not seeking exclusion from, the Class on any person and entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

WHEREAS, copies of all requests for exclusion received in connection with Class Notice were filed with the Court on August 29, 2023 and October 20, 2023 (ECF Nos. 166 and 175);

WHEREAS, Class Representative has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement in accordance with the Stipulation, and directing notice of the Settlement to Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representative's motion for preliminary approval of the Settlement and authorization to provide notice of the Action and the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1.    **Preliminary Approval of the Settlement.**  The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair,

reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2. **Class Definition**. Consistent with the Court's prior Order certifying the Class, the Class is: all persons and entities that purchased or otherwise acquired Honest's publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, as well as all persons and entities that acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, and were damaged thereby. Excluded from the Class are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Honest, the Underwriter Defendants, and the Catterton Defendants at all relevant times; (iii) Honest's affiliates and employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Honest's common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any person who had or has a controlling interest in Honest, at all relevant times; (v) any entity in which any of the Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such.[1] Also excluded from the Class is any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice or whose request is otherwise allowed by the Court, if any.

---

[1] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

4

3.     **Settlement Hearing**.  A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, either in-person or remotely at the Court's discretion, at the United States District Court, Central District of California, First Street Courthouse, Courtroom 7C, 7th Floor, 350 W. 1st Street, Los Angeles, CA 90012 on _____ ___, 2025, at ____:____ _.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment"), as provided for under the Stipulation, should be entered, and to determine whether the release by the Releasing Plaintiff Parties of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to consider Class Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and expenses (which may include an application for an award to Class Representative for reimbursement of her reasonable costs and expenses directly related to her representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(e)     to rule upon such other matters as the Court may deem appropriate.

4.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and expenses.  The Court may also adjourn or continue the Settlement Hearing or modify

any of the dates herein without further individual notice to members of the Class. Any changes to scheduling shall be posted on the website for the Settlement.

5.    **Approval of Form and Manner of Giving Notice**. The Court approves the form, substance and requirements of the long-form Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice"), the Proof of Claim and Release form ("Claim Form"), the Settlement Postcard, and the Summary Notice, substantially in the forms annexed hereto as Exhibits 1, 2, 3 and 4 respectively, and finds they: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 27 of the Securities Exchange Act of 1933, 15 U.S.C. §77z-1(a)(7), and the Rules of this Court.

6.    **Retention of Claims Administrator and Notice Date.** The Court approves the retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator. The Claims Administrator was previously authorized by the Court to issue notice in connection with Class Notice. The Claims Administrator shall cause the Settlement Postcard to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including by using the mailing records obtained in connection with the Class Notice. Honest has provided to the Claims Administrator, at no cost to Class Counsel, the Class or the Claims Administrator, records from Honest's transfer agent, in electronic searchable form, to the extent reasonably available, containing the names and

addresses of persons or entities who purchased or otherwise acquired Honest's publicly traded common stock during the relevant time period.

7.      **Nominee Procedures**.  In the previously disseminated Class Notice, banks, brokers and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or entity other than themselves, they purchased or acquired Honest publicly traded common stock during the period from May 5, 2021 through August 18, 2021, inclusive, they must either: (i) within ten (10) calendar days of receipt of notification, request from Epiq sufficient copies of the Class Postcard to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Class Postcards forward them to all such beneficial owners; or (ii) within ten (10) calendar days of receipt of the Class Notice, provide a list of the names and addresses of all such beneficial owners to Epiq. Nominees were also ordered to provide email addresses for all such beneficial owners to Epiq, to the extent they were available.

(a)      For Nominees who previously chose the first option (*i.e.*, elected to mail the Class Postcard directly to beneficial owners), Epiq shall forward the same number of Settlement Postcards to such Nominees, and the Nominees shall, within ten (10) calendar days of receipt of the Settlement Postcards, mail them to the beneficial owners.  Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to Epiq, such Nominees need not take any further action;

(b)      For Nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to Epiq, and emails (if applicable)), Epiq shall promptly mail (and email, if applicable) the Settlement Postcard to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to Epiq, such Nominees need not take any further action;

7

(c)     For Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice, such Nominees shall either: (i) within ten (10) calendar days of receipt of the Settlement Notice, request from Epiq sufficient copies of the Settlement Postcard to forward to all such additional beneficial owners, which the Nominee shall, within ten (10) calendar days of receipt of those Settlement Postcards from Epiq, mail to the beneficial owners; or (ii) within ten (10) calendar days of receipt of the Settlement Notice, provide a list of the names and addresses of all such additional beneficial owners to Epiq, and the Claims Administrator shall provide Settlement Postcards to these additionally identified Persons. Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice shall also provide email addresses to Epiq, to the extent they are available;

(d)     Nominees who elect to send the Settlement Postcard to their beneficial owners shall also send a statement to Epiq confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action; and

(e)     Upon full and timely compliance with this Order, Nominees who mail the Settlement Postcards to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.10 per name/address provided and up to $0.10, plus postage at the Claims Administrator's rate for bulk mailings, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research. Such properly documented expenses incurred by Nominees in compliance with the terms of this

8

Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

8.      Contemporaneously with the mailing of the Settlement Postcard, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on the website previously set up in connection with the Class Notice, from which copies of the Settlement Notice and Claim Form can be downloaded. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Settlement Postcard, Settlement Notice, and Claim Form.

9.      **Approval of Summary Notice.**  The Court directs that Class Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

10.      The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11.      **Claims Process.**  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)      A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated, no later than ten (10) business days before the Settlement Hearing. Such deadline may be further extended by Court Order or by Class Counsel in its discretion.   Each Claim Form shall be deemed to have been submitted when

9

postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶ 13 of this Order.

(b)     The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.    Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO. 21-CV-07405-MCS-AS

13.    **No Second Opportunity to Request Exclusion from the Class.**    In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.    Class Members shall be bound by all orders, determinations and judgments in this Action, including the releases, whether favorable or unfavorable, unless such Persons previously requested exclusion in connection with the Class Notice.

14.    **Objections to Settlement.**    Any Class Member who did not request exclusion from the Class in connection with the Class Notice may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and expenses.    Any objection must state: (a) the name, address, and telephone number of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or Fee and Expense Application in *In re The Honest Company, Inc. Sec. Litig..*, No. 21-cv-7405 (C.D. Cal.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support, and witnesses the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to establish the objector's membership in the Class, such as those showing the number of shares of all purchases and acquisitions of publicly traded common stock from May 5, 2021 through August 18, 2021, inclusive, as well as the dates and prices of each such purchase, acquisition, and sale.    The Court will consider a Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if only if such Settlement Class Member has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement

11

Hearing, upon Class Counsel: Alfred L. Fatale III, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel Representative: Ryan Blair, Cooley LLP, 10265 Science Center Drive, San Diego, CA 92121 and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Central District of California, 255 East Temple Street, Suite 180, Los Angeles, CA 90012.

15. Attendance at the Settlement Hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

16. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

17. Any Class Member who does not make his, her, or its objection in the manner provided for above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, and/or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but in all respects shall otherwise be bound by the Judgment to be entered and the releases to be given.

18. Pending final determination of whether the Settlement should be approved, Class Representative, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

19.    **Supporting Papers.**  All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

20.    **Settlement Fund.**  All funds held in the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.    Neither Defendants nor their counsel shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representative.

22.    **Termination of Settlement.**  If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void except as provided for in the Stipulation, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 16, 2024.

23.    **Use of this Order**.  Neither this Order, the Stipulation (whether or not finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged

13

by Class Representative,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

SO ORDERED this _____ day of _____ 2025.


