# Exhibit 2

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION

Case No. 21-CV-07405-MCS-AS

**DECLARATION OF ALEXANDER VILLANOVA REGARDING (A) MAILING OF THE SETTLEMENT POSTCARD AND (B) PUBLICATION OF THE SUMMARY NOTICE**

I, Alexander Villanova, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1.      I am a Senior Project Manager for Epiq Class Action and Claims Solutions, Inc. ("Epiq"). The statements of fact in this declaration are based on my personal knowledge and information provided to me by my colleagues in the ordinary course of business and, if called on to do so, I could and would testify competently thereto.

2.      Epiq was appointed as the Claims Administrator pursuant to the Court's Order Re: Motion for Preliminary Approval of Class Action Settlement dated May 6, 2025 (the "Preliminary Approval Order") (ECF No. 311) , and in accordance with the Stipulation and Agreement of Settlement, dated March 11, 2025 (the "Stipulation").[1] Epiq was also previously appointed by the Court to act as the administrator in connection with notice of the pendency of the Action. I submit this Declaration in order to advise the Parties and the Court regarding the implementation of the Court-approved settlement notice plan, in accordance with the Preliminary Approval Order and the Stipulation.

---

[1] All capitalized terms not otherwise defined in this document shall have the same meanings ascribed to them in the Stipulation.

DECLARATION OF ALEXANDER VILLANOVA RE. MAILING OF SETTLEMENT POSTCARD AND PUBLICATION OF SUMMARY NOTICE
CASE NO. 21-CV-07405-MCS-AS

## CLASS NOTICE PLAN

3. As more fully described in the Declaration of Owen Sullivan Regarding (A) Mailing of the Notice and Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion (ECF No. 163), Epiq conducted a notice of pendency program ("Class Notice"), in which it, among other things, mailed a Class Postcard or long-form Notice to potential Class Members, including brokers and banks ("Nominees"), in June 2023. In connection with the Class Notice, Epiq established a post office box ("P.O. Box") to mail notice from and to allow Class Members to contact Epiq or submit documents by mail. Epiq has and will continue to maintain the P.O. Box throughout the claims administration process for the Settlement.

4. To identify potential Class Members in connection with the Class Notice, Epiq received, from Honest's counsel, the names and addresses of 245 purchasers of record of Honest publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO. Each unique record purchaser was mailed a Class Postcard. Epiq also disseminated a long-form Notice to Nominees listed in Epiq's proprietary database and posted the long-form Notice on the case website. In response, Epiq received from the Nominees either (i) requests for additional copies of the Class Postcard so that Nominees could forward the postcard directly to their clients or (ii) the names and addresses of clients who were potential Class Members.

5. Through this process, Epiq created a mailing list of all known potential members of the Class, and their Nominees, for use in connection with the Class Notice and any future notices in the Action.

6. The Class Notice provided Class Members with the opportunity to request exclusion from the Class, the requirements for requesting exclusion, and the August 7, 2023 deadline for requesting exclusion. There were three untimely requests for exclusion. ECF Nos. 166, 175.

2

## MAILING OF THE SETTLEMENT POSTCARD

7.    Pursuant to the Preliminary Approval Order, Epiq was responsible for sending the Settlement Postcard to potential Class Members who can be identified with reasonable effort, including by using the mailing records obtained in connection with the Class Notice. Attached hereto as Exhibit A is the Settlement Postcard.

8.    On May 21, 2025, Epiq mailed 1,377 Settlement Postcards via First Class USPS Mail to all Class Members who were identified with reasonable effort, including those with mailing records from the Class Notice. Epiq also mailed a Settlement Notice to the 914 U.S. banks, brokerage firms, institutions, and other third-party Nominees listed in Epiq's proprietary Nominee database with instructions comporting with the Nominee procedures set forth in Section 7 of the Preliminary Approval Order.

9.    As set forth in Section 7 of the Preliminary Approval Order, Nominees were instructed to provide Epiq with information about additional customers whose information they did not provide in connection with the Class Notice and who may be Class Members to enable Epiq to either directly mail the Settlement Postcard or to provide Nominees with additional Settlement Postcards for forwarding to these eligible customers themselves. Otherwise, Epiq used the information previously provided by the Nominees.

10.    As of June 19, 2025, Epiq has sent 1,979 Settlement Postcards to potential Class Members who have been identified to date, and Epiq has sent 34,370 Settlement Postcards to Nominees for forwarding to their eligible customers themselves. Epiq may continue to receive such mailing requests, and Epiq will complete them in a timely manner.

11.    The return address on the Settlement Postcard is the P.O. Box maintained by Epiq. As of June 19, 2025, 8 Settlement Postcards have been returned by the USPS with forwarding information and 8 were promptly re-mailed by Epiq to the forwarding address.

DECLARATION OF ALEXANDER VILLANOVA RE. MAILING OF SETTLEMENT POSTCARD AND PUBLICATION OF SUMMARY NOTICE
CASE NO. 21-CV-07405-MCS-AS

**PUBLICATION OF THE SUMMARY NOTICE**

12.    Pursuant to Section 9 of the Preliminary Approval Order, on June 4, 2025, Epiq published the Summary Notice in *The Wall Street Journal* and transmitted the Summary Notice as a press release over *PR Newswire.* A copy of both publications is attached hereto as Exhibit B.

**WEBSITE**

13.    On May 21, 2025, Epiq updated the existing case website with information and materials related to the Settlement, www.TheHonestCompanySecuritiesLitigation.com.  Those interested can visit the website to obtain additional information about the proposed Settlement, as well as important documents, including the Settlement Notice, Claim Form, Stipulation, Preliminary Approval Order, the complaint, and various orders in the case. The website also contains a summary of options available to Class Members and deadlines to act. Class Members are also able to file a Claim Form electronically via the website, or download a paper Claim Form to be submitted by mail. References to the website were prominently displayed in the Settlement Postcard, Settlement Notice and Summary Notice. A copy of the Settlement Notice and Claim Form is attached hereto as Exhibit C.

14.    As of June 19, 2025, the website has been visited by 924 unique visitors. Epiq has maintained and will continue to maintain and update the website throughout the claims administration process.

**TOLL-FREE TELEPHONE NUMBER**

15.    On May 21, 2025, Epiq updated and is maintaining a toll-free telephone number for the case, 1-888-670-8722, to provide information and accommodate inquiries from Class Members. Among other things, callers are provided with scripted information about the proposed Settlement in the form of recorded answers to frequently asked questions. Callers have the option to speak with a live operator during normal business hours and to request copies of the Settlement Notice and Claim Form

4

("Notice Packet"). The toll-free number is included in the Settlement Notice and Settlement Postcard and is available 24 hours per day, 7 days per week.

## EMAIL INBOX

16.     Epiq established and maintains an email inbox specific for this matter, info@TheHonestCompanySecuritiesLitigation.com. As of June 19, 2025, Epiq has received 204 incoming emails. Epiq will continue to maintain this inbox throughout the claims administration process.

## OBJECTIONS RECEIVED

17.     Pursuant to Section 14 of the Preliminary Approval Order, Class Members who wish to object to any aspect of the proposed Settlement are required to submit written objections to the Clerk of the Court, such that they are filed with the Court on or before the objection deadline of July 7, 2025. As of June 19, 2025, Epiq is not aware of, and has not received, any misdirected objections to the proposed Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 20, 2025, in Tigard, OR.

_____
Alexander Villanova

DECLARATION OF ALEXANDER VILLANOVA RE. MAILING OF SETTLEMENT POSTCARD AND PUBLICATION OF SUMMARY NOTICE
CASE NO. 21-CV-07405-MCS-AS

# Exhibit A

*In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
P.O. Box 5619
Portland, OR 97228-5619

### Court-Ordered Legal Notice

Important Legal Notice Authorized by the United States District Court, Central District of California about the Settlement of a Class Action.

**If you purchased or otherwise acquired The Honest Company, Inc.'s publicly traded common stock from May 5, 2021 through August 18, 2021, inclusive, and were damaged thereby, a class action Settlement has been reached that will impact your legal rights.**

**You may be eligible for a cash payment. Please read this postcard carefully.**

For more information, please visit www.TheHonestCompanySecuritiesLitigation.com.

Scan QR Code for a more detailed notice about the proposed Settlement.



This postcard is to inform you that a proposed Settlement totaling $27,500,000 has been reached with defendants The Honest Company, Inc. ("Honest"), the Individual Defendants, the Catterton Defendants, and the Underwriter Defendants (collectively, "Defendants"), which will resolve all claims, and related claims, in the certified class action known as *In re The Honest Company, Inc. Sec. Litig.*, Case No. 21-cv-07405 (C.D. Cal.) (the "Action"). If approved, the Settlement will end the lawsuit, in which Class Representative brings claims under Section 11 and 15 of the Securities Act of 1933, alleging Defendants made material misrepresentations and omissions in connection with Honest's initial public offering ("IPO") of common stock about, among other things (i) Honest's business model and growth strategy, and (ii) the impact of the COVID-19 pandemic on the demand for its products.

You received this postcard because you, or an investment account you represent, may be a member of the certified Class (explained below). The issuance of this postcard does not reflect the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit. Defendants deny all liability or wrongdoing. Capitalized terms not defined in this postcard have the meanings given in the Stipulation and Agreement of Settlement, dated as of March 11, 2025 (the "Stipulation"). THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT **WWW.THEHONESTCOMPANYSECURITIESLITIGATION.COM** FOR MORE INFORMATION AND THE FULL SETTLEMENT NOTICE.

## What does the Settlement provide?

Defendants have agreed to pay, or cause the payment of, **$27,500,000** in exchange for the settlement and release of all claims in the Action and related claims ("Released Plaintiffs' Claims"). The Settlement Amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Class Members who submit valid claims.

Your *pro rata* share of the Settlement proceeds will depend on, among other things, the number and value of submitted claims, how many eligible shares of Honest publicly traded common stock you have, and when your shares were purchased, acquired, or sold. If all Class Members participate in the Settlement, the estimated average recovery will be approximately $0.41 per eligible share before deduction of Court-approved fees and costs. Your portion of the Settlement proceeds will be determined by the Plan of Allocation approved by the Court. The proposed plan is in the full Settlement Notice.

## Am I affected by the Settlement?

Receipt of this postcard does not mean you are a Class Member. The Class is: **all persons and entities that purchased or otherwise acquired Honest's publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, as well as all persons and entities that acquired ownership of a trading account, retirement account, or any other similar investment account or** portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the Offering Documents for its IPO prior to August 19, 2021, and were damaged thereby (the "Class"). Certain individuals and entities (including Defendants and their family members) are excluded from the Class by definition.

## How do I get a payment?

Receipt of this postcard does not mean you are eligible for a recovery. To qualify for payment, you must submit a valid Claim Form, which can be found at **www.TheHonestCompanySecuritiesLitigation.com**, or you can request one by contacting the Claims Administrator. Claim Forms must be postmarked by **July 14, 2025**, and be mailed to: *In re The Honest Company, Inc. Sec. Litig.*, c/o Epiq, P.O. Box 5619, Portland, OR 97228-5619, or be submitted online by **July 14, 2025**.

