# Exhibit 5

# Compendium of Unreported Cases

*In re Alphabet Inc. Sec. Litig.,*
   No. 18-cv-06245, slip op. (N.D. Cal. Sept. 30, 2024) .............................................1

*In re Intuitive Surgical Sec. Litig.,*
   No. 5:13-cv-01920, slip op. (N.D. Cal. Dec. 20, 2018) .......................................2

*In re Tezos Sec. Litig.,*
   No. 17-cv-06779, slip op. (N.D. Cal. Aug. 28, 2020) .........................................3

*In re Twitter Inc. Sec. Litig.,*
   No. 4:16-cv-05314, slip op. (N.D. Cal. Oct. 13, 2022) .......................................4

*In re Twitter Inc. Sec. Litig.,*
   No. 4:16-cv-05314, slip op. (N.D. Cal. Nov. 21, 2022) .......................................5

# TAB 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ALPHABET, INC. SECURITIES LITIGATION. | Case No. 18-cv-06245-TLT |
| | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT; GRANTING MOTION FOR ATTORNEY FEES, COSTS, REALLOCATION OF REMAINDER AND DE MINIMUS DONATION** |
| | Re: Dkt. Nos. 233, 234 |

The Court previously granted a motion for preliminary approval of a Class Action Settlement between Lead Plaintiff State of Rhode Island, Office of the Rhode Island Treasurer, on behalf of the Employees' Retirement System of Rhode Island, individually and on behalf of all others similarly situated, and Defendants Alphabet, Inc. et. al., on April 2, 2024 and April 9, 2024. ECF 228; ECF 232. As directed by the Court's preliminary approval orders, Plaintiffs filed their motion for attorneys' fees and costs. ECF 234.

In their Final Settlement, Plaintiffs submitted a declaration indicating that there were 58 timely opt out members and two untimely opt out members. ECF 238, Declaration of Ross D. Murray ¶ 6. There were no objectors to the final settlement, but three objectors to the attorneys' fee award. Id. ¶ 7. The Court held a hearing and took arguments from the parties on September 24, 2024. ECF 241.

Having considered the motion briefing, the terms of the Settlement Agreement, the objections and response thereto, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motion for final approval.

The Court finds the settlement fair, adequate, and reasonable. The provisional

appointments of the class representative and class counsel are confirmed.

The Motion for Attorney Fees and Expenses is **GRANTED**. The Court **ORDERS** that class counsel shall be paid $66,500,000 (19% of the Settlement Amount) in attorneys' fees; and $1,540,059.57 in litigation costs.

## I. BACKGROUND

### A. Procedural History

Plaintiff Adam Wicks initiated this securities class action and filed a complaint against defendants Alphabet, Lawrence E. Page, Sundar Pichai, and Ruth Porat on October 11, 2018 ("Wicks Action"). Compl., ECF 1. On October 12, 2018, the case was assigned to Judge Jeffrey S. White. ECF 3. On November 19, 2018, *El Mawardy v. Alphabet, Inc., et al.*, No. 18-cv-5704, ("El Mawardy Action") was transferred to this Court from the U.S. District Court for the Eastern District of New York. ECF 15, at 2 n.1.

On December 10, 2018, Plaintiffs the Retirement System, Adam Wick, Theodoros Vaskopulos, Richard R. Costa UDT ("Costa"), and Ironworkers Locals 40,361 & 417 Union Security Funds (the "Ironworkers") each separately moved for consolidation of the actions, appointment as lead plaintiff, and approval of lead Counsel. ECFs. 15, 18, 25, 42. Plaintiff Vaskopulos withdrew his motion on December 14, 2018. ECF 33. On December 18, 2018, Plaintiff Wicks filed a joint administrative motion for consideration of whether the El Mawardy Action was related to the Wicks Action. ECF 34. The motion was granted on December 20, 2018. ECF 36. On December 24, 2018, Plaintiff the Retirement System filed an opposition to the motions for consolidation of related actions, appointment as Lead Plaintiff, and approval as Lead Counsel against Plaintiffs Ironworkers and Costa. ECF 39. On December 31, 2018, Plaintiff the Retirement System filed a notice of unopposed motion. ECF 40.

On January 7, 2019, Judge White granted Plaintiff the Retirement System's motion for consolidation of related actions and captioned the action "In re ALPHABET, INC. SECURITIES LITIGATION."[1] ECF 44. The Court also appointed the Retirement system as Lead Plaintiff and

---

[1] Judge White consolidated *Wicks v. Alphabet, Inc.*, No. 18-cv-06245 (filed Oct. 11, 2018); and *El Mawardy v. Alphabet, Inc.*, No. 18-cv-07018 (transferred to this District on Nov. 1, 2018).

United States District Court
Northern District of California

appointed Robbins Geller Rudman & Dowd LLP as Lead Counsel. *Id.* at 2 (first citing 15 U.S.C. § 78u4(a)(3)(B); and then citing 15 U.S.C. §78u-4(a)(3)(B)(v)). On January 25, 2019, Plaintiff Bao filed an administrative motion to consider whether cases should be related. ECF 45. The motion was granted, and the cases were related on February 6, 2019.[2] ECF 46.

On April 26, 2019, Plaintiffs filed their consolidated amended class action complaint against defendants Alphabet, Page, Pichai, Google, Enright, and Walker. ECF 62. On April 30, 2019, plaintiffs Ian Green, Leo Shumacher, Steve Stims and Joseph Lipovich, and Scott Galbiati filed a motion for administrative relief to consider whether their cases were related or for consideration of a sua sponte judicial referral for purpose of determining relationship. ECF 65; Civ. L.R. 3-12. On May 13, 2019, the cases were related to the Wicks Action. ECF 66. On June 21, 2022, Plaintiffs moved to certify class, appoint a class representative, and appoint class counsel. ECF 102. On September 8, 2022, Plaintiffs filed a motion for leave to file a supplement to their consolidated amended complaint. ECF 136. The motion for leave was granted and the motion to certify the class was stricken. ECF 153. Plaintiffs filed a supplement to their consolidated amended complaint on February 28, 2023. ECF 154. Plaintiffs refiled their motion to certify class on May 2, 2023. ECF 165. Defendants filed an opposition to the motion on June 30, 2023. ECF 181.

On July 24, 2023, Judge White recused himself from this matter. ECF 188. The case was reassigned to the Court on July 25, 2023. ECF 189. The Court ordered Lead Plaintiff to re-notice the motion to certify the class on July 31, 2023. ECF 192. Lead Plaintiff filed a notice of conditional withdrawal of the motion for class certification without prejudice on July 31, 2023. ECF 193. On the same day, Defendants responded with a request to finish briefing the class certification motion. ECF 194. The Court held a case management conference and published a case management scheduling order on August 1, 2023. ECF 196. The Court set the hearing on the motion to certify class for October 24, 2023. *Id*. Lead Plaintiff filed a reply for the motion to

United States District Court
Northern District of California

---

ECF 44. The Wicks Action serves as the master filed for every action in the consolidated action. *Id.* at 1.

[2]The Court related, *Bao v. Page*, No. 19-cv-00314, and *Cordeiro v. Page*, No. 19-cv-00447 to the instant case. ECF 46.

certify class on August 14, 2023.  ECF 198.[3]

On October 20, 2023, the Class Certification hearing set for October 24, 2023, was vacated at the request of counsel and reset for March 5, 2024.  ECF 218.

On February 4, 2024, the parties reached a settlement prior to class certification with the assistance of an experienced mediator at arm's-length under the supervision of the Hon. Layn R. Phillips (Ret.) of Phillips ADR ("Judge Phillips").

On April 2, 2024, the Court granted preliminary approval of the class action settlement, but requested additional information, including information on objections, exclusions, deadlines for notice, and questions for the final hearing.  ECF 228.  On April 9, 2024, the Court again granted the preliminarily approval of the class action settlement and provided for notice.  ECF 232.

On July 19, 2024, Lead Plaintiff filed this settlement for final approval and approval of plan of allocation.  ECF 233.  It also filed a motion for attorney fees and expenses.  ECF 234.  Defendants filed a response and reply.  ECF 237; 239.  Lead Plaintiff filed its reply.  ECF 238.

The Settlement Class is described as follows: "all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive.  Excluded from the Settlement Class are Defendants and their families, the officers, directors, and affiliated of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class is any Person who timely and validly sought exclusion from the Settlement Class."  ECF 239.

### B.  Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $350,000,000.00 into a common settlement fund, without admitting liability.  This amount includes attorneys' fees and costs and the cost of class notice and settlement administration.

### i.  Attorneys' Fees and Costs

---

[3]On October 4, 2023, the Court granted a motion for leave for Joseph A. Grundfest to file a brief as amicus curae.  ECF 216.  However, the Court rescinded the order on October 5, 2023, as the filing was untimely and did not comply with Civil Local Rule 7-3(d).  *Id.*  The Court did not consider the supplemental brief in consideration of the instant motion.

United States District Court
Northern District of California

Under the Settlement Agreement, Plaintiff's counsel, Robbins Geller Rudman & Dowd LLP, agreed to seek an award of attorneys' fees not to exceed 19% of the Settlement Amount, $66,500,000.00, and no more than $1,540,059.57,[4] in litigation costs. ECF 234, at 3.

### ii. Class Relief

After deductions from the common fund for fees and costs, approximately $289,300,000 will remain to be distributed among the participating class members. Class members will be paid according to the calculations described in ECF 222 under Calculation of Recognized Loss Amounts. ECF 222, Ex. A-1.

### iii. Remainder

The Settlement Agreement provides that "[i]f there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion." ECF 222, Ex. 1, at 21. "These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection Trust." *Id.*

### C. Class Notice and Claims Administration

The Settlement Agreement is being administered by Gilardi & Co. LLC ("Gilardi"). Following the Court's preliminary approval and conditional certification of the settlement, Gilardi, the Class Administrator, mailed or emailed more than 1.2 million copies of the Summary Notice to potential Settlement Class Members and nominees. ECF 236, Murray Decl. ¶ 11. The Summary Notice was also published in *The Wall Street Journal* and transmitted over *Business Wire*, and the website created for the Settlement (www.AlphabetSecuritiesSettlement.com) contains the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order. *Id.* ¶ 12; ECF 233, at 7-8. If mail was returned as undeliverable for which new addresses were identified, they were re-mailed to those new addresses. ECF 236, Murray Decl. ¶ 4.

---

[4]This amount is lower than the $1,750,000 provided in the Notice. ECF 234, at 16.

Class members were given until August 23, 2024 to object or exclude themselves from the Settlement Agreement. ECF 236, Murray Decl. ¶ 2. Since the Initial Mailing Declaration, 58 persons filed timely requests to opt out of the Settlement Class. *Id.* ¶ 6. Two persons filed late requests. *Id.* The 58 opt-out members represent a total of 5,983 shares while the two untimely opt-out members represent a total of 37 shares out of an estimated 113,850,000 damaged shares. ECF 238-1, at 2. The opt-out members' shares represent 0.005% of the total shares. *Id.*

## II.  FINAL APPROVAL OF SETTLEMENT

### A.  Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

### B.  Analysis

#### i.  The Settlement Class Meets the Prerequisites for Certification

As the Court found in its order granting preliminary approval and conditional certification

of the settlement class herein, the prerequisites of Rule 23 have been satisfied purposes of certification of the Settlement Class. ECF 228.

### ii. Adequacy of Notice

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court found the parties' proposed notice procedures provided the best notice practicable and reasonably calculated to apprise Class Members of the settlement and their rights to object or exclude themselves. Pursuant to those procedures, more than 1.2 million copies of the Summary Notice were mailed or emailed to potential Settlement Class Members and nominees; the Summary Notice was also published in *The Wall Street Journal* and transmitted over *Business Wire*; and the website created for the Settlement (www.AlphabetSecuritiesSettlement.com) contains the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order. ECF 233, at 7-8. The Claims Administrator also mailed or emailed 254 Claim Packages to potential Settlement Class Members and nominees, resulting in 948,245 asserted claims. ECF 238, at 1.

Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

### iii. The Settlement is Fair and Reasonable

7

As the Court previously found in its order granting preliminary approval, the *Hanlon* factors indicate the settlement here is fair and reasonable and treats class members equitably relative to one another. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); ECF 232.

The reaction of the class was mostly positive. The Court received 3 objections, 58 timely exclusions, and two untimely exclusions as of the August 23, 2024 deadline. The objections and exclusions constitute 0.005% of the total damaged shares. ECF 238-1, at 2. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

In its preliminary approval order, the Court approved the proposed plan of allocation. ECF 232. That plan is: Class members are bound by the determinations and judgments in this Action unless they timely request to be excluded or "opt out" from the Settlement Class no later than August 23, 2024. *Id.* ¶ 19. The Court should find the plan of allocation to be fair and reasonable and that it treats class members equitably and it should approve that plan of allocation. *Id.*

### iv. Objections

Three individuals submitted objections: Faris Sabri Azzouni; Richard A. Hauser; Larry D. Killion. ECF 238, Ex. A. The Court has considered all objections and overrules them for the reasons stated on the record at oral argument, and as further explained below. The Court addresses each objector's arguments in turn.

