

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 2:21-cv-07405-MCS-AS<br><br>**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES (ECF NO. 315)** |

**WHEREAS:**

A.   Lead Plaintiff and Class Representative Kathie Ng ("Class Representative"), on behalf of herself and all other members of the certified Class, on the one hand, and defendant The Honest Company, Inc. ("Honest"); defendants Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, and Avik Pramanik (collectively, the "Individual Defendants" and, together with Honest, the "Honest Defendants"); defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC,

C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants"); and defendants Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared Abacus, LP (collectively, the "Catterton Defendants" and with the Honest Defendants and the Underwriter Defendants, the "Defendants," and with Class Representative, the "Parties"), on the other hand, have entered into the Stipulation and Agreement of Settlement, dated March 11, 2025 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.      On July 28, 2025, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Plaintiffs' Counsel in the above-captioned securities class action (the "Action") attorneys' fees and litigation expenses and (2) Class Representative her costs and expenses related to her representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA");

A.      It appearing that notice of the hearing substantially in the forms approved by the Court was provided to all reasonably identifiable Class Members; and that a summary notice of the hearing, substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and

B.      The Court having considered all matters submitted to it at the hearing and otherwise, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of March 11, 2025 (ECF No. 304-3).

2.    The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members who did not request exclusion in connection with the Class Notice, Plaintiffs' Counsel, and the Claims Administrator.

3.    Notice of Class Counsel's motion for an award of attorneys' fees and payment of expenses and a PSLRA award (the "Fee and Expense Application") was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion satisfied the notice requirements of Rules 23 and 54(d) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the PSLRA; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.    There have been no objections to Class Counsel's Fee and Expense Application.

5.    Class Counsel is hereby awarded, on behalf of Plaintiffs' Counsel, attorneys' fees in the amount of $8,250,000.00, plus interest at the same rate earned by the Settlement Fund, *i.e.*, 30% of the Settlement Fund, and payment of litigation expenses in the amount of $1,677,604.36, plus accrued interest, which sums the Court finds to be fair and reasonable.

6.    Class Representative Kathie Ng is hereby awarded $7,425.00 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for her reasonable costs and expenses directly related to her efforts on behalf of the Class.

7.    The awarded attorneys' fees, expenses, and PSLRA award may be paid to Class Counsel from the Settlement Fund upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

8.    In making the award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a)    The Settlement has created a substantial common fund of $27,500,000 in cash and thousands of Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b)    The requested attorneys' fees and Litigation Expenses have been reviewed and approved as fair and reasonable by Class Representative, who was directly involved in the prosecution and resolution of the Action and has a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)    The Action involved difficult and complex factual and legal issues and, in the absence of settlement, would have involved lengthy proceedings whose resolution was uncertain;

(d)    Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(e)    Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(f)    Class Counsel has devoted more than 18,000 hours, with a lodestar value of $10,173,968 (at current rates) and $9,390,860 (at historical rates), to achieve the Settlement;

(g)    The amount of attorneys' fees requested is fair and reasonable under the circumstances of this case, where an upward departure from the Ninth

Circuit's 25% benchmark is appropriate given the excellent results, the difficulty and complexity of the claims, and the obstacles and challenges faced by Plaintiffs' Counsel, which exceeded those in typical cases in most respects; and

(h)    Notice was disseminated to putative Class Members stating that Class Counsel would be seeking 30% of the Settlement Fund, and expenses not to exceed $1,725,000, and there have been no objections to the Fee and Expense Application.

9.    Any appeal or challenge affecting this Court's approval of the attorneys' fees, litigation expenses, or award to Class Representative, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10.    In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

SO ORDERED this 29th day of July 2025.

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE