JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. SECURITIES LITIGATION | Case No. 2:21-cv-07405-MCS-AS<br><br>**FINAL ORDER AND JUDGMENT** |

**WHEREAS:**

A.   Lead Plaintiff and Class Representative Kathie Ng ("Class Representative"), on behalf of herself and the other members of the certified Class (defined below), on the one hand, and defendant The Honest Company, Inc. ("Honest"); defendants Nikolaos Vlahos, Kelly Kennedy, Jessica Warren, Katie Bayne, Scott Dahnke, Eric Liaw, Jeremy Liew, and Avik Pramanik (collectively, the "Individual Defendants" and, together with Honest, the "Honest Defendants"); defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, BofA Securities, Inc., Citigroup Global Markets, Inc., William Blair & Company, L.L.C., Guggenheim Securities, LLC, Telsey Advisory Group LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Penserra Securities LLC, and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants"); and defendants Catterton Management Company L.L.C., L Catterton VIII, L.P., L Catterton VIII Offshore, L.P., Catterton Managing Partner VIII, L.L.C., C8 Management, L.L.C., and THC Shared

1  Abacus, LP (collectively, the "Catterton Defendants" and with the Honest
2  Defendants and the Underwriter Defendants, the "Defendants," and with Class
3  Representative, the "Parties"), on the other hand, have entered into the
4  Stipulation and Agreement of Settlement, dated March 11, 2025 (the
5  "Stipulation"), which provides for a complete dismissal with prejudice of the
6  claims asserted in the Action on the terms and conditions set forth in the
7  Stipulation, subject to the approval of this Court (the "Settlement");

8     B.   Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil
9  Procedure, the Court previously certified a class of: all persons and entities that
10 purchased or otherwise acquired Honest's publicly traded common stock
11 pursuant and traceable to the Offering Documents for Honest's initial public
12 offering ("IPO") prior to August 19, 2021, as well as all persons and entities that
13 acquired ownership of a trading account, retirement account, or any other similar
14 investment account or portfolio containing Honest's publicly traded common
15 stock that was purchased or otherwise acquired pursuant and traceable to the
16 Offering Documents for Honest's IPO prior to August 19, 2021, and were
17 damaged thereby.  Excluded from the Class are: (i) Defendants and the Individual
18 Defendants' immediate family members; (ii) the officers, directors, affiliates, and
19 subsidiaries of Honest, the Underwriter Defendants, and the Catterton Defendants
20 at all relevant times; (iii) Honest's affiliates and employee retirement and/or
21 benefit plan(s) and their participants and/or beneficiaries to the extent they
22 purchased or acquired Honest's common stock pursuant or traceable to the
23 Offering Documents through any such plan(s); (iv) any person who had or has a
24 controlling interest in Honest, at all relevant times; (v) any entity in which any of
25 the Defendants have or had a controlling interest, provided, however, that any
26 "Investment Vehicle" shall not be excluded from the Class; and (vi) the legal
27 representatives, heirs, successors, or assigns of any such excluded person or
28

entity, in their capacity as such.[1] Also excluded from the Class is any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice or whose request is otherwise allowed by the Court, if any. A list of all Class Members that requested exclusion and whose requests are allowed by the Court, is attached hereto as Exhibit A.

    D.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered May 7, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for July 28, 2025 at 9:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Class Counsel's Fee and Expense Application;

    E.    The Court ordered that the postcard notice of the proposed Settlement and Fee and Expense Application (the "Settlement Postcard"), substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order (the "Notice Date") to all potential Class Members who could be identified through reasonable effort, and that the Summary Notice of the proposed Settlement and Fee and Expense Application (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street*

---

[1] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

*Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date; and that the long-form Notice of Proposed Class Action Settlement and Motion for Attorney's Fees and Expenses ("Settlement Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be posted on the website previously developed by the Claims Administrator, from which copies of the long-form Settlement Notice and Claim Form can be downloaded;

F.  The notices advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court on or before July 7, 2025;

G.  The provisions of the Preliminary Approval Order as to notice were complied with;

H.  As required by the Preliminary Approval Order, on June 23, 2025, Class Representative moved for final approval of the Settlement. The Settlement Hearing was duly held before this Court on July 28, 2025 at which time all interested Persons were afforded the opportunity to be heard; and

I.  This Court has duly considered Class Representative's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement at the Settlement Hearing;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.  **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on March 12, 2025; and (ii) the Settlement Notice and Settlement Postcard, which

were filed with the Court on June 23, 2025. Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Class Members.