_____
THE HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

14

# Exhibit A-1

**LABATON KELLER SUCHAROW LLP**
Jonathan Gardner*
Alfred L. Fatale III*
Joseph Cotilletta*
Beth C. Khinchuk*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
afatale@labaton.com
jcotilletta@labaton.com
bkhinchuk@labaton.com

*admitted *pro hac vice*

*Class Counsel for Class Representative
Kathie Ng and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Class
Representative Kathie Ng
and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE THE HONEST COMPANY, INC.
SECURITIES LITIGATION

Case No. 21-cv-07405-MCS-AS

**NOTICE OF PROPOSED CLASS
ACTION SETTLEMENT AND
MOTION FOR ATTORNEYS'
FEES AND EXPENSES**

**If you purchased or otherwise acquired The Honest Company, Inc. ("Honest" or the "Company") publicly traded common stock pursuant and traceable to the Offering Documents for Honest's initial public offering ("IPO") prior to August 19, 2021, or acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing such stock, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Settlement Notice. It is not a solicitation from a lawyer.*

- This Settlement Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement. *This Settlement Notice is different than the postcard that you might have received in June 2023 alerting you to the existence of the case and the certification of the Class.*

- If approved by the Court, the proposed Settlement will create a $27,500,000 fund, plus earned interest, for the benefit of eligible Class Members, after the deduction of any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.[1]

- The Settlement resolves claims by Class Representative Kathie Ng ("Class Representative" or "Lead Plaintiff") that have been asserted on behalf of the certified Class against defendants Honest, the Individual Defendants[2] (the Individual Defendants and Honest are the "Honest Defendants"), the Underwriter Defendants,[3] and the Catterton Defendants (collectively, "Defendants").[4]

**If you are a Class Member, your legal rights are affected whether you act or do not act. Read this Settlement Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2025** | The *only* way to get a payment. *See ¶ __,* below. |

---

[1] All capitalized terms not defined in this Settlement Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of March ___, 2025 (the "Stipulation").

[2] The "Individual Defendants" are Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, and Avik Pramanik.

[3] The "Underwriter Defendants" are Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc.

[4] The "Catterton Defendants" are Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP.

| **OBJECT BY_____ , 2025** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application. *See* ¶ __, below. |
|---|---|
| **GO TO A HEARING ON _____ , 2025** | Ask to speak in Court about the Settlement at the Settlement Hearing. *See* ¶ __, below. |
| **DO NOTHING** | Get no payment.  Give up rights. |

**These rights and options are explained in this Settlement Notice.
<u>Please Note:</u> The date and time of the Settlement Hearing is subject to change without further written notice.  It is also within the Court's discretion to hold the hearing remotely. If you plan to attend the hearing, you should check www.TheHonestCompanySecuritiesLitigation.com, the Court's PACER site (*see* ¶__ below), or with Class Counsel to confirm no change has been made.**

## SUMMARY OF THIS NOTICE

**<u>Statement of the Class's Recovery</u>**

1.     Subject to Court approval, Class Representative, on behalf of the Class, has agreed to settle the Action in exchange for a payment of $27,500,000 (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (defined below) will be distributed to Class Members according to the plan of allocation approved by the Court (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is on pages __-__ below.

**<u>Estimate of Average Amount of Recovery Per Share</u>**

2.     Based on Class Representative's damages expert's estimate of the number of shares of Honest publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, Class Representative estimates that the average recovery would be approximately $0.41 per eligible share (before deduction of any Court-approved fees and expenses, such

as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), and approximately $0.26 per eligible share after the deduction of the attorneys' fees and expenses discussed below.  **Please note, however, these average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts.** An individual Class Member's actual recovery will depend on several factors, including the number and value of eligible claims and a Class Member's individual trading. These factors are explained in the Plan of Allocation beginning on page __. Please refer to the Plan for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case**

3.     The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Class Representative was to prevail on each claim asserted against Defendants.  The issues on which the Parties disagree include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts required to be stated in the documents or necessary to make the statements in the documents not misleading; (ii) whether certain Defendants conducted a reasonable investigation in connection with the IPO and had reasonable grounds for believing that the Offering Documents were truthful and complete; (iii) whether certain Defendants controlled Honest; (iv) whether Class Members suffered any damages; and (v) the extent to which factors such as general market, economic and industry conditions influenced the trading prices of Honest common stock at various times.

4.     Defendants have denied and continue to deny any fault, liability, or wrongdoing of any kind, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representative and the Class have suffered any loss attributable to Defendants' actions. While Class

Representative believes she has meritorious claims, she recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5.      Class Counsel, on behalf of itself and all Plaintiffs' Counsel,[5] will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest.  Class Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $1,725,000, plus accrued interest, which may include an application for the reasonable costs and expenses (including lost wages) of Class Representative directly related to her representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). If the Court approves Class Counsel's maximum Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares estimated to be eligible to participate in the Settlement, will be approximately $0.15 per eligible share of Honest common stock.  Please note that this amount is only an estimate.

**Reasons for the Settlement**

6.      For Class Representative, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Second Amended Consolidated Complaint; the risk that the Court may grant some or all of the anticipated dispositive motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Class

---

[5] "Plaintiffs' Counsel" are Labaton Keller Sucharow LLP and The Schall Law Firm.

Members were damaged, the sole reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further protracted litigation.

**Identification of Attorneys and Representatives**

7.     Class Representative and the Class are represented by Class Counsel, Alfred L. Fatale III, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.Labaton.com, settlementquestions@labaton.com.

8.     Further information regarding the claims process and this Settlement Notice may be obtained by contacting the Claims Administrator: *In re The Honest Company, Inc. Sec. Litig.*, c/o Epiq, P.O. Box 5619, Portland, OR 97228-5619, (888) 670-8722, info@TheHonestCompanySecuritiesLitigation.com, www.TheHonestCompanySecuritiesLitigation.com.

**Please Do Not Call the Court or Defendants with Questions**

**BASIC INFORMATION**

**1.  Why did I get the Settlement Postcard?**

9.     You may have recently received a Settlement Postcard about the proposed Settlement. (The Settlement Postcard is different than the postcard that you might have received in 2023 alerting you to the fact that the case was pending and the Class had been certified.)   This long-form Settlement Notice provides additional information about the Settlement and related procedures.

10.     The Court authorized that the Settlement Postcard be sent to you because you or someone in your family, or an investment account for which you serve as a representative, may have purchased or otherwise acquired Honest publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, or acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio

containing eligible shares, and may be a Class Member. **Receipt of the Settlement Postcard does not mean that you are a Member of the Class or that you are entitled to receive a payment. The Parties to the Action do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is available at www.TheHonestCompanySecuritiesLitigation.com.** *See* **Question 8 below.**

11.     The Court directed that the Settlement Postcard be sent to Class Members to inform them of the terms of the proposed Settlement, and about their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation for the proceeds of the Settlement, and Class Counsel's Fee and Expense Application (the "Settlement Hearing").

12.     The Court in charge of the Action is the United States District Court for the Central District of California (the "Court"), and the case is known as *In re the Honest Company, Inc. Securities Litigation,* Case No. 21-cv-07405. The Action is assigned to the Honorable Mark C. Scarsi.

## 2.  What is this case about?

13.     Headquartered in Los Angeles, California, Honest develops, markets, and sells clean and sustainable household and personal care products.  On or about May 5, 2021, Honest commenced its IPO.

14.     On September 15, 2021, a securities class action complaint was filed in the Court, under the caption *Dixon v. The Honest Company, Inc., et al*., Case No. 21-cv-07405 (the "*Dixon* Action"), asserting violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") for alleged misstatements and omissions in the registration statement and prospectus (the "Offering Documents") for Honest's IPO. A second securities class action was filed on

October 8, 2021, captioned *Gambino v. The Honest Company, Inc., et. al.*, Case No. 21-cv-08033 (the "*Gambino* Action").

15.    By Order dated January 26, 2022, the Court appointed Kathie Ng as Lead Plaintiff, approved her selection of Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as Lead Counsel ("Labaton" or "Class Counsel"), and consolidated the *Dixon* Action and the *Gambino* Action under the caption *In re The Honest Company, Inc. Securities Litigation*, Case No. 21-cv-07405.

16.    On February 21, 2022, Lead Plaintiff filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint") asserting claims against the Honest Defendants and the Underwriter Defendants under Section 11 of the Securities Act and against the Individual Defendants under Section 15 of the Securities Act.  The Complaint alleged that the Offering Documents filed in connection with the IPO contained three categories of allegedly materially false and misleading statements or omissions: (1) the Offering Documents failed to disclose, at the time of the IPO, Honest's introduction of its "clean conscious diaper" was negatively received by customers; (2) the Offering Documents failed to disclose, at the time of the IPO, the extent to which stockpiling of Honest products during the COVID-19 pandemic was negatively impacting the Company; and (3) the Offering Documents misrepresented the significant risks that made the IPO speculative and risky, in particular, risks associated with the COVID-19 stock-up, decreasing demand, and Honest's "omnichannel" strategy.