## How will Plaintiffs' Counsel be paid?

The Court has appointed the law firm of Labaton Keller Sucharow LLP as Class Counsel. Class Counsel will ask the Court to award Plaintiffs' Counsel 30% of the Settlement Fund in attorneys' fees, plus expenses of no more than $1,725,000, which may include reimbursement to Class Representative for her costs pursuant to 15 U.S.C. § 77z-1(a)(4). These fees and costs would total approximately $0.15 per eligible share.

## What are my other options?

You may object to the Settlement, the Plan of Allocation, or Class Counsel's Fee and Expense Application by **July 7, 2025**, or do nothing. Class Members were given the opportunity to request exclusion in 2023. If the Court does not approve the Settlement, no payments will be made, and the lawsuit will continue. By doing nothing, you will get no payment, and you will not be able to sue any of the Released Defendant Parties for the Released Plaintiffs' Claims. The full Settlement Notice provides instructions for submitting a Claim Form and objecting, and you must comply with all of the instructions. Visit **www.TheHonestCompanySecuritiesLitigation.com**.

## What happens next?

The Court will hold a hearing on **July 28, 2025 at 9:00 a.m., (Pacific)**, to consider whether to approve the Settlement, the Fee and Expense Application, or the plan of allocation. You will be represented by Class Counsel unless you enter an appearance through your own counsel, at your cost. You may attend the hearing and do not need an attorney to do so.

## Questions?

To learn more, scan the QR code, visit www.TheHonestCompanySecuritiesLitigation.com, call (888) 670-8722, email info@TheHonestCompanySecuritiesLitigation.com, or write *In re The Honest Company, Inc. Sec. Litig.* c/o Epiq, P.O. Box 5619, Portland, OR 97228-5619.

AL2422 v.04

# Exhibit B

**B8 | Wednesday, June 4, 2025**                                          THE WALL STREET JOURNAL.

# BIGGEST 1,000 STOCKS

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| *Continued From Page B7* | | | |
| CommvaultSys | CVLT | 183.24 | -3.74 |
| SABESP | SBS | 20.55 | 0.30 |
| ConagraBrands | CAG | 22.68 | -0.08 |
| Confluent | CFLT | 23.41 | 0.35 |
| ConocoPhillips | COP | 87.91 | 1.19 |
| ConEd | ED | 103.24 | -0.62 |
| ConstBrands A | STZ | 176.67 | 2.50 |
| ConstellationEner | CEG | 313.03 | -0.40 |
| Cooper | COO | 66.91 | -0.09 |
| Copart | CPRT | 51.01 | 0.21 |
| Core&Main | CNM | 59.09 | 5.55 |
| CoreBridgeFin | CRBG | 32.95 | 0.33 |
| CoreWeave | CRWV | 150.48 | 30.28 |
| Corning | GLW | 50.78 | 0.74 |
| Corpay | CPAY | 326.05 | 3.98 |
| Corteva | CTVA | 71.19 | 0.24 |
| CoStar | CSGP | 75.69 | 2.42 |
| Costco | COST | 1055.59 | -1.26 |
| CoterraEnergy | CTRA | 25.44 | 0.36 |
| Coupang | CPNG | 28.22 | -0.12 |
| Crane | CR | 174.49 | 3.67 |
| Credicorp | BAP | 216.90 | 2.45 |
| CredoTech | CRDO | 71.92 | 9.27 |
| CrowdStrike | CRWD | 488.76 | 9.59 |
| CrownCastle | CCI | 99.86 | -0.03 |
| Crown Holdings | CCK | 98.20 | 1.48 |
| CubeSmart | CUBE | 42.60 | -0.65 |
| Cullen/Frost | CFR | 127.85 | 1.66 |
| Cummins | CMI | 324.47 | 7.23 |
| Curtiss-Wright | CW | 446.79 | 3.57 |
| CyberArkSoftware | CYBR | 394.07 | 0.24 |
| **D E F** | | | |
| DTE Energy | DTE | 135.56 | -0.42 |
| DT Midstream | DTM | 107.21 | 0.51 |
| Danaher | DHR | 192.06 | 2.63 |
| Darden | DRI | 217.21 | 0.36 |
| Datadog | DDOG | 118.66 | 0.92 |
| DaVita | DVA | 135.99 | 1.58 |
| Dayforce | DAY | 58.94 | 0.71 |
| DeckersOutdoor | DECK | 105.83 | 0.82 |
| Deere | DE | 513.15 | 5.31 |
| DellTechC | DELL | 111.90 | 3.82 |
| DeltaAir | DAL | 48.83 | 0.33 |
| DescartesSystems | DSGX | 115.10 | 0.82 |
| DeutscheBank | DB | 27.82 | 0.09 |
| DevonEnergy | DVN | 32.01 | 0.87 |
| DexCom | DXCM | 86.79 | 1.28 |
| Diageo | DEO | 107.59 | -1.08 |
| DiamondbkEner | FANG | 142.28 | 4.69 |
| Dick's | DKS | 177.77 | 1.29 |
| DigitalRealty | DLR | 173.74 | 1.02 |
| Disney | DIS | 113.60 | 0.65 |
| DocuSign | DOCU | 91.61 | 2.41 |
| DollarGeneral | DG | 112.57 | 15.40 |
| DollarTree | DLTR | 96.72 | 5.48 |
| DominionEner | D | 56.69 | -0.08 |
| Domino's | DPZ | 464.53 | -1.47 |
| DoorDash | DASH | 213.70 | 0.91 |
| Dover | DOV | 177.97 | 1.89 |
| Dow | DOW | 27.79 | 0.59 |
| Doximity | DOCS | 53.51 | 2.01 |
| DrReddy'sLab | RDY | 14.66 | -0.08 |
| DraftKings | DKNG | 34.32 | 0.59 |
| Dropbox | DBX | 29.53 | 0.41 |
| DukeEnergy | DUK | 116.73 | -0.50 |
| Duolingo | DUOL | 513.37 | -13.48 |
| DuPont | DD | 67.44 | 1.36 |
| DutchBros | BROS | 70.80 | -0.96 |
| Dynatrace | DT | 54.22 | 0.41 |
| EMCOR | EME | 483.78 | 14.23 |
| ENI | E | 30.21 | -0.17 |
| EOG Rscs | EOG | 112.82 | 1.48 |
| EPAM Systems | EPAM | 174.18 | 3.60 |
| EQT | EQT | 56.65 | -0.01 |
| EastWestBncp | EWBC | 92.24 | 1.76 |
| EastGroup | EGP | 169.63 | -1.05 |
| EastmanChem | EMN | 80.46 | 1.85 |
| Eaton | ETN | 325.84 | 6.98 |
| eBay | EBAY | 75.95 | 1.42 |
| Ecolab | ECL | 265.42 | 0.27 |
| Ecopetrol | EC | 8.66 | 0.16 |
| EdisonIntl | EIX | 56.00 | 0.57 |
| EdwardsLife | EW | 77.72 | -0.38 |
| Elastic | ESTC | 83.71 | 2.01 |
| ElbitSystems | ESLT | 421.83 | 5.70 |
| ElectronicArts | EA | 146.24 | 0.36 |
| ElevanceHealth | ELV | 378.96 | 1.91 |
| EmersonElec | EMR | 120.39 | 1.53 |
| Enbridge | ENB | 47.07 | -0.09 |
| EncompassHealth | EHC | 121.51 | 0.66 |
| EnergyTransfer | ET | 17.16 | 0.04 |
| EnsignGroup | ENSG | 150.63 | 2.58 |
| Entegris | ENTG | 71.81 | 3.43 |
| Entergy | ETR | 82.93 | -0.21 |
| EnterpriseProd | EPD | 31.63 | 0.11 |
| Equifax | EFX | 263.47 | 2.06 |
| Equinix | EQIX | 894.84 | 4.35 |
| Equinor | EQNR | 24.27 | -0.05 |
| Equitable | EQH | 53.61 | 0.91 |
| EquityLife | ELS | 62.86 | -0.55 |
| EquityResdntl | EQR | 68.90 | -1.03 |
| ErieIndemnity | ERIE | 362.18 | 2.49 |
| EssentialUtil | WTRG | 38.45 | -0.10 |
| EssexProp | ESS | 280.83 | -3.83 |
| EsteeLauder | EL | 68.93 | 2.28 |
| EvercoreA | EVR | 235.80 | 3.73 |
| Everest | EG | 351.22 | -0.52 |
| Evergy | EVRG | 66.01 | -0.48 |
| EversourceEner | ES | 65.25 | 0.33 |
| ExactSciences | EXAS | 55.27 | 0.13 |
| Exelixis | EXEL | 42.67 | -0.21 |
| Exelon | EXC | 43.46 | -0.33 |
| ExpandEnergy | EXE | 118.22 | -1.08 |
| Expedia | EXPE | 168.62 | 1.45 |
| ExpeditorsIntl | EXPD | 111.76 | 0.55 |
| ExtraSpaceSt | EXR | 149.93 | -3.06 |
| ExxonMobil | XOM | 103.80 | 0.75 |
| F5 | FFIV | 290.65 | 4.63 |
| FTAI Aviation | FTAI | 123.35 | 3.00 |
| Fabrinet | FN | 239.87 | 6.50 |
| FactSet | FDS | 434.52 | -22.04 |
| FairIsaac | FICO | 1741.55 | -6.71 |
| Fastenal | FAST | 41.19 | 0.28 |
| FederalRealty | FRT | 95.14 | -0.30 |
| FedEx | FDX | 219.78 | 1.89 |
| FergusonEnts | FERG | 211.36 | 31.07 |
| Ferrari | RACE | 475.74 | -4.34 |
| Ferrovial | FER | 46.97 | 0.03 |
| FidNatFinl | FNF | 54.66 | 0.20 |
| FidNatlInfo | FIS | 80.14 | 1.05 |
| FifthThirdBncp | FITB | 38.89 | 0.81 |
| FirstCitzBcshA | FCNCA | 1842.86 | 43.36 |
| FirstHorizon | FHN | 20.08 | 0.26 |
| FirstSolar | FSLR | 159.37 | 9.72 |
| FirstEnergy | FE | 41.24 | -0.26 |
| FirstService | FSV | 174.76 | -0.42 |
| Fiserv | FI | 162.11 | 0.11 |
| Flex | FLEX | 43.22 | 0.84 |
| FlutterEnt | FLUT | 246.57 | 0.74 |
| FEMSA | FMX | 105.58 | -1.06 |
| FordMotor | F | 10.19 | 0.21 |
| Fortinet | FTNT | 102.88 | 0.41 |
| Fortis | FTS | 48.43 | -0.30 |
| Fortive | FTV | 72.14 | 1.88 |
| FoxB | FOX | 50.72 | 0.14 |
| FoxA | FOXA | 55.27 | 0.13 |
| Franco-Nevada | FNV | 176.37 | -1.80 |
| FranklinRscs | BEN | 21.38 | 0.08 |
| FreedomHolding | FRHC | 157.22 | -3.36 |
| FreeportMcM | FCX | 40.24 | 0.09 |
| FreseniusMedCare | FMS | 28.33 | -0.47 |
| FrontierComms | FYBR | 36.40 | 0.11 |
| FullTruck | YMM | 11.77 | -0.03 |
| **G H I** | | | |
| GE Aerospace | GE | 248.87 | 1.39 |
| GE HealthCare | GEHC | 71.16 | 1.01 |
| GE Vernova | GEV | 492.97 | 7.81 |
| GFLEnvironmental | GFL | 49.37 | -0.74 |
| GSK | GSK | 40.46 | -1.20 |
| Gallagher | AJG | 345.25 | -3.52 |
| GameStop | GME | 30.10 | -0.54 |
| Gaming&Leisure | GLPI | 46.32 | -0.20 |
| Gap | GAP | 21.96 | -0.47 |
| Garmin | GRMN | 204.50 | 1.55 |
| Gartner | IT | 432.23 | 2.37 |
| GenDigital | GEN | 28.84 | 0.48 |
| GeneralDynamics | GD | 276.04 | 0.33 |
| GeneralMills | GIS | 54.31 | 0.18 |
| GeneralMotors | GM | 49.06 | 1.37 |
| Genmab | GMAB | 21.35 | -0.42 |
| GenuineParts | GPC | 127.75 | -0.52 |
| GileadSciences | GILD | 109.33 | 0.42 |
| GlobalPayments | GPN | 75.78 | 0.87 |
| GlobalFoundries | GFS | 36.87 | 0.95 |
| GlobeLife | GL | 122.80 | 0.56 |
| GlobusMedical | GMED | 59.70 | 0.74 |
| GoDaddy | GDDY | 181.73 | -0.34 |
| GoldFields | GFI | 24.83 | -0.36 |
| GoldmanSachs | GS | 603.83 | 5.11 |
| Grab | GRAB | 4.99 | 0.14 |
| Graco | GGG | 84.42 | 0.66 |
| Grainger | GWW | 1088.04 | 13.60 |
| GrupoCiment | CIB | 43.45 | 0.05 |
| GpoFinGalicia | GGAL | 56.60 | 0.22 |
| Guidewire | GWRE | 218.18 | 2.94 |
| HCA Healthcare | HCA | 383.06 | 0.90 |
| HDFC Bank | HDB | 74.86 | -0.86 |
| HP | HPQ | 25.38 | 0.47 |
| HSBC | HSBC | 59.36 | -0.63 |
| H World | HTHT | 35.37 | -0.15 |
| Haleon | HLN | 11.05 | -0.04 |
| Halliburton | HAL | 20.43 | 0.42 |
| HamiltonLane | HLNE | 149.51 | 0.55 |
| HarmonyGold | HMY | 14.65 | -0.60 |
| Hartfords | HIG | 129.90 | 0.12 |
| Hasbro | HAS | 65.68 | 0.13 |
| HelmerichPayl | HP | 17.15 | -0.26 |
| Hershey | HSY | 163.08 | 1.63 |
| Hess | HES | 135.96 | 2.21 |
| HessMidstream | HESM | 38.10 | 0.51 |
| HewlettPackard | HPE | 17.69 | 0.35 |
| Hilton | HLT | 251.10 | 1.97 |
| Hims&HersHealth | HIMS | 54.73 | -2.04 |
| Hologic | HOLX | 63.04 | 0.13 |
| HomeDepot | HD | 373.08 | 5.12 |
| HondaMotor | HMC | 30.08 | 0.01 |
| Honeywell | HON | 226.77 | 1.25 |
| HormelFoods | HRL | 30.85 | |
| DR Horton | DHI | 118.35 | 1.46 |
| HostHotels | HST | 15.67 | 0.23 |
| HoulihanLokey | HLI | 175.38 | 0.99 |
| HowmetAerospace | HWM | 172.61 | -0.04 |
| Hubbell | HUBB | 390.07 | 8.73 |
| HubSpot | HUBS | 600.11 | 8.09 |
| Humana | HUM | 233.42 | 2.03 |
| JBHunt | JBHT | 140.63 | 3.98 |
| HuntingtonBcshs | HBAN | 15.91 | 0.33 |
| HuntingIngalls | HII | 227.96 | 5.16 |
| HyattHotels | H | 132.83 | 2.32 |
| ICICI Bank | IBN | 33.65 | -0.57 |
| ICL Group | ICL | 6.61 | -0.07 |
| IDEX | IEX | 182.04 | 2.87 |
| IdexxLab | IDXX | 525.83 | 11.03 |
| ING Group | ING | 21.08 | -0.33 |
| IQVIA | IQV | 142.78 | 3.68 |
| ITT | ITT | 150.80 | 1.29 |
| IcahnEnterprises | IEP | 8.48 | 0.03 |
| Icon | ICLR | 133.76 | 4.86 |
| IllinoisToolWks | ITW | 245.26 | 2.61 |
| Illumina | ILMN | 81.83 | 0.74 |
| ImperialOil | IMO | 73.60 | 1.01 |
| Incyte | INCY | 67.11 | 1.80 |
| Informatica | INFA | 24.12 | 0.03 |
| Infosys | INFY | 18.04 | -0.15 |
| IngersollRand | IR | 81.95 | 0.89 |
| Ingredion | INGR | 138.44 | -0.51 |
| Insmed | INSM | 73.00 | 1.40 |
| Insulet | PODD | 323.24 | -1.76 |
| Intel | INTC | 20.29 | 0.55 |
| InteractiveBrkrs | IBKR | 207.91 | -0.29 |
| ICE | ICE | 179.34 | -0.98 |
| InterContHtls | IHG | 110.35 | 1.80 |
| IBM | IBM | 265.20 | 1.30 |
| IntlFlavors | IFF | 76.66 | 0.95 |
| IntlPaper | IP | 47.32 | 0.12 |
| Interpublic | IPG | 23.06 | 0.19 |
| Intuit | INTU | 764.66 | -0.33 |
| IntuitiveSurgical | ISRG | 551.85 | -1.44 |
| InvitatHomes | INVH | 33.45 | -0.22 |
| IonQ | IONQ | 39.81 | -0.76 |
| IronMountain | IRM | 99.96 | 0.49 |
| ItauUnibanco | ITUB | 6.59 | 0.05 |
| **J K L** | | | |
| JD.com | JD | 32.41 | -0.45 |
| JPMorganChase | JPM | 266.27 | 1.61 |
| JackHenry | JKHY | 180.21 | -0.16 |
| JacobsSolns | J | 125.84 | 1.71 |
| JamesHardie | JHX | 24.77 | 0.86 |
| JefferiesFinl | JEF | 49.26 | 0.91 |
| JohnsonControls | JCI | 101.18 | 0.79 |
| JonesLang | JLL | 234.92 | 3.86 |
| JuniperNetworks | JNPR | 35.95 | 0.08 |
| KB Financial | KB | 73.33 | 0.09 |
| KE Holdings | BEKE | 18.36 | 0.16 |
| KKR | KKR | 120.48 | -1.39 |
| KLA | KLAC | 775.79 | 13.35 |
| KeurigDrPepper | KDP | 32.82 | -0.43 |
| KeyCorp | KEY | 16.03 | 0.23 |
| KeysightTech | KEYS | 160.79 | 2.43 |
| KilroyRealty | KRC | 33.17 | 0.91 |
| KimberlyClark | KMB | 139.51 | -2.18 |
| KimcoRealty | KIM | 21.05 | -0.12 |
| KinderMorgan | KMI | 28.56 | -0.09 |
| KinrossGold | KGC | 15.52 | -0.19 |
| KinsaleCapital | KNSL | 473.99 | 0.86 |
| Klaviyo | KVYO | 33.97 | 0.07 |
| Philips | PHG | 22.80 | -0.01 |
| KoreaElecPwr | KEP | 11.07 | -0.03 |
| KraftHeinz | KHC | 26.79 | 0.16 |
| Kroger | KR | 67.08 | -1.12 |
| Kyndryl | KD | 39.72 | 0.54 |
| LatamAirlines | LTM | 38.32 | 0.43 |
| Lkq | LKQ | 40.37 | 0.26 |
| LPL Financial | LPLA | 386.01 | 2.62 |
| L3HarrisTech | LHX | 243.19 | 1.23 |
| Labcorp | LH | 250.51 | 2.66 |
| LamResearch | LRCX | 83.66 | 1.18 |
| LamarAdv | LAMR | 121.30 | 0.90 |
| LambWeston | LW | 55.67 | 0.83 |
| LasVegasSands | LVS | 42.13 | 1.02 |
| Leidos | LDOS | 144.49 | 2.84 |
| Lennar A | LEN | 106.65 | 1.63 |
| Lennar B | LEN.B | 102.00 | 1.70 |
| Lennox | LII | 560.74 | 8.96 |
| LeonardoDRS | DRS | 44.11 | 0.19 |
| LiAuto | LI | 29.51 | -0.08 |
| LibertyBroadbandA | LBRDA | 92.40 | -0.56 |
| LibertyBroadbandC | LBRDK | 93.23 | -0.39 |
| LibertyLiveA | LLYVA | 72.78 | 0.29 |
| LibertyFormOne C | FWONK | 96.47 | -0.98 |
| LibertyFormOne A | FWONA | 87.94 | -0.99 |
| LibertyLiveC | LLYVK | 73.96 | 0.35 |
| EliLilly | LLY | 750.78 | 3.66 |