Objector Azzouni filed an objection indicating that Class C shareholder pay would drop from $2.85 per share to $0.56 if the Court were to grant the request attorneys' fee award. ECF 238, Ex. A. Plaintiff responds that these numbers are incorrect because $0.56 represents the estimated cost per share, not the price per share. Accordingly, because Azzouni's understanding of the numbers is incorrect, the Court overrules this objection.

Objector Hauser submitted a boilerplate objection stating that the fee is disproportionate to the work necessary to this settlement. ECF 238, Ex. A. Hauser, however, does not suggest what

8

would be an "appropriate amount" of fees. *Id.* The Court therefore overrules this objection as well.

Finally, objector Killion objected to the Plaintiffs' attorneys use of a contingency fee and argued that counsel should "base their fee on defendable court approved reasonable time and hourly rates actually spent on the case." ECF 238, Ex. A. Because the Court can determine that the attorney fee award is fair, reasonable, and based on both the percentage-of-recovery method and the lodestar method, as analyzed below, the Court overrules this last objection. *See* Section III.

### v. Certification is Granted and Settlement is Approved

After reviewing all the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the Settlement Class as defined therein to be proper. The remainder recipient, Investor Protection Trust, is **APPROVED**.

## III. MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

### A. Attorneys' Fee Award

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Such fees must be found "fair, reasonable, and adequate" to be approved. Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Id.* at 963. "[T]he members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator that the class has obtained less monetary or injunctive relief than they might otherwise. *Id.* at 964.

The Court analyzes an attorneys' fee request based on either a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief, or the "lodestar" method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit encourages courts to use another method as a cross-check to avoid a "mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth*, 654 F.3d at 944–45

(citing *Vizcaino,* 290 F.3d at 1050–51).

### i.  Percentage-of-Recovery Method

When using the percentage-of-recovery method, courts consider a number of factors, including whether class counsel " 'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1047-50. "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Under the percentage-of-the-fund method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311.

Class counsel here requests an attorneys' fee award of $66,500,000. Applying the percentage of recovery method, the parties determined the total settlement value to be $350,000,000. The attorneys' fees requested would come to 19% of this total. This amount is below the 25% benchmark. Given the size of this settlement, and that it occurred before class certification, the Court must give additional scrutiny to the attorneys' fee request. First, the Court looks at the results achieved. Plaintiffs' counsel achieved a settlement of 25% of the stretch damages, significantly higher than the median securities class action recovery of damages. *See* LAARNI T. BULAN & LAURA E. SIMMONS, SECURITIES CLASS ACTION SETTLEMENTS: 2023 REVIEW AND ANALYSIS 7 (Cornerstone Research 2024) (providing research on median settlements as a percentage of damages and finding that the median recovery is at most around 8%); *Hefler v.*

*Wells Fargo & Co.*, N0. 16-cv-05479-JST, 2018 WL 6619983, at \*8 (N.D. Cal. Dec. 18, 2018) (finding the median recoveries in securities fraud class actions was 2.5 percent between 2008 and 2016 and 3 percent in 2017); ECF 234, at 7.  Lead Counsel alleges that Plaintiffs' counsel achieved an outstanding result for the Settlement Class.  *Id.* at 8.  Indeed, Plaintiffs achieved the largest privacy and cybersecurity-related securities class action lawsuit settlement in this district.[5]

Next, this case was risky because it contained a complex issue that resulted in six years of litigation.  *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 416 (S.D.N.Y. 2018) (finding that "securities actions are highly complex" and that "securities class litigation is notably difficult and notoriously uncertain").  Plaintiffs' counsel put in over 20,000 hours into the settlement, which involved an appeal before the Ninth Circuit.  Furthermore, Plaintiffs' counsel handled the case on a contingency fee basis and has received no compensation thus far, which weighs in favor of granting higher attorney fees.  *See Vizcaino*, 290 F.3d at 1050 (holding that representing class counsel on a contingency fee basis required counsel to forgo other work and resulted in a decline of the firm's annual income).

Additionally, an award of 19% is below the typical 25% benchmark in the Northern District of California.  *In re Wells Fargo & Co. Shareholder Derivative Litigation*, 445 F. Supp. 3d 508, 525 (N.D. Cal. 2020).  It is also lower than the traditional mean and median fee awards in this district.  *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2018 WL 4030558, at \* (N.D. Cal. Aug. 23, 2018) (providing a chart graphing attorneys' fees from 2009 to 2013 that begins at 22% and ends at 32%, and then providing that between 2006 and 2007 the mean attorney fee award for a high recovery settlement was 18.4% and the median was 19%).  In one outlier case, a court in this district awarded class counsel a 13.5% attorneys' fee, but this award was at the counsel's request due to low recovery in the action.  *In re LDK Solar Securities Litigation*, No. C 07-5182-WHA, 2010 WL 3001384, at \*4 (N.D. Cal. July 29, 2010).

Although Lead Counsel in the present case requests \$66,500,000, this request is similar to

---

[5] *Google Parent Alphabet Agrees to Pay Shareholders \$350 Million Over Data Leak*, ISS INSIGHTS (March 12, 2024), https://insights.issgovernance.com/posts/google-parent-alphabet-agrees-to-pay-shareholders-350-million-over-data-leak/.

United States District Court
Northern District of California

the $52,800,000 attorneys' fee award in *Wells Fargo*, which came to 22% of the total settlement. *In re Wells Fargo*, 445 F. Supp. 3d at 526. Accordingly, after careful analysis of attorney fee trends and similar cases, the Court finds that a fee award of 19% is fair, reasonable, and adequate.

### ii. Lodestar Cross-Check

Under the lodestar approach, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'").

The Court has considered a cross-check using the lodestar method. Here, the lodestar multiplier is approximately 4.58, which the Court finds reasonable. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (approving a fee award with a lodestar multiplier of 4.71); ECF 234, at 14. Plaintiffs' attorneys worked 23,026.30 hours at rates ranging from $110 per hour to $1400 per hour for a total of $14,514,240.00. ECF 234, Ex. A. The Court finds that the hours claimed were reasonably incurred and that the rates charged are reasonable and commensurate with those charged by attorneys with similar experience in the market. *See Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (approving hourly rates between $760 and $1,325 for partners and $175 and $520 for associates). The Court also finds that Class Counsel represented their clients with skill and diligence and obtained an excellent result for the class, taking into account the possible outcomes and risks of proceeding trial.

### iii. Objections

Defendants do not oppose the fee request, although three individual objectors do. These objectors challenge the fee amount because they argue not much will be left to shareholders. For instance, the first objector believes that the Lead Counsel is concerned that Class C shareholder pay will drop from $2.85 per share to $0.56. ECF 238, Ex. A, at 1. This objector, however, confused these number: $2.85 per share is the estimated recovery number while $0.56 is the cost of expenses that will be subtracted from the $2.85. The total estimated cost per Class C share

12

United States District Court
Northern District of California

remains $0.56. The second objector submitted a boilerplate objection arguing that a fee of 19% is excessive. *Id.* at 27. The third objector objects to contingency payment structures, arguing that counsel should base their fees on their time and hourly rates rather than the contingency fee agreement. *Id.* at 30. The Court takes these objectors' concerns into consideration, but determines that the attorneys' fee award is fair, reasonable, and adequate based on the foregoing.

Accordingly, the Court finds an award of attorneys' fees in the amount of $66,500,000 to be fair, reasonable, and adequate.

### B. Costs Award

Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement for litigation expenses, and provides records documenting those expenses, in the amount of $1,540,059.57. The Court finds this cost amount reasonable, fair, and adequate.

## IV. CONCLUSION

Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**. The motion for attorneys' fees and costs is **GRANTED** as follows: Class Counsel is awarded $66,500,000 in attorneys' fees and $1,540,059.57 in litigation costs.

After deductions from the common fund for fees and costs, approximately $289,300,000 shall remain to be distributed among the participating class members. Class members shall be paid according to the calculations described in ECF 222 under Calculation of Recognized Loss Amounts.

With respect to residuals, the Net Settlement Fund and Lead Counsel shall reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion. These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection

Trust.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on February 5, 2024 (ECF 222), and this order.

This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than April 10, 2025.  The Court **SETS** a compliance deadline on May 6, 2025, on the Court's 2:00 pm. calendar,  to verify timely filing of the post-distribution accounting.

This order terminates Docket Nos. 233 and 234.

**IT IS SO ORDERED.**

Dated: September 30, 2024

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

14

# TAB 2

**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
IVO LABAR (#203492)
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
ALEC T. COQUIN (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com
acoquin@labaton.com

*Lead Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920 EJD (HRL)<br><br>CLASS ACTION<br><br>**[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF EXPENSES, AND PAYMENT OF CLASS REPRESENTATIVES' EXPENSES** |

On December 20, 2018, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Class Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly

relating to their representation of the Class; and (2) Class Representatives their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Notice") was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members who have not timely and validly requested exclusion, Plaintiffs' counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of September 11, 2018 (the "Stipulation").

3. Notice of Class Counsel's application for attorneys' fees and payment of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, due process, and other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel are hereby awarded, on behalf of all Plaintiffs' counsel, attorneys' fees in the amount of $8,075,000 plus interest at the same rate earned by the Settlement Fund (which is 19% of the Settlement Fund), and payment of litigation expenses in the amount of $1,988,789.66, which sums the Court finds to be fair and reasonable.

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

5.      The award of attorneys' fees and litigation expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.      In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a)      The Settlement has created a common fund of $42.5 million in cash and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b)      The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)      Class Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d)      The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e)      Class Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f)      Plaintiffs' counsel have devoted approximately 41,813.90 hours, with a lodestar value of $21,548,609.00 to achieve the Settlement;

(g)      The amount of attorneys' fees awarded are fair and reasonable and are less than fee awards approved in cases within the Ninth Circuit with similar recoveries;

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

(h)     Notice was disseminated to putative Class Members stating that Class Counsel would be submitting an application for attorneys' fees in an amount not to exceed 19% of the Settlement Fund, which includes interest, and payment of litigation expenses incurred in connection with the prosecution of this Action up to $2,500,000 plus interest, and that such application also might include a request that Class Representatives be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Class; and

(i)     There were no objections to the application for attorneys' fees or expenses.

7.     In accordance with the PSLRA, the Court hereby awards Class Representative Employees' Retirement System of the State of Hawaii $49,754.18 for its costs and expenses directly related to its representation of the Class, and Class Representative Greater Pennsylvania Carpenters' Pension Fund $9,100.00 for its costs and expenses directly related to its representation of the Class.

8.     Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses to Class Representatives in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.     Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

10.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated: ____December 20____, 2018     _____

HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

4

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

# TAB 3

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TEZOS SECURITIES LITIGATION | No. 3:17-cv-06779-RS (Consolidated) |
| This document relates to: | **CLASS ACTION** |
| ALL ACTIONS | **ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND AWARDS FOR PLAINTIFFS** |

WHEREAS, a Consolidated Complaint for Violations of the Federal Securities Laws is pending in this Court entitled *In re Tezos Securities Litigation*, No. 3:17-cv-06779-RS.

WHEREAS, by Order dated May 1, 2020 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement and the proposed forms and methods of providing Notice to the Settlement Class; (b) provided Settlement Class Members with the opportunity to object to the proposed Settlement and Plaintiffs' Lead Counsel's application for an award of attorneys' fees and litigation expenses; and (c) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, the Court conducted a hearing on August 27, 2020 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether Lead Plaintiff and Plaintiffs' Lead Counsel have adequately represented the interests of the Settlement Class; (b) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; and (c) whether the application by Plaintiffs' Counsel for an award of attorneys' fees and litigation expenses should be approved; and

WHEREAS, it appearing that due notice of the terms of the Settlement and Releases and the Settlement Fairness Hearing has been given in accordance with the Preliminary Approval Order; the Parties having appeared by their respective attorneys of record; the Court having heard and considered evidence in support of Plaintiffs' Counsel's request for an award of attorneys' fees and litigation expenses; the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all other persons or entities requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that notice to the Settlement Class was adequate and sufficient; the Court having found that Plaintiffs' Lead Counsel's request for an award of attorneys' fees and litigation expenses is fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore:

ORDER AWARDING LEAD COUNSEL'S ATTORNEYS' FEES,
REIMBURSEMENT OF LITIG. EXPENSES, AND SERVICE AWARDS FOR PLAINTIFFS          - 1
CASE NO. 3:17-CV-06779-RS

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 28th day of August, 2020, as follows:

1. Unless otherwise defined in this Order, the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated March 16, 2020 (ECF No. 246-1) ("Settlement Agreement" or "Stipulation"), and filed with the Court.

2. The Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. The Court hereby awards Plaintiffs' Counsel[1] attorneys' fees of one-third of the Settlement Fund or $8,333,333.33, plus litigation expenses in the amount of $203,017.93, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class. The Court additionally finds that the costs and expenses were reasonably incurred in the ordinary course of prosecuting this case and were necessary given its complex nature and broad scope.