3. **Notice.** The Court finds that the dissemination of the Settlement Notice, Settlement Postcard, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Class Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Class Members' rights to object thereto and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7).

4. Honest has provided notification regarding the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

5. **Objections**. There have been no objections to the Settlement.

6. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class

Representative and Class Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Second Amended Consolidated Class Action Complaint, filed on February 14, 2024, is dismissed in its entirety, with prejudice, as to the Class Representative and other Class Members, and as against each of the Defendants, and without costs to any Party, except as otherwise provided in the Stipulation.

8. **Rule 11 Findings**. In accordance with 15 U.S.C. §77z-1(c)(1), the Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9. **Releases.** The releases set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.

10. Upon the Effective Date of the Settlement, Class Representative and each and every other Releasing Plaintiff Party, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from

commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

11. Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

12. Notwithstanding paragraphs 10–11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Complete Bar Order.**

(a) Any and all Persons are permanently barred, enjoined, and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting, or asserting any and all claims for indemnity or contribution against any Released Defendant Party (or any other claim against any Released Defendant Party where the alleged injury to such Person is that Person's actual or threatened liability to the Class or a Class Member in this Action), based upon, arising out of, or related to the Released Plaintiffs' Claims, whether arising under state, federal, or foreign law, as claims, cross-claims, counterclaims, or third-

party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum in the United States or elsewhere.  However, with respect to any judgment that the Class or a Class Member may obtain against such a Person based upon, arising out of, or relating to any Released Plaintiffs' Claims belonging to the Class or a Class Member, that Person shall be entitled to a credit of the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Defendant Parties for the loss of the Class or the Class Member for common damages, or (ii) the amount paid by or on behalf of the Released Defendant Parties to the Class or the Class Member for common damages;

(b)  Each and every Released Defendant Party is hereby permanently barred, enjoined, and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting, or asserting any and all claims for indemnity or contribution against any Person, other than a Person whose liability to the Class has been extinguished by the Settlement, (or any other claim against any such Person where the alleged injury to such Released Defendant Party is that Released Defendant Party's actual or threatened liability to the Class or a Class Member in the Action), based upon, arising out of, or related ot the Released Plaintiffs' Claims, whether arising under state, federal, or foreign law, as claims, cross claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any other federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum in the United States or elsewhere;

(c)  Nothing in this Complete Bar Order shall prevent a putative Class Member who has requested exclusion from the Class from pursuing any Released Plaintiffs' Claim against any Released Defendant Party.  If any putative Class Member who requested exclusion from the Class pursues any such Released Plaintiffs' Claim against any Released Defendant Party, nothing in this

Complete Bar Order or in the Stipulation shall operate to preclude such Released Defendant Party from asserting any claim of any kind against such putative Class Member (or seeking contribution or indemnity from any Person, including any co-defendant in the Action, in respect of the claim of such putative Class Member who requested exclusion from the Class);

(d)     Nothing in this Complete Bar Order shall release or alter the contractual rights, if any, under the terms of any written agreement between or among the Defendants, including (i) the Underwriting Agreement dated as of May 4, 2021 by and between Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and Jefferies LLC, as representatives of the Underwriter Defendants on the one hand, and Honest on the other, and (ii) the Master Agreement Among Underwriters related to the IPO.

(e)     Notwithstanding anything in this paragraph, nothing in the Stipulation or in this Complete Bar Order shall operate to preclude the Defendants from asserting any claims against their own insurers.

14.     **Binding Effect.**  Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation and paragraph 10 above.  The Persons listed on Exhibit A hereto are excluded from the Class pursuant to request and are not so bound.

15.     **No Admissions**. This Judgment and the Stipulation, whether or not consummated or Final, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements (including the Term Sheet), shall not be offered or received against or to the prejudice of the Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in particular, but without limitation:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representative and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any defenses of Defendants;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representative, or any other member of the Class as evidence of any infirmity in the claims of Class Representative, or the other members of the Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representative, any other member of the Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representative, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Class Representative, or any other

member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Class Representative, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Consolidated Class Action Complaint would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. **Termination of the Settlement**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated per the terms of the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

18. **Modification of the Stipulation.** Without further approval from the Court, Class Representative and Defendants are hereby authorized, upon written agreement of all Parties to the Stipulation, to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to

reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. **Fee Order and Order on Plan of Allocation**. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

21. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

SO ORDERED this 29th day of July 2025.

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## List of Persons and Entities Excluded from the Class Pursuant to Request

1. Steven C. Lawrence
2. Riccardo A. Cox
3. Jean-Philippe Solvay