17.    On March 14, 2022, the Honest Defendants moved to dismiss the Consolidated Complaint (the "First Motion to Dismiss"). On the same day, the Underwriter Defendants joined in that motion.  On July 18, 2022, the Court granted in part and denied in part the First Motion to Dismiss. On August 1, 2022, the Honest Defendants filed a Motion for Partial Reconsideration of the July 18, 2022

Order, which the Underwriter Defendants joined. On August 25, 2022, after briefing, the Court denied in full the Motion for Partial Reconsideration.

18.    The Honest Defendants and the Underwriter Defendants filed their answers to the Consolidated Complaint on August 17, 2022, denying all allegations of wrongdoing or damages and asserting affirmative defenses.

19.    On September 7, 2022, Class Representative filed a Motion to Strike Affirmative Defenses from both the Honest Defendants' and the Underwriter Defendants' answers to the Consolidated Complaint. On October 26, 2022, the Court granted in part and denied in part the Motion to Strike and ordered the Honest Defendants and the Underwriter Defendants to file amended answers to the Consolidated Complaint. The Honest Defendants and the Underwriter Defendants filed amended answers to the Consolidated Complaint on November 9, 2022.

20.    On February 13, 2023, Class Representative moved for class certification, appointment of Kathie Ng as Class Representative, and appointment of Labaton as Class Counsel. After briefing and oral argument, on May 1, 2023, the Court entered an order granting in part the Motion for Class Certification which certified the Class, appointed Kathie Ng as Class Representative, and appointed Labaton as Class Counsel.

21.    On May 22, 2023, Class Representative, the Honest Defendants, and the Underwriter Defendants entered into a Joint Stipulation as to Notice of Pendency of Class Action. On May 24, 2023, the Court entered an order approving issuance of notice of pendency of class action ("Class Notice").

22.    Beginning on June 8, 2023, the Class Postcard was mailed to potential Class Members and a long-form notice was made available on the website created for the Action. On June 15, 2023, a summary notice was published in *The Wall Street Journal* and distributed on the internet using *PR Newswire*. In addition to summarizing the Action, the notices collectively provided potential class members

with the opportunity to request exclusion from the Class (*i.e.*, to "opt-out"), explained that right, and set forth procedures for doing so, including the August 7, 2023 deadline. Three untimely requests for exclusion were received, purportedly representing 158 shares of common stock in total.

23.    On August 14, 2023, Class Representative filed the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, adding the Catterton Defendants as well as allegations concerning the Catterton Defendants' alleged control of Honest and their alleged liability under Section 15 of the Securities Act. The allegations as to the Honest Defendants and the Underwriter Defendants remained the same.

24.    On October 16, 2023, the Catterton Defendants moved to dismiss the Amended Consolidated Complaint (the "Second Motion to Dismiss"). After briefing, on January 31, 2024, the Court granted the Second Motion to Dismiss and gave Class Representative leave to amend the Amended Consolidated Complaint within 14 days.

25.    On February 14, 2024, Class Representative filed the operative Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Second Amended Consolidated Complaint") adding additional allegations as to the Catterton Defendants' alleged control of Honest.

26.    On February 28, 2024, the Catterton Defendants moved to dismiss the Second Amended Consolidated Complaint (the "Third Motion to Dismiss"). On April 22, 2024, after briefing, the Court denied the Third Motion to Dismiss in its entirety. Defendants filed their answers to the Second Amended Consolidated Complaint on May 29, 2024, denying all allegations of wrongdoing or damages and asserting affirmative defenses. The Honest Defendants and the Catterton Defendants subsequently filed amended answers to the Second Amended Complaint.

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES - CASE NO. 21-CV-07405-MCS-AS

27.    The Parties engaged in extensive formal discovery that included the review of more than 75,000 documents (approximately 347,000 pages) from the Honest Defendants; more than 71,000 documents (approximately 200,000 pages) from the Underwriter Defendants; 800 documents (approximately 40,000 pages) from the Catterton Defendants; and more than 1,000 documents from third parties. The Parties took or defended a total of 21 depositions, consisting of witnesses on behalf of the Honest Defendants, a confidential witness cited in the Second Amended Consolidated Complaint, the Individual Defendants, the Catterton Defendants, as well as Class Representative and Rule 30(b)(6) corporate designees from Honest, the Catterton Defendants, and the Underwriter Defendants. In connection with expert discovery, the Parties submitted a total of 11 expert reports, including rebuttal reports.

28.    On June 20, 2023, Class Counsel and counsel for the Honest Defendants met with David M. Murphy, Esq. (the "Mediator"), a well-respected and highly experienced mediator from Phillips ADR, to explore a potential resolution of the Action through an all-day mediation. This mediation was preceded by the exchange of confidential mediation statements.  However, no settlement was reached at this time.

29.    On December 16, 2024, Class Counsel, counsel for the Honest Defendants, and counsel for the Catterton Defendants, met in person for a full-day session with the Mediator in a second attempt to reach a settlement. The parties were unable to reach an agreement to settle, but agreed to continue negotiations through the Mediator. On December 23, 2024, after additional discussions between Class Counsel and counsel for the Honest Defendants through the Mediator, Class Representative and the Honest Defendants accepted a Mediator's proposal to resolve all claims against the Honest Defendants and the Underwriter Defendants, subject to the negotiation of non-financial terms for the Settlement and Court

approval, for $20 million in cash. On January 6, 2025, after several discussions between Class Counsel and counsel for the Catterton Defendants through the Mediator, Class Representative and the Catterton Defendants accepted a Mediator's proposal to resolve all claims against the Catterton Defendants, subject to the negotiation of non-financial terms for the Settlement and Court approval, for $7.5 million in cash.

30.    The Parties memorialized their agreement to settle the Action in a term sheet dated as of January 14, 2025 (the "Term Sheet"), subject to the execution of a formal stipulation and related papers. The Stipulation, which sets forth the terms and conditions of the Settlement and reflects the final and binding agreement between the Parties to settle the Action, was filed with the Court on _____ __, 2025, and can be viewed at www.TheHonestCompanySecuritiesLitigation.com.

31.    On _____, 2025, the Court preliminarily approved the Settlement, authorized the provision of notice of the Settlement to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement and related relief.

## 3.  Why is this a class action?

32.    In a class action, one or more persons or entities (in this case, Class Representative), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows one court to resolve many individuals' similar claims that might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

## 4.  What are the reasons for the Settlement?

33.    The Court did not finally decide in favor of Class Representative or Defendants. Instead, all sides agreed to a settlement that will end the Action.  Class Representative and Class Counsel believe that the claims asserted in the Action have merit, however, Class Representative and Class Counsel recognize the expense and length of continued proceedings necessary to pursue the claims, including complex merits and expert discovery, summary judgment, trial and appeals, as well as the difficulties in establishing liability and damages. More specifically, Class Representative faced the potential challenges associated with proving that Defendants failed to disclose information that rendered statements in the Offering Documents false or misleading. Defendants would also argue that recoverable damages were significantly less than that estimated by Class Representative's damages expert (to the extent they could be established at all), and that certain Defendants could not be found liable because they conduced adequate due diligence in connection with the IPO. In light of the Settlement and the guaranteed cash recovery to the Class, Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

34.    The Settlement should not be seen as an admission or concession on the part of Defendants. Defendants have asserted and continue to assert that their disclosures were accurate and complete and expressly denied and continue to deny any and all allegations of wrongdoing contained in the Second Amended Consolidated Complaint, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Defendants also have denied, and continue to deny, among other allegations, the

allegations that Class Representative or the Class have suffered any damages or that Class Representative or the Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## 5. How do I know if I am part of the Class?

35.    The Court directed that everyone who fits the following description is a Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 6 below) or previously sought exclusion from the Class in connection with the Class Notice:

> **All persons and entities that purchased or otherwise acquired Honest's publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, as well as all persons and entities that acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, and were damaged thereby.**

36.    If you are a member of the Class and did not previously seek exclusion from the Class in connection with the Class Notice, you are in the Class and subject to the Settlement.

37.    ***Receipt of the Settlement Postcard or this Settlement Notice does not mean that you are a Class Member.*** The Parties do not have access to your transactions in Honest common stock. Please check your records or contact your broker to see if you are a member of the Class. If one of your mutual funds purchased Honest common stock pursuant and traceable to the Offering Documents,

that alone does not make you a Class Member. You are a Class Member only if you purchased or otherwise acquired Honest common stock pursuant and traceable to the Offering Documents for Honest's IPO or you acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing eligible shares.