Continued on Page B10

---

ADVERTISEMENT

## The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE THE HONEST COMPANY, INC.
SECURITIES LITIGATION

Case No. 21-cv-07405-MCS-AS

**SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:** All persons and entities that purchased or otherwise acquired The Honest Company, Inc. publicly traded common stock pursuant and traceable to the Offering Documents for Honest's initial public offering ("IPO") prior to August 19, 2021, or acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing such stock.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that Court-appointed Class Representative Kathie Ng, and the other members of the certified Class, and defendants The Honest Company, Inc. ("Honest"), Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, Avik Pramanik, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, Samuel A. Ramirez & Company, Inc., Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $27,500,000 (the "Settlement").

A hearing will be held before the Honorable Mark C. Scarsi on July 28, 2025, at 9:00 a.m. (Pacific), at the First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action as provided in the Stipulation and Agreement of Settlement, dated March 11, 2025; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to eligible Class Members (the "Net Settlement Fund"); and (iv) approve Class Counsel's Fee and Expense Application seeking attorneys' fees of no more than 30% of the Settlement Fund and Litigation Expenses of no more than $1,725,000, plus accrued interest. The Court may change the date of the Settlement Hearing without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**[1]

If you have not yet received a Settlement Postcard, you may obtain copies of the Settlement Postcard, long-form Settlement Notice, and Claim Form by visiting the website for the case, www.TheHonestCompanySecuritiesLitigation.com, or by contacting the Claims Administrator at:

*In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
P.O. Box 5619
Portland, OR 97228-5619
info@TheHonestCompanySecuritiesLitigation.com
www.TheHonestCompanySecuritiesLitigation.com
(888) 670-8722

Inquiries, other than requests for copies of notice documents or for information about the status of a claim, may also be made to Class Counsel:

Alfred L. Fatale III, Esq.
LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than July 14, 2025*. If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments and orders entered by the Court, whether favorable or unfavorable.

Any objections to the proposed Settlement, Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be provided to counsel and filed with the Court in accordance with the instructions in the Settlement Notice, such that they are *received no later than July 7, 2025*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: June 4, 2025

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[1] If you previously submitted a request for exclusion from the Class in connection with the Class Notice mailed in 2023, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

### PUBLIC NOTICES

# ASTARIS
## PATRIMONIO DESTINATO

Mr. Claudio Sforza, in his capacity as Agent of the segregated perimeter (*Patrimonio Destinato*) set up pursuant to articles 2447-bis et seq. of Italian Civil code by virtue of Astaris S.p.A. (formerly Astaldi S.p.A.) Board of Directors' resolution dated May 24th, 2020, by deed of Salvatore Mariconda, notary in Rome, registered in the Commercial Register on May 27th, 2020, having the necessary powers,

### INFORMS

That he intends to proceed to the sale of entire interest of the segregated perimeter of Astaris S.p.A. in the company Otoyol Yatirim ve Isletme A.Ş., concessionaire for the construction and management of the "Gebze–Orhangazi–Izmir" motorway in Turkey, project named GOI Motorway.