4. Finally, the Court approves the following Plaintiff awards: Lead Plaintiff Trigon Trading Pty. Ltd. ($7,500), and additional Federal Plaintiffs Pumaro LLC ($7,500), Artiom Frunze ($7,500), Hayden Hsiung ($5,000), and Gijs Matser ($5,000), and to State Litigation Plaintiff Andrew Baker ($5,000). The Court further approves reimbursement in the amount of $475 to Trigon Trading Pty. Ltd. for costs and expenses directly related to their representation of the Settlement Class. These

---

[1] Plaintiffs' Counsel are Block & Leviton LLP; Hung G. Ta, Esq. PLLC; Hagens Berman Sobol Shapiro LLP; LTL Attorneys LLP; the Restis Law Firm, P.C.; Lite DePalma Greenberg, LLC; and State Lead Counsel Taylor-Copeland Law, and Robbins Geller Rudman & Dowd LLP.

ORDER AWARDING LEAD COUNSEL'S ATTORNEYS' FEES,
REIMBURSEMENT OF LITIG. EXPENSES, AND SERVICE AWARDS FOR PLAINTIFFS          - 2
CASE NO. 3:17-CV-06779-RS

awards are reasonable and justified given the time and effort expended and the work performed and the active participation in the litigation and settlement processes by the class representatives on behalf of the members of the settlement class; the time the class representatives spent away from family, friends, relationships, and work and other responsibilities while working on this matter on behalf of the Settlement Class; the benefit to Settlement Class Members of Plaintiffs' actions on their behalf; and the length of this case.

5.      The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Plaintiffs' Counsel subject to the terms, conditions and obligations of the Stipulation, and in particular ¶ 7 thereof, which terms, conditions and obligations are incorporated.

**IT IS SO ORDERED.**

DATED: August 28, 2020

_____

THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

ORDER AWARDING LEAD COUNSEL'S ATTORNEYS' FEES,
REIMBURSEMENT OF LITIG. EXPENSES, AND SERVICE AWARDS FOR PLAINTIFFS          - 3
CASE NO. 3:17-CV-06779-RS

# TAB 4

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. GEIGER (322937)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) Case No. 4:16-cv-05314-JST (SK) |
| | ) |
| | ) <u>CLASS ACTION</u> |
| This Document Relates To: | ) |
| | ) CLASS COUNSEL'S NOTICE OF MOTION |
| ALL ACTIONS. | ) AND MOTION FOR AN AWARD OF |
| | ) ATTORNEYS' FEES, EXPENSES, AND |
| | ) AWARDS TO CLASS REPRESENTATIVES |
| | PURSUANT TO 15 U.S.C. §78u-4(a)(4) AND |
| | MEMORANDUM OF POINTS AND |
| | AUTHORITIES IN SUPPORT THEREOF |

JUDGE: Hon. Jon S. Tigar
DATE: November 17, 2022
TIME: 2:00 p.m. (via videoconference)

4856-0560-4661.v1

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| NOTICE OF MOTION AND MOTION | 1 |
| STATEMENT OF ISSUES TO BE DECIDED | 2 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| I. INTRODUCTION | 1 |
| II. HISTORY OF THE LITIGATION | 3 |
| III. THE REQUESTED FEE IS FAIR AND REASONABLE | 4 |
|    A. The Court Should Award Attorneys' Fees Using the Percentage-of-the-Fund Method | 4 |
|    B. A Fee of 22.5% of the Settlement Fund Is Reasonable Under Either the Percentage or Lodestar Method | 6 |
|       1. The Requested Attorneys' Fees Are Reasonable Under the Percentage Method | 6 |
|       2. The Requested Attorneys' Fees Are Reasonable Under the Lodestar Method | 8 |
|    C. The Factors Considered by Courts in the Ninth Circuit Support the Requested Fee | 11 |
|       1. Class Counsel Achieved an Excellent Result for the Class | 11 |
|       2. The Litigation Was Uncertain and Highly Complex | 12 |
|       3. The Skill Required and Quality of Work | 15 |
|       4. The Contingent Nature of the Fee and the Financial Burden Carried by Class Counsel | 15 |
|       5. Awards Made in Similar Cases Support the Fee Request | 17 |
|       6. The Class's Reaction to Date Supports the Fee Request | 18 |
| IV. COUNSEL'S EXPENSES ARE REASONABLE AND SHOULD BE APPROVED | 19 |
| V. COUNSEL'S AWARDED FEES AND EXPENSES SHOULD BE PAID UPON THE COURT'S ORDER GRANTING THE AWARD | 20 |
| VI. CLASS REPRESENTATIVES' REQUEST FOR AWARDS PURSUANT TO 15 U.S.C. §78u-4(a)(4) IS REASONABLE | 22 |
| VII. CONCLUSION | 24 |

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES - 4:16-cv-05314-JST (SK)

- i -

4856-0560-4661.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
572 F.3d 221 (5th Cir. 2009) ...............................................................................................12

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013).................................................................................................................4

*Andrews v. Plains All Am. Pipeline L.P.*,
2022 WL 4453864 (C.D. Cal. Sept. 20, 2022) ..............................................................6, 8, 17

*Barbosa v. Cargill Meat Sols. Corp.*,
297 F.R.D. 431 (E.D. Cal. 2013) .........................................................................................19

*Beckman v. KeyBank, N.A.*,
293 F.R.D. 467 (S.D.N.Y. 2013) ..........................................................................................10

*Bellinghausen v. Tractor Supply Co.*,
306 F.R.D. 245 (N.D. Cal. 2015)............................................................................................8

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980).................................................................................................................4

*Brown v. Hain Celestial Grp. Inc.*,
2016 WL 631880 (N.D. Cal. Feb. 17, 2016) .......................................................................21

*Cheng Jiangchen v. Rentech, Inc.*,
2019 WL 5173771 (C.D. Cal. Oct. 10, 2019)...................................................................8, 14

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013)...........................................................................................................12, 13

*Craft v. Cnty. of San Bernardino*,
624 F. Supp. 2d 1113 (C.D. Cal. 2008) ...............................................................................10

*Farrell v. Bank of Am. Corp., N.A.*,
827 F. App'x 628 (9th Cir. 2020) ...........................................................................................8

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
307 F.3d 997 (9th Cir. 2002) .................................................................................................8

*Fleisher v. Phoenix Life Ins. Co.*,
2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015).....................................................................17

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES - 4:16-cv-05314-JST (SK)

- ii -

4856-0560-4661.v1

**Page**

*Fleming v. Impax Labs. Inc.*,
2022 WL 2789496 (N.D. Cal. July 15, 2022)...........................................................................9

*Franco v. Ruiz Food Prods., Inc.*,
2012 WL 5941801 (E.D. Cal. Nov. 27, 2012)........................................................................19

*Gutierrez v. Wells Fargo Bank, N.A.*,
2015 WL 2438274 (N.D. Cal. May 21, 2015)...................................................................10, 17

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ....................................................................................................19

*Hatamian v. Advanced Micro Devices, Inc.*,
2018 WL 8950656 (N.D. Cal. Mar. 2, 2018)....................................................................18, 23

*Hefler v. Wells Fargo & Co.*,
2018 WL 6619983 (N.D. Cal. Dec. 18, 2018),
*aff'd sub nom. Heffler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) ................................ *passim*

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)...............................................................................................................11

*In re 3Com Corp. Sec. Litig.*,
No. C-97-1083-EAI, slip op. (N.D. Cal. Mar. 9, 2001)...........................................................18

*In re Amgen Inc. Sec. Litig.*,
2016 WL 10571773 (C.D. Cal. Oct. 25, 2016).........................................................................8

*In re Amkor Tech., Inc. Sec. Litig.*,
2009 WL 10708030 (D. Ariz. Nov. 19, 2009)....................................................................4, 14

*In re Apollo Grp. Sec. Litig.*,
2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4, 2008)..........................................................14

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ..................................................................................................4

*In re Broiler Chicken Antitrust Litig.*,
2022 U.S. Dist. LEXIS 184031 (N.D. Ill. Oct. 7, 2022)..........................................................7

*In re Cardinal Health Inc. Sec. Litig.*,
528 F. Supp. 2d 752 (S.D. Ohio 2007) ..................................................................................18

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES - 4:16-cv-05314-JST (SK)

- iii -

4856-0560-4661.v1

**Page**

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*,
2016 WL 4126533 (N.D. Cal. Aug. 3, 2016) ...........................................................................6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................19

*In re CenturyLink Sales Pracs. & Sec. Litig.*,
2020 WL 7133805 (D. Minn. Dec. 4, 2020)..............................................................23

*In re Charles Schwab Corp. Sec. Litig.*,
2011 WL 1481424 (N.D. Cal. Apr. 19, 2011) ............................................................11

*In re Charter Comm'ns, Inc. Sec. Litig.*,
2005 WL 4045741 (E.D. Mo. June 30, 2005) ...........................................................17

*In re DaimlerChrysler Sec. Litig.*,
2004 U.S. Dist. LEXIS 31757 (D. Del. Feb. 5, 2004) ..............................................17

*In re Facebook Biometric Info. Priv. Litig.*,
522 F. Supp. 3d 617 (N.D. Cal. 2021),
*aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022) .....................................................10

*In re Gilat Satellite Networks, Ltd.*,
2007 WL 2743675 (E.D.N.Y. Sept. 18, 2007) ...........................................................23

*In re HP Inkjet Printer Litig.*,
716 F.3d 1173 (9th Cir. 2013) ......................................................................................5

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007)......................................................................14

*In re Initial Pub. Offering Sec. Litig.*,
671 F. Supp. 2d 467 (S.D.N.Y. 2009).........................................................................6

*In re JDS Uniphase Corp. Sec. Litig.*,
2007 WL 4788556 (N.D. Cal. Nov. 27, 2007) ...........................................................16

*In re Korean Air Lines Co.*, *Antitrust Litig.*,
2013 WL 7985367 (C.D. Cal. Dec. 23, 2013) .............................................................4

*In re Luckin Coffee Inc. Sec. Litig.*,
No. 1:20-cv-01293-JPC, slip op. (S.D.N.Y. July 22, 2022) ......................................17

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES - 4:16-cv-05314-JST (SK)

- iv -

4856-0560-4661.v1

**Page**

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*,
   2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) ...............................................................23

*In re Merck & Co. Inc. Sec., Derv. & "ERISA" Litig.*,
   2016 WL 11575090 (D.N.J. June 28, 2016) .....................................................................6

*In re Nat'l Collegiate Athletic Ass'n Grant-in-Aid Cap Antitrust Litig.*,
   2017 WL 6040065 (N.D. Cal. Dec. 6, 2017),
   *aff'd*, 768 F. App'x 651 (9th Cir. 2019)...........................................................................7

*In re Nat'l Collegiate Athletic Ass'n Grant-in-Aid Cap Antitrust Litig.*,
   768 F. App'x. 651 (9th Cir. 2019) ....................................................................................4

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................................................5, 6, 12, 15

*In re Optical Disk Drive Prod. Antitrust Litig.*,
   2016 WL 7364803 (N.D. Cal. Dec. 19, 2016),
   *vacated and remanded on other grounds*,
   959 F.3d 922 (9th Cir. 2020) ...........................................................................................20

*In re Optical Disk Drive Prods. Antitrust Litig.*,
   959 F.3d 922 (9th Cir. 2020),
   *aff'd*, 804 F. App'x 445 (9th Cir. 2020)...........................................................................7

*In re Oracle Corp. Sec. Litig.*,
   2009 WL 1709050 (N.D. Cal. June 19, 2009),
   *aff'd*, 627 F.3d 376 (9th Cir. 2010)................................................................................16

*In re Pac. Enters. Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) .............................................................................................12

*In re Pfizer Inc. Sec. Litig.*,
   No. 1:04-cv-09866-LTS-HBP, slip op. (S.D.N.Y. Dec. 21, 2016)...................................6

*In re Rite Aid Corp. Sec. Litig.*,
   362 F. Supp. 2d 587 (E.D. Pa. 2005) ..............................................................................17

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005)...............................................................................................5

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   2011 WL 7575004 (N.D. Cal. Dec. 27, 2011)..................................................................20

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES - 4:16-cv-05314-JST (SK)

- v -

4856-0560-4661.v1

**Page**

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
2013 WL 1365900 (N.D. Cal. Apr. 3, 2013) ..........................................................................6, 7

*In re Verifone Holdings, Inc. Sec. Litig.*,
2014 WL 12646027 (N.D. Cal. Feb. 18, 2014) ....................................................................10, 20

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
2017 WL 1047834 (N.D. Cal. Mar. 17, 2017)..............................................................................9

*In re Wash. Mutual, Inc. Sec. Litig*,
2011 WL 8190466 (W.D. Wash. Nov. 4, 2011) ..........................................................................18

*Jaffe v. Household Int'l.*,
2016 WL 10571774 (N.D. Ill. Nov. 10, 2016) .............................................................................6