### 6.  Are there exceptions to being included?

38.     Yes. There are some individuals and entities that are excluded from the Class by definition.  Excluded from the Class by definition are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Honest, the Underwriter Defendants, and the Catterton Defendants at all relevant times; (iii) Honest's affiliates and employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Honest's common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any person who had or has a controlling interest in Honest, at all relevant times; (v) any entity in which any of the Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class;[6] and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such.

39.     People who previously sough exclusion from the Class in connection with the Class Notice issued in 2023 are also excluded from the Class.

---

[6] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES - CASE NO. 21-CV-07405-MCS-AS

## THE SETTLEMENT BENEFITS

**7.  What does the Settlement provide?**

40.    In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties, the Honest Defendants and Underwriter Defendants agree to pay, or cause the payment of, twenty million U.S. dollars ($20,000,000.00) in cash (the "Honest Settlement Amount"), to be fully funded by insurance, and the Catterton Defendants agree to pay or cause the payment of seven million, five hundred thousand U.S. dollars ($7,500,000.00) in cash (the "Catterton Settlement Amount"), to be fully funded by insurance, into the Escrow Account, which will accrue interest (the "Settlement Fund") and will be distributed, after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among Class Members who submit valid Claim Forms that are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**8.  How can I receive a payment?**

41.    To qualify for a payment, you must be a member of the Class and you must submit a timely and valid Claim Form. You can obtain a Claim Form from the website, www.TheHonestCompanySecuritiesLitigation.com, or submit a claim online via the website. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (888) 670-8722 or emailing them at info@TheHonestCompanySecuritiesLitigation.com. Please read the instructions in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it online so that it is **postmarked or received no later than _____, 2025.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**9.  When will I receive my payment?**

42.    The Court will hold a Settlement Hearing on _____, **2025**, to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**10.  What am I giving up to receive a payment or stay in the Class?**

43.    If you are a member of the Class and did not previously exclude yourself from the Class in connection with the Class Notice, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties."

(a)    **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Class Representative or any other member of the Class: (a) asserted in the Action; or (b) could have asserted in the Action, or in any forum, that arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, and (2) the purchase, acquisition, holding, sale, and/or disposition of publicly traded Honest common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021. Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; (ii) claims of any person who requested exclusion from the Class in connection with the Class Notice, and anyone else who submits a request for exclusion that is accepted by the

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES -  CASE NO. 21-CV-07405-MCS-AS

Court; and (iii) claims in any shareholder derivative action, including *Butler v. Vlahos*, Case No. 22-cv-01373, currently pending in the United States District Court for the District of Delaware; *In re Honest Company, Inc. Derivative Litigation*, Case No. 2:21-cv-09281, currently pending in the United States District Court for the Central District of California; *Bisch v. Vlahos*, Case No. 22STCP00015, currently pending in the Superior Court of the State of California, County of Los Angeles.

(b)    **"Released Defendant Parties"** means Defendants, and each of their respective past or present or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them, in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(c)    **"Unknown Claims"** means any and all Released Plaintiffs' Claims that Class Representative or any other Class Member and Releasing Plaintiff Party do not know or suspect to exist in his, her, or its favor at the time of the release

of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representative and Defendants shall expressly, and each Class Member and Releasing Plaintiff Party, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Class Representative, other Class Members, Releasing Plaintiff Parties, or the Defendants, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and Released Defendants' Claims, but Class Representative and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member and Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment

shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities.  Class Representative and Defendants acknowledge, and all other Class Members and Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

44.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you are a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, Defendants will also provide a release of any claims against Class Representative and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## THE LAWYERS REPRESENTING YOU

### 11.  Do I have a lawyer in this case?

45.    The Court appointed the law firm of Labaton Keller Sucharow LLP (f/k/a Labaton Sucharow LLP) to be the lead counsel representing all Class Members.  These lawyers are called "Class Counsel."  You will not be separately charged for the work of Class Counsel or any of Plaintiffs' Counsel.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid

from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12.  What payment are the attorneys for the Class seeking? How will the attorneys be paid?** |
| --- |

46.    Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been reimbursed for their litigation expenses.  Class Counsel will ask the Court to award it, together with all Plaintiffs' Counsel, attorneys' fees of no more than 30% of the Settlement Fund, which will include any accrued interest.  Class Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $1,725,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Class Representative directly related to her representation of the Class.

47.    Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____, 2025. A copy of Class Counsel's Fee and Expense Application will be available for review at www.TheHonestCompanySecuritiesLitigation.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| **13.  How do I tell the Court that I do not like something about the proposed Settlement?** |
| --- |

48.    If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application. You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement; the Court can only approve or reject this

Settlement. If the Court denies approval of the Settlement, no payments will be made to Class Members and the Action will continue.

49.    To object, you must send a signed statement that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re The Honest Company, Inc. Sec. Litig.*, No. 21-cv-07405 (C.D. Cal.)." The objection must also: (i) state the name, address, email address, and telephone number of the objector and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or the entire Class, and any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to show the objector's membership in the Class, including the number of shares of Honest publicly traded common stock purchased, acquired, and sold from May 5, 2021 through August 18, 2021, inclusive, as well as the dates and prices of each such purchase, acquisition, and sale. Your objection must be filed with the Court at the address below **no later than _____ 2025, and** be mailed or delivered to the following counsel so that it is **received no later than _____ 2025.**

| <u>Court</u> | <u>Class Counsel</u> | Defendants' Counsel <u>Representative</u> |
|---|---|---|
| **Clerk of the Court** United States District Court Central District of California 255 East Temple Street Suite 180 Los Angeles, CA 90012 | **Labaton Keller Sucharow LLP** Alfred L. Fatale III, Esq. 140 Broadway New York, NY 10005 | **Cooley LLP** Ryan Blair, Esq. 10265 Science Center Drive, San Diego, CA 92121 |

## THE SETTLEMENT HEARING

**14.  When and where will the Court decide whether to approve the proposed Settlement?**

50.     The Court will hold the Settlement Hearing on **_____, 2025 at ____ _.m. (Pacific)**, before the Honorable Mark C. Scarsi, United States District Court Judge for the Central District of California, either in person, at the First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012, or remotely (at the discretion of the Court). At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Class Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 13 above.  We do not know how long it will take the Court to make these decisions.

51.     You should be aware that the Court may change the date and time of the Settlement Hearing without a notice being sent to Class Members.  If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Court's website at https://www.cacd.uscourts.gov/cm-ecf, or periodically check the case website at www.TheHonestCompanySecuritiesLitigation.com to see if the Settlement Hearing stays as calendared or is changed. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to www.TheHonestCompanySecuritiesLitigation.com.  Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://ecf.cacd.uscourts.gov.

**15.  Do I have to come to the Settlement Hearing?**

52.    No.  Class Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 16 below **no later than _____, 2025**.

**16.  May I speak at the Settlement Hearing?**

53.    You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 13), **no later than _____ __, 2025,** a statement that you, or your attorney, intend to appear in "*In re The Honest Company, Inc. Sec. Litig.*, No. 21-cv-07405 (C.D. Cal.)."  If you have an attorney, your attorney must also file a Notice of Appearance with the Court.  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you previously excluded yourself or if you have not provided written notice in accordance with the procedures described in this Question 16 and Question 13 above.

## IF YOU DO NOTHING

**17.  What happens if I do nothing at all?**

54.    If you do nothing and you are a member of the Class, you will receive no money from the Settlement and you will still be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against

Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

## GETTING MORE INFORMATION

### 18. Are there more details about the Settlement?

55.    This Settlement Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation. The Stipulation and additional case documents are available at www.TheHonestCompanySecuritiesLitigation.com. Additional information regarding the case and the Settlement can also be obtained by contacting Class Counsel at the contact information below, by accessing the Court docket in this case (for a fee) through the Court's PACER system at https://ecf.cacd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, 255 East Temple Street, Suite 180, Los Angeles, CA 90012, between 9:00 a.m. and 4:00 p.m. on Monday through Friday, excluding Court holidays.