Those wishing to acquire more information about the project and the access to the procedure for the selection of a potential buyer are invited to submit a request no later than the exclusion deadline at 6:00 p.m. (CEST) on July 4th, 2025, by sending an e-mail addressed to goiproject@astaldi.com in order to obtain the project teaser, along with the confidentiality agreement and the appropriate format to be used for any expression of interest; the latter shall be submitted duly signed to the aforementioned e-mail address, no later than the exclusion deadline at 6:00 p.m. (CEST) on August 4th, 2025.

Additional information on the sale process is available in the full text of the notice of sale published on the website www.astaldi.com, in the section "Patrimonio Destinato" / "GOI Motorway".

Roma, June 4th, 2025

Dott. Claudio Sforza

Patrimonio Destinato di Astaris S.p.A. con Socio Unico - Delibera Consiglio di Amministrazione del 24.05.2020
Sede Legale: 00156 Roma – Via G.V. Bona 65
Tel.: +39.06.67761
Reg. Imprese di Roma e C.F. 00398970582
P. IVA 00880281001 – REA RM 152353
Capitale Sociale sottoscritto e versato: 1.000.000,00 euro
astaldipec@pec.actalis.it
www.astaldi.com

---

### BANKRUPTCIES

**NOTICE OF HEARING ON CONFIRMATION OF JOINT PRENEGOTIATED PLAN OF REORGANIZATION OF PRESPERSE CORPORATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AND FINAL APPROVAL OF THE DISCLOSURE STATEMENT**

**If You or Loved Ones Were Exposed To TALC, ASBESTOS, TALC-CONTAINING or ASBESTOS-CONTAINING Products Processed, Manufactured, Financed, Sold and/or Distributed by PRESPERSE CORPORATION**
**PLEASE READ THIS NOTICE**

1. **Bankruptcy Case [Presperse Corporation, Case No. 24-18921 (MBK)].** On September 9, 2024, Presperse Corporation ("Debtor") petitioned for reorganization under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). The purpose of the Debtor's chapter 11 reorganization is to resolve all existing and future asbestos-related and talc personal injury claims.

2. **Plan of Reorganization and Disclosure Statement.** On September 9, 2024, the Debtor, the pre-petition Talc Claimants' Committee, and the pre-petition Future Claimants' Representative (collectively, the "Plan Proponents") filed a plan for the chapter 11 reorganization of the Debtor called the *Joint Prenegotiated Plan of Reorganization of Presperse Corporation Pursuant to Chapter 11 of the Bankruptcy Code*, as amended on May 23, 2025, and as further amended on May 30, 2025 (including all exhibits thereto and as further amended, supplemented, or otherwise modified from time to time, the "Plan"). On that date, the Debtor also filed a detailed document describing the Plan, called the *Disclosure Statement for the Joint Prenegotiated Plan of Reorganization of Presperse Corporation Pursuant to Chapter 11 of the Bankruptcy Code*, as amended on May 23, 2025, and as further amended on May 30, 2025 (including all exhibits thereto and as may be further amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). Capitalized terms used but not defined in this notice have the meanings given to them in the Plan.

3. **Approval of Disclosure Statement.** On May 30, 2025, the Bankruptcy Court entered an order conditionally approving the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

4. **Solicitation Materials Distributed to Voting Classes.** The Disclosure Statement, together with copies of the Plan, Ballots and other voting materials, called a "Solicitation Package," has been mailed to known holders of Class 4 (Talc Personal Injury Claims) or their lawyers. The Disclosure Statement contains information that will help you decide how to vote on the Plan if you are entitled to do so. You should read the Plan, the Disclosure Statement, and all other documents included in the Solicitation Package carefully for details about how the Plan may affect your rights.

5. **Notices to Non-Voting Classes.** The Notice of Combined Hearing, Opt-Out Election Notice and a Notice of Non-Voting Status has been mailed to known holders of Class 1, Class 2, Class 3, Class 5, and Class 7 Claims or Equity Interests. If you are a member of a Non-Voting Class, you should read these documents carefully for details about how the Plan may affect your rights.

6. **Key Parts of the Plan.** The Plan provides for the establishment of a Talc Personal Injury Trust that will resolve and, as appropriate, pay all eligible Talc Personal Injury Claims. The Plan provides for the issuance of the Talc Personal Injury Channeling Injunction that will channel all current and future Talc Personal Injury Claims (including without limitations, future Demands) against the Debtor to the Talc Personal Injury Trust, which will assume liability for all Talc Personal Injury Claims and use its assets to resolve and, if appropriate, compensate eligible Talc Personal Injury Claims. The Plan also proposes certain releases and exculpations, whereby certain parties would be shielded from liability or exculpated for a variety of claims. These provisions can be found at Plan Articles VIII.B (Presperse Discharge Injunction), VIII.D. (Insurance Entity Injunction), VIII.E. (Exculpation and Section 1125(e) Protection), VIII.F. (Releases by Debtor and Estate Related Injunction), and VIII.G. (Release by Holders of Claims and Interests). Full versions of these provisions can be viewed and downloaded, free of charge, at the Debtor's restructuring website – https://cases.ra.kroll.com/presperse.

7. **How to Vote on the Plan.** The Bankruptcy Court has issued an order describing who can vote on the Plan and how to vote. The Disclosure Statement contains information that will help you decide how to vote on the Plan if you are entitled to do so. *Your legal rights may be affected if the Plan is confirmed (approved).* To be counted, a ballot voting on the Plan must be *actually received* by the Balloting Agent on or before **4:00 p.m. (prevailing Eastern Time) on July 5, 2025** (the **"Voting Deadline"**). Ballots that are not submitted according to instructions contained therein will not be counted. Ballots that are *not actually received* by the Voting Deadline—even if they are postmarked on that date—will not be counted. Ballots will only be accepted if submitted in accordance with specific instructions contained therein.

If you are entitled to vote to accept or reject the Plan, an appropriate Ballot and voting instructions may have been included in the Solicitation Package containing this notice sent to you, or, alternatively, such items may have been sent to your attorney. You, or your attorney on your behalf, as applicable, must return your Ballot according to instructions accompanying the Ballot so that it is actually received by the Debtor's balloting agent, Kroll Restructuring Administration LLC (the "Balloting Agent"), no later than the Voting Deadline (as may be extended by the Debtor as noted above). If your Ballot is not returned according to specific instructions contained therein so that it is actually received by the Balloting Agent by the Voting Deadline, your vote may not be counted. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and/or your vote. If you have not received a Ballot and are entitled to vote on the Plan, you may request a Ballot and related solicitation materials from the Balloting Agent by e-mail at presperseinfo@ra.kroll.com (with "Presperse Solicitation Inquiry" in the subject line) or by calling 844-712-1854 (U.S./Canada, toll-free) or +1 646-937-7763 (international, toll).

In addition, if you are not represented by an attorney and/or did not receive a Solicitation Package with a Ballot and you believe you may be entitled to vote on the Plan, you may submit a Ballot through the Ballot Submission Portal, however, such Holder must contact the Balloting Agent for a login credential. For the avoidance of doubt, submission of a Ballot through the Ballot Submission Portal by holders of Talc Personal Injury Claims (other than Indirect Talc Personal Injury Claims) who believe they may be eligible to vote on the Plan is not dependent on receipt of a Solicitation Package by, or the existence of a filed or scheduled Claim for, such holders. All submitted Ballots will be tabulated according to the rules set forth in the Voting Procedures as approved in the Solicitation Procedures Order.

8. **What to Do if You Did Not Receive a Solicitation Package.** If you believe you are entitled to vote on the Plan, but did not receive a Solicitation Package, you may obtain a Solicitation Package, and other key documents relating to the Debtor's Chapter 11 case at any of the sources set forth in paragraph 13 below.

9. **Talc Personal Injury and Wrongful Death Claims.** Proof of a Talc Personal Injury Claim does not need to be filed with the Bankruptcy Court at this time. The Bankruptcy Court has established procedures for holders of Talc Personal Injury Claims to vote on the Plan. Claimants who hold Talc Personal Injury Claims may vote on the Plan on behalf of their clients if the lawyers are authorized to do so. If you are unsure whether your lawyer is authorized to vote on your behalf, please contact your lawyer.

10. **Objections to Confirmation of the Plan.** Objections and responses, if any, to confirmation of the Plan must (i) be in writing, (ii) set forth in detail the name and address of any party filing the objection, the grounds for the objection, any relevant and admissible evidence in support of the objection, and the amount of the objector's claims or such other ground standing to assert the objection, (iii) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (iv) be filed with the Bankruptcy Court, and (v) served in accordance with the Local Rules upon the following parties so as to be actually received on or before **4:00 p.m. (prevailing Eastern Time) on July 9, 2025:** (a) counsel for the Debtor, Duane Morris LLP, 200 Campus Drive, Suite 300, Florham Park, New Jersey 07932, Attention: Morris S. Bauer, Esq.; (b) counsel to the Talc Claimants' Committee, (c) Counsel to the Future Claimants' Representative, and (d) the Office of the United States Trustee for Region 3, One Newark Center, Suite 2100, Newark, NJ 07102. Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses in writing with the Clerk of the Bankruptcy Court Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. *If you or your attorney does not file an objection to the Plan, the Bankruptcy Court may conclude that you do not object to confirmation of the Plan, and may enter an order confirming the Plan by which you will be bound.*

11. **Combined Hearing on Confirmation of the Plan and Final Approval of the Disclosure Statement.** A hearing ("Combined Hearing") to consider whether the Bankruptcy Court should confirm the Plan and approve its final the Disclosure Statement will be held before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of New Jersey, Courtroom 8, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608, on **July 22, 2025, at 10:00 A.M. (prevailing Eastern Time)** You may attend the Combined Hearing but are not required to do so. The Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice to parties other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court.

12. **Additional Information.** Copies of the Plan, the Disclosure Statement and other materials contained in the Solicitation Package, including a ballot to vote on the Plan, may be obtained by contacting the Debtor's Balloting Agent by (i) regular mail, overnight courier, or hand delivery at the address listed below; (ii) email at presperseinfo@ra.kroll.com; by calling the Balloting Agent at 844-712-1854 (U.S./Canada, toll free) or +1 646-937-7763 (international, toll); or by visiting the Debtor's restructuring website at https://cases.ra.kroll.com/presperse.

**IF BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY:** Presperse Corporation Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232

Copies of the Plan and the Disclosure Statement, and all other documents filed in the Debtor's Chapter 11 Case, may also be (i) examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608; (ii) obtained, for a fee, on the Bankruptcy Court's website at https://www.pacer.gov/; or (iii) viewed and downloaded, free of charge, at the Debtor's restructuring website – https://cases.ra.kroll.com/presperse. To the extent any portion of this notice conflicts with the Plan or the Disclosure Statement, the terms of those documents shall control over this notice.