*Kang v. Wells Fargo Bank, N.A.*,
2021 WL 5826230 (N.D. Cal. Aug. 12, 2021) ...........................................................................10

*Mauss v. NuVasive, Inc.*,
2018 WL 6421623 (S.D. Cal. Dec. 6, 2018)...............................................................................20

*McKnight v. Uber Techs., Inc.*,
2021 WL 4205055 (N.D. Cal. Sept. 2, 2021) .............................................................................10

*McPhail v. First Command Fin. Plan., Inc.*,
2009 U.S. Dist. LEXIS 26544 (S.D. Cal. Mar. 30, 2009) .........................................................24

*Mo. v. Jenkins by Agyei*,
491 U.S. 274 (1989).......................................................................................................................8

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) ...............................................................................................18

*Nieman v. Duke Energy Corp.*,
2015 WL 13609363 (W.D.N.C. Nov. 2, 2015)...........................................................................18

*Ontiveros v. Zamora*,
303 F.R.D. 356 (E.D. Cal. 2014) ...............................................................................................19

*Paul, Johnson, Alston & Hunt v. Graulty*,
886 F.2d 268 (9th Cir. 1989) ........................................................................................................8

*Peace Officers' Annuity & Benefit Fund of Ga. v. Davita Inc.*,
2021 U.S. Dist. LEXIS 131699 (D. Colo. July 15, 2021) .........................................................11

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES - 4:16-cv-05314-JST (SK)

- vi -

4856-0560-4661.v1

**Page**

*Pearlstein v. Blackberry Ltd.*,
2022 WL 4554858 (S.D.N.Y. Sept. 29, 2022)........................................................................6

*Pelzer v. Vassalle*,
655 F. App'x 352 (6th Cir. 2016) ......................................................................................21

*Perez v. Rash Curtis & Assocs.*,
2021 WL 4503314 (N.D. Cal. Oct. 1, 2021).......................................................................10

*Redwen v. Sino Clean Energy, Inc.*,
2013 U.S. Dist. LEXIS 100275 (C.D. Cal. July 9, 2013).....................................................19

*Savani v. URS Pro. Sols. LLC*,
2014 WL 172503 (D.S.C. Jan. 15, 2014) ............................................................................16

*Stanger v. China Elec. Motor, Inc.*,
812 F.3d 734 (9th Cir. 2016) ........................................................................................4, 15

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ..............................................................................................22

*Steiner v. Am. Broad. Co., Inc.*,
248 F. Appx 780 (9th Cir. 2007).........................................................................................10

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007)..............................................................................................................4

*Thompson. v. Transamerica Life Ins. Co.*,
2020 WL 6145104 (C.D. Cal. Sept. 16, 2020) ...................................................................10

*Vincent v. Hughes Air W., Inc.*,
557 F.2d 759 (9th Cir. 1977) ................................................................................................4

*Vincent v. Reser*,
2013 WL 621865 ( N.D. Cal. Feb. 19, 2013) .....................................................................19

*Vinh Nguyen v. Radient Pharms. Corp.*,
2014 WL 1802293 (C.D. Cal. May 6, 2014) ...................................................................5, 14

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) ................................................................................... *passim*

*Wehlage v. Evergreen at Arvin LLC*,
2012 WL 4755371 (N.D. Cal. Oct. 4, 2012)........................................................................23

**Page**

*Wing v. Asarco Inc.*,
   114 F.3d 986 (9th Cir. 1997) ..................................................................................15

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78u-4(a)(4) ..............................................................................................2, 18, 22
   §78u-4(a)(6) ............................................................................................................5

Federal Rules of Civil Procedure
   Rule 23 ..................................................................................................................20
   Rule 23(h) ..............................................................................................................21

17 C.F.R.
   §240.10b-5 .............................................................................................................11

**SECONDARY AUTHORITIES**

Charles Silver,
   *Due Process and the Lodestar Method: You Can't Get There from Here*,
   74 Tul. L. Rev. 1809 (June, 2000) ...........................................................................5

Janeen McIntosh and Svetlana Starykh,
   *Recent Trends in Securities Class Action Litigation: 2021 Full-Year Review*
   (NERA Jan. 25, 2022)..........................................................................................1, 12

Laarni T. Bulan & Laura E. Simmons,
   *Securities Class Action Settlements – 2021 Review and Analysis*
   (Cornerstone Research 2022)..................................................................................11

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES - 4:16-cv-05314-JST (SK)

- viii -

4856-0560-4661.v1

**NOTICE OF MOTION AND MOTION**

**TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on November 17, 2022, at 2:00 p.m., via teleconference, in the courtroom of the Honorable Jon S. Tigar, in the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, Class Counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Motley Rice LLC ("Motley Rice"), on behalf of all Plaintiffs' Counsel, will move the Court for an Order awarding attorneys' fees and providing for payment of litigation expenses and awards to Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4).

This Motion is based on the following Memorandum of Points and Authorities, the accompanying Joint Declaration of Daniel S. Drosman and Lance V. Oliver in Support of: (1) Class Representatives' Motion for Final Approval of Settlement and Plan of Allocation, and (2) Class Counsel's Motion for an Award of Attorneys' Fees, Expenses, and Awards to Class Representatives Pursuant to 15 U.S.C. §78u-4(a)(4) ("Joint Declaration" or "Joint Decl.") and its exhibits, the Declarations of Plaintiffs' Counsel, all prior pleadings and papers in this Litigation, the arguments of counsel, and such additional information or argument as may be required by the Court.

A proposed Order will be submitted with Class Counsel's reply submission on November 10, 2022, after the October 27, 2022 deadline for Class Members to object to the motion for fees and expenses has passed.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should approve as fair and reasonable Class Counsel's application for an attorneys' fee award for all Plaintiffs' Counsel in the amount of 22.5% of the Settlement Fund (the Settlement Amount, plus all interest accrued thereon).

2.      Whether the Court should approve Class Counsel's request for payment of $3,570,056.21 in litigation costs and expenses incurred by Plaintiffs' Counsel in the Litigation, plus all interest accrued thereon.

3.      Whether the Court should award Class Representatives National Elevator Industry Pension Fund ("NEIPF") $6,531.00 and KBC Asset Management NV ("KBC") $28,000 pursuant to 15 U.S.C. §78u-4(a)(4) for their time and expenses incurred in their representation of the Class.

Case 2:21-cv-07405-MCS-AS   Document 31665   Filed 06/23/23   Page 40 of 73   Page
Case 2:16-cv-05314-JST   Document 316-5   Filed 06/23/23   Page 40 of 73   Page
ID #:6517

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

After more than five years of hard-fought litigation, on the eve of trial, Class Counsel secured a cash settlement of $809,500,000.00 on behalf of the Class (the "Settlement").  The Settlement is the second-largest securities class action settlement ever obtained in the Ninth Circuit.  It yields an exceptional recovery of between 24% and 30% of the Class's estimated recoverable damages – many multiples of the median ratio of recovery-to-investor losses obtained in securities class action settlements between 2012 and 2021.  *See* Janeen McIntosh and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2021 Full-Year Review* (NERA Jan. 25, 2022) ("NERA Report") at 24, Fig. 22, attached as Exhibit C to the Joint Declaration.

The Settlement would not have been achieved without counsel's skill, dogged pursuit, and refusal to accept a lower settlement.  Counsel expended substantial resources – approximately 73,400 hours in professional time and over $3.5 million of their own cash expenses – all without any assurance of recovery.  Given the size of the Settlement and the percentage of recovery, the result is extraordinary by any measure.

As compensation for their efforts, Class Counsel, on behalf of all Plaintiffs' Counsel, request that the Court award 22.5% of the Settlement Amount, plus the interest earned thereon.  Class Counsel's fee request is reasonable, particularly considering the extent of their efforts and the *ex-ante* risks of this case.  Defendants were represented by several of the nation's most respected securities litigators who exhausted every litigation strategy in an effort to end the Litigation without any recovery for the Class.  From the outset to the eve of trial, Class Counsel overcame each of these challenges.

Class Counsel spent a year investigating the alleged fraud before filing the initial complaint. The complaint largely survived Defendants' motion to dismiss, and Class Counsel obtained class certification, and undertook exhaustive discovery efforts.  These efforts included, among other things, reviewing millions of pages of documents and taking and defending more than three dozen depositions.  Class Counsel litigated an array of discovery disputes, and defeated a hotly-contested summary judgment motion.  Class Counsel also worked closely with six expert witnesses to obtain

detailed expert reports on complex subjects, including loss causation, social media user and engagement metrics, stock trading plans, corporate disclosure requirements and processes, and analyst, investor, and advertiser perceptions of Twitter. Class Counsel then fended off myriad pretrial motions to exclude Plaintiffs' trial experts and evidence and were prepared to try this case when it settled on the eve of trial. At all stages of the action, Class Counsel exhibited diligence, hard work, and skill.

The 22.5% fee requested falls below the Ninth Circuit's 25% fee benchmark in common-fund litigation as well as the usual and customary range that clients pay lawyers to handle complex commercial cases in the private market. A 22.5% fee award is merited here because of the outsized recovery obtained for the Class in the face of risks that Class Counsel faced in the Litigation. *See* Joint Decl., ¶13. A lodestar cross-check also confirms the reasonableness of the requested fee. The lodestar multiplier of approximately 4.14 here falls well within the range of multipliers awarded in the Ninth Circuit, particularly in cases (as here) where the risk was substantial and the recovery was exceptional. *See* Expert Declaration of Professor William B. Rubenstein ("Rubenstein Decl."), ¶¶57-62, attached as Exhibit G to the Joint Declaration. The fee request is also supported by Class Representatives, both sophisticated institutions, a fact that is afforded significant weight in the analysis. *See* §III.C.6, *infra*; Declaration of Robert Betts on behalf of NEIPF ("Betts Decl.") and Declaration of Bart Elst on behalf of KBC ("Elst Decl.") ("Class Representative Declarations"), attached as Exhibits E and F, respectively, to the Joint Declaration.

Likewise, Plaintiffs' Counsel's litigation costs, charges, and expenses of $3,570,056.21 (plus interest accrued thereon) should be awarded in full as they were reasonably and necessarily incurred in the prosecution of the Litigation. Finally, the Class Representatives should also be awarded their modest time and expenses as provided by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. §78u-4(a)(4).

In accordance with the Preliminary Approval Order, over 401,000 copies of the Notice have been mailed to potential Class Members and their nominees through October 10, 2022, and the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR Newswire*. *See* Declaration of Bradford H. Amann Regarding: (A) Dissemination of the Settlement Notice and

Claim Form; and (B) Publication of the Summary Settlement Notice ("Epiq Decl."), ¶¶10, 12, attached as Exhibit D to the Joint Declaration. The Notice advised potential Class Members that Class Counsel would apply for an award of attorneys' fees in an amount not to exceed 22.5% of the Settlement Fund, payment of litigation expenses not to exceed $4 million, and aggregate PSLRA awards to the Class Representatives not to exceed $40,000. Epiq Decl., Ex. B, Notice at 2. The fees and expenses sought do not exceed the amounts projected in the Notice. The deadline set by the Court to object to the requested attorneys' fees and expenses has not yet passed, but, to date, no objections to the requested attorneys' fees and expenses have been received. Joint Decl., ¶118.[1]

In short, Class Counsel respectfully submit that the requested fee is fair and reasonable.[2]

## II. HISTORY OF THE LITIGATION

As set forth in this District's Procedural Guidance for Class Action Settlements ("Northern District Guidelines"), Final Approval, §2, the Court is directed to "the history and facts set out in the motion for final approval" regarding "the case history and background facts" relevant to the Settlement, which will not be repeated here.[3] Suffice it to say, Class Counsel have invested substantial time and money in the prosecution of the Litigation, including investigating background facts, interviewing witnesses, drafting the Complaint, briefing dispositive motions, conducting discovery, reviewing documents, working with experts, preparing for, taking and defending fact and expert depositions, and preparing for trial, all in furtherance of, and resulting in, the Settlement now before this Court.

---

[1] The deadline for the filing of objections is October 27, 2022. Should any objections be received, Class Counsel will address them in their reply papers, due on November 10, 2022.

[2] Plaintiffs' Counsel includes Class Counsel Robbins Geller Rudman & Dowd LLP and Motley Rice LLC and other counsel who worked on this case: Bleichmar Fonti & Auld LLP and Labaton Sucharow LLP.

[3] Specifically, *see* (i) Class Representatives' Memorandum of Points and Authorities in Support of Motion for Final Approval of Settlement and Plan of Allocation, as well as (ii) the Joint Declaration both filed contemporaneously herewith.