56.    Additionally, the motions in support of final approval of the Settlement, approval of the proposed Plan of Allocation, and the request for attorneys' fees and Litigation Expenses will be filed with the Court no later than _____, 2025, and will be posted on the case website, www.TheHonestCompanySecuritiesLitigation.com, and at www.Labaton.com. **Please do not call the Court or Defendants with questions about the Settlement.**

57.    All inquiries concerning this Settlement should be directed to:

*In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
P.O. Box 5619
Portland, OR 97228-5619
info@TheHonestCompanySecuritiesLitigation.com

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES - CASE NO. 21-CV-07405-MCS-AS

www.TheHonestCompanySecuritiesLitigation.com
(888) 670-8722

and/or

Labaton Keller Sucharow LLP
Alfred L. Fatale III, Esq.
140 Broadway
New York, NY  10005
settlementquestions@labaton.com
www.Labaton.com
(888) 219-6877

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### 19.  How will my claim be calculated?

58.     As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund.  The Settlement Fund, after the deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who submit valid Claim Forms that are accepted for payment – in accordance with the following proposed Plan of Allocation, or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional individual notice to the Class. Any order modifying the Plan of Allocation      will      be      posted      on      the      case      website, www.TheHonestCompanySecuritiesLitigation.com.

59.     The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Class Members who suffered economic

losses as a result of the alleged violations of the federal securities law with respect to shares of Honest publicly traded common stock purchased or otherwise acquired pursuant and traceable to the Offering Documents for the IPO.[7] The Plan of Allocation measures the amount of loss that a Class Member can claim for purposes of making proportional *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Claims Administrator will calculate Claimants' claims and shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

60.     To design this Plan of Allocation, Class Counsel conferred with Class Representative's damages expert.  The Plan of Allocation, however, is not a formal damages analysis.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation, including the Recognized Claim formulas, intended to be estimates of the amounts that will be paid to Authorized Claimants  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund and the Recognized Claim formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

61.     Claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation. Section 11 of the Securities Act provides a statutory formula for

---

[7] Shares of Honest publicly traded common stock purchased or otherwise acquired from May 5, 2021 (the date of the IPO) through, and including, August 18, 2021 (the "Traceability Period"), are considered traceable to the Offering Documents per the Court's Order Re: Motion For Class Certification (ECF No. 113), filed May 1, 2023.

the calculation of damages.  The formulas stated below, which were developed by Class Representative's damages expert, generally track the statutory formula.

62.     Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Class Representative, Class Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

63.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Honest publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis.

64.     A "Recognized Loss Amount" will be calculated as set forth below for each share of Honest common stock purchased or acquired from May 5, 2021 through August 18, 2021, both dates inclusive, that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

65.     **For each share of Honest publicly traded common stock purchased or otherwise acquired from May 5, 2021 through, and including, August 18, 2021, and**:

A. Sold before the opening of trading on September 15, 2021, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) **_minus_** the sale price.

B. Sold after the opening of trading on September 15, 2021, through the close of trading on **October 1, 2021,**[8] the Recognized Loss Amount for

---

[8] For the purposes of the statutory calculations, October 1, 2021 is the proxy for the date of judgment because after October 1, 2021, the price of Honest's common

each such share shall be the purchase price (not to exceed $16.00, the IPO price) ***minus*** the sale price (not to be less than $10.55, the closing share price on September 15, 2021).

C. Retained after the close of trading on **October 1, 2021**, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) ***minus*** $10.55, the closing share price on September 15, 2021.

### ADDITIONAL PROVISIONS

66.     Purchases, acquisitions, and sales of Honest publicly traded common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance, or operation of law of Honest publicly traded common stock shall not be deemed a purchase, acquisition, or sale for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase or acquisition of such shares of Honest publicly traded common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of Honest publicly traded common stock during the Traceability Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Honest publicly traded common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

67.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

---

stock did not trade above $10.55, the closing price on the date of suit, September 15, 2021.

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES - CASE NO. 21-CV-07405-MCS-AS

68.     Honest publicly traded common stock purchased or otherwise acquired from May 5, 2021 through August 18, 2021, both dates inclusive, is the only security eligible for a recovery under the Plan of Allocation. With respect to Honest publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of Honest common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

69.     The sum of a Claimant's Recognized Loss Amounts will be the Claimant's Recognized Claim.

70.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

71.     If the Net Settlement Fund exceeds the total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

72.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

73.     Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless

1    be bound by the Settlement and the Judgment of the Court dismissing this Action

2    unless they have previously sought exclusion from the Class.

3        74.    Distributions will be made to Authorized Claimants after all claims

4    have been processed and after the Court has finally approved the Settlement and the

5    Settlement has reached its Effective Date.  If there is any balance remaining in the

6    Net Settlement Fund (whether by reason of tax refunds, uncashed checks or

7    otherwise) after at least six (6) months from the date of initial distribution of the Net

8    Settlement Fund, Class Counsel shall, if feasible and economical after payment of

9    outstanding Notice and Administration Expenses and Taxes, redistribute such

10   balance among Authorized Claimants who have cashed their checks in an equitable

11   and economic fashion.  These redistributions shall be repeated until the balance in

12   the Net Settlement Fund is no longer feasible to distribute or economical.  Any

13   balance that still remains in the Net Settlement Fund after re-distribution(s) and after

14   payment of outstanding Notice and Administration Expenses and Taxes, which is

15   not feasible or economical to reallocate, shall be contributed to the Council of

16   Institutional Investors, a non-profit, non-sectarian organization, or such other

17   organization approved by the Court.

18       75.    Payment pursuant to the Plan of Allocation or such other plan as may

19   be approved by the Court shall be conclusive against all Claimants. No person shall

20   have any claim against Class Representative, Plaintiffs' Counsel, their damages

21   expert, the Claims Administrator, or other agent designated by Plaintiffs' Counsel,

22   arising from determinations or distributions to Claimants made substantially in

23   accordance with the Stipulation, the Plan of Allocation approved by the Court, or

24   further orders of the Court. Class Representative, Defendants, Defendants' Counsel,

25   and all other Released Defendant Parties shall have no responsibility for or liability

26   whatsoever for the investment or distribution of the Settlement Fund, the Net

27   Settlement Fund, the Plan of Allocation or the determination, administration,

28

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES -  CASE NO. 21-CV-07405-MCS-AS

calculation, or payment of any Claim or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

76. In connection with the previously disseminated Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased or acquired Honest publicly traded common stock during the period from May 5, 2021 through August 18, 2021, inclusive, you must either: (i) request from the Claims Administrator sufficient copies of the Class Postcard to forward to all such beneficial owners and forward them to all such beneficial owners; or (ii) provide a list of the names and address of all such beneficial owners to the Claims Administrator. You were also advised to retain your mailing records for use in connection with any further notices in the Action. Additionally, you were ordered to provide email addresses for such beneficial owners to the Claims Administrator to the extent email addresses were available.

77. For Nominees who previously chose the first option (*i.e.*, elected to mail the Class Postcard directly to beneficial owners), the Claims Administrator will forward the same number of Settlement Postcards and Nominees have been ordered to, within ten (10) calendar days of receipt of the Settlement Postcards, mail them to the beneficial owners. Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action.

78. For Nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to the Claims Administrator, and emails (if applicable), the Claims Administrator will promptly mail (and email, if applicable) the Settlement Postcard to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee has identified

1  additional beneficial owners whose names and addresses were not previously
2  provided to Epiq, such Nominees need not take any further action.

3      79.    For Nominees that have identified additional beneficial owners who
4  were not previously identified in connection with the Class Notice, such Nominees
5  shall either: (i) within ten (10) calendar days of receipt of the Settlement Notice,
6  request from the Claims Administrator sufficient copies of the Settlement Postcard
7  to forward to all such additional beneficial owners, which the Nominee shall, within
8  ten (10) calendar days of receipt of those Settlement Postcards from the Claims
9  Administrator, mail to the beneficial owners; or (ii) within ten (10) calendar days of
10 receipt of the Settlement Notice, provide a list of the names and addresses of all
11 such additional beneficial owners to the Claims Administrator and the Claims
12 Administrator shall provide Settlement Postcards to these additionally identified
13 Persons.  Nominees that have identified additional beneficial owners who were not
14 previously identified in connection with the Class Notice shall also provide email
15 addresses to the Claims Administrator, to the extent they are available.