Dated: May 30, 2025, Respectfully submitted, **DUANE MORRIS LLP**, /s/ Morris S. Bauer _____, Morris S. Bauer, Esq. (NJ Bar No. 039771990), Drew S. McGehrin (NJ Bar No. 196852016), 200 Campus Drive, Suite 300, Florham Park, New Jersey 07932-1007, Telephone: (973) 424-2037, Facsimile: (973) 556-1380, E-mail: MSBauer@duanemorris.com, E-mail: DSMcGehrin@duanemorris.com, *Counsel to the Debtor and Debtor-in-Possession*

### ANNOUNCEMENTS

**We Write Your Book**
Life Story or the Story of Your Success in Business & Lessons You Learned. Receive 100 Books.
LegaciesandMemories.com
BizSuccessBooks.com
(904) 293-9893  Since 1999

### BUSINESS OPPORTUNITIES

**MORTGAGE REIT**
**8%–9% RETURN**
TAX EFFICIENCY
REAL ESTATE SECURED GROWTH / INCOME
SEEKING RIA'S & ACCREDITED INVESTORS
**866-700-0600**
ALLIANCE MORTGAGE FUND
120 Vantis Dr., Ste. 515 • Aliso Viejo, CA 92656
www.AlliancePortfolio.com
RE Broker • CA DRE # 02066955 Broker License ID

### COMMERCIAL REAL ESTATE

NOTICE OF SECURED PARTY PUBLIC AUCTION OF 100% OF THE CLASS B LIMITED LIABILITY MEMBERSHIP INTERESTS IN AY PHASE II DEVELOPMENT COMPANY, LLC

PLEASE TAKE NOTICE that, in accordance with applicable provisions of the Uniform Commercial Code as enacted in New York, DSD AYE FUNDING II, LLC a Delaware limited liability company, as Administrative Agent for DBD AYB FUNDING II, LLC and AYB FUNDING 200, LLC, a Delaware limited liability company, ("Secured Party"), will sell 100% of the Class B limited liability membership interests in AY PHASE II DEVELOPMENT COMPANY, LLC, a Delaware limited liability company, as more particularly described in that certain Pledge and Security Agreement, dated as of June 17, 2015, by and among Secured Party's predecessor-in-interest and AY PHASE III MEZZANINE LLC, a Delaware limited liability company (the "Collateral") to the highest qualified bidder at a public sale. The public sale will take place at 3:00 p.m. on June 30, 2025, both in person and remotely from the offices of Rosenberg & Estis, P.C., 733 Third Avenue, New York, New York 10017, with access afforded in person and remotely via Zoom or other web-based video conferencing and/or telephonic conferencing program selected by Secured Party. Secured Party's understanding is that the principal asset of the Class B limited liability membership interests in AY PHASE II DEVELOPMENT COMPANY, LLC is the parcels of real property located on the eastern blockfront of Vanderbilt Avenue between Atlantic Avenue and Pacific Street in the Prospect Heights section of Brooklyn, New York, identified as B9 and B10, and more particularly known as the air rights parcels above Block 1121 and the terra firm known as Lots 42 and 47, Block 1121 in Kings County, New York, as such Collateral is described in that certain Schedule II to the Mezzanine Loan Agreement, dated as of June 17, 2015, by and among Secured Party's predecessor-in-interest and AY PHASE III MEZZANINE LLC, a Delaware limited liability company. The Collateral will be sold to the highest qualified bidder, provided, however, that the auctioneer reserves the right to cancel the sale in its entirety, or to adjourn the sale to a future date by announcement made at the time and place scheduled for the public sale. The sale will be conducted by Mannion Auctions, LLC by Matthew Mannion, Licensed Auctioneer, NYC Division of Consumer Affairs Licensed Auctioneer, License No. 1434494. The Collateral will be sold as a single lot and will be divided or sold in any lesser amounts. Interested parties who would like additional information concerning such conditions, as well as other information regarding the Collateral, the requirements to be a bidder for the Collateral, or the terms of the Sale should contact the agent for Secured Party, Nick Scribani of Newmark, at (212) 372-2111 or Nick.Scribani@nmrk.com to receive the Terms of Public Sale and bidding instructions. Upon execution of a standard non-disclosure agreement, additional documentation and information will be made available. Interested parties who do not contact Secured Party and qualify prior to the public sale will not be permitted to enter a bid or participate at the public sale either in person or remotely. This Notice of Secured Party Public Auction of 100% of the Class B Limited Liability Membership Interests in AY Phase II Development Company, LLC constitutes notice that the prior sale of the Collateral, previously scheduled for May 28, 2025, has been adjourned to June 30, 2025, as set forth above. ROSENBERG & ESTIS, P.C., Attorneys for Secured Party, 733 Third Avenue, New York, New York 10017, Attention: Eric S. Orenstein, Esq., Telephone: (212) 551-8438, E-mail: eorenstein@rosenbergestis.com

---

THE WALL STREET JOURNAL.
## NOTABLE COMMERCIAL PROPERTIES
(800) 366-3975 | wsj.com/classifieds
© 2025 Dow Jones & Company. All Rights Reserved.   DJ | DOW JONES

# THE WALL STREET JOURNAL.

# THE MARKETPLACE
## ADVERTISE TODAY
(800) 366-3975
For more information visit:
wsj.com/classifieds



# THE WALL STREET JOURNAL.

# SHOWROOM
## ADVERTISE TODAY
**(800) 366-3975 | sales.showroom@wsj.com**
For more information visit: **wsj.com/classifieds**

© 2025 Dow Jones & Company, Inc. All Rights Reserved.   DJ | DOW JONES
© 2025 Dow Jones & Company, Inc. All Rights Reserved.   DJ | DOW JONES

# Labaton Keller Sucharow LLP Announces Proposed Settlement Involving Purchasers of The Honest Company, Inc. Common Stock

NEWS PROVIDED BY
**United States District Court Central District of California** ➔
Jun 04, 2025, 09:05 ET

LOS ANGELES, June 4, 2025 /PRNewswire/ --

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 21-cv-07405-MCS-AS **SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**To: All persons and entities that purchased or otherwise acquired The Honest Company, Inc. publicly traded common stock pursuant and traceable to the Offering Documents for Honest's initial public offering ("IPO") prior to August 19, 2021, or acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing such stock.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that Court-appointed Class Representative Kathie Ng, and the other members of the certified Class, and defendants The Honest Company, Inc. ("Honest"), Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, Avik Pramanik, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, ⌖

BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, Samuel A. Ramirez & Company, Inc., Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $27,500,000 (the "Settlement").

A hearing will be held before the Honorable Mark C. Scarsi on July 28, 2025, at 9:00 a.m. (Pacific), at the First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action as provided in the Stipulation and Agreement of Settlement, dated March 11, 2025; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to eligible Class Members (the "Net Settlement Fund"); and (iv) approve Class Counsel's Fee and Expense Application seeking attorneys' fees of no more than 30% of the Settlement Fund and Litigation Expenses of no more than $1,725,000, plus accrued interest.  The Court may change the date of the Settlement Hearing without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**[1]

If you have not yet received a Settlement Postcard, you may obtain copies of the Settlement Postcard, long-form Settlement Notice, and Claim Form by visiting the website for the case, **www.TheHonestCompanySecuritiesLitigation.com**, or by contacting the Claims Administrator at:

*In re The Honest Company, Inc. Sec. Litig.*

c/o Epiq

P.O. Box 5619

Portland, OR 97228-5619

**info@TheHonestCompanySecuritiesLitigation.com**
**www.TheHonestCompanySecuritiesLitigation.com**

(888) 670-8722

Inquiries, other than requests for copies of notice documents or for information about the status of a claim, may also be made to Class Counsel:

Alfred L. Fatale III, Esq.

LABATON KELLER SUCHAROW LLP

140 Broadway

New York, NY 10005

**www.labaton.com**

**settlementquestions@labaton.com**

(888) 219-6877

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than July 14, 2025.* If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments and orders entered by the Court, whether favorable or unfavorable.

Any objections to the proposed Settlement, Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be provided to counsel and filed with the Court in accordance with the instructions in the Settlement Notice, such that they are *received no later than July 7, 2025.*

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: June 4, 2025

BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

[1] If you previously submitted a request for exclusion from the Class in connection with the Class Notice mailed in 2023, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the

Net Settlement Fund.

URL: **www.TheHonestCompanySecuritiesLitigation.com**

SOURCE United States District Court Central District of California

WANT YOUR COMPANY'S NEWS

# FEATURED ON PRNEWSWIRE.COM?

# GET STARTED

**440k+**
**Newsrooms &**
**Influencers**

**9k+**
**Digital Media**
**Outlets**

**270k+**
**Journalists**
**Opted In**

# Exhibit C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 21-cv-07405-MCS-AS<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR <u>ATTORNEYS' FEES AND EXPENSES</u>** |

**If you purchased or otherwise acquired The Honest Company, Inc. ("Honest" or the "Company") publicly traded common stock pursuant and traceable to the Offering Documents for Honest's initial public offering ("IPO") prior to August 19, 2021, or acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing such stock, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Settlement Notice. It is not a solicitation from a lawyer.*

• This Settlement Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement. *This Settlement Notice is different than the postcard that you might have received in June 2023 alerting you to the existence of the case and the certification of the Class.*

• If approved by the Court, the proposed Settlement will create a $27,500,000 fund, plus earned interest, for the benefit of eligible Class Members, after the deduction of any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.[1]

• The Settlement resolves claims by Class Representative Kathie Ng ("Class Representative" or "Lead Plaintiff") that have been asserted on behalf of the certified Class against defendants Honest, the Individual Defendants[2] (the Individual Defendants and Honest are the "Honest Defendants"), the Underwriter Defendants,[3] and the Catterton Defendants (collectively, "Defendants").[4]

**If you are a Class Member, your legal rights are affected whether you act or do not act.
Read this Settlement Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY JULY 14, 2025** | The *only* way to get a payment. *See* ¶ 41, below. |
| **OBJECT BY JULY 7, 2025** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application. *See* ¶ 49, below. |
| **GO TO A HEARING ON JULY 28, 2025** | Ask to speak in Court about the Settlement at the Settlement Hearing. *See* ¶ 53, below. |
| **DO NOTHING** | Get no payment. Give up rights. |

---

[1] All capitalized terms not defined in this Settlement Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of March 11, 2025 (the "Stipulation").

[2] The "Individual Defendants" are Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, and Avik Pramanik.

[3] The "Underwriter Defendants" are Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc.

[4] The "Catterton Defendants" are Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP.

**These rights and options are explained in this Settlement Notice.**

**Please Note:** The date and time of the Settlement Hearing is subject to change without further written notice. It is also within the Court's discretion to hold the hearing remotely. If you plan to attend the hearing, you should check www.TheHonestCompanySecuritiesLitigation.com, the Court's PACER site (*see* ¶ 51 below), or with Class Counsel to confirm no change has been made.

### SUMMARY OF THIS NOTICE

#### Statement of the Class's Recovery

1.    Subject to Court approval, Class Representative, on behalf of the Class, has agreed to settle the Action in exchange for a payment of $27,500,000 (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (defined below) will be distributed to Class Members according to the plan of allocation approved by the Court (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is on pages 11-13 below.