## III. THE REQUESTED FEE IS FAIR AND REASONABLE

### A. The Court Should Award Attorneys' Fees Using the Percentage-of-the-Fund Method

The Supreme Court has long recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The Ninth Circuit similarly holds that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *accord In re Nat'l Collegiate Athletic Ass'n Grant-in-Aid Cap Antitrust Litig.*, 768 F. App'x. 651, 653 (9th Cir. 2019). Courts correctly recognize that fee awards incentivize attorneys to represent class clients who might otherwise be denied access to counsel on a contingency basis. *See Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016). An award of reasonable attorneys' fees in securities class actions thus serves the public interest. As the Supreme Court has repeatedly emphasized, private securities actions are "an essential supplement to criminal prosecutions and civil enforcement actions" brought by the United States Securities Exchange Commission ("SEC"). *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007). *See also Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 478 (2013) ("'meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions'").[4]

Although courts have discretion to employ either the percentage of recovery or lodestar method (*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)), "[t]he use of the percentage-of-the-fund method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees and permits the Court to focus on a showing that a fund conferring benefits on a class was created through the efforts of plaintiffs' counsel." *In re Korean Air Lines Co., Antitrust Litig.*, 2013 WL 7985367, at *1 (C.D. Cal. Dec. 23, 2013); *see also In re Amkor Tech., Inc. Sec. Litig.*, 2009 WL 10708030, at *1 (D. Ariz. Nov. 19, 2009) (stating

---

[4] Citations are omitted and emphasis is added throughout unless otherwise indicated.

percentage-of-recovery method most appropriate to award attorneys' fees in securities class action); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("[U]se of the percentage method in common fund cases appears to be dominant."). Thus, the Ninth Circuit has expressly and consistently approved the use of the percentage method in common fund cases. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002).

The PSLRA likewise contemplates that fees be awarded on a percentage basis, authorizing attorneys' fees and expenses to counsel that do not exceed "'a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class.'" 15 U.S.C. §78u-4(a)(6); *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) ("[T]he percentage-of-recovery method was incorporated in the [PSLRA].").

The rationale for compensating counsel in common fund cases on a percentage basis is sound. First, it is consistent with the practice in the private marketplace where contingent fee attorneys are customarily compensated by a percentage of the recovery. *See Vinh Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014). Second, the percentage approach more closely aligns "the lawyers' interests with achieving the highest award for the class members" in the shortest amount of time. *Id.* "[C]ourts try to . . . [tie] together the interests of class members and class counsel" by "tether[ing] the value of an attorneys' fees award to the value of the class recovery . . . [t]he more valuable the class recovery, the greater the fees award . . . [a]nd vice versa." *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 (9th Cir. 2013). In fact, the percentage of the fund method so closely harmonizes the interests of class counsel and the absent plaintiffs, that a "consensus" has developed that includes "leading academics, researchers at the RAND Institute for Civil Justice, and many judges . . . [i]ndeed, it is difficult to find anyone who contends otherwise." Charles Silver, *Due Process and the Lodestar Method: You Can't Get There from Here*, 74 Tul. L. Rev. 1809, 1819-20 (June, 2000). On the other hand, the Ninth Circuit has recognized that the lodestar method creates the perverse incentive for counsel to "expend more hours than may be necessary on litigating a case." *Vizcaino*, 290 F.3d at 1050 n.5.

**B.**     **A Fee of 22.5% of the Settlement Fund Is Reasonable Under Either the Percentage or Lodestar Method**

Whether assessed under the percentage-of-recovery or lodestar approach, the fee request of 22.5% of the Settlement Fund – representing a multiplier of approximately 4.14 – is fair and reasonable.

**1.**     **The Requested Attorneys' Fees Are Reasonable Under the Percentage Method**

Class Counsel seek a fee of 22.5% of the Settlement Fund.  "Because the [22.5] percent award requested is below the [25%] 'benchmark' percentage for a reasonable fee award in the Ninth Circuit, it is 'presumptively reasonable.'"  *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *13 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom*. *Heffler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020).  In fact, "in most common fund cases, the award exceeds that benchmark."  *Omnivision*, 559 F. Supp. 2d at 1047.

This request is also within the range of percentage fees that courts in this Circuit have awarded in large complex class actions.  *See, e.g.*, *Andrews v. Plains All Am. Pipeline L.P.*, 2022 WL 4453864, at *4 (C.D. Cal. Sept. 20, 2022) (awarding 32% of $230 million settlement); *Hefler*, 2018 WL 6619983, at *16 (awarding 20% of $480 million settlement); *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 4126533, at *1 (N.D. Cal. Aug. 3, 2016) (awarding 27.5% of $576 million settlement); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2013 WL 1365900, at *8 (N.D. Cal. Apr. 3, 2013) (awarding 28.5% fee on $1.08 billion settlement).

A 22.5% fee award is also consistent with awards in large securities fraud cases in other circuits.  *See, e.g.*, *Pearlstein v. Blackberry Ltd.*, 2022 WL 4554858, at *11 (S.D.N.Y. Sept. 29, 2022) (awarding 33% of $165 million settlement); *In re Pfizer Inc. Sec. Litig.*, No. 1:04-cv-09866-LTS-HBP, slip op. at 2 (S.D.N.Y. Dec. 21, 2016) (ECF 727) (awarding 28% of $486 million settlement); *Jaffe v. Household Int'l.*, 2016 WL 10571774, at *1 (N.D. Ill. Nov. 10, 2016) (awarding 24.68% of $1.575 billion settlement); *In re Merck & Co. Inc. Sec., Derv. & "ERISA" Litig.*, 2016 WL 11575090, at*5-*6 (D.N.J. June 28, 2016) (awarding 20% fee in $1.062 billion settlement); *In re Initial Pub. Offering Sec. Litig.*, 671 F. Supp. 2d 467, 516 & n.354 (S.D.N.Y. 2009) (awarding 33.3% of $586 million settlement).

A comparison to other cases, however, is merely the starting point. In setting a fee award here, the most important factors for this Court are the results and risks of *this* case, which exceed comparator cases in almost all respects. The monetary result speaks for itself. As for the risks, Class Counsel here did not have the luxury of piggybacking on a prior admitted fraud, financial restatement, or parallel governmental investigation with a consequent share price decline. To the contrary, Class Counsel investigated this *sui generis* matter independently and successfully litigated the case notwithstanding the serious risk of no recovery at all. This supports an award at the higher end of the range of awarded fee percentages. *See* Rubenstein Decl., ¶¶47, 58. *See also In re Broiler Chicken Antitrust Litig.*, 2022 U.S. Dist. LEXIS 184031, at \*7 (N.D. Ill. Oct. 7, 2022) (awarding 33% fee in $181 million settlement in case "[w]ithout the benefit of a prior government investigation to guide them. . . .").

As this Court has observed, some judges have reasoned that cases with large-dollar common funds (so-called mega-fund cases) call for lower percentage awards. *See, e.g.*, ECF 658 at 8, ¶25 (Order Preliminarily Approving Settlement and Providing for Notice). But the Ninth Circuit has rejected the application of any such bright line rule with respect to this subset of cases. *See, e.g.*, *Vizcaino*, 290 F.3d at 1047 (declining to adopt principle that "'the percentage of an award generally decreases as the amount of the fund increases'"); *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 933 (9th Cir. 2020) ("[The Ninth Circuit has] already declined to adopt a bright-line rule requiring the use of sliding-scale fee awards for class counsel in megafund cases."), *aff'd*, 804 F. App'x 445 (9th Cir. 2020); *In re Nat'l Collegiate Athletic Ass'n Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, at \*7 (N.D. Cal. Dec. 6, 2017) ("To . . . apply the increase-decrease principle and reduce an otherwise reasonable fee simply because this is a 'megafund' case would be unreasonable."), *aff'd*, 768 F. App'x 651 (9th Cir. 2019); *TFT-LCD*, 2013 WL 1365900, at \*8 (rejecting argument that "a sliding scale model" must be used "due to the size of the Settlement Fund" and awarding 28.5% fee award on $1.08 billion settlement recovery).

As discussed in §III.C. below, the various factors to be considered by the Court, including the outstanding result achieved and the substantial risks, support the reasonableness of a requested 22.5% fee award in this case.

MEMORANDUM OF POINTS AND AUTHORITIES - 4:16-cv-05314-JST (SK)                     - 7 -
4856-0560-4661.v1

**2. The Requested Attorneys' Fees Are Reasonable Under the Lodestar Method**

To assess the reasonableness of a fee awarded under the percentage-of-the-fund method, courts may (but are not obligated to) cross-check the proposed award against counsel's lodestar. *Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 630 (9th Cir. 2020) (refusing to mandate "a [cross-check] requirement"); *Plains All Am.*, 2022 WL 4453864, at *2 (finding a cross-check unnecessary given the circumstances); *In re Amgen Inc. Sec. Litig.*, 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016) (noting that "analysis of the lodestar is not required for an award of attorneys' fees in the Ninth Circuit"). A lodestar cross check is "neither mathematical precision nor bean counting." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 264 (N.D. Cal. 2015); *accord Hefler*, 2018 WL 6619983, at *14 (Tigar, J.) (confirming that "'trial courts need not, and indeed should not, become green-eyeshade accountants'" in context of lodestar crosscheck, and noting that "the Court seeks to 'do rough justice, not to achieve auditing perfection'").

"Courts 'calculate[] the fee award by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation.'" *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019) (alteration in original) (quoting *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)). Moreover, it is appropriate to use counsel's current hourly rates, rather than historical ones, which compensates for the delay in payment and the loss of interest on the funds. *See Mo. v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989); *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1010 (9th Cir. 2002).[5] This Court has previously applied current rates when evaluating lodestars. *See Hefler*, 2018 WL 6619983, at *14 n.17.

As detailed here and in the accompanying declarations of Plaintiffs' Counsel, 73,445.11 hours of attorney and para-professional time were expended prosecuting the Litigation for the benefit of the Class for over five years, through January 7, 2022. Plaintiffs' Counsel's lodestar, derived by multiplying the hours spent on the Litigation by each attorney and litigation professional by their

---

[5] In any event, the differences here between the lodestars under current or historical rates is minimal, and under either approach the resulting multiplier is within the range of court-approved multipliers.

current hourly rates, is $43,931,080.75. At historical rates, Plaintiffs' Counsel's lodestar is $42,057,929.75. Accordingly, the requested fee of 22.5% represents a multiplier of 4.14 Plaintiffs' Counsel's lodestar at current rates and 4.33 at historical rates. Here, the hours spent to obtain the results are more than reasonable. Class Counsel obtained a landmark settlement by pushing the case to the brink of trial. As detailed in the Joint Declaration and in Plaintiffs' Counsel's Declarations, there is no question that the hours expended were necessary. *See also* Rubenstein Decl., ¶¶46-48.[6]

Class Counsel's hourly rates, too, are reasonable. Rubenstein Decl., ¶¶17-38. For attorneys with 16 years of experience or less, Plaintiffs' Counsel's average rate is lower than the average approved in settlements in this District. *Id.*, ¶24, Ex. D. For the senior attorneys with supervisory roles, the rate is slightly higher than average. *Id.* That is unsurprising, considering that Class Counsel have been recognized as among the top in their profession. *Id.* Further, Class Counsel's rates have recent judicial approval by other members of this Court. *See Fleming v. Impax Labs. Inc.*, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (approving hourly rates of $760 to $1,325 for partners, $895 to $1,150 for counsel, and $175 to $520 for associates, and finding Robbins Geller's "billing rates in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation"); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving "blended average hourly billing rate" of $529 per hour "for all work performed and projected" and "billing rates ranging from $275 to $1,600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals" for Motley Rice and other plaintiffs' firms); *State of Wash. v. McKesson Drug Corp. et al.*, No. 19-2-06975-9, Findings of Fact and Conclusions of Law and Order Awarding Plaintiffs' Attorney Fees And Costs Associated with State's Fee Petition, at 5 (King Cnty. Super. Ct. Sept. 1, 2021) (noting "Motley Rice sets its hourly rates for attorneys practicing in complex civil litigation consistent with the rates charged nationally for similar services by lawyers of reasonably comparable skill, experience, and reputation").

---

[6]  The actual realized multiplier has already, and will continue to decline over time as Class Counsel devote additional attorney time to preparing final approval materials as well as overseeing processing of claims by the Claims Administrator and the distribution of the Settlement funds to Class Members with valid claims. No additional counsel fees will be sought for such work.