16     80.    Nominees who elect to send the Settlement Postcard to their beneficial
17 owners shall also send a statement to the Claims Administrator confirming that the
18 mailing was made and shall retain their mailing records for use in connection with
19 any further notices that may be provided in the Action.

20     81.    Upon full and timely compliance with these provisions, Nominees who
21 mail the Settlement Postcard to beneficial owners, or who provide additional names
22 and addresses of beneficial owners to the Claims Administrator, may seek
23 reimbursement of their reasonable expenses actually incurred in complying of up to
24 $0.10 per name/address provided and up to $0.10 plus postage at the Claims
25 Administrator's rate for bulk mailings by providing the Claims Administrator with
26 proper documentation supporting the expenses for which reimbursement is sought.
27 Nominees whose research yields no records, or a minimal number of beneficial

28

owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research. Properly documented expenses incurred by Nominees in compliance with these instructions shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator:

*In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
P.O. Box 5619
Portland, OR 97228-5619
info@TheHonestCompanySecuritiesLitigation.com
www.TheHonestCompanySecuritiesLitigation.com
(888) 670-8722

Dated: _____, 2025          BY ORDER OF THE UNITED
                                        STATES DISTRICT COURT FOR
                                        THE CENTRAL DISTRICT OF
                                        CALIFORNIA

# Exhibit A-2

**LABATON KELLER SUCHAROW LLP**
Jonathan Gardner*
Alfred L. Fatale III*
Joseph Cotilletta*
Beth C. Khinchuk*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
afatale@labaton.com
jcotilletta@labaton.com
bkhinchuk@labaton.com

*admitted *pro hac vice*

*Class Counsel for Class Representative
Kathie Ng and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Class
Representative Kathie Ng
and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 21-cv-07405-MCS-AS<br><br>**PROOF OF CLAIM AND RELEASE FORM** |

## I.     GENERAL INSTRUCTIONS

1.     To recover as a member of the Class based on your claims in the class action entitled *In re The Honest Company, Inc. Securities Litigation*, Case No. 21-cv-07405 (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement.[1]

2.     **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.THEHONESTCOMPANYSECURITIESLITIGATION.COM NO LATER THAN _____, 2025 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS:**

*In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
P.O. Box 5619
Portland, OR 97228-5619
www.TheHonestCompanySecuritiesLitigation.com

3.     If you are a member of the Class and you did not request exclusion from the Class in connection with the previously mailed Class Notice, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.     CLAIMANT IDENTIFICATION

4.     If you purchased or otherwise acquired Honest publicly traded common stock pursuant and traceable to the Offering Documents for Honest's initial public

---

[1] All capitalized terms not defined in this Claim Form have the meanings given in the Stipulation and Agreement of Settlement, dated as of March __, 2025 (the "Stipulation"), available at www.TheHonestCompanySecuritiesLitigation.com.

offering ("IPO") prior to August 19, 2021 (*i.e.,* the shares were purchased or acquired during the period from May 5, 2021 through August 18, 2021), or you acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing such stock, and held the stock in your name, you are the beneficial and record owner of the shares. If, however, the Honest shares were purchased or otherwise acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Honest publicly traded common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.      All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   IDENTIFICATION OF TRANSACTIONS

7.      Use **Part II** of this form entitled "Schedule of Transactions in Honest Publicly Traded Common Stock" to supply all required details of the transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

8.      On the schedules, provide all of the requested information with respect to the purchases or acquisitions of Honest publicly traded common stock pursuant and

PROOF OF CLAIM AND RELEASE FORM
CASE NO. 21-CV-07405-MCS-AS

traceable to the Offering Documents for Honest's IPO during the period from May 5, 2021 through August 18, 2021, whether the transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to all sales of Honest publicly traded common stock during the requested time period and shares held after the close of trading on October 1, 2021. Failure to report all such transactions may result in the rejection of your claim.

9.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Honest common stock.  The date of a "short sale" is deemed to be the date of sale.  Any transactions in Honest common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

10.    Copies of broker trade confirmations or other documentation of the transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN HONEST PUBLICLY TRADED COMMON STOCK.**

11.    NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the case website.)  All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at ___-___-____ to obtain the required file layout or visit www. TheHonestCompanySecuritiesLitigation.com.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

PROOF OF CLAIM AND RELEASE FORM
CASE NO. 21-CV-07405-MCS-AS

## **PART I – CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                MI        Beneficial Owner's Last Name

Co-Beneficial Owner's First Name           MI        Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                                        State    ZIP/Postal Code

Foreign Country (only if not USA)                          Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)

Telephone Number (home)                  Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

      Individual (includes joint owner accounts)      Pension Plan            Trust
      Corporation                                                     Estate
      IRA/401K                                                        Other _____ (please specify)

4

# PART II:    SCHEDULE OF TRANSACTIONS IN HONEST PUBLICLY TRADED COMMON STOCK

**1.  PURCHASES/ACQUISITIONS FROM MAY 5, 2021 THROUGH OCTOBER 1, 2021**[2] – Separately list each and every purchase and acquisition of Honest publicly traded common stock during the period from May 5, 2021 through and including October 1, 2021. [3] (Must submit documentation.)

| Date of Purchase/ Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**2.  SALES FROM MAY 5, 2021 THROUGH OCTOBER 1, 2021** – Separately list each and every sale of Honest publicly traded common stock from May 5, 2021 through, and including, the close of trading on October 1, 2021. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3.  HOLDINGS AS OF CLOSE OF TRADING ON OCTOBER 1, 2021** – State the total number of shares of Honest publicly traded common stock held as of the close of trading on October 1, 2021. If none, write "0" or "Zero." (Must submit documentation.) _____

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ |
|---|

---

[2] For purposes of the statutory calculations, October 1, 2021 is the proxy for the date of judgment because after this date, the price of Honest's common stock did not trade above $10.55, the closing price on the date of suit, September 15, 2021.

[3] Information requested in this Claim Form with respect to purchases/acquisitions from August 19, 2021 through October 1, 2021 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period are not eligible for a recovery.

## IV. SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Settlement Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Honest publicly traded common stock and other Honest securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Honest publicly traded common stock during the time periods herein and know of no other person having done so on my (our) behalf.

## V. RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the notices, and that I am (we are) not excluded from the Class.

14.    I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Settlement Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.    I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Honest publicly traded common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

17.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2025

_____          _____
Signature of Claimant                                       Type or print name of Claimant

_____          _____
Signature of Joint Claimant, if any                    Type or print name of Joint Claimant

_____          _____
Signature of person signing on behalf              Type or print name of person signing
of Claimant                                                        on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

7

**REMINDER CHECKLIST:**

1.     Sign this Claim Form.

2.     DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.     Attach only copies of supporting documentation as these documents will not be returned to you.

4.     Keep a copy of your Claim Form for your records.

5.     The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at ___-___-___ or email at info@_____.com.

6.     If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

PROOF OF CLAIM AND RELEASE FORM
CASE NO. 21-CV-07405-MCS-AS

# Exhibit A-3

**LABATON KELLER SUCHAROW LLP**
Jonathan Gardner*
Alfred L. Fatale III*
Joseph Cotilletta*
Beth C. Khinchuk*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
afatale@labaton.com
jcotilletta@labaton.com
bkhinchuk@labaton.com

*admitted *pro hac vice*

*Class Counsel for Class Representative
Kathie Ng and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Class
Representative Kathie Ng
and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 21-cv-07405-MCS-AS<br><br>**SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**To:    All persons and entities that purchased or otherwise acquired The Honest Company, Inc. ("Honest" or the "Company") publicly traded common stock pursuant and traceable to the Offering Documents for Honest's initial public offering ("IPO") prior to August 19, 2021, or acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing such stock**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that Court-appointed Class Representative Kathie Ng, and the other members of the certified Class, and defendants The Honest Company, Inc. ("Honest"), Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, Avik Pramanik, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, Samuel A. Ramirez & Company, Inc., Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $27,500,000 (the "Settlement").