#### Estimate of Average Amount of Recovery Per Share

2.    Based on Class Representative's damages expert's estimate of the number of shares of Honest publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, Class Representative estimates that the average recovery would be approximately $0.41 per eligible share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), and approximately $0.26 per eligible share after the deduction of the attorneys' fees and expenses discussed below. **Please note, however, these average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts.** An individual Class Member's actual recovery will depend on several factors, including the number and value of eligible claims and a Class Member's individual trading. These factors are explained in the Plan of Allocation beginning on page 11. Please refer to the Plan for information on the calculation of your Recognized Claim.

#### Statement of Potential Outcome of Case

3.    The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Class Representative was to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts required to be stated in the documents or necessary to make the statements in the documents not misleading; (ii) whether certain Defendants conducted a reasonable investigation in connection with the IPO and had reasonable grounds for believing that the Offering Documents were truthful and complete; (iii) whether certain Defendants controlled Honest; (iv) whether Class Members suffered any damages; and (v) the extent to which factors such as general market, economic and industry conditions influenced the trading prices of Honest common stock at various times.

4.    Defendants have denied and continue to deny any fault, liability, or wrongdoing of any kind, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representative and the Class have suffered any loss attributable to Defendants' actions. While Class Representative believes she has meritorious claims, she recognizes that there are significant obstacles in the way to recovery.

#### Statement of Attorneys' Fees and Expenses Sought

5.    Class Counsel, on behalf of itself and all Plaintiffs' Counsel,[5] will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest. Class Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $1,725,000, plus accrued interest, which may include an application for the reasonable costs and expenses (including lost wages) of Class Representative directly related to her representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). If the Court approves Class Counsel's maximum Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares estimated to be eligible to participate in the Settlement, will be approximately $0.15 per eligible share of Honest common stock. Please note that this amount is only an estimate.

---

[5] "Plaintiffs' Counsel" are Labaton Keller Sucharow LLP and The Schall Law Firm.

AL2383 v.08

**Reasons for the Settlement**

6.    For Class Representative, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Second Amended Consolidated Complaint; the risk that the Court may grant some or all of the anticipated dispositive motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals). For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Class Members were damaged, the sole reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further protracted litigation.

**Identification of Attorneys and Representatives**

7.    Class Representative and the Class are represented by Class Counsel, Alfred L. Fatale III, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.Labaton.com, settlementquestions@labaton.com.

8.    Further information regarding the claims process and this Settlement Notice may be obtained by contacting the Claims Administrator: *In re The Honest Company, Inc. Sec. Litig.*, c/o Epiq, P.O. Box 5619, Portland, OR 97228-5619, (888) 670-8722, info@TheHonestCompanySecuritiesLitigation.com, www.TheHonestCompanySecuritiesLitigation.com.

**Please Do Not Call the Court or Defendants with Questions**

**BASIC INFORMATION**

### 1.    Why did I get the Settlement Postcard?

9.    You may have recently received a Settlement Postcard about the proposed Settlement. (The Settlement Postcard is different than the postcard that you might have received in 2023 alerting you to the fact that the case was pending and the Class had been certified.) This long-form Settlement Notice provides additional information about the Settlement and related procedures.

10.   The Court authorized that the Settlement Postcard be sent to you because you or someone in your family, or an investment account for which you serve as a representative, may have purchased or otherwise acquired Honest publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, or acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing eligible shares, and may be a Class Member. **Receipt of the Settlement Postcard does not mean that you are a Member of the Class or that you are entitled to receive a payment. The Parties to the Action do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is available at www.TheHonestCompanySecuritiesLitigation.com.** *See* **Question 8 below.**

11.   The Court directed that the Settlement Postcard be sent to Class Members to inform them of the terms of the proposed Settlement, and about their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation for the proceeds of the Settlement, and Class Counsel's Fee and Expense Application (the "Settlement Hearing").

12.   The Court in charge of the Action is the United States District Court for the Central District of California (the "Court"), and the case is known as *In re the Honest Company, Inc. Securities Litigation,* Case No. 21-cv-07405. The Action is assigned to the Honorable Mark C. Scarsi.

### 2.    What is this case about?

13.   Headquartered in Los Angeles, California, Honest develops, markets, and sells clean and sustainable household and personal care products. On or about May 5, 2021, Honest commenced its IPO.

14.   On September 15, 2021, a securities class action complaint was filed in the Court, under the caption *Dixon v. The Honest Company, Inc., et al.*, Case No. 21-cv-07405 (the "*Dixon* Action"), asserting violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") for alleged misstatements and omissions in the registration statement and prospectus (the "Offering Documents") for Honest's IPO. A second securities class action was filed on October 8, 2021, captioned *Gambino v. The Honest Company, Inc., et. al.*, Case No. 21-cv-08033 (the "*Gambino* Action").

3

AL2384 v.08

15. By Order dated January 26, 2022, the Court appointed Kathie Ng as Lead Plaintiff, approved her selection of Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as Lead Counsel ("Labaton" or "Class Counsel"), and consolidated the *Dixon* Action and the *Gambino* Action under the caption *In re The Honest Company, Inc. Securities Litigation*, Case No. 21-cv-07405.

16. On February 21, 2022, Lead Plaintiff filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint") asserting claims against the Honest Defendants and the Underwriter Defendants under Section 11 of the Securities Act and against the Individual Defendants under Section 15 of the Securities Act. The Complaint alleged that the Offering Documents filed in connection with the IPO contained three categories of allegedly materially false and misleading statements or omissions: (1) the Offering Documents failed to disclose, at the time of the IPO, Honest's introduction of its "clean conscious diaper" was negatively received by customers; (2) the Offering Documents failed to disclose, at the time of the IPO, the extent to which stockpiling of Honest products during the COVID-19 pandemic was negatively impacting the Company; and (3) the Offering Documents misrepresented the significant risks that made the IPO speculative and risky, in particular, risks associated with the COVID-19 stock-up, decreasing demand, and Honest's "omnichannel" strategy.

17. On March 14, 2022, the Honest Defendants moved to dismiss the Consolidated Complaint (the "First Motion to Dismiss"). On the same day, the Underwriter Defendants joined in that motion. On July 18, 2022, the Court granted in part and denied in part the First Motion to Dismiss. On August 1, 2022, the Honest Defendants filed a Motion for Partial Reconsideration of the July 18, 2022 Order, which the Underwriter Defendants joined. On August 25, 2022, after briefing, the Court denied in full the Motion for Partial Reconsideration.

18. The Honest Defendants and the Underwriter Defendants filed their answers to the Consolidated Complaint on August 17, 2022, denying all allegations of wrongdoing or damages and asserting affirmative defenses.

19. On September 7, 2022, Class Representative filed a Motion to Strike Affirmative Defenses from both the Honest Defendants' and the Underwriter Defendants' answers to the Consolidated Complaint. On October 26, 2022, the Court granted in part and denied in part the Motion to Strike and ordered the Honest Defendants and the Underwriter Defendants to file amended answers to the Consolidated Complaint. The Honest Defendants and the Underwriter Defendants filed amended answers to the Consolidated Complaint on November 9, 2022.

20. On February 13, 2023, Class Representative moved for class certification, appointment of Kathie Ng as Class Representative, and appointment of Labaton as Class Counsel. After briefing and oral argument, on May 1, 2023, the Court entered an order granting in part the Motion for Class Certification which certified the Class, appointed Kathie Ng as Class Representative, and appointed Labaton as Class Counsel.

21. On May 22, 2023, Class Representative, the Honest Defendants, and the Underwriter Defendants entered into a Joint Stipulation as to Notice of Pendency of Class Action. On May 24, 2023, the Court entered an order approving issuance of notice of pendency of class action ("Class Notice").

22. Beginning on June 8, 2023, the Class Postcard was mailed to potential Class Members and a long-form notice was made available on the website created for the Action. On June 15, 2023, a summary notice was published in *The Wall Street Journal* and distributed on the internet using *PR Newswire*. In addition to summarizing the Action, the notices collectively provided potential class members with the opportunity to request exclusion from the Class (*i.e.*, to "opt-out"), explained that right, and set forth procedures for doing so, including the August 7, 2023 deadline. Three untimely requests for exclusion were received, purportedly representing 158 shares of common stock in total.

23. On August 14, 2023, Class Representative filed the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Consolidated Complaint"), adding the Catterton Defendants as well as allegations concerning the Catterton Defendants' alleged control of Honest and their alleged liability under Section 15 of the Securities Act. The allegations as to the Honest Defendants and the Underwriter Defendants remained the same.

24. On October 16, 2023, the Catterton Defendants moved to dismiss the Amended Consolidated Complaint (the "Second Motion to Dismiss"). After briefing, on January 31, 2024, the Court granted the Second Motion to Dismiss and gave Class Representative leave to amend the Amended Consolidated Complaint within 14 days.

25. On February 14, 2024, Class Representative filed the operative Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Second Amended Consolidated Complaint") adding additional allegations as to the Catterton Defendants' alleged control of Honest.

26. On February 28, 2024, the Catterton Defendants moved to dismiss the Second Amended Consolidated Complaint (the "Third Motion to Dismiss"). On April 22, 2024, after briefing, the Court denied the Third Motion to Dismiss in its entirety. Defendants filed their answers to the Second Amended Consolidated Complaint on May 29, 2024, denying all allegations of wrongdoing or damages and asserting affirmative defenses. The Honest Defendants and the Catterton Defendants subsequently filed amended answers to the Second Amended Consolidated Complaint.

27.  The Parties engaged in extensive formal discovery that included the review of more than 75,000 documents (approximately 347,000 pages) from the Honest Defendants; more than 71,000 documents (approximately 200,000 pages) from the Underwriter Defendants; 800 documents (approximately 40,000 pages) from the Catterton Defendants; and more than 1,000 documents from third parties. The Parties took or defended a total of 21 depositions, consisting of witnesses on behalf of the Honest Defendants, a confidential witness cited in the Second Amended Consolidated Complaint, the Individual Defendants, the Catterton Defendants, as well as Class Representative and Rule 30(b)(6) corporate designees from Honest, the Catterton Defendants, and the Underwriter Defendants. In connection with expert discovery, the Parties submitted a total of 11 expert reports, including rebuttal reports.

28.  On June 20, 2023, Class Counsel and counsel for the Honest Defendants met with David M. Murphy, Esq. (the "Mediator"), a well-respected and highly experienced mediator from Phillips ADR, to explore a potential resolution of the Action through an all-day mediation. This mediation was preceded by the exchange of confidential mediation statements. However, no settlement was reached at this time.

29.  On December 16, 2024, Class Counsel, counsel for the Honest Defendants, and counsel for the Catterton Defendants, met in person for a full-day session with the Mediator in a second attempt to reach a settlement. The Parties were unable to reach an agreement to settle, but agreed to continue negotiations through the Mediator. On December 23, 2024, after additional discussions between Class Counsel and counsel for the Honest Defendants through the Mediator, Class Representative and the Honest Defendants accepted a Mediator's proposal to resolve all claims against the Honest Defendants and the Underwriter Defendants, subject to the negotiation of non-financial terms for the Settlement and Court approval, for $20 million in cash. On January 6, 2025, after several discussions between Class Counsel and counsel for the Catterton Defendants through the Mediator, Class Representative and the Catterton Defendants accepted a Mediator's proposal to resolve all claims against the Catterton Defendants, subject to the negotiation of non-financial terms for the Settlement and Court approval, for $7.5 million in cash.