The last piece of the cross-check analysis is the risk multiplier. "Courts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013) (citing *Vizcaino*, 290 F.3d at 1052-54); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (noting "ample authority" for multiplier of 5.2 and collecting cases with substantially higher multipliers); *see also In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (awarding fee in $650 million common fund settlement representing 4.71 multiplier, finding that "the results obtained and the risks at trial warrant a higher-end multiplier"), *aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022); *McKnight v. Uber Techs., Inc.*, 2021 WL 4205055, at *7 (N.D. Cal. Sept. 2, 2021) (Tigar, J.) (noting that a "fee award [that] results in a multiplier of 4.14" is not "remarkable" when "the settlement represented an 'excellent result' for the class"); *Kang v. Wells Fargo Bank, N.A.*, 2021 WL 5826230, at *18 (N.D. Cal. Aug. 12, 2021) (awarding class counsel 22% of the Settlement Fund with a resulting multiplier of 5.2); *Perez v. Rash Curtis & Assocs.*, 2021 WL 4503314, at *5 (N.D. Cal. Oct. 1, 2021) (approving a multiplier of 4.8); *Thompson. v. Transamerica Life Ins. Co.*, 2020 WL 6145104, at *4 (C.D. Cal. Sept. 16, 2020) ("The Court's lodestar cross-check analysis of the fee award yields a current multiplier of 4.2, which is within the range of appropriate multipliers recognized by this Court and by other courts within the Ninth Circuit."); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *7 (N.D. Cal. May 21, 2015) (approving a 5.5 multiplier in a $203 million settlement); *In re Verifone Holdings, Inc. Sec. Litig.*, 2014 WL 12646027, at *2 (N.D. Cal. Feb. 18, 2014) ("[A]lthough the lodestar cross-check reveals a high multiplier – 4.3 . . . the Court finds that the multiplier here is acceptable in light of the very substantial risks involved."). Moreover, Ninth Circuit has determined in the context of a cross-check that a multiplier of 6.85 was "well within the range of multipliers that courts have allowed." *Steiner v. Am. Broad. Co., Inc.*, 248 F. Appx 780, 783 (9th Cir. 2007).

As more fully explained in the Joint Declaration, this is not a typical case in terms of either the risk undertaken by Class Counsel or the results achieved for the Class. Accordingly, if the lodestar cross-check returns a multiplier above the average – but well within the range deemed permissible by the Ninth Circuit – it would serve to confirm the appropriateness of the instant fee

MEMORANDUM OF POINTS AND AUTHORITIES - 4:16-cv-05314-JST (SK)   - 10 -
4856-0560-4661.v1

request.  Here, the cross-check calculation, without accounting for the substantial amount of work that remains to be done to complete this Settlement, results in a risk multiplier of 4.14, which is reasonable under the circumstances.

### C. The Factors Considered by Courts in the Ninth Circuit Support the Requested Fee

Application of the factors that courts in this Circuit consider when determining whether a fee is fair also strongly support the reasonableness of the requested 22.5% fee.  These include: (1) the results achieved; (2) the risks of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and financial burden carried by the plaintiffs; (5) awards made in similar cases; (6) the reaction of the class; and (7) a lodestar cross-check. *Vizcaino*, 290 F.3d at 1048-50.

### 1. Class Counsel Achieved an Excellent Result for the Class

Courts have consistently recognized that the result achieved is "the most critical factor" to consider in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Hefler*, 2018 WL 6619983, at *13.  Here, against substantial risks, Class Counsel obtained an excellent recovery for the Class, both in terms of overall amount ($809,500,000.00) and as a percentage of the estimated recoverable damages (24%-30%).  *See, e.g.*, *In re Charles Schwab Corp. Sec. Litig.*, 2011 WL 1481424, at *4 (N.D. Cal. Apr. 19, 2011) (Alsup, J.) (observing that $200 million settlement represented 35.9% of the estimated damages and remarking that when "a substantial percentage of [the class's] requested damages" was obtained, "this is a good settlement for the class"); *Peace Officers' Annuity & Benefit Fund of Ga. v. Davita Inc.*, 2021 U.S. Dist. LEXIS 131699, at *7 (D. Colo. July 15, 2021) (underscoring that settlement which recovered "between 31% and 43% of the Class's damages – eight to eleven times greater than the median 3.9% recovery in similar actions," was "a significant achievement which, in the Court's view, further supports granting the fee request").  Indeed, this recovery is more than 7.5 times the median percentage recovery for cases settled with estimated damages of $1 billion or more in 2021, and at least 18 times the median ratio of settlements-to-investor losses in 2021.[7]  The $809,500,000.00 recovery places the Settlement in

---

[7]     *See* Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements – 2021 Review and Analysis* at 6, 14 (Cornerstone Research 2022) (finding median settlements as a percentage of estimated damages was 4.2% in 2021 for Rule 10b-5 cases involving over $1 billion in damages and

the top-20 largest securities class action settlements since the enactment of the PSLRA, and is the second largest ever obtained in the Ninth Circuit.[8]

### 2. The Litigation Was Uncertain and Highly Complex

The "complexity of the issues and the risks" undertaken are also important factors in determining a fee award. *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995); *see also Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance."). "'[I]n general, securities actions are highly complex and . . . securities class litigation is notably difficult and notoriously uncertain.'" *Hefler*, 2018 WL 6619983, at *13. Indeed, "[t]o be successful, a securities class-action plaintiff must thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009). For these reasons, in securities class actions, fee awards often exceed the 25% benchmark recognized in the Ninth Circuit. *Omnivision*, 559 F. Supp. 2d at 1047.

This Litigation was uniquely complex and risky. Plaintiffs' claims involved alleged misrepresentations and omissions of information concerning Twitter's user growth and engagement. *See* Joint Decl., ¶19. The issues raised were highly technical, and litigating this case required Class Counsel to develop a sophisticated understanding of Twitter's engagement metrics, and their importance to both the Company and the financial markets.

Despite their ultimate success, Class Counsel assumed significant risk at every procedural step of the Litigation. *See generally* Joint Decl. Defendants argued emphatically in their motion to dismiss that they were not required to disclose certain engagement metrics, and that Plaintiffs had not established falsity or scienter. ECFs 91-1, 104. Notwithstanding those contentions, Plaintiffs largely prevailed. Defendants then opposed class certification, arguing that appointing NEIPF and its counsel would contravene the PSLRA and harm the Class, and further contended that Lead Plaintiff's market efficiency expert did not proffer a suitable model under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), and instead impermissibly made "general assertions about the typical

6.2% for cases of all sizes between 2017 and 2021 in cases settled after a ruling on summary judgment motions); NERA Report at 24, Fig. 22 (noting median ratio of settlements to investor losses was 1.8% in 2021), attached as Exhibits A and C, respectively, to the Joint Declaration.

[8] *See The Top 100 U.S. Class Action Settlements of All-Time*, at 7 (ISS SCAS 2022).

MEMORANDUM OF POINTS AND AUTHORITIES - 4:16-cv-05314-JST (SK)          - 12 -
4856-0560-4661.v1

calculation of damages in securities actions, without tying them to the facts of this case." *See* ECF 162 at 7-21. Yet Class Representatives prevailed again, and achieved a certified class.

Plaintiffs faced even greater risks at summary judgment, where Defendants pressed every available factual and legal argument. In particular, Defendants maintained that discovery had disproved Class Representatives' theory that Twitter's failure to disclose an alleged decline in the number of daily logins ("DAU") rendered Twitter's statements regarding user growth and engagement misleading. ECF 352-3 at 1. Defendants claimed that discovery established that DAU did not decline as alleged and further that "Defendants [had] acted with candor and in good faith in disclosing to the market useful and accurate user growth and engagement information." *Id.*

Defendants also presented evidence countering Class Representatives' loss causation theories, maintaining that they had failed to account for numerous confounding, non-fraud related disclosures that Twitter made on April 28 and July 28, and failed to disentangle the stock price movement caused by those disclosures from the alleged fraud-related disclosures. *Id.* at 2. The Court denied Defendants' motion. ECF 478. The parties also filed competing motions to exclude several of the others' experts. Joint Decl., ¶67.

Two of those motions were directed to the testimony of Sam Hui and Steven Feinstein. (Mr. Hui was Class Counsel's key expert on social media user growth and engagement metrics and Dr. Feinstein was Class Counsel's expert on loss causation and damages.) The exclusion of either one of these experts could well have impacted a ruling on summary judgment. *See* Joint Decl., ¶61. On January 28, 2020, the Court denied Defendants' motions to exclude the testimony of Hui and Feinstein. ECF 421. Even after navigating summary judgment and Defendants' (subsequently rejected) request for reconsideration, Class Representatives still bore the substantial risk of a six-week-long liability-phase jury trial. Defendants' counsel were determined to undercut Class Representatives' case through pre-trial motions, moving to exclude critical categories of evidence and exhibits. *See* Joint Decl., ¶67.

At trial, the case would have turned largely on expert testimony concerning highly technical subject matters and the credibility of fact witnesses – nearly all of whom were represented by defense counsel (or were still employed at Twitter). Defendants needed only to defeat one element

MEMORANDUM OF POINTS AND AUTHORITIES - 4:16-cv-05314-JST (SK)
4856-0560-4661.v1

- 13 -

of Class Representatives' claims to prevail, and there was a significant risk the jury would agree with Defendants' experts and find no liability, no damages, or award far less than Class Representatives sought to recover. *See, e.g.*, *Vinh Nguyen*, 2014 WL 1802293, at *2 (noting, in securities class action, that "[p]roving and calculating damages required a complex analysis, requiring the jury to parse divergent positions of expert witnesses in a complex area of the law. The outcome of that analysis is inherently difficult to predict and risky").

Defendants also raised numerous challenges disputing the falsity of their alleged misstatements and vigorously disputed (and continue to dispute) their scienter. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1172 (S.D. Cal. 2007) ("[T]he issue[] of scienter . . . [is] complex and difficult to establish at trial."). Moreover, even if Class Representatives obtained a favorable verdict at the liability phase, at the second phase of trial, Defendants would have had the opportunity to challenge each Class Members' presumption of reliance and damages due them. Joint Decl., ¶107.

Should the Class's claims had survived the second phase of trial, they would ***still*** have faced the risk of partial or complete reversal in post-trial proceedings. *See, e.g.*, *In re Apollo Grp. Sec. Litig.*, 2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4, 2008) (granting motion for a judgment as a matter of law, overturning $277 million verdict in favor of plaintiffs based on insufficient evidence of loss causation); *Rentech, Inc.*, 2019 WL 5173771, at *9 ("'The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees.'"); *Amkor*, 2009 WL 10708030, at *2 (approving fee award of 25% where class counsel had "borne all the ensuing risk – including the risk of affirmance on Plaintiffs' appeal, surviving dispositive motions, obtaining class certification, proving liability, causation and damages, prevailing in a 'battle of the experts,' and litigating the Action through trial and possible appeals").

Thus, there existed a significant risk that class-wide recoverable damages would have been far less than $809.5 million. Therefore, the $809.5 million Settlement, achieved in the face of these significant risks, amply supports the requested 22.5% fee award.

### 3. The Skill Required and Quality of Work

The quality of Class Counsel's representation further supports the reasonableness of the requested fee. Not only did Class Counsel successfully litigate the case through several potentially dispositive motions, but they brought the case to the brink of trial, forcing settlement only days before jury selection. Moreover, Class Counsel are nationally recognized leaders in securities class actions and complex litigation. *See* www.rgrdlaw.com; www.motleyrice.com. The firms have a track record of trying cases, or settling cases at a premium on the eve of trial after moving trial teams and support personnel around the country. Clients retain Class Counsel to benefit from their experience and resources in order to obtain the largest possible recovery for the class in question. Here, Class Counsel's skill and experience brought about an exceptional result, further supporting the requested fee award.

The standing of opposing counsel should also be weighed because such standing reflects the challenge faced by Class Counsel. *See, e.g.*, *Wing v. Asarco Inc.*, 114 F.3d 986, 989 (9th Cir. 1997). Defendants chose nationally known and highly capable representation from Cooley LLP and Simpson Thacher & Bartlett LLP, both well-regarded and prestigious firms.[9] These firms spared no effort or expense on behalf of Defendants in their zealous defense. Class Representatives' ability to obtain a favorable result for the Class while litigating against these formidable defense firms and their well-financed clients further evidences the quality of Class Counsel's work and weighs in favor of awarding the requested fee.

### 4. The Contingent Nature of the Fee and the Financial Burden Carried by Class Counsel

It has long been recognized that attorneys are entitled to an enhanced fee when their compensation is contingent in nature. *See, e.g.*, *Omnivision*, 559 F. Supp. 2d at 1047 ("The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee."); *Stanger*, 812 F.3d at 741

---

[9] *See, e.g.*, Vault, *2023 Vault Law 100*, https://legacy.vault.com/best-companies-to-work-for/law/top-100-law-firms-rankings (ranking Simpson Thacher & Bartlett LLP as the 8th and Cooley LLP as the 19th most prestigious law firms in the United States).

("Risk multipliers incentivize attorneys to represent class clients, who might otherwise be denied access to counsel, on a contingency basis. This incentive is especially important in securities cases."); *see also, e.g.*, Rubenstein Decl., ¶¶50-52. Indeed, there have been many class actions in which counsel for the plaintiffs took on the risk of pursuing claims on a contingency basis, expended thousands of hours and dollars, yet received no remuneration whatsoever despite their diligence and expertise. *See Savani v. URS Pro. Sols. LLC*, 2014 WL 172503, at *5 (D.S.C. Jan. 15, 2014) ("In complex and multi-year class action cases, the risks of the litigation are immense and the risk of receiving little or no recovery is a major factor in awarding attorney's fees. ***The risk of no recovery in complex cases of this sort is not merely hypothetical***."). Even a plaintiff who evades summary judgment and succeeds at trial may find a favorable verdict in its favor overturned on appeal or on a post-trial motion.