A hearing will be held before the Honorable Mark C. Scarsi on _____, 2025, at ____ ___.m. (Pacific), either in person at the First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012, or, in the Court's discretion, by telephone or videoconference (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action as provided in

1  the Stipulation and Agreement of Settlement, dated _____, 2025; (iii) approve the

2  proposed Plan of Allocation for distribution of the settlement funds available for

3  distribution to eligible Class Members (the "Net Settlement Fund"); and (iv) approve

4  Class Counsel's Fee and Expense Application seeking attorneys' fees of no more

5  than 30% of the Settlement Fund and Litigation Expenses no more than $1,725,000,

6  plus accrued interest.  The Court may change the date of the Settlement Hearing, or

7  hold it remotely, without providing another notice.  You do NOT need to attend the

8  Settlement Hearing to receive a distribution from the Net Settlement Fund.

9     **IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE**

10 **AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE**

11 **ENTITLED TO A MONETARY PAYMENT.**[1]

12    If you have not yet received a Settlement Postcard, you may obtain copies of

13 the Settlement Postcard, long-form Settlement Notice, and Claim Form by visiting

14 the website for the case, www.TheHonestCompanySecuritiesLitigation.com, or by

15 contacting the Claims Administrator at:

16     *In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
17    P.O. Box 5619
18    Portland, OR 97228-5619
info@TheHonestCompanySecuritiesLitigation.com
19    www.TheHonestCompanySecuritiesLitigation.com
20    (888) 670-8722

21    Inquiries, other than requests for copies of notice documents or for

22 information about the status of a claim, may also be made to Class Counsel:

23    Alfred L. Fatale III, Esq.
24    LABATON KELLER SUCHAROW LLP

25    ───────────────

26    [1] If you previously submitted a request for exclusion from the Class in connection with the Class Notice mailed in 2023, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether
27 favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

28

SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 21-CV-07405-MCS-AS

2

140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than _____ __, 2025.***  If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments and orders entered by the Court, whether favorable or unfavorable.

Any objections to the proposed Settlement, Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be provided to counsel and filed with the Court in accordance with the instructions in the Settlement Notice, such that they are ***received no later than _____ __, 2025***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____,          BY ORDER OF THE COURT
2025                                UNITED STATES DISTRICT COURT
                                    NORTHERN DISTRICT OF
                                    CALIFORNIA

SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 21-CV-07405-MCS-AS

3

# Exhibit A-4

## Court-Ordered Legal Notice

Important Legal Notice Authorized by the United States District Court, Central District of California about the Settlement of a Class Action.

**If you purchased or otherwise acquired The Honest Company, Inc.'s publicly traded common stock from May 5, 2021 through August 18, 2021, inclusive, and were damaged thereby, a class action Settlement has been reached that will impact your legal rights.**

**You may be eligible for a cash payment. Please read this postcard carefully.**

For more information, please visit www.TheHonestCompanySecuritiesLitigation.com.

Scan QR Code for a more detailed notice about the proposed Settlement.

[ADD QR CODE]

*In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
P.O. Box 5619
Portland, OR 97228-5619

Postal Service: Please do not mark barcode

[NAME1]
[ADDR2]
[CITY] [ST] [ZIP]
[COUNTRY]

This postcard is to inform you that a proposed Settlement totaling **$27,500,000** has been reached with defendants The Honest Company, Inc. ("Honest"), the Individual Defendants, the Catterton Defendants, and the Underwriter Defendants (collectively, "Defendants"), which will resolve all claims, and related claims, in the certified class action known as *In re The Honest Company, Inc. Sec. Litig.*, Case No. 21-cv-07405 (C.D. Cal.) (the "Action"). If approved, the Settlement will end the lawsuit, in which Class Representative brings claims under Section 11 and 15 of the Securities Act of 1933, alleging Defendants made material misrepresentations and omissions in connection with Honest's initial public offering ("IPO") of common stock about, among other things (i) Honest's business model and growth strategy, and (ii) the impact of the COVID-19 pandemic on the demand for its products.

You received this postcard because you, or an investment account you represent, may be a member of the certified Class (explained below). The issuance of this postcard does not reflect the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit. Defendants deny all liability or wrongdoing. Capitalized terms not defined in this postcard have the meanings given in the Stipulation and Agreement of Settlement, dated as of _____ ___, 2025 (the "Stipulation"). THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT **WWW.THEHONESTCOMPANYSECURITIESLITIGATION.COM** FOR MORE INFORMATION AND THE FULL SETTLEMENT NOTICE.

### What does the Settlement provide?

Defendants have agreed to pay, or cause the payment of, **$27,500,000** in exchange for the settlement and release of all claims in the Action and related claims ("Released Plaintiffs' Claims"). The Settlement Amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Class Members who submit valid claims.

Your *pro rata* share of the Settlement proceeds will depend on, among other things, the number and value of submitted claims, how many eligible shares of Honest publicly traded common stock you have, and when your shares were purchased, acquired, or sold. If all Class Members participate in the Settlement, the estimated average recovery will be approximately $0.41 per eligible share before deduction of Court-approved fees and costs. Your portion of the Settlement proceeds will be determined by the plan of allocation approved by the Court.  The proposed plan is in the full Settlement Notice.

### Am I affected by the Settlement?

Receipt of this postcard does not mean you are a Class Member. The Class is: **all persons and entities that purchased or otherwise acquired Honest's publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, as well as all persons and entities that acquire ownership of a trading account, retirement account, or any other similar investment account or portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the**

**Offering Documents for its IPO prior to August 19, 2021, and were damaged thereby (the "Class").** Certain individuals and entities (including Defendants and their family members) are excluded from the Class by definition.

### How do I get a payment?

Receipt of this postcard does not mean you are eligible for a recovery. To qualify for payment, you must submit a valid Claim Form, which can be found at **www.TheHonestCompanySecuritiesLitigation.com**, or you can request one by contacting the Claims Administrator. Claim Forms must be postmarked by _____, 2025, and be mailed to: *In re The Honest Company, Inc. Sec. Litig.*, c/o Epiq, P.O. Box ____, __, __ __, or be submitted online by _____, 2025.

### How will Plaintiffs' Counsel be paid?

The Court has appointed the law firm of Labaton Keller Sucharow LLP as Class Counsel. Class Counsel will ask the Court to award Plaintiffs' Counsel 30% of the Settlement Fund in attorneys' fees, plus expenses of no more than $1,725,000, which may include reimbursement to Class Representative for her costs pursuant to 15 U.S.C. § 77z-1(a)(4). These fees and costs would total approximately $0.15 per eligible share.

### What are my other options?

You may object to the Settlement, the plan of allocation, or Class Counsel's Fee and Expense Application by _____, 2025, or do nothing. Class Members were given the opportunity to request exclusion in 2023. If the Court does not approve the Settlement, no payments will be made, and the lawsuit will continue. By doing nothing, you will get no payment, and you will not be able to sue any of the Released Defendant Parties for the Released Plaintiffs' Claims. The full Settlement Notice provides instructions for submitting a Claim Form and objecting, and you must comply with all of the instructions. Visit **www.TheHonestCompanySecuritiesLitigation.com**.

### What happens next?

The Court will hold a hearing on ____, 2025, at __:__ _.m. (Pacific), to consider whether to approve the Settlement, the Fee and Expense Application, or the plan of allocation. You will be represented by Class Counsel unless you enter an appearance through your own counsel, at your cost. You may attend the hearing and do not need an attorney to do so.

### Questions?

To learn more, scan the QR code, visit www.TheHonestCompanySecuritiesLitigation.com, call (888) 670-8722, email info@TheHonestCompany SecuritiesLitigation.com, or write *In re The Honest Company, Inc. Sec. Litig.* c/o Epiq, P.O. Box 5619, Portland, OR 97228-5619.