30.  The Parties memorialized their agreement to settle the Action in a term sheet dated as of January 14, 2025 (the "Term Sheet"), subject to the execution of a formal stipulation and related papers. The Stipulation, which sets forth the terms and conditions of the Settlement and reflects the final and binding agreement between the Parties to settle the Action, was filed with the Court on March 12, 2025, and can be viewed at www.TheHonestCompanySecuritiesLitigation.com.

31.  On May 6, 2025, the Court preliminarily approved the Settlement, authorized the provision of notice of the Settlement to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement and related relief.

## 3.    Why is this a class action?

32.  In a class action, one or more persons or entities (in this case, Class Representative), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows one court to resolve many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

## 4.    What are the reasons for the Settlement?

33.  The Court did not finally decide in favor of Class Representative or Defendants. Instead, all sides agreed to a settlement that will end the Action. Class Representative and Class Counsel believe that the claims asserted in the Action have merit, however, Class Representative and Class Counsel recognize the expense and length of continued proceedings necessary to pursue the claims, including complex merits and expert discovery, summary judgment, trial and appeals, as well as the difficulties in establishing liability and damages. More specifically, Class Representative faced the potential challenges associated with proving that Defendants failed to disclose information that rendered statements in the Offering Documents false or misleading. Defendants would also argue that recoverable damages were significantly less than that estimated by Class Representative's damages expert (to the extent they could be established at all), and that certain Defendants could not be found liable because they conduced adequate due diligence in connection with the IPO. In light of the Settlement and the guaranteed cash recovery to the Class, Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

AL2386 v.08

34. The Settlement should not be seen as an admission or concession on the part of Defendants. Defendants have asserted and continue to assert that their disclosures were accurate and complete and expressly denied and continue to deny any and all allegations of wrongdoing contained in the Second Amended Consolidated Complaint, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Defendants also have denied, and continue to deny, among other allegations, the allegations that Class Representative or the Class have suffered any damages or that Class Representative or the Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## 5.    How do I know if I am part of the Class?

35. The Court directed that everyone who fits the following description is a Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 6 below) or previously sought exclusion from the Class in connection with the Class Notice:

> **All persons and entities that purchased or otherwise acquired Honest's publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, as well as all persons and entities that acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing Honest's publicly traded common stock that was purchased or otherwise acquired pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021, and were damaged thereby.**

36. If you are a member of the Class and did not previously seek exclusion from the Class in connection with the Class Notice, you are in the Class and subject to the Settlement.

37. ***Receipt of the Settlement Postcard or this Settlement Notice does not mean that you are a Class Member.*** The Parties do not have access to your transactions in Honest common stock. Please check your records or contact your broker to see if you are a member of the Class. If one of your mutual funds purchased Honest common stock pursuant and traceable to the Offering Documents, that alone does not make you a Class Member. You are a Class Member only if you purchased or otherwise acquired Honest common stock pursuant and traceable to the Offering Documents for Honest's IPO or you acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing eligible shares.

## 6.    Are there exceptions to being included?

38. Yes. There are some individuals and entities that are excluded from the Class by definition. Excluded from the Class by definition are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of Honest, the Underwriter Defendants, and the Catterton Defendants at all relevant times; (iii) Honest's affiliates and employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Honest's common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any person who had or has a controlling interest in Honest, at all relevant times; (v) any entity in which any of the Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class;[6] and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such.

39. People who previously sought exclusion from the Class in connection with the Class Notice issued in 2023 are also excluded from the Class.

---

[6] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

## THE SETTLEMENT BENEFITS

**7.      What does the Settlement provide?**

40.  In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties, the Honest Defendants and Underwriter Defendants agree to pay, or cause the payment of, twenty million U.S. dollars ($20,000,000.00) in cash (the "Honest Settlement Amount"), to be fully funded by insurance, and the Catterton Defendants agree to pay, or cause the payment of, seven million, five hundred thousand U.S. dollars ($7,500,000.00) in cash (the "Catterton Settlement Amount"), to be fully funded by insurance, into the Escrow Account, which will accrue interest (the "Settlement Fund") and will be distributed, after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among Class Members who submit valid Claim Forms that are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**8.      How can I receive a payment?**

41.  To qualify for a payment, you must be a member of the Class and you must submit a timely and valid Claim Form. You can obtain a Claim Form from the website, www.TheHonestCompanySecuritiesLitigation.com, or submit a claim online via the website. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (888) 670-8722 or emailing them at info@TheHonestCompanySecuritiesLitigation.com. Please read the instructions in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it online so that it is **postmarked or received no later than July 14, 2025.**

**9.      When will I receive my payment?**

42.  The Court will hold a Settlement Hearing on **July 28, 2025**, to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

**10.     What am I giving up to receive a payment or stay in the Class?**

43.  If you are a member of the Class and did not previously exclude yourself from the Class in connection with the Class Notice, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties."

(a) **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Class Representative or any other member of the Class: (a) asserted in the Action; or (b) could have asserted in the Action, or in any forum, that arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, and (2) the purchase, acquisition, holding, sale, and/or disposition of publicly traded Honest common stock pursuant and traceable to the Offering Documents for Honest's IPO prior to August 19, 2021. Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; (ii) claims of any person who requested exclusion from the Class in connection with the Class Notice, and anyone else who submits a request for exclusion that is accepted by the Court; and (iii) claims in any shareholder derivative action, including *Butler v. Vlahos*, Case No. 22-cv-01373, currently pending in the United States District Court for the District of Delaware; *In re Honest Company, Inc. Derivative Litigation*, Case No. 2:21-cv-09281, currently pending in the United States District Court for the Central District of California; *Bisch v. Vlahos*, Case No. 22STCP00015, currently pending in the Superior Court of the State of California, County of Los Angeles.

(b) **"Released Defendant Parties"** means Defendants, and each of their respective past or present or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment

bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them, in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(c) "**Unknown Claims**" means any and all Released Plaintiffs' Claims that Class Representative or any other Class Member and Releasing Plaintiff Party do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representative and Defendants shall expressly, and each Class Member and Releasing Plaintiff Party, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Class Representative, other Class Members, Releasing Plaintiff Parties, or the Defendants, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and Released Defendants' Claims, but Class Representative and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member and Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities. Class Representative and Defendants acknowledge, and all other Class Members and Releasing Plaintiff Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

44. The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you are a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, Defendants will also provide a release of any claims against Class Representative and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## THE LAWYERS REPRESENTING YOU

| **11.**   **Do I have a lawyer in this case?** |
| --- |

45. The Court appointed the law firm of Labaton Keller Sucharow LLP (f/k/a Labaton Sucharow LLP) to be the lead counsel representing all Class Members. These lawyers are called "Class Counsel." You will not be separately charged for the work of Class Counsel or any of Plaintiffs' Counsel. The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

AL2389 v.08

## 12.    What payment are the attorneys for the Class seeking? How will the attorneys be paid?

46.  Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been reimbursed for their Litigation Expenses. Class Counsel will ask the Court to award it, together with all Plaintiffs' Counsel, attorneys' fees of no more than 30% of the Settlement Fund, which will include any accrued interest. Class Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $1,725,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Class Representative directly related to her representation of the Class.

47.  Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by June 23, 2025. A copy of Class Counsel's Fee and Expense Application will be available for review at www.TheHonestCompanySecuritiesLitigation.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

## 13.    How do I tell the Court that I do not like something about the proposed Settlement?

48.  If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application. You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement; the Court can only approve or reject this Settlement. If the Court denies approval of the Settlement, no payments will be made to Class Members and the Action will continue.

49. To object, you must send a signed statement that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re The Honest Company, Inc. Sec. Litig.*, No. 21-cv-07405 (C.D. Cal.)." The objection must also: (i) state the name, address, email address, and telephone number of the objector and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or the entire Class, and any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Class, including the number of shares of Honest publicly traded common stock purchased, acquired, and sold from May 5, 2021 through August 18, 2021, inclusive, as well as the dates and prices of each such purchase, acquisition, and sale. Your objection must be filed with the Court at the address below **no later than July 7, 2025, and** be mailed or delivered to the following counsel so that it is **received no later than July 7, 2025.**

| <u>Court</u> | <u>Class Counsel</u> | <u>Defendants' Counsel Representative</u> |
|---|---|---|
| **Clerk of the Court** United States District Court Central District of California 255 East Temple Street Suite 180 Los Angeles, CA 90012 | **Labaton Keller Sucharow LLP** Alfred L. Fatale III, Esq. 140 Broadway New York, NY 10005 | **Cooley LLP** Ryan Blair, Esq. 10265 Science Center Drive, San Diego, CA 92121 |

## THE SETTLEMENT HEARING

## 14.    When and where will the Court decide whether to approve the proposed Settlement?

50.  The Court will hold the Settlement Hearing on **July 28, 2025 at 9:00 a.m. (Pacific)**, before the Honorable Mark C. Scarsi, United States District Court Judge for the Central District of California at the First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012. At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Class Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 13 above. We do not know how long it will take the Court to make these decisions.

9

51.  You should be aware that the Court may change the date and time of the Settlement Hearing without a notice being sent to Class Members. If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Court's website at https://www.cacd.uscourts.gov/cm-ecf, or periodically check the case website at www.TheHonestCompanySecuritiesLitigation.com to see if the Settlement Hearing stays as calendared or is changed. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to www.TheHonestCompanySecuritiesLitigation.com. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://ecf.cacd.uscourts.gov.

### 15.    Do I have to come to the Settlement Hearing?

52.  No. Class Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 16 below **no later than July 7, 2025**.

### 16.    May I speak at the Settlement Hearing?

53.  You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 13), **no later than July 7, 2025,** a statement that you, or your attorney, intend to appear in "*In re The Honest Company, Inc. Sec. Litig.*, No. 21-cv-07405 (C.D. Cal.)." If you have an attorney, your attorney must also file a Notice of Appearance with the Court. Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you previously excluded yourself or if you have not provided written notice in accordance with the procedures described in this Question 16 and Question 13 above.

## IF YOU DO NOTHING

### 17.    What happens if I do nothing at all?

54.  If you do nothing and you are a member of the Class, you will receive no money from the Settlement and you will still be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

## GETTING MORE INFORMATION

### 18.    Are there more details about the Settlement?

55.  This Settlement Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation. The Stipulation and additional case documents are available at www.TheHonestCompanySecuritiesLitigation.com. Additional information regarding the case and the Settlement can also be obtained by contacting Class Counsel at the contact information below, by accessing the Court docket in this case (for a fee) through the Court's PACER system at https://ecf.cacd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, 255 East Temple Street, Suite 180, Los Angeles, CA 90012, between 9:00 a.m. and 4:00 p.m. Monday through Friday, excluding Court holidays.

56.  Additionally, the motions in support of final approval of the Settlement, approval of the proposed Plan of Allocation, and the request for attorneys' fees and Litigation Expenses will be filed with the Court no later than June 23, 2025, and will be posted on the case website, www.TheHonestCompanySecuritiesLitigation.com, and at www.Labaton.com. **Please do not call the Court or Defendants with questions about the Settlement.**

AL23811 v.08

57. All inquiries concerning this Settlement should be directed to:

*In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
P.O. Box 5619
Portland, OR 97228-5619
info@TheHonestCompanySecuritiesLitigation.com
www.TheHonestCompanySecuritiesLitigation.com
(888) 670-8722

and/or

Labaton Keller Sucharow LLP
Alfred L. Fatale III, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
www.Labaton.com
(888) 219-6877

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

**19.   How will my claim be calculated?**

58. As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who submit valid Claim Forms that are accepted for payment – in accordance with the following proposed Plan of Allocation, or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional individual notice to the Class. Any order modifying the Plan of Allocation will be posted on the case website, www.TheHonestCompanySecuritiesLitigation.com.