The risk of no recovery for a class and its counsel in complex cases of this type is very real. For example, in *In re Oracle Corp. Sec. Litig.*, 2009 WL 1709050 (N.D. Cal. June 19, 2009), *aff'd*, 627 F.3d 376 (9th Cir. 2010), a case that Robbins Geller prosecuted, the court granted summary judgment to defendants after eight years of litigation, after plaintiff's counsel incurred over $7 million in out-of-pocket expenses, and worked over 100,000 hours, representing a lodestar of approximately $40 million (in 2010 dollars). In another Ninth Circuit PSLRA case, after a lengthy trial involving securities claims against JDS Uniphase Corporation, the jury reached a verdict in defendants' favor. *See In re JDS Uniphase Corp. Sec. Litig.*, 2007 WL 4788556 (N.D. Cal. Nov. 27, 2007).

Here, Plaintiffs' Counsel have received no compensation during the course of the Litigation and invested over 73,400 hours for a total lodestar of approximately $43.9 million and incurred expenses of over $3.5 million in prosecuting this case. Additional (uncompensated) work in connection with the Settlement and claims administration already has been undertaken, and will be required going forward. Any fee award has always been contingent on the result achieved and on this Court's discretion. *See Hefler*, 2018 WL 6619983, at *13 ("Plaintiffs' Counsel bore a heavy financial burden in expending substantial resources – a claimed lodestar of over $29 million – on a contingency basis.").

Because the fee in this matter was entirely contingent, the only certainty was that there would be no fee without a successful result. Nevertheless, Class Counsel committed significant resources of both time and money to vigorously prosecute this action, and successfully brought it to a highly favorable conclusion for the Class's benefit. *See generally* Joint Declaration. The contingent nature of counsel's representation thus supports approval of the requested fee. *See Plains All Am.*, 2022 WL 4453864, at *3 (in awarding 33% fee on $165 million settlement in case "litigated . . . to the point of trial," court found "the substantial risks borne by Class Counsel in pursuing this class action for seven years with no guarantee of recovering fees or litigation expenses also militates in favor of finding the requested fee award reasonable").

**5.      Awards Made in Similar Cases Support the Fee Request**

Class Counsel's fee request is also supported by awards made in similar cases. As discussed in §III.B.1., the 22.5% fee request is below the Ninth Circuit's 25% benchmark and within the range of fee percentages awarded in comparable settlements. As further addressed in §III.B.2., the resulting multiplier of 4.14 on Plaintiffs' Counsel's lodestar is also within the range of lodestar multipliers applied in cases of this nature with substantial contingency fee risks. *See* Rubenstein Decl., ¶¶56-57; *see also, e.g.*, *Fleisher v. Phoenix Life Ins. Co.*, 2015 WL 10847814, at *1 (S.D.N.Y. Sept. 9, 2015) (awarding fee resulting in a 4.87 multiplier where class would "receive over $130 million in total value" and when the settlement was reached only "on the eve of trial, after class certification and decertification briefing and rulings, voluminous cross-motions for summary judgment and rulings, and the submission of the Joint Preliminary Trial Report, exhibit and witness lists, objections, and deposition designations, *voir dire* questions, and proposed jury instructions"); *Gutierrez*, 2015 WL 2438274, at *7 (approving a 5.5 multiplier in a $203 million settlement); *In re Rite Aid Corp. Sec. Litig.*, 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) (approving a 6.96 multiplier in a $126.6 million settlement); *In re DaimlerChrysler Sec. Litig.*, 2004 U.S. Dist. LEXIS 31757, at *5 (D. Del. Feb. 5, 2004) (approving multiplier of 4.2 in a $300 million settlement); *In re Charter Comm'ns, Inc. Sec. Litig.*, 2005 WL 4045741, at *18 (E.D. Mo. June 30, 2005) (approving 5.61 multiplier in $146,250,000 settlement); *In re Luckin Coffee Inc. Sec. Litig.*, No. 1:20-cv-01293-JPC, slip op. at 2-3 (S.D.N.Y. July 22, 2022) (ECF 338) (approving a multiplier of 4.64 in a $175 million

settlement); *Nieman v. Duke Energy Corp.*, 2015 WL 13609363 (W.D.N.C. Nov. 2, 2015) (approving multiplier of 6.43 in $146,250,000 settlement); *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752 (S.D. Ohio 2007) (approving a multiplier of 5.9 in a $600 million settlement); *In re 3Com Corp. Sec. Litig.*, No. C-97-1083-EAI, slip op. at 10 (N.D. Cal. Mar. 9, 2001) (ECF 180) (awarding fee representing a 6.67 multiplier in a $259 million settlement).

### 6. The Class's Reaction to Date Supports the Fee Request

Courts within in the Ninth Circuit also consider the reaction of the class when deciding whether to award the requested fee. *See, e.g.*, *In re Wash. Mutual, Inc. Sec. Litig*, 2011 WL 8190466, at *2 (W.D. Wash. Nov. 4, 2011) (noting, in approving fee request, that "no substantive objections to the amount of fees and expenses requested were filed"); *accord* Northern District Guidelines, Final Approval, §1. While a certain number of objections are to be expected in a large class action such as this, "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement . . . are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *Hefler*, 2018 WL 6619983, at *15 ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' [to the attorneys' fee] weighs in favor of approval.").

Class Members were informed in the Notice that Class Counsel would move the Court for an award of attorneys' fees in an amount not to exceed 22.5% of the Settlement Fund, for payment of litigation expenses not to exceed $4 million, and for statutory awards to Class Representatives not to exceed an aggregate amount of $40,000, pursuant to the PSLRA (15 U.S.C. §78u-4(a)(4)). Class Members were also advised of their right to object to the fee and expense request, and that such objections are to be filed with the Court no later than October 27, 2022.

While the October 27, 2022 deadline to object to the fee and expense application has not yet passed, to date, not a ***single*** objection has been received. Should any objections be received, Class Counsel will address them in their reply papers. Finally, Class Representatives, institutions with substantial stakes in the litigation, have approved the percentage sought here. *See Hatamian v. Advanced Micro Devices, Inc.*, 2018 WL 8950656, at *2 (N.D. Cal. Mar. 2, 2018) (approving fee

where request "reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors"). This is as Congress intended when it enacted the PSLRA. *In re Cendant Corp. Litig.*, 264 F.3d 201, 220 (3d Cir. 2001). *See* Betts Decl., ¶5; Elst Decl., ¶6.

## IV. COUNSEL'S EXPENSES ARE REASONABLE AND SHOULD BE APPROVED

Plaintiffs' Counsel further request an award of their litigation expenses in the amount of $3,570,056.21. These expenses were incurred in prosecuting and resolving the action on behalf of the Class.

"Attorneys who create a common fund are entitled to the reimbursement of expenses they advanced for the benefit of the class." *Vincent v. Reser*, 2013 WL 621865, at *5 ( N.D. Cal. Feb. 19, 2013). In assessing whether counsel's expenses are compensable in a common fund case, courts look to whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee-paying client.'"); *Hefler*, 2018 WL 6619983, at *44. Here, the expenses sought by Plaintiffs' Counsel are of the type that are routinely charged to hourly paying clients and, therefore, should be reimbursed out of the common fund.[10] *See Vincent*, 2013 WL 621865, at *5 (granting award of costs and expenses for "'three experts and the mediator, photocopying and mailing expenses, travel expenses, and other reasonable litigation related expenses'"); *Redwen v. Sino Clean Energy, Inc.*, 2013 U.S. Dist. LEXIS 100275, at *32 (C.D. Cal. July 9, 2013) (reimbursing "expenses for mediation fees, copying, telephone calls, expert expenses, research costs, travel, postage, messengers, and filing fees"); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 454 (E.D. Cal.

---

[10] These include expenses associated with, among other things, experts and consultants, service of process, online legal and factual research, travel, and mediation. A large component of Class Counsel's expenses is for the costs of experts and consultants, all of whom were qualified and necessary to litigate this action. Courts in this Circuit regularly approve reimbursements for expert fees. *See, e.g.*, *Franco v. Ruiz Food Prods., Inc.*, 2012 WL 5941801, at *22 (E.D. Cal. Nov. 27, 2012) (noting expert fees are among the "types of fees . . . routinely reimbursed"); *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (granting expense reimbursement to class counsel and noting "itemized costs relating to . . . expert fees" were "reasonable litigation expenses").

2013) ("[T]ravel, mediation fees, photocopying, [a] private investigator to locate missing Class Members, and delivery and mail charges . . . are routinely reimbursed.").

The Notice informed Class Members that Class Counsel would apply for payment of litigation expenses in an amount not to exceed $4 million. *See* Epiq Decl., Ex. B Notice at 2. The amount of expenses for which payment is now sought, $3,570,056.21, is less than the amount published in the Notice, to which no Class Member has objected.

## V. COUNSEL'S AWARDED FEES AND EXPENSES SHOULD BE PAID UPON THE COURT'S ORDER GRANTING THE AWARD

Class Representatives request that the entirety of Class Counsel's awarded fees and expenses be paid upon the Court's order granting such award, as provided in the Stipulation of Settlement ("Stipulation"). *See* Stipulation, ¶6.2. ECF 653-4. Nonetheless, if the Court opts to defer any attorneys' fees, Class Counsel request that the Court defer no more than $3.5 million.

The Stipulation provides that Class Counsel will receive their fees upon award by the Court. Federal courts across the country regularly approve such payment provisions in complex class actions. *See, e.g.*, *In re Optical Disk Drive Prod. Antitrust Litig.*, 2016 WL 7364803, at *13 (N.D. Cal. Dec. 19, 2016) (stating such "provisions are common practice in the Ninth Circuit"), *vacated and remanded on other grounds*, 959 F.3d 922 (9th Cir. 2020); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 7575004, at *1 (N.D. Cal. Dec. 27, 2011) (noting that federal "routinely approve settlements that provide for payment of attorneys' fees prior to final disposition") (collecting cases); *Verifone*, 2014 WL 12646027, at *2 (noting that payment upon fee approval provisions pose no problem under the PSLRA); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *13 (S.D. Cal. Dec. 6, 2018) (approving payment of fee award in PSLRA case within 10 days of judgment).

Nonetheless, this Court's recently amended Standing Order provides that it will "typically withhold between 10% and 25% of the attorney's fees granted at final approval until after the post-distribution accounting has been filed." This provision parallels the Advisory Committee's Notes to Rule 23, which provide that in some cases deferral is appropriate. None of the concerns that

undergird this suggestion, however, are present here. *See* Fed. R. Civ. P. 23(h), Advisory Committee's Notes to 2003 Amendment.

The Notes, for example, suggest deferral "may be appropriate" where the relief to the class is composed of "future payments" or is otherwise variable in nature. *See id*. In such a case, deferral allows a court to better assess the actual value of the payments the Class receives and, in turn, measure the fairness of counsel's fee. That concern is of no moment here, because the value of the Class's claims are neither variable nor dependent upon future events.[11] Once approved, the Plan of Allocation sets that value and the Class will receive the entirety of the Net Settlement Fund. *See* ECF 653-4, §5. A deferral could also be appropriate if there is a concern that, once paid, Class Counsel is no longer incentivized to serve the Class through final distribution. Here again, in this case no such concern exists. Class Counsel are well-funded, experienced securities fraud litigators. *See* Joint Decl., ¶115. In scores of other past cases, they have served the Class's interests through final distribution with no need for the deferral of fees. The same will be true here – Class Counsel will devote whatever time is necessary to ensure the distribution is completed accurately and in a timely fashion. *See id*.

Finally, deferring fees in this case may be counterproductive. Immediate payment of Class Counsel's fees and expenses will not burden the Class. *See Pelzer v. Vassalle*, 655 F. App'x 352, 365 (6th Cir. 2016) (noting provision providing for payment upon issuance of an order of final approval "does not harm the class members in any discernible way, as the size of the settlement fund available to the class will be the same regardless of when the attorneys get paid"); *see also Brown v.*

_____

[11] The extraordinary result here is underscored by the fact that Class Counsel not only vigorously negotiated for every last penny, as is evidenced by the amount of the Settlement – Class Counsel did not stop at $750 million or even $800 million, but pushed and pushed right to the end for the very last dollar – resulting in the extra $9.5 million. And, even after that extraordinary number was obtained, Class Counsel also demanded that the settlement payment be made immediately, not following preliminary approval as is most often agreed to by plaintiffs' counsel. *See, e.g.*, *Hefler v. Wells Fargo & Co.*, Stipulation and Agreement of Settlement, 4:16-cv-05479-JST, ECF 225-1, ¶8 (N.D. Cal. July 31, 2018), ECF 225-1, ¶18 ("In consideration of the settlement of the Released Plaintiffs' Claims against Defendants' Releasees, Wells Fargo shall pay or cause to be paid the Settlement Amount into the Escrow Account by the later of: (a) fifteen (15) business days after the date of entry by the Court of an order preliminarily approving the Settlement; or (b) ten (10) business days after Wells Fargo's receipt from Lead Counsel of [payment] information."). That continued advocacy has itself to date yielded an additional $6.7 million for the Class in the way of interest.