# Exhibit B

1

**LABATON KELLER SUCHAROW LLP**
Jonathan Gardner*
Alfred L. Fatale III*
Joseph Cotilletta*
Beth C. Khinchuk*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
afatale@labaton.com
jcotilletta@labaton.com
bkhinchuk@labaton.com

*admitted *pro hac vice*

*Class Counsel for Class Representative
Kathie Ng and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (State Bar No. 290685)
Rina Restaino (State Bar No. 285415)
2049 Century Park East, Suite 2406
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
rina@schallfirm.com

*Liaison Counsel for Class
Representative Kathie Ng
and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE THE HONEST COMPANY,
INC. SECURITIES LITIGATION

Case No. 21-cv-07405-MCS-AS

**[PROPOSED] FINAL ORDER
AND JUDGMENT**

**WHEREAS:**

A.    Lead Plaintiff and Class Representative Kathie Ng ("Class Representative"), on behalf of herself and the other members of the certified Class (defined below), on the one hand, and defendant The Honest Company, Inc. ("Honest"); defendants Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, and Avik Pramanik (collectively, the "Individual Defendants" and, together with Honest, the "Honest Defendants"); defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey

Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants"); and defendants Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP (collectively, the "Catterton Defendants" and with the Honest Defendants and the Underwriter Defendants, the "Defendants," and with Class Representative, the "Parties"), on the other hand, have entered into the Stipulation and Agreement of Settlement, dated March 11, 2025 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court previously certified a class of: all persons and entities that purchased or otherwise acquired Honest's publicly traded common stock pursuant and traceable to the Offering Documents for Honest's initial public offering ("IPO") prior to August 19, 2021, as well as all persons and entities that acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, and were damaged thereby.  Excluded from the Class are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Honest, the Underwriter Defendants, and the Catterton Defendants at all relevant times; (iii) Honest's affiliates and employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Honest's common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any person who had or has a

controlling interest in Honest, at all relevant times; (v) any entity in which any of the Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such.[1] Also excluded from the Class is any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice or whose request is otherwise allowed by the Court, if any. A list of all Class Members that requested exclusion and whose requests are allowed by the Court, is attached hereto as Exhibit A.

D.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2025 at __:___ _.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Class Counsel's Fee and Expense Application;

E.    The Court ordered that the postcard notice of the proposed Settlement and Fee and Expense Application (the "Settlement Postcard"), substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order (the "Notice Date") to

---

[1] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

all potential Class Members who could be identified through reasonable effort, and that the Summary Notice of the proposed Settlement and Fee and Expense Application (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date; and that the long-form Notice of Proposed Class Action Settlement and Motion for Attorney's Fees and Expenses ("Settlement Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be posted on the website previously developed by the Claims Administrator, from which copies of the long-form Settlement Notice and Claim Form can be downloaded;

F.     The notices advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing.  The notices further advised that any objections to the Settlement were required to be filed with the Court on or before _____, 2025;

G.     The provisions of the Preliminary Approval Order as to notice were complied with;

H.     As required by the Preliminary Approval Order, on _____, 2025, Class Representative moved for final approval of the Settlement.  The Settlement Hearing was duly held before this Court on _____, 2025 at which time all interested Persons were afforded the opportunity to be heard; and

I.     This Court has duly considered Class Representative's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement at the Settlement Hearing;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.  **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2025; and (ii) the Settlement Notice and Settlement Postcard, which were filed with the Court on _____, 2025.  Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2.  **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Class Members.

3.  **Notice.** The Court finds that the dissemination of the Settlement Notice, Settlement Postcard, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Class Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Class Members' rights to object thereto and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7).

4.  Honest has provided notification regarding the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

5.  **Objections**.  [There have been no objections to the Settlement.]

6.  **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity

and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representative and Class Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Second Amended Consolidated Class Action Complaint, filed on February 14, 2024, is dismissed in its entirety, with prejudice, as to the Class Representative and other Class Members, and as against each of the Defendants, and without costs to any Party, except as otherwise provided in the Stipulation.

8. **Rule 11 Findings**. In accordance with 15 U.S.C. §77z-1(c)(1), the Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9. **Releases.** The releases set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.

10. Upon the Effective Date of the Settlement, Class Representative and each and every other Releasing Plaintiff Party, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived,

released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

11.    Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

12.    Notwithstanding paragraphs 10–11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    **Complete Bar Order.**

(a)    Any and all Persons are permanently barred, enjoined, and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting, or asserting any and all claims for indemnity or contribution against any Released Defendant Party (or any other claim against any Released Defendant Party where the alleged injury to such Person is that Person's actual or

threatened liability to the Class or a Class Member in this Action), based upon, arising out of, or related to the Released Plaintiffs' Claims, whether arising under state, federal, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum in the United States or elsewhere. However, with respect to any judgment that the Class or a Class Member may obtain against such a Person based upon, arising out of, or relating to any Released Plaintiffs' Claims belonging to the Class or a Class Member, that Person shall be entitled to a credit of the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Defendant Parties for the loss of the Class or the Class Member for common damages, or (ii) the amount paid by or on behalf of the Released Defendant Parties to the Class or the Class Member for common damages;

(b) Each and every Released Defendant Party is hereby permanently barred, enjoined, and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting, or asserting any and all claims for indemnity or contribution against any Person, other than a Person whose liability to the Class has been extinguished by the Settlement, (or any other claim against any such Person where the alleged injury to such Released Defendant Party is that Released Defendant Party's actual or threatened liability to the Class or a Class Member in the Action), based upon, arising out of, or related ot the Released Plaintiffs' Claims, whether arising under state, federal, or foreign law, as claims, cross claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any other federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum in the United States or elsewhere;

(c) Nothing in this Complete Bar Order shall prevent a putative Class Member who has requested exclusion from the Class from pursuing any

Released Plaintiffs' Claim against any Released Defendant Party.  If any putative Class Member who requested exclusion from the Class pursues any such Released Plaintiffs' Claim against any Released Defendant Party, nothing in this Complete Bar Order or in the Stipulation shall operate to preclude such Released Defendant Party from asserting any claim of any kind against such putative Class Member (or seeking contribution or indemnity from any Person, including any co-defendant in the Action, in respect of the claim of such putative Class Member who requested exclusion from the Class);

(d)    Nothing in this Complete Bar Order shall release or alter the contractual rights, if any, under the terms of any written agreement between or among the Defendants, including (i) the Underwriting Agreement dated as of May 4, 2021 by and between Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and Jefferies LLC, as representatives of the Underwriter Defendants on the one hand, and Honest on the other, and (ii) the Master Agreement Among Underwriters related to the IPO.

(e)    Notwithstanding anything in this paragraph, nothing in the Stipulation or in this Complete Bar Order shall operate to preclude the Defendants from asserting any claims against their own insurers.

14.    **Binding Effect.**  Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation and paragraph 10 above.  [The Persons listed on Exhibit A hereto are excluded from the Class pursuant to request and are not so bound.]

15.    **No Admissions**. This Judgment and the Stipulation, whether or not consummated or Final, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements (including the Term Sheet), shall not be

offered or received against or to the prejudice of the Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in particular, but without limitation:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representative and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any defenses of Defendants;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representative, or any other member of the Class as evidence of any infirmity in the claims of Class Representative, or the other members of the Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representative, any other member of the Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representative, other members of the Class, or their respective counsel, in any other civil, criminal, or

1  administrative action or proceeding, other than as may be necessary to effectuate

2  the provisions of this Stipulation;

3          (d)    do not constitute, and shall not be construed against any of the

4  Defendants or the Released Defendant Parties, Class Representative, or any other

5  member of the Class, as an admission or concession that the consideration to be

6  given hereunder represents the amount that could be or would have been

7  recovered after trial; and

8          (e)    do not constitute, and shall not be construed as or received as

9  evidence of or as an admission, concession, or presumption against Class

10  Representative, or any other member of the Class, that any of their claims are

11  without merit or infirm or that damages recoverable under the Second Amended

12  Consolidated Class Action Complaint would not have exceeded the Settlement

13  Amount.

14        16.    The administration of the Settlement, and the decision of all disputed

15  questions of law and fact with respect to the validity of any claim or right of any

16  Person to participate in the distribution of the Net Settlement Fund, shall remain

17  under the authority of this Court.

18        17.    **Termination of the Settlement**.  In the event that the Settlement

19  does not become effective in accordance with the terms of the Stipulation, then

20  this Judgment shall be rendered null and void to the extent provided by and in

21  accordance with the Stipulation and shall be vacated per the terms of the

22  Stipulation, and in such event, all orders entered and releases delivered in

23  connection herewith shall be null and void to the extent provided by and in

24  accordance with the Stipulation, and the Settlement Fund shall be returned in

25  accordance with paragraph 46 of the Stipulation.

26        18.    **Modification of the Stipulation.**  Without further approval from the

27  Court, Class Representative and Defendants are hereby authorized, upon written

28  agreement of all Parties to the Stipulation, to adopt such amendments or

modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. **Fee Order and Order on Plan of Allocation**. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

21. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

1     SO ORDERED this _____ day of _____ 2025.

2

3

4
                                    _____
5                                   THE HONORABLE MARK C. SCARSI
                                    UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**