59.  The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Class Members who suffered economic losses as a result of the alleged violations of the federal securities law with respect to shares of Honest publicly traded common stock purchased or otherwise acquired pursuant and traceable to the Offering Documents for the IPO.[7] The Plan of Allocation measures the amount of loss that a Class Member can claim for purposes of making proportional *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Claims Administrator will calculate Claimants' claims and shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

60. To design this Plan of Allocation, Class Counsel conferred with Class Representative's damages expert. The Plan of Allocation, however, is not a formal damages analysis. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation, including the Recognized Claim formulas, intended to be estimates of the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund and the Recognized Claim formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

61. Claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation. Section 11 of the Securities Act provides a statutory formula for the calculation of damages. The formulas stated below, which were developed by Class Representative's damages expert, generally track the statutory formula.

---

[7] Shares of Honest publicly traded common stock purchased or otherwise acquired from May 5, 2021 (the date of the IPO) through, and including, August 18, 2021 (the "Traceability Period"), are considered traceable to the Offering Documents per the Court's Order Re: Motion For Class Certification (ECF No. 113), filed May 1, 2023.

AL23812 v.08

62. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Class Representative, Class Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

63. For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Honest publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis.

64. A "Recognized Loss Amount" will be calculated as set forth below for each share of Honest common stock purchased or acquired from May 5, 2021 through August 18, 2021, both dates inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

65. **For each share of Honest publicly traded common stock purchased or otherwise acquired from May 5, 2021 through, and including, August 18, 2021, and**:

A. Sold before the opening of trading on September 15, 2021, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) **_minus_** the sale price.

B. Sold after the opening of trading on September 15, 2021, through the close of trading on October 1, 2021,[8] the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) **_minus_** the sale price (not to be less than $10.55, the closing share price on September 15, 2021).

C. Retained after the close of trading on October 1, 2021, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) **_minus_** $10.55, the closing share price on September 15, 2021.

## ADDITIONAL PROVISIONS

66. Purchases, acquisitions, and sales of Honest publicly traded common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance, or operation of law of Honest publicly traded common stock shall not be deemed a purchase, acquisition, or sale for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase or acquisition of such shares of Honest publicly traded common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of Honest publicly traded common stock during the Traceability Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Honest publicly traded common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

67. In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

68. Honest publicly traded common stock purchased or otherwise acquired from May 5, 2021 through August 18, 2021, both dates inclusive, is the only security eligible for a recovery under the Plan of Allocation. With respect to Honest publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of Honest common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

69. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's Recognized Claim.

70. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's _pro rata_ share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its _pro rata_ share of the Net Settlement Fund. The _pro rata_ share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

---

[8] For the purposes of the statutory calculations, October 1, 2021 is the proxy for the date of judgment because after October 1, 2021, the price of Honest's common stock did not trade above $10.55, the closing price on the date of suit, September 15, 2021.

71. If the Net Settlement Fund exceeds the total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

72. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

73. Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Judgment of the Court dismissing this Action unless they have previously sought exclusion from the Class.

74. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible and economical after payment of outstanding Notice and Administration Expenses and Taxes, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute or economical. Any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses and Taxes, which is not feasible or economical to reallocate, shall be contributed to the Council of Institutional Investors, a non-profit, non-sectarian organization, or such other organization approved by the Court.

75. Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Claimants. No person shall have any claim against Class Representative, Plaintiffs' Counsel, their damages expert, the Claims Administrator, or other agent designated by Plaintiffs' Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Class Representative, Defendants, Defendants' Counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

76. In connection with the previously disseminated Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased or acquired Honest publicly traded common stock during the period from May 5, 2021 through August 18, 2021, inclusive, you must either: (i) request from the Claims Administrator sufficient copies of the Class Postcard to forward to all such beneficial owners and forward them to all such beneficial owners; or (ii) provide a list of the names and address of all such beneficial owners to the Claims Administrator. You were also advised to retain your mailing records for use in connection with any further notices in the Action. Additionally, you were ordered to provide email addresses for such beneficial owners to the Claims Administrator to the extent email addresses were available.

77. For Nominees who previously chose the first option (*i.e.*, elected to mail the Class Postcard directly to beneficial owners), the Claims Administrator will forward the same number of Settlement Postcards and Nominees have been ordered to, within ten (10) calendar days of receipt of the Settlement Postcards, mail them to the beneficial owners. Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action.

78. For Nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to the Claims Administrator, and emails (if applicable), the Claims Administrator will promptly mail (and email, if applicable) the Settlement Postcard to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to Epiq, such Nominees need not take any further action.

79. For Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice, such Nominees shall either: (i) within ten (10) calendar days of receipt of the Settlement Notice, request from the Claims Administrator sufficient copies of the Settlement Postcard to forward to all such additional beneficial owners, which the Nominee shall, within ten (10) calendar days of receipt of those Settlement Postcards from the Claims Administrator, mail to the beneficial owners; or (ii) within ten (10) calendar days

of receipt of the Settlement Notice, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator and the Claims Administrator shall provide Settlement Postcards to these additionally identified Persons. Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice shall also provide email addresses to the Claims Administrator, to the extent they are available.

80. Nominees who elect to send the Settlement Postcard to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

81. Upon full and timely compliance with these provisions, Nominees who mail the Settlement Postcard to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying of up to $0.10 per name/address provided and up to $0.10 plus postage at the Claims Administrator's rate for bulk mailings by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research. Properly documented expenses incurred by Nominees in compliance with these instructions shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator:

*In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
P.O. Box 5619
Portland, OR 97228-5619
info@TheHonestCompanySecuritiesLitigation.com
www.TheHonestCompanySecuritiesLitigation.com
(888) 670-8722

Dated: May 21, 2025

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

*In re The Honest Company, Inc. Sec. Litig.*
**Toll-Free Number: (888) 670-8722**
**Email: info@TheHonestCompanySecuritiesLitigation.com**
**Website: www.TheHonestCompanySecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

### I.  GENERAL INSTRUCTIONS

1.   To recover as a member of the Class based on your claims in the class action entitled *In re The Honest Company, Inc. Securities Litigation*, Case No. 21-cv-07405 (the "Action"), you must complete and, on page 5 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement.[1]

2.   **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.THEHONESTCOMPANYSECURITIESLITIGATION.COM NO LATER THAN JULY 14, 2025 OR, IF MAILED, BE POSTMARKED NO LATER THAN JULY 14, 2025, ADDRESSED AS FOLLOWS:**

*In re The Honest Company, Inc. Sec. Litig.*
c/o Epiq
P.O. Box 5619
Portland, OR 97228-5619

3.   If you are a member of the Class and you did not request exclusion from the Class in connection with the previously mailed Class Notice, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

### II.  CLAIMANT IDENTIFICATION

4.   If you purchased or otherwise acquired Honest publicly traded common stock pursuant and traceable to the Offering Documents for Honest's initial public offering ("IPO") prior to August 19, 2021 (*i.e.,* the shares were purchased or acquired during the period from May 5, 2021 through August 18, 2021), or you acquired ownership of a trading account, retirement account, or any other similar investment account or portfolio containing such stock, and held the stock in your name, you are the beneficial and record owner of the shares. If, however, the Honest shares were purchased or otherwise acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.   Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Honest publicly traded common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.   All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III. IDENTIFICATION OF TRANSACTIONS

7.   Use **Part II** of this form entitled "Schedule of Transactions in Honest Publicly Traded Common Stock" to supply all required details of the transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

---

[1] All capitalized terms not defined in this Claim Form have the meanings given in the Stipulation and Agreement of Settlement, dated as of March 11, 2025 (the "Stipulation"), available at www.TheHonestCompanySecuritiesLitigation.com.

01-CA40065839

1

8.  On the schedules, provide all of the requested information with respect to the purchases or acquisitions of Honest publicly traded common stock pursuant and traceable to the Offering Documents for Honest's IPO during the period from May 5, 2021 through August 18, 2021, whether the transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to all sales of Honest publicly traded common stock during the requested time period and shares held after the close of trading on October 1, 2021. Failure to report all such transactions may result in the rejection of your claim.

9.  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Honest common stock. The date of a "short sale" is deemed to be the date of sale. Any transactions in Honest common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

10. Copies of broker trade confirmations or other documentation of the transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN HONEST PUBLICLY TRADED COMMON STOCK.**

11. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the case website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at (888) 670-8722 to obtain the required file layout or visit www.TheHonestCompanySecuritiesLitigation.com. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

ML2363 v.06

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI     Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI     Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                        State     ZIP Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                       Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box)

- ☐ Individual (includes joint owner accounts)  ☐ IRA/401K          ☐ Estate
- ☐ Joint                                        ☐ Pension Plan      ☐ Trust
- ☐ Corporation                                  ☐ Other _____ (please specify)

VAL2364 v.06

## PART II: SCHEDULE OF TRANSACTIONS IN HONEST PUBLICLY TRADED COMMON STOCK

**1. PURCHASES/ACQUISITIONS FROM MAY 5, 2021 THROUGH OCTOBER 1, 2021**[2] – Separately list each and every purchase and acquisition of Honest publicly traded common stock during the period from May 5, 2021 through and including October 1, 2021.[3] (Must submit documentation.)

| Date of Purchase/Acquisition (List Chronologically) (MM/DD/YY) | Number of Shares | Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**2. SALES FROM MAY 5, 2021 THROUGH OCTOBER 1, 2021** – Separately list each and every sale of Honest publicly traded common stock from May 5, 2021 through, and including, the close of trading on October 1, 2021. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**3. HOLDINGS AS OF CLOSE OF TRADING ON OCTOBER 1, 2021** – State the total number of shares of Honest publicly traded common stock held as of the close of trading on October 1, 2021. If none, write "0" or "Zero." (Must submit documentation.)

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[2] For purposes of the statutory calculations, October 1, 2021 is the proxy for the date of judgment because after this date, the price of Honest common stock did not trade above $10.55, the closing price on the date of suit, September 15, 2021.

[3] Information requested in this Claim Form with respect to purchases/acquisitions from August 19, 2021 through October 1, 2021 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period are not eligible for a recovery.

04-CA40065839

## IV. SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

12.  By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Settlement Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Honest publicly traded common stock and other Honest securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Honest publicly traded common stock during the time periods herein and know of no other person having done so on my (our) behalf.

## V.  RELEASES, WARRANTIES, AND CERTIFICATION

13. I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the notices, and that I am (we are) not excluded from the Class.

14. I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Settlement Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16. I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Honest publicly traded common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

17. I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2025

|  |  |
| --- | --- |
| Signature of Claimant | Type or print name of Claimant |
| Signature of Joint Claimant, if any | Type or print name of Joint Claimant |
| Signature of person signing on behalf of Claimant | Type or print name of person signing on behalf of Claimant |

Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

WCL2366 v.06

**REMINDER CHECKLIST:**

1.  Sign this Claim Form.

2.  DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.  Attach only copies of supporting documentation as these documents will not be returned to you.

4.  Keep a copy of your Claim Form for your records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (888) 670-8722 or email at info@TheHonestCompanySecuritiesLitigation.com.

6.  If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

06-CA40065839