MEMORANDUM OF POINTS AND AUTHORITIES - 4:16-cv-05314-JST (SK)                                    - 21 -
4856-0560-4661.v1

*Hain Celestial Grp. Inc.*, 2016 WL 631880, at \*10 (N.D. Cal. Feb. 17, 2016) (approving fee payment provision because while "[t]he plaintiffs' counsel has the option of being paid fees before resolution of any appeal; they also must return them immediately if the settlement is overturned on appeal"). On the other hand, deferral will unfairly impact Class Counsel. To date, Class Counsel have not been paid for over six years of work. Moreover, Class Counsel stopped assessing the Class for its time as of the date of filing of the Stipulation. Thus, any deferred fee is compensation that Class Counsel has earned, but cannot access and which it will not be able to access for potentially another year or more. This effectively devalues Class Counsel's payment. Class Counsel thus respectfully submit that payment of Class Counsel's fee and expenses upon Court approval, without deferral, is appropriate. If the Court deems a deferral necessary, it should be small amount considering the large size of the settlement.

## VI. CLASS REPRESENTATIVES' REQUEST FOR AWARDS PURSUANT TO 15 U.S.C. §78u-4(a)(4) IS REASONABLE

Class Representatives seek an award of $34,531.00, collectively, pursuant to 15 U.S.C. §78u-4(a)(4), in connection with their representation of the Class, as detailed in the accompanying Class Representative Declarations. Under the PSLRA, a class representative may seek an award of reasonable costs and expenses directly relating to the representation of the class. *See* 15 U.S.C. §78u-4(a)(4); *see also Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (holding that named plaintiffs are eligible for "reasonable" payments as part of a class action settlement).

When evaluating the reasonableness of a lead plaintiff award, courts may consider factors such as "'the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation'" among others. *Id.* (ellipse in original). Moreover, the Northern District of California Procedural Guidelines for Class Action Settlements state that "[a]ll requests for service awards must be supported by evidence of the value provided by the proposed awardees, the risks they undertook in participating, the time they spent on the litigation, and any other justifications for

the awards."[12] As detailed in the Class Representative Declarations, Class Representatives devoted extensive time and effort monitoring the Litigation and directing Class Counsel, including reviewing and commenting on case filings, providing input on discovery strategy, devoting considerable time and effort to collect materials responsive to Defendants' requests for production of documents and other written discovery, sitting for deposition, and providing input on the parties' mediation efforts. Class Representative KBC focused approximately 200 hours of its employees' time on various aspects of this Action, and Class Representative NEIPF likewise spent considerable time participating and overseeing the Litigation; yet, the requested awards are modest in light of the total value of the settlement overseen by these plaintiffs. Moreover, both Class Representatives also undertook risks in pursuing these claims. *See, e.g.*, *Wehlage v. Evergreen at Arvin LLC*, 2012 WL 4755371, at *5 (N.D. Cal. Oct. 4, 2012) (finding award justified for plaintiffs "lending their names to this case, and thus subjecting themselves to public attention"); *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2020 WL 7133805, at *13 (D. Minn. Dec. 4, 2020) (award justified because "[c]lass [r]epresentatives participated and willingly took on the responsibility of prosecuting the case and publicly lending their names to this lawsuit, opening themselves up to scrutiny and attention from both the public and media").

Class Representatives were actively involved through every step of the action, and under such circumstances, courts have approved as reasonable awards for class representatives that are comparable to those requested here. *See Hatamian*, 2018 WL 8950656, at *4 (Gonzalez Rogers, J.) (granting PSLRA service award of $14,875.00 to KBC for approximately 106 hours devoted to the litigation); *see also, e.g.*, *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, 2009 WL 5178546, at *21 (S.D.N.Y. Dec. 23, 2009) (awarding $144,657 to the New Jersey Attorney General's Office and $70,000 to the Ohio Funds "to compensate them for their reasonable costs and expenses incurred in managing this litigation and representing the Class," and holding that their efforts were "precisely the types of activities that support awarding reimbursement of expenses to class representatives"); *In*

---

[12] Northern District of California Procedural Guidelines for Class Action Settlements (last modified Aug. 4, 2022), https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.

MEMORANDUM OF POINTS AND AUTHORITIES - 4:16-cv-05314-JST (SK)                                                    - 23 -
4856-0560-4661.v1

*re Gilat Satellite Networks, Ltd.*, 2007 WL 2743675, at \*18-\*19 (E.D.N.Y. Sept. 18, 2007) (approving $10,000 award, representing 25 hours at $300 per hour, plus other time); *McPhail v. First Command Fin. Plan., Inc.*, 2009 U.S. Dist. LEXIS 26544, at \*24-\*25 (S.D. Cal. Mar. 30, 2009) (approving awards ranging up to $10,422.30 and noting that "the requested reimbursement is consistent with payments in similar securities cases").

## VII. CONCLUSION

Class Counsel obtained an excellent result for the Class. Based on the foregoing and the entire record, Class Representatives and Class Counsel respectfully request that the Court: (i) award Class Counsel attorneys' fees of 22.5% of the Settlement Amount and payment of $3,570,056.21 in litigation expenses, plus interest on both amounts at the same rate as earned by the Settlement Fund, and (ii) awards to Class Representatives of $34,531.00, as permitted by the PSLRA.

DATED: October 13, 2022        Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN
TOR GRONBORG
ELLEN GUSIKOFF STEWART
LUCAS F. OLTS
J. MARCO JANOSKI GRAY
CHRISTOPHER R. KINNON
HEATHER G. GEIGER


                 s/ DANIEL S. DROSMAN
                 DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
elleng@rgrdlaw.com
lolts@rgrdlaw.com
mjanoski@rgrdlaw.com
ckinnon@rgrdlaw.com
hgeiger@rgrdlaw.com

MOTLEY RICE LLC
GREGG S. LEVIN
LANCE V. OLIVER
MEGHAN S.B. OLIVER
MAX N. GRUETZMACHER
CHRISTOPHER F. MORIARTY
MEREDITH B. WEATHERBY
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
moliver@motleyrice.com
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
mweatherby@motleyrice.com

*Co-Class Counsel for the Class*

BLEICHMAR FONTI & AULD LLP
LESLEY E. WEAVER
555 12th Street, Suite 1600
Oakland, CA  94607
Telephone:  415/445-4003
415/445-4020 (fax)
lweaver@bfalaw.com

*Liaison Counsel*

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 13, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DANIEL S. DROSMAN
DANIEL S. DROSMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: ddrosman@rgrdlaw.com

# Mailing Information for a Case 4:16-cv-05314-JST In re Twitter Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Patrick J. Carome**
  patrick.carome@wilmerhale.com,WHDocketing@wilmerhale.com

- **Sam F Cate-Gumpert**
  SamCategumpert@dwt.com,vickyisensee@dwt.com

- **Alexis S. Coll**
  ascoll@goodwinlaw.com,JMcKenzie@goodwinlaw.com,jhernandez@goodwinlaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Anne Kathleen Davis**
  adavis@bfalaw.com

- **Brett Hom De Jarnette**
  bdejarnette@cooley.com,efilingnotice@cooley.com,jalvarezlopez@cooley.com,efiling-notice@ecf.pacerpro.com

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,tkoelbl@rgrdlaw.com,DanD@ecf.courtdrive.com

- **John C. Dwyer**
  dwyerjc@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,emadrigal@cooley.com

- **Laura Marie Elliott**
  lelliott@cooley.com,dfoster@cooley.com,efilingnotice@cooley.com,efiling-notice@ecf.pacerpro.com

- **Joseph A. Fonti**
  jfonti@bfalaw.com,ecfnotifications@bfalaw.com,ndennany@bfalaw.com

- **Janet A Gochman**
  jgochman@stblaw.com,3892155420@filings.docketbird.com,cterricone@stblaw.com

- **Kathleen Howard Goodhart**
  kgoodhart@cooley.com,eFilingNotice@cooley.com,efiling-notice@ecf.pacerpro.com,jpalaganas@cooley.com

- **Marc Gorrie**
  mgorrie@pomlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Max Nikolaus Gruetzmacher**
  mgruetzmacher@motleyrice.com,vdavis@motleyrice.com,kquillin@motleyrice.com

- **Ellen Anne Gusikoff-Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,msonney@rgrdlaw.com,tdevries@rgrdlaw.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,drogers@labaton.com,electroniccasefiling@labaton.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com,CKinnon@ecf.courtdrive.com

- **James Glenn Kreissman**
  jkreissman@stblaw.com,kourtney.kinsel@stblaw.com,justin.calderon@stblaw.com,eric.mccaffree@stblaw.com,abigail.dugan@stblaw.com,1058725420@filings.docke

- **Gregg S. Levin**
  glevin@motleyrice.com,sturman@sturman.ch,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,Nlindell@ecf.courtdrive.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Dean Michael McGee**
  dean.mcgee@stblaw.com

- **Sonal N. Mehta**
  sonal.mehta@wilmerhale.com,Felicia.Roy@wilmerhale.com,whdocketing@wilmerhale.com,Leizel.Galon@wilmerhale.com,Claire.Bergeron@wilmerhale.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com,lmclaughlin@motleyrice.com,kweil@motleyrice.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **William H. Narwold**
  bnarwold@motleyrice.com,mjasinski@motleyrice.com,ajanelle@motleyrice.com

- **Stephen Cassidy Neal**
  sneal@cooley.com,wilsonla@cooley.com

- **Lance V. Oliver**
  loliver@motleyrice.com

- **Meghan Shea Blaszak Oliver**
  moliver@motleyrice.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,morgank@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,LOlts@ecf.courtdrive.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Michael J Pendell**
  mpendell@motleyrice.com

- **Charles J. Piven**
  piven@browerpiven.com

- **Aarti G. Reddy**
  areddy@cooley.com,dfoster@cooley.com,galancr@cooley.com,efiling-notice@ecf.pacerpro.com

- **Rosemary M. Rivas**
  rmr@classlawgroup.com,2746730420@filings.docketbird.com

- **Quentin Alexandre Roberts**
  qroberts@sullivanblackburn.com,aiemee.low@diamondmccarthy.com

- **John Alexander Robinson**
  jrobinson@stblaw.com,1629454420@filings.docketbird.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Kelli L. Sager**
  kellisager@dwt.com,vickyisensee@dwt.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Shane Palmesano Sanders**
  ssanders@robbinsllp.com,notice@robbinsllp.com

- **Heather G. Schlesier**
  hgeiger@rgrdlaw.com,cbarrett@rgrdlaw.com,HSchlesier@ecf.courtdrive.com

- **Eric Matthew Stahl**
  ericstahl@dwt.com,christinekruger@dwt.com,seadocket@dwt.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,janie.franklin@stblaw.com,sblake@stblaw.com

- **Phong L. Tran**
  phongt@johnsonfistel.com

- **Jessica Valenzuela**
  JValenzuela@gibsondunn.com,KBarry@gibsondunn.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Meredith B. Weatherby**
  mbmiller@motleyrice.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com,emily-aldridge-5965@ecf.pacerpro.com,lesley-weaver-4669@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,7448332420@filings.docketbird.com,ManagingClerk@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# TAB 5

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | ) Case No. 4:16-cv-05314-JST (SK) |
| | ) |
| | ) CLASS ACTION |
| This Document Relates To: | ) |
| | ) ORDER AWARDING ATTORNEYS' FEES |
| ALL ACTIONS. | ) AND EXPENSES *AS MODIFIED* |
| | ) |
| | ) |

THIS MATTER having come before the Court on November 17, 2022, on Class Counsel's motion for an award of attorneys' fees, expenses, and awards to Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 661) in the above-captioned action. The Court here addresses Class Counsel's requests for fees and expenses, and issues a separate order concerning awards to the Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4). The Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated January 5, 2022 (the "Stipulation"). ECF 653-4.

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating hereto, including all members of the Class who have not timely and validly requested exclusion.

3. Notice of Class Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Class Counsel attorneys' fees of 22.5% of the Settlement Amount, plus expenses in the amount of $3,570,056.21, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort

involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049-50 (9th Cir. 2002).

5. Ninety percent of the awarded attorneys' fees and expenses and interest earned thereon shall be paid to Class Counsel from the Settlement Fund immediately upon entry of the Judgment and this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein. The remaining 10% of the awarded attorneys' fees and expenses and interest earned thereon will be withheld until a post-distribution accounting has been filed. A post-distribution accounting must be filed within 21 days after the distribution of settlement funds.

6. In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $809,500,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Class Counsel;

(b) over 464,450 copies of the Notice were disseminated to potential Class Members indicating that Class Counsel would move for attorneys' fees not to exceed 22.5% of the Settlement Amount and for expenses in an amount not to exceed $4,000,000, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

(c) Class Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Class Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Class Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)     had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)     Plaintiffs' Counsel have devoted over 73,400 hours, with a lodestar value of $43,931,080.75 to achieve the Settlement;

(i)     Class Representatives approved the amount of attorneys' fees awarded as fair and reasonable; and

(j)     the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

IT IS SO ORDERED.

DATED:  November 21, 2022

_